IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>DANIEL D. CROWLEY; DONALD J. AMARAL; WILLIAM J. CASEY; L. PETER SMITH; and SANDRA L. SMOLEY,<br><br>    Defendants. | Case No. 04-1565 |

## THE OUTSIDE DIRECTOR DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

OF COUNSEL:
Boris Feldman, Esquire
Peri B. Nielsen, Esquire
Shelby K. Pasarell, Esquire
WILSON SONSINI
  GOODRICH & ROSATI, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300

Dated: March 4, 2005

Peter J. Walsh, Jr. (DSB ID No. 2437)
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Floor
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: pwalsh@potteranderson.com
*Attorneys for Defendants*
*Donald J. Amaral, William J. Casey,*
*L. Peter Smith, and Sandra L. Smoley*

672591v1/28762

Defendants Donald J. Amaral, William J. Casey, L. Peter Smith, and Sandra L. Smoley (the "Outside Directors") hereby request that the Court take judicial notice of the following documents, attached as exhibits to the Declaration of Peter J. Walsh, Jr. in Support of the Outside Directors' Motion to Dismiss ("Walsh Decl."):

**Documents Filed with the Securities and Exchange Commission ("SEC")**

1. Coram Health Care Corporation's ("Coram") Certificate of Incorporation, which was attached to Coram's Form S-4 (filed on June 3, 1994) (Walsh Decl. Ex. A).

2. Donald J. Amaral's employment agreement, which was attached to Coram's Form 10-Q for the quarterly period ended June 30, 1998 (filed on August 14, 1998) (Walsh Decl. Ex. B).

3. Excerpts from Coram's Form 10-K for the fiscal year ended December 31, 1999 (filed on March 30, 2000) (Walsh Decl. Ex. C).

4. Excerpts from Coram's Form 8-K (filed on August 11, 2000) (Walsh Decl. Ex. D).

5. Excerpts from Coram's Form 10-K for the fiscal year ended December 31, 2000 (filed on April 17, 2001) (Walsh Decl. Ex. E).

**Documents Filed with the Bankruptcy Court**

6. Excerpts from the Report of Independent Restructuring Advisor Goldin Associates L.L.C. ("Goldin Report"), which was filed with the United States Bankruptcy Court for the District of Delaware in *In re Coram Healthcare Corp. and Coram, Inc.*, Case No. 00-3299 on July 11, 2001 and is incorporated in the Complaint ¶43 (Walsh Decl. Ex. F).

7. Plaintiff's Motion for Authorization to Enter into Termination and Employment Extension Agreement with Daniel D. Crowley, which was filed with the Bankruptcy Court on January 24, 2003 (Walsh Decl. Ex. G).

**Documents Incorporated in the Complaint**

8. Excerpts from the transcript of the deposition testimony of Sandra L. Smoley, which was taken on September 29, 2001 and is incorporated in the Complaint ¶62 (Walsh Decl. Ex. H).

9. Excerpts from the transcript of the deposition testimony of Donald J. Amaral, which was taken on October 26, 2001 and is incorporated in the Complaint at Ex. I and ¶¶42, 56, and 59 (Walsh Decl. Ex. I).

I. **This Court May Take Judicial Notice of Coram's SEC Filings**

This Court may take judicial notice of documents filed by Coram with the SEC. *See* Walsh. Decl. Exhs. A-E.

Courts may take judicial notice of documents that are "capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When documents are "required by law to be filed, and actually filed, with federal or state officials," those documents are deemed inherently reliable. *See, e.g., DiLorenzo v. Edgar*, No. 03-841-SLR, 2004 WL 609374, at *2 (D. Del. March 24, 2004) ("Further, on a motion to dismiss the court may take judicial notice of the contents of documents required by law to be filed, and actually filed, with federal or state officials."). As such, courts routinely take judicial notice of SEC filings even when those filings are not specifically referenced in the complaint. *See In re NAHC, Inc.*

*Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (approving judicial notice of "documents filed with the SEC, but not relied upon in the [c]omplaint").

The documents at issue here are all "required by law to be filed with the SEC, and no serious questions as to their authenticity can exist." *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)). Furthermore, the Outside Director Defendants' Motion to Dismiss ("Motion to Dismiss") cites these documents only to show basic background facts, such as the biographies of the Outside Directors, *see, e.g.,* Motion to Dismiss at 4-5 (summarizing Outside Directors' professional background and date of joining Coram's Board of Directors), Coram's reported financial results, *id.* at 7 (summarizing state of Coram's finances during the year leading up to the bankruptcy petition), and that Coram made certain statements in press releases issued during the relevant period. *See id.* (noting date of Coram's public announcement of its bankruptcy petition).

Since each of the SEC filings cited contains information that was "required by law to be filed" and was actually filed, there can be no serious dispute as to the authenticity of the documents and their contents. *Oran*, 226 F.3d at 289; *see also, e.g.*, 17 CFR § 240.13a-3 (SEC Rule 13a-13) (requiring public companies to file with the SEC quarterly reports on Form 10-Q); 17 C.F.R. § 229.101 (Reg. S-K) (requiring companies to include discussions of financial results and information on management in annual and quarterly reports filed with the SEC).

The Court could also take judicial notice of Coram's Certificate of Incorporation (Walsh Decl. Ex. A) and Mr. Amaral's employment agreement (Walsh Decl. Ex. B) even if those documents were not attached to SEC filings. As Delaware

4

federal and state courts uniformly hold, "[t]he certificate of incorporation of a Delaware corporation is a publicly filed document, and as such, can be judicially noticed." *McMichael v. United States Filter Corp.*, [2001 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 91,406, at 96,272 (C.D. Cal. Feb. 23, 2001) (citing *In re Wheelabrator Tech. Inc. Shareholders Litig.*, No. Civ. A. 11495, 1992 WL 212595, at *11 (Del. Ch. Sept. 1, 1992)); *see also Malpiede v. Townson*, 780 A.2d 1075, 1091-92 (Del. 2001) (taking judicial notice of 102(b)(7) exculpatory provision in certificate of incorporation); *Continuing Creditors' Comm. of Star Telecommunicatons, Inc. v. Edgecomb*, No. 03-278 KAJ, 2004 U.S. Dist. LEXIS 25807, at *34-38 (D. Del. Dec. 21, 2004); *In re Reliance Sec. Litig.*, 91 F. Supp. 2d 706, 731-32 (D. Del. 2000).

Similarly, courts may "take judicial notice of [a] contract's existence and its terms." *Friedman v. Rayovac Corp.*, 291 F. Supp. 2d 845, 855 (W.D. Wis. 2003). The Outside Directors cite Mr. Amaral's employment agreement to show he received a base salary of $650,000 when he was Coram's CEO. Motion to Dismiss at 6.

## II.  This Court May Take Judicial Notice of Documents Filed with the Bankruptcy Court

The Court may take judicial notice of documents filed with the United States Bankruptcy Court for the District of Delaware in *In re Coram Healthcare Corp. and Coram, Inc.*, Case No. 00-3299.

Judicial notice of documents filed with a court is proper so long as the documents are "not being used to determine disputed facts relating to the merits of the case and their use thus does not impose on [plaintiff's] ability to meet the evidence against it." *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995) ("[I]t is not

seriously questioned that the filing of documents in the case record provides competent evidence of certain facts—that a specific document was filed, that a party took a certain position, that certain judicial findings, allegations, or admissions were made."); *see also Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (noting that court records may be considered on a motion to dismiss only "[i]f not for the truth of the facts asserted"), *cert. denied*, 125 S. Ct. 271 (2004); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999) ("Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

Here, the Outside Directors cite to the Goldin Report's conclusions only to show that they were Goldin's conclusions and that they became the basis for the second proposed plan of reorganization. *See* Motion to Dismiss at 8 (stating findings of Goldin Associates L.L.C., as contained in the Goldin Report filed with the bankruptcy court); Compl. ¶43 (stating Coram converted the Goldin Report into its second proposed plan of reorganization). Similarly, the Outside Directors cite plaintiff's Motion for Authorization to Enter into Termination and Employment Extension Agreement with Daniel D. Crowley to show that plaintiff "took a certain position" in the bankruptcy proceedings that is inconsistent with the position he takes here. *Indian Palms Assocs.*, 61 F.3d 197 at 205; *see* Motion to Dismiss at 20-21 (highlighting inconsistency in plaintiff's allegations that Outside Directors breached their fiduciary duty by keeping Mr. Crowley on as CEO, when, in fact, plaintiff moved in the bankruptcy proceedings for permission to take the same course of action).

6

### III.  This Court May Consider Documents Incorporated in the Complaint

The Court may consider the transcripts of the deposition testimonies of Donald J. Amaral and Sandra L. Smoley (Walsh Decl. Exs. H, I,).

In deciding motions to dismiss, courts properly consider any exhibits attached to the complaint. *See Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384, 388 n.4 (3d Cir. 2002) (holding that on a motion to dismiss, a district court may consider "[e]xhibits attached to the complaint and upon which one or more claim is based"); *see also ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) ("When reviewing a complaint [on a motion to dismiss], a court should consider not only the allegations contained in the complaint itself but also the exhibits attached to it which the complaint incorporates pursuant to Federal Rule of Civil Procedure 10(c)."). Here, plaintiff attached excerpts from Mr. Amaral's deposition to the Complaint as an exhibit. Comp. Ex. I. Mr. Amaral's testimony is, without question, part of the Complaint, and this Court may consider it for purposes of deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Even where a document is not physically attached to the complaint, it may still be considered if "it is a document on which the plaintiffs rely" in formulating the allegations in the complaint. Southern Cross, 181 F.3d at 427; *see also In re NAHC*, 306 F.3d at 1331 (noting that district court was entitled to take judicial notice of documents "relied upon in the Complaint" in order to "ascertain their contents"). In fact, such consideration is necessary to prevent "prejudice to an opposing party," such as through mischaracterization of testimony. *See Indian Palms Assocs.*, 61 F.3d at 205 ("Documents

in the case record will be relevant to many issues, including waiver, estoppel, preservation of an issue for appeal, the fact and length of litigation delay, limitations issues, *prejudice to an opposing party*, and the like.") (emphasis added); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent.").

Here, the Complaint clearly references Ms. Smoley's deposition testimony, and, thus, plaintiff relied upon that testimony when drafting the allegations. *See* Compl. ¶62 (alleging, inter alia, that "[Ms.] Smoley *admitted* that she did not care what Crowley was doing outside Coram even if it might be considered a conflict of interest") (emphasis added). Furthermore, consideration of the full context of Ms. Smoley's testimony is necessary to prevent plaintiff from mischaracterizing it. Motion to Dismiss at 21 n.10.

IV.  **Conclusion**

      The Outside Directors respectfully request that this Court grant their request for judicial notice of the above listed documents.

                              POTTER ANDERSON & CORROON LLP

                              By: /s/ Peter J. Walsh

| OF COUNSEL: | Peter J. Walsh, Jr. (DSB ID No. 2437) |
| --- | --- |
| Boris Feldman, Esquire | 1313 North Market Street, 6th Floor |
| Peri B. Nielsen, Esquire | Post Office Box 951 |
| Shelby K. Pasarell, Esquire | Wilmington, Delaware 19899-0951 |
| WILSON SONSINI | Tel: (302) 984-6000 |
|   GOODRICH & ROSATI, PC | E-mail: pwalsh@potteranderson.com |
| 650 Page Mill Road | *Attorneys for Defendants* |
| Palo Alto, CA 94304-1050 | *Donald J. Amaral, William J. Casey,* |
| Tel: (650) 493-9300 | *L. Peter Smith, and Sandra L. Smoley* |

Dated: March 4, 2005

672591v1/28762

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Peter J. Walsh, Jr., hereby certify that on March 4, 2005, I electronically filed the foregoing THE OUTSIDE DIRECTOR DEFENDANTS' REQUEST FOR JUDICIAL NOTICE with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record:

>    Rolin P. Bissell, Esquire (DSB ID No. 4478)
>    YOUNG CONAWAY STARGATT & TAYLOR
>    The Brandywine Building
>    1000 West Street, 17th Floor
>    Wilmington, Delaware 19801
>    Tel: (302) 571-6560
>    E-mail: rbissell@ycst.com
>
>    Jeffrey C. Wisler, Esquire (DSB ID No. 2795)
>    CONNOLLY BOVE LODGE & HUTZ LLP
>    The Nemours Building
>    1007 North Orange Street
>    Wilmington, Delaware 19801
>    Tel: (302) 888-6258
>    E-mail: jwisler@cblh.com

>                          /s/ Peter J. Walsh, Jr.
>    Peter J. Walsh, Jr. (DSB ID No. 2437)
>    POTTER ANDERSON & CORROON LLP
>    Hercules Plaza, 6th Floor
>    1313 North Market Street
>    Post Office Box 951
>    Wilmington, Delaware 19899-0951
>    Tel: (302) 984-6000
>    E-mail: pwalsh@potteranderson.com

672591v1/28762