# TAB 4

CYPRESS SEMICONDUCTOR CORPORATION and INTERNATIONAL MICROCIRCUITS, INC., Plaintiffs, v. INTEGRATED CIRCUIT SYSTEMS, INC., Defendant.

C.A. No. 01-199 SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2001 U.S. Dist. LEXIS 20803

November 28, 2001, Decided

**DISPOSITION:** [*1] Defendants' motion to transfer denied.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff filed a patent action against defendant alleging infringement of three United States' patent numbers. Defendant moved to transfer the case pursuant to 28 U.S.C.S. § 1404(a).

**OVERVIEW:** The court found that the balance of conveniences and interests of justice did not compel transfer. Defendant argued that California would be more convenient. However, defendant did not establish that litigating in Delaware would pose a unique or unusual burden on defendant's operations. Defendant did not identify any particular piece of evidence or document that would be especially difficult to transport to Delaware. Defendant argued that the expense of litigating in Delaware was greater. However, all the parties were national corporations with millions of dollars in annual revenue, and thus, the argument was not compelling, especially because discovery was likely to take place in California regardless of the trial venue.

**OUTCOME:** Defendant's motion to transfer was denied.

**CORE TERMS:** patent, convenience, clock, technology, generator, choice of forum, litigating, travel, convenient, fora, principal place of business, patents-in-suit, balance of convenience, motion to transfer, semiconductor, paramount, movant, weigh, reasons stated, net income, accommodation, headquartered, statistical, marketing, centered, annual, dollars, reside

**LexisNexis(TM) Headnotes**

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN1]See 28 U.S.C.S. § 1404(a).

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN2]The burden of establishing the need to transfer rests with the movant to establish that the balance of convenience of the parties and witnesses strongly favors the defendants. Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN3]The deference afforded a plaintiff's choice of forum will apply as long as the plaintiff has selected the forum for some legitimate reason. Although transfer of an action is usually considered as less convenient to a plaintiff if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN4]In the context of considering whether to change venue although there is no definitive formula or list of factors to consider, there are potential factors characterized as either private or public interest. The private interests include: (1) a plaintiff's forum preference as manifested in the original choice; (2) a defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

**COUNSEL:** For CYPRESS SEMICONDUCTOR CORPORATION, INTERNATIONAL MICROCIRCUITS, INC., plaintiffs: William J. Marsden, Jr., Fish & Richardson, P.C., Wilmington, DE.

For INTEGRATED CIRCUIT SYSTEMS INC., defendant: Philip A. Rovner, Potter Anderson & Corroon, LLP, Wilmington, DE.

  

For INTEGRATED CIRCUIT SYSTEMS INC., counterclaimant: Philip A. Rovner, Potter Anderson & Corroon, LLP, Wilmington, DE.

For CYPRESS SEMICONDUCTOR CORPORATION, INTERNATIONAL MICROCIRCUITS, INC., counter-defendants: William J. Marsden, Jr., Fish & Richardson, P.C., Wilmington, DE.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINIONBY:** Sue L. Robinson

**OPINION: MEMORANDUM ORDER**

## I. INTRODUCTION

On March 28, 2001, plaintiff Cypress Semiconductor, Inc. ("Cypress") filed this patent action against defendant Integrated Circuit Systems, Inc., ("ICS") alleging infringement of United States Patent Nos. *5,877,656* ( "*656*"), *5,949,261* n1 ( "*261*") and 5,656,959 ("'959"). (D.I. 2, 5) On April 12, 2001, Cypress amended the complaint naming the owner of patent '959, International Microcircuits, Inc. ("IMI"), as a plaintiff. (D.I. 5) On May 3, 2001, ICS filed an answer [*2] and counterclaim seeking a declaratory judgment that the claims in Cypress' patents are invalid. (D.I. 7)

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 Litigation of claims regarding this patent are stayed pending the final determination of an investigation by the United States International Trade Commission. (D.I. 41)

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Presently before the court is ICS' motion to transfer the case from this district to the United States District Court for the Northern District of California, San Francisco Division, pursuant to *28 U.S.C. § 1404*(a). (D.I.16) For the reasons that follow, the motion will be denied.

## II. BACKGROUND

The technology in issue is electronic components referred to as clock generators. Clock generators are used in computers to generate timing signals needed by microprocessors and other elements of the computer to function. (D.I. 17)

Cypress is a Delaware corporation headquartered in San Jose, California. Cypress designs the clock products constituting the patents-in-suit in Woodinville, Washington and Bangalore, [*3] India. These products are manufactured in Round Rock, Texas; Cavite, Philippines; Taiwan and Singapore. (D.I. 20) The clock products are sold in the national and international market. Cypress has a sales representative in Pennsylvania who services the Delaware market. Cypress also has sales representatives throughout the world.

IMI is a Delaware corporation with its principal place of business in Milpitas, California. (D.I.21, 23) IMI is a wholly owned subsidiary of Cypress and has offices in Istanbul, Turkey, and Tokyo, Japan. IMI is a fabless semiconductor company that out sources fabrication of its semiconductor designs to leading wafer manufacturers throughout the world. IMI designs the clock products embodying the patents-in-suit in Milpitas, California. IMI has sales representatives in Texas, Wisconsin, Illinois, Georgia, North Carolina, Canada, Germany, Israel, Singapore, Korea, Hong Kong, Taiwan and Japan. (D.I. 21) IMI distributes its clock products throughout the United States and the world.

ICS is a Pennsylvania corporation with its major technical facility and principal place of business in San Jose, in the Northern District of California, and other smaller offices in [*4] Texas, Arizona, Taiwan and Singapore. (D.I. 18) ICS is engaged in the design and sale of certain clock generator products. The San Jose facility houses most of the documentation related to ICS' clock generator product design, and is where most of its employees work. ICS n2 has neither facilities nor employees located in Delaware. ICS' CEO and CFO live in Pennsylvania and work in the Norristown headquarters. (D.I. 18)

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n2 ICS does have an intellectual property holding company that is a Delaware corporation, but it does not engage in business related to the subject matter of the litigation. (D.I. 18)

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

## III. DISCUSSION

[HN1]Title 28, Section § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Congress intended through § 1404 to place discretion





in the district court to adjudicate motions to transfer according to an individualized, case-by-case [*5] consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 208 (D. Del. 1998)*.

[HN2]The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981)* (citing *Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)*, cert. denied, *401 U.S. 910, 27 L. Ed. 2d 808, 91 S. Ct. 871 (1971)*. "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". *ADE Corp. v. KLA-Tencor Corp., 138 F. Supp. 2d 565, 567 (D.Del. 2001); Shutte, 431 F.2d at 25*.

[HN3]The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D.Del. 1998)*; Siemens Medical Systems, Inc. v. Fonar Corporation, [*6] C.A. No, 95-261- SLR, slip. op. at 8 (D. Del. Nov. 1, 1995). Although transfer of an action is usually considered as less convenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993)*.

The Third Circuit Court of Appeals has indicated the analysis for transfer is very broad. *Jumara v. Statre Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)*. [HN4]Although emphasizing that "there is no definitive formula or list of factors to consider," id., the court has identified potential factors it characterized as either private or public interest. The private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and [*7] financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).

The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

## IV. ANALYSIS

The parties do not dispute that this action could have been initiated in the Northern District of California, San Francisco Division. Rather, they disagree whether the balance of conveniences and interests of justice compel transfer.

### A. Convenience to the Parties

ICS argues a change of venue is warranted because it would be "significantly more convenient for all concerned" [*8] to transfer to California. (D.I. 17) According to ICS:Each of the parties is headquartered and/or maintains its principal place of business in Northern California in the San Francisco Bay Area, no more than 20-30 miles from any of the Northern District of California Courthouses... most if not all of the relevant activities that are the subject of the litigation are centered in the Northern District of California...In IMI's case, essentially, all of its activities relating to the subject of the litigation, including the design, marketing and sale of clock generator products, are conducted out of its main facility in the Northern District of California...and it appears Cypress' marketing and sales activities relating to these products is centered in its principal facilities in the Northern District of California.(D.I. 17 at 8-9) ICS further asserts that the discovery process would be facilitated as court supervision could be arranged more expeditiously.

Cypress counters that ICI's arguments are muted by modern technology. The court agrees. Convenience of the parties is a somewhat archaic notion in the world today. *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc., 157 F.R.D. 215, 218 (D. Del. 1993)* [*9] Advances in technology have significantly lessened the burden of litigating in a distant district. "These technologies have shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded...and have lowered the cost of moving that information from one place to another." *Id. at 218*.

ICS focuses on how much more convenient California would be instead of establishing any special inconvenience by litigating in Delaware. (D.I. 18 at 2) ICS, however, must establish that litigating in Delaware would pose a "unique or unusual burden" on their operations. Id. ICS has not identified any particular piece of evidence or document that would be especially diffi-

  

cult to transport to Delaware. Compare *ADE Corp. v. KLA-Tencor Corp., 138 F. Supp. 2d 565, 573 (D.Del. 2001)*(movant argued transfer necessary for court to examine large machines).

Relatedly, another aspect of convenience to the parties proffered by ICS is the unfair expense caused by litigating here. Specifically, ICS identifies the following expenses: (1) travel costs as well as accommodation expenses associated with bringing officers, [*10] crucial employees, witnesses and experts; (2) costs associated with the absence of employees, witnesses, and experts; and (3) costs incurred by storing numerous documents. These expenses would be absent if the action were in California.

The undisputed record reflects that all the parties are national corporations with millions of dollars in annual revenue. n3 Likewise, both plaintiff and defendant are corporations that operate on a national or worldwide scale. In view of this status, convenience based on expense is uncompelling especially when the practical realities are that discovery will likely take place in California regardless of the trial venue.

--------------- Footnotes ---------------

n3 According to ICS, Cypress' annual sales revenues for year-end December 31, 2000 were $ 1,287,787,000, yielding net income of $ 277,308,000. (D.I. 19) Cypress indicates that ICS generated net revenue of $ 165,521,000 in fiscal year 2000. (D.I. 22) IMI's net income from April 1999 though March 2000 was $ 3,068,000. (D.I. 19, Ex. I)

------------ End Footnotes-------------

### B. Convenience of Witnesses [*11]

According to ICS, "no pertinent witnesses reside in the State of Delaware" and "no pertinent witnesses even reside on the East Coast." (D.I. 17 at 12) Consequently, all of these employees, officers, experts would have to travel to Delaware for trial, thereby resulting in substantial expense for accommodation and travel. Absent from ICS' argument is any identifiable obstacle in obtaining personal jurisdiction over a third party witness. For the reasons stated above, the court finds this argument likewise unpersuasive.

### C. Other Litigation

ICS submits pending patent litigation in the Northern District of California warrants transfer. Specifically, ICS sued Cypress for patent infringement on ICS' patent 5,036,216 ("'216") in the Northern District of California, San Francisco Division on April 3, 2001. (D.I. 17) ICS asserts the patents in the Delaware action and the patent-in-suit in California involve the same technology. Consequently, the same witnesses would likely be called to trial.

In response, Cypress n4 concedes both the Delaware and California suits concern the same general area of technology, but argues that is where the similarity ends. There are different parties and [*12] different patents. The court finds that the California litigation does not warrant transfer.

--------------- Footnotes ---------------

n4 Cypress also has another case pending regarding the '959 patent in this court, Cypress Semiconductor Corp. v. Philips Semiconductor, Inc., C.A. No. 01-178-SLR.

------------ End Footnotes-------------

### D. Access to Proof

With respect to access to proof, ICS argues transfer is appropriate because documents and witnesses are located in California. Cypress contends this is irrelevant.The location of documents, in the context of access to proof, in a document-intensive case such as this can be misleading. No matter where the trial is held [defendants']...counsel and [plaintiffs']...counsel will be required to travel to [various places] to select and produce the requested discovery. Regardless of where the trial is held, the documents will be copied and mailed to the offices of counsel and subsequently transported to trial.

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 821 F. Supp. 962, 966-67 (D. Del. 1993)* [*13] For the reasons outlined in Critikon, the court finds that ICS has not established that this factor compels the transfer of this action.

### E. Public Interests

ICS asserts that public interests weigh in favor of a transfer. The crux of this argument is a statistical comparison of the civil dockets for the districts of Delaware and California. According to the Administrative Office of the Courts:For the twelve month period [which] ended September 30, 2000...there is only a 15 day difference in the median time from filing to trial, 25.5 months in the Northern District of California compared with 25 months in Delaware. While the District of Delaware has fewer cases pending [1,420 compared

5,373], it also experienced a 32% increase in the number of cases pending in 1999, from 1,075 cases in the year 1999 to 1,420 cases in the year 2000. In the District of California, there are 14 judges and 12 magistrate judges compared with 4 judges and 1 magistrate judge in Delaware.(D.I. 17)

According to ICS, transfer will save judicial resources. Cypress asserts these arguments are essentially irrelevant as plaintiff's choice of forum is the paramount consideration. [*14] This action was brought in Delaware because Cypress is incorporated in Delaware and sells products protected by the patents-in-suit in Delaware. ICS is a nearby resident of Pennsylvania and sells products that allegedly infringe the patents in Delaware. Both are national corporations that generate millions of dollars in sales in the national and international marketplace. Further, Cypress filed in Delaware because the court is noted for its efficient docket and its expertise in complex civil litigation.

No matter where this action is adjudicated, a judge will have to learn the technology. Absent a more compelling statistical disparity between districts, this court finds transfer is inappropriate.

## V. CONCLUSION

For the reasons stated, at Wilmington, this 28th day of November, 2001;

IT IS ORDERED that defendant ICS' motion to transfer is denied. (D.I. 16)

Sue L. Robinson

United States District Judge





# TAB 5

IKOS SYSTEMS, INC., Plaintiff, v. CADENCE DESIGN SYSTEMS, INC., and QUICK TURN DESIGN SYSTEMS, INC., Defendant.

C.A. No. 02-1335-GMS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2002 U.S. Dist. LEXIS 20574

October 21, 2002, Decided

**DISPOSITION:** [*1] Defendants' motion to transfer the case granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff sued defendants for patent infringement. Defendants moved to transfer the case to the United States District Court for the Northern District of California pursuant to *28 U.S.C.S. § 1404*(a).

**OVERVIEW:** Defendants moved to have the case transferred to the Northern District of California, where each of the parties was headquartered. Defendants demonstrated to the court that transfer was appropriate. While the parties were Delaware corporations and could reasonably expect to litigate in Delaware, there appeared to be little connection between Delaware and the lawsuit or the parties. Each party was headquartered in northern California. The parties were large national and international organizations with apparently substantial assets. Because the parties maintained geographically diverse operating locations, travel time and convenience in the aggregate would be neither increased nor decreased substantially with a transfer of forum. Any disparity in court congestion was not so great as to justify a transfer of venue. The relevant industry in the instant patent suit was the Electronic Design Automotive Industry, which apparently was located in northern California. Finally, while some potential witnesses who were not employed by defendants resided the East Coast, it appeared that the majority of the potential witnesses were located in the Northern District of California.

**OUTCOME:** The court granted defendants' motion for transfer.

**CORE TERMS:** declaration, convenience, motion to transfer, northern, patent, venue, fora

**LexisNexis(TM) Headnotes**

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN1] *28 U.S.C.S. § 1404*(a) provides that for convenience of the parties and witnesses, in the interest of justice, the court may transfer a civil action to any other district where it might have been brought. It is the movants burden to establish the need for transfer, and the plaintiff's choice of venue will not be lightly disturbed.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN2] When considering a motion to transfer, the court must determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum. This inquiry requires "a multi-factor balancing test" embracing not only the statutory criteria of convenience of the parties and the witnesses and the interests of justice, but all relevant factors, including certain private and public interests. These private interests include the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; and the location of books and record, to the extent that they could not be produced in the alternative forum. Among the relevant public interests are: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; and the public policies of the fora.

**COUNSEL:** For Ikos Systems Inc, PLAINTIFF: Robert K Payson, Potter Anderson & Corroon, LLP, Wilmington, DE USA.

For Cadence Design Systems, Inc, Quickturn Design Systems, Inc, DEFENDANTS: Josy W Ingersoll, Young, Conaway, Stargatt & Taylor, Wilmington, DE USA.

For Cadence Design Systems, Inc, Quickturn Design Systems, Inc, COUNTER-CLAIMANTS: Josy W Ingersoll, Young, Conaway, Stargatt & Taylor, Wilmington, DE USA.

For Ikos Systems Inc, COUNTER-DEFENDANT: Robert K Payson, Potter Anderson & Corroon, LLP, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Gregory M. Sleet

**OPINION: MEMORANDUM AND ORDER**

  

## I. INTRODUCTION

On July 29, 2002, the plaintiff, IKOS Systems, Inc. ("IKOS"), filed the instant action for patent infringement against Cadence Design Systems, Inc. ("Cadence") and Quick Turn Design Systems, Inc. ("Quick Turn") (collectively "the defendants"). IKOS alleges that Quick Turn's Palladium TM design verification product infringes United States Patent No. 5,847,578 ("the '578 patent"). The defendants, move [*2] to transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a) (D.I. 11). For the following reasons, the court will grant the defendants' motion.

## II. DISCUSSION

Each of the parties in this case is a Delaware corporation n1 with headquarters located within several miles of one another in what is commonly known as the Silicon Valley of northern California.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 IKOS is a subsidiary of Mentor Graphics Corporation ("Mentor") which is incorporated under the laws of the State of Oregon. The defendants assert that Mentor is the real party in interest in this action. IKOS does not seem to seriously contest this assertion. Nevertheless, given the court's analysis and conclusions as to the most appropriate forum for the litigation of this matter, the court need not reach this issue.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The defendants move to transfer this action to the District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a) [*3] . Section 1404(a) [HN1]provides that "for convenience of [the] parties and witnesses, in the interest of justice," the court may transfer a civil action "to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). It is the movants' burden to establish the need for transfer, and 'the plaintiff's choice of venue [will] not be lightly disturbed.' Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).

[HN2]When considering a motion to transfer, the court must determine 'whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum.' Id.. This inquiry requires "a multi-factor balancing test" embracing not only the statutory criteria of convenience of the parties and the witnesses and the interests of justice, but all relevant factors, including certain private and public interests. Id. at 875, 879. These private interests include the plaintiff's choice of forum; the defendants' preference; whether the claim arose elsewhere; and the location of books and record, to the extent that they could not be [*4] produced in the alternative forum. n2 Id. at 879. Among the relevant public interests are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." Id. at 879-80 (citations omitted).

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 The first three of these private interest collapse into other portions of the Jumara analysis. The court, therefore, will consider them in the context of the entire inquiry only. See Affymetrix, Inc. v. Synteni, Inc. and Incite Pharmaceuticals, Inc., 28 F. Supp. 2d 192 (D. Del. 1998).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Upon consideration of these factors, the court finds that the defendants have met their burden of demonstrating that transfer is appropriate. In reaching this conclusion the court relied on the following considerations, among others: (1) while [*5] the defendants and the plaintiff are Delaware corporations and should reasonably expect to litigate in the forum, there seems to be little connection between Delaware and this action or the parties; (2) each party is headquartered in northern California; (3) the parties are large national and international organizations with apparently substantial assets; (4) because the parties maintain geographically diverse operating locations, travel time and convenience in the aggregate would be neither increased nor decreased substantially with a transfer of forum; (5) any disparity in court congestion is not so great as to justify a transfer of venue; (6) while patent disputes are often not properly characterized as "local" in nature or otherwise unique to a particular locale, see Affymetrix, 28 F. Supp. 2d at 207, the relevant industry, the Electronic Design Automotive Industry, is apparently located in the Silicon Valley. Finally, IKOS has identified six potential witnesses who are not employed by the defendants and reside on the east coast. n3 However, it appears that the majority of the defendants' engineers, as well as other potential witnesses,





are located in the Northern [*6] District. Thus, the court is convinced that this fact and the other public and private interests are sufficient to tip "the balance of convenience ... *strongly* in favor of [the] defendant[s]." *Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)* (emphasis in original).

- - - - - - - - - - - - - - Footnotes - - - - - - -
- - - - - - - -

n3 In its brief and an accompanying declaration by Giovanni Mancini, a former employee of the plaintiff, IKOS has identified William R. Beausoleil as a seventh potential non-party employee witness. In his declaration, Mr. Mancini states that the witness elected not to join the defendant, Cadence. In contrast, the defendants offer the declaration of the witness himself. In that declaration, Mr. Beausoleil attests that he entered the employ of Cadence on March 28, 2002. The court will credit Mr. Beausoleil's declaration.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

### III. CONCLUSION

For the aforementioned reasons, IT IS HEREBY ORDERED that:1. The defendants' motion to transfer the case to the United States District Court for the Northern District [*7] of California (D.I. 11) is GRANTED.

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE

Dated: October 21, 2002





# TAB 6

JONES PHARMA, INC. and KING PHARMACEUTICALS, INC., Plaintiffs, v. KV PHARMACEUTICAL CO., Defendant.

Civil Action No. 03-786 JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2004 U.S. Dist. LEXIS 2333

February 17, 2004, Decided

**DISPOSITION:** [*1] Defendant's motion to transfer to Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) denied.

### CASE SUMMARY

**PROCEDURAL POSTURE:** In a patent infringement action under 35 U.S.C.S. § 271(e)(2), defendant competitor moved to transfer the case from Delaware to the Eastern District of Missouri pursuant to 28 U.S.C.S. § 1404(a).

**OVERVIEW:** The competitor argued that the lawsuit could have been brought in Missouri, and that the patent holder's choice of forum was entitled to less deference than usual because it did not sue on its "home turf," and that the private and public interests favored transfer. The patent holder responded that although its principal place of business was not in Delaware, both the patent holder and the competitor were Delaware corporations, so the court should give strong deference to the patent holder's decision to sue in Delaware. The patent holder further argued that the private and public interests did not strongly favor transfer to Missouri. The court agreed with the patent holder and, thus, declined to transfer the suit pursuant to 28 U.S.C.S. § 1404(a). The fact that both parties were incorporated in Delaware was a rational and legitimate reason to file the suit there. The convenience of the parties and their witnesses did not strongly favor transfer to Missouri. The competitor did not allege that the books and records necessary to litigate the action could not be produced in Delaware. And the court dockets in Missouri were only slightly less crowded than the dockets in Delaware.

**OUTCOME:** The court denied the motion.

**CORE TERMS:** convenience, litigating, litigate, movant, fora, turf, patent infringement, places of business, alternative forum, legitimate reason, local interest, approximate, unavailable, congestion, favoring, prevail, annual, patent, weigh, principal place of business, choice of forum, paramount, deference

### LexisNexis(TM) Headnotes

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN1]28 U.S.C.S. § 1404(a) provides the standard for a convenience transfer to another jurisdiction.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN2]See 28 U.S.C.S. § 1404(a).

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN3]Regarding a motion to transfer a case to another venue, the Third Circuit has not limited itself to the factors listed in 28 U.S.C.S. § 1404(a), instead requiring courts to consider the private and public interests protected by § 1404.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN4]The private interests considered in the Third Circuit when deciding whether to change venue under 28 U.S.C.S. § 1404(a) include plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties, the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora--and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN5]The public interests considered in the Third Circuit when deciding whether to change venue under 28 U.S.C.S. § 1404(a) include the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest, and the public policies of the fora.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN6]The burden of establishing the need for transfer rests with the movant. Unless the movant demonstrates that the balance of conveniences strongly favors transfer, plaintiff's forum choice should prevail.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN7]Ordinarily, when deciding whether to change venue under 28 U.S.C.S. § 1404(a), a court will give

Page 105

  

"paramount consideration" to a plaintiff's choice of forum. However, absent a legitimate, rational reason, if the plaintiff chooses to litigate away from his or her "home turf," the defendant's burden is lessened. Under § 1404(a), "home turf" refers to a corporation's principal place of business. A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN8]When deciding whether to change venue under *28 U.S.C.S. § 1404*(a), a court should consider the location of books and records only to the extent that the files could not be produced in the alternative forum.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN9]Regarding a motion to change venue under *28 U.S.C.S. § 1404*(a), party witnesses or witnesses who are employed by a party carry no weight in the "balance of convenience" analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN10]The congestion of a court's docket is a legitimate factor to be considered in a motion to transfer a suit to another venue.

*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN11]Regarding a motion for a change of venue, rights relating to patents are not local or state matters.

**COUNSEL:** Paul E. Crawford, Esquire, and Patricia S. Rogowski, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.

Of Counsel: F. Dominic Cerrito, Esquire, Daniel L. Malone, Esquire, and John C. Martin, Esquire of PENNIE & EDMONDS LLP, New York, New York.

Attorneys for Plaintiffs Jones Pharma, Inc., and King Pharmaceuticals, Inc.

Josy W. Ingersoll, Esquire, and Christian Douglas Wright, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Defendant KV Pharmaceutical Co.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION:** MEMORANDUM OPINION

Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is Defendant KV Pharmaceutical Co.'s ("KV") Motion To Transfer To Eastern District Of Missouri Pursuant To *28 U.S.C. § 1404(a)*. (D.I. 8.) For the reasons set forth below, the Court will deny KV's Motion.

BACKGROUND

This case is a Hatch-Waxman patent infringement action under *35 U.S.C. § 271(e)(2)* [*2] arising from an Abbreviated New Drug Application KV submitted for approval in order to sell a generic version of Jones Pharma, Inc.'s ("Jones") drug Levoxyl. By its Motion, KV seeks a transfer of the instant action to the Eastern District of Missouri.

I. Parties' Contentions

KV contends that the instant action could have been brought in Missouri. Further, KV contends that Jones did not file the instant action on its "home turf," and therefore, Jones's decision to file in Delaware is not entitled to the deference ordinarily accorded to a plaintiff's choice of forum. KV also contends that the private and public interests favor transfer to Missouri.

In response, Jones contends that although its principal place of business is not in Delaware, both KV and it are Delaware corporations. Therefore, Jones contends that the Court should give strong deference to its decision to file the instant action in Delaware. Further, Jones contends that the private and public interests do not strongly favor transfer to Missouri.

DISCUSSION

*28 U.S.C. § 1404(a)* [HN1]provides the standard for a convenience transfer to another jurisdiction. *Section 1404(a)* [HN2]states, [*3] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." [HN3]The Third Circuit has not limited itself to the factors listed in *Section 1404(a)*, instead requiring courts to consider the private and public interests protected by *Section 1404*. [HN4]The private interests include:

plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties ..., the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).





*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).

[HN5]The public interests include "the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the [*4] local interest ..., [and] the public policies of the fora." *Id.* (citations omitted). [HN6]"The burden of establishing the need for transfer ... rests with the movant." *Id.* Unless the movant demonstrates that the balance of conveniences strongly favors transfer, plaintiff's forum choice should prevail. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

### I. Whether Plaintiffs' Choice Of Forum Is Entitled To "Paramount Consideration"

[HN7]Ordinarily, a court will give "paramount consideration" to a plaintiff's choice of forum. See *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). However, absent a legitimate, rational reason, if the plaintiff chooses to litigate away from his or her "home turf," the defendant's burden is lessened. *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991). Under *Section 1404(a)*, "home turf" refers to a corporation's principal place of business. *Id.* A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state. *Stratos Lightwave, Inc. v. E2O Communs., Inc.* [*5], 2002 U.S. Dist. LEXIS 5653, C.A. No. 01-309 JJF, 2002 WL 500920 at *2 (D. Del. March 26, 2002). Applying these principles to the circumstances in this case, the Court will give "paramount consideration" to Jones's decision to file the instant action in Delaware.

Both Jones and KV are Delaware corporations. And, as the Court observed in Stratos, a corporation's decision to incorporate in a state is a rational and legitimate reason to file an action in that forum. *2002 U.S. Dist. LEXIS 5653, 2002 WL 500920 at *2*. Therefore, to prevail on its Motion, KV must demonstrate that the *Jumara* factors strongly favor a transfer to Missouri.

### II. Whether The Private Interests Strongly Favor Transfer

Although the claim arose and the parties have their principal places of business in Missouri, the Court concludes that these factors, along with the remaining *Jumara* private interest considerations, do not strongly favor a transfer to Missouri. First, the Court concludes that the convenience of the parties does not favor venue in one jurisdiction over the other. Neither party would be unduly burdened by litigating this action in Delaware or Missouri. See *Pennwalt Corp. v. Purex Inds., Inc.*, 659 F. Supp. 287, 290 (D. Del. 1986) [*6] (taking into account the burden a small company would encounter in litigating an action in a jurisdiction where it did not reside). KV's annual sales approximate $ 240 million (D.I. 12; Ex. 1) and Jones's annual sales approximate $ 245 million. (D.I. 14; Ex. D.) Therefore, the Court concludes that litigating this action in Delaware will not "place a significant and onerous burden" on either party. *Pennwalt, 659 F. Supp. at 290*. Further, although both parties have their principal places of business in Missouri, both parties are incorporated in Delaware. And, as KV chose to avail itself of the laws of Delaware, it may not now complain because Jones decided to sue it in this state. *SAS of Puerto Rico, Inc. v. Puerto Rico Tel. Co.*, 833 F. Supp. 450, 453 (D. Del. 1993).

Next, although KV contends that the books and records necessary to litigate this action are in Missouri, KV does not contend that they could not be produced or would be unavailable in Delaware. Therefore, the Court does not consider the location of the books and records as weighing in favor of a transfer to Missouri. See *Jumara, 55 F.3d at 879* [HN8](indicating that a court should [*7] consider the location of books and records only to the extent that the files "could not be produced in the alternative forum."). Further, all of the witnesses relating to the formulation and development of its generic drug that KV intends to call at trial, save Mr. Franz, are current KV employees. (D.I. 10.) These employee witnesses are party witnesses and are presumed willing to testify at trial. *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998) [HN9]("Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial."). With respect to Mr. Franz, the Court is not persuaded by KV's contention that Mr. Franz's retirement from KV and residence in Missouri strongly favors a transfer of the instant action. As noted above, the movant bears the burden in motions to transfer, *Jumara, 55 F.3d at 879*, and KV has provided the Court with no evidence that Mr. Franz, KV's former CEO, would be unwilling to testify on its behalf. Accordingly, the Court gives little weight to Mr. Franz's status as [*8] a non-party witness and residence in Missouri.

### III. Whether The Public Interests Strongly Favor Transfer

The Court also concludes that the public interests do not weigh strongly in favor of a transfer to Missouri. First, the Court is unpersuaded by KV's contention that the congestion of the Delaware courts strongly favors a transfer. See *Affymetrix, 28 F. Supp. 2d at 206*





[HN10](noting that the congestion of a court's docket is a legitimate factor to be considered in a motion to transfer). The median time for completion of non-jury trials in the District of Delaware is twenty-seven months, compared to twenty-three months in the Eastern District of Missouri. (D.I. 9; Ex. B.) The Court considers this four-month difference as, at most, only minimally favoring a transfer.

Further, there is no strong local interest in litigating this action in Missouri. The instant action is a patent infringement case, and, as the Court held in Stratos, [HN11]rights relating to patents are not local or state matters. *2002 U.S. Dist. LEXIS 5653, 2002 WL 500920* at *2. Therefore, patent rights cannot give rise to a local controversy or implicate local interests. Id. Accordingly, the Court concludes [*9] that the fact that the alleged infringement occurred in Missouri does not weigh strongly in favor of transferring the instant action.

CONCLUSION

Based upon Jones's decision to file the instant lawsuit in Delaware and the absence of strong private or public interests favoring transfer to Missouri, the Court concludes that the *Jumara* factors do not strongly favor a transfer of the instant action under *28 U.S.C. § 1404(a)*. Accordingly, the Court will deny KV's Motion.

An appropriate Order will be entered.

ORDER

At Wilmington, this 17th day of February, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

NOW THEREFORE, IT IS HEREBY ORDERED that KV Pharmaceutical Co.'s Motion To Transfer To Eastern District Of Missouri Pursuant To *28 U.S.C. § 1404(a)* (D.I. 8) is **DENIED.**

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE




Page 108