IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM, INC., a Delaware Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>DANIEL D. CROWLEY; DONALD J. AMARAL; WILLIAM J. CASEY; L. PETER SMITH; and SANDRA L. SMOLEY,<br><br>      Defendants. | CASE NO.: 04-1565 |

---

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER VENUE TO THE
DISTRICT OF COLORADO**

---

| | |
|---|---|
| OF COUNSEL:<br>Boris Feldman, Esq.<br>Peri Nielsen, Esq.<br>Shelby K. Pasarell, Esq.<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Tel:   (650) 493-9300<br><br>Dated: March 23, 2005 | Peter J. Walsh, Jr. (#2437)<br>Sarah E. DiLuzio (#4085)<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, Sixth Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, Delaware 19801<br>Tel:   (302) 984-6000<br><br>Attorneys for Defendants |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..........................................................................................................1

ARGUMENT ................................................................................................................2

I. COLORADO IS THE MOST CONVENIENT FORUM FOR THE PARTIES AND WITNESSES ..................................................................2

    A. Key Events Occurred and Key Witnesses Are Located in Colorado ..........2

    B. Colorado is More Convenient for the Outside Directors. ............................4

        1. The Outside Directors Are Individuals, Not Multinational Companies ...........................................................................................4

        2. A Related Case Is Now Pending Against The Outside Directors In Colorado. ....................................................................6

II. NONE OF THE TRUSTEE'S REASONS FOR FILING IN DELAWARE OUTWEIGHS THE CONVENIENCE OF THE PARTIES AND WITNESSES .................................................................6

    A. The Trustee's Choice of Forum Is Not Entitled To Deference ....................7

    B. None Of The Trustee's Reasons For Choosing Delaware Outweighs The Merits Of Transfer To Colorado ........................................8

        1. Being a Delaware Corporation ..........................................................8

    C. Petitioning For Bankruptcy Protection In Delaware ....................................8

    D. Applying Delaware Law ..............................................................................9

CONCLUSION ...........................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*APV North Am., Inc. v. Sig Simonazzi North Am. Inc.*,
   295 F. Supp. 2d 393 (D. Del. 2002).................................................................................8

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998)...................................................................................7

*BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*,
   224 F.R.D. 581 (D. Del. 2004) ........................................................................................5

*Chrysler Capital Corp. v. Woehling*,
   663 F. Supp. 478 (D. Del. 1987)..................................................................................6, 8

*Erbamont, Inc. v. Cetus Corp.*,
   720 F. Supp. 387 (D. Del. 1989)......................................................................................5

*Ikos Sys., Inc. v. Cadence Design Sys., Inc.*,
   No. 02-1335-GMS, 2002 U.S. Dist. LEXIS 20574
   (D. Del. Oct. 21, 2002) ................................................................................................3, 4

*Jones Pharma v. KV Pharm. Co.*,
   No. 03-786-JJF, 2004 U.S. Dist. LEXIS 2333
   (D. Del. Feb. 17, 2004) ....................................................................................................5

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995)...........................................................................................4, 9

*Kirschner Bros. Oil, Inc. v. Pannill*,
   697 F. Supp. 804 (D. Del. 1988)..................................................................................6, 7

*Kuck v. Veritas Software Corp.*,
   No. 04-831-SLR, 2005 U.S. Dist. LEXIS 823
   (D. Del. Jan. 14, 2005) ....................................................................................................5

*Praxair, Inc. v. ATMI, Inc.*,
   No. 03-1158-SLR, 2004 U.S. Dist. LEXIS 7076
   (D. Del. April 20, 2004)...................................................................................................5

*The Original Creatine Patent Co. v. Kaizen, Inc.*,
   No. 02-471-SLR, 2003 U.S. Dist. LEXIS 988
   (D. Del. Jan. 22, 2003) ................................................................................................4, 7

*Unicredito Italiano v. JPMorgan Chase Bank*,
   No. 02-104 GMS, 2002 U.S. Dist. LEXIS 11535
   (D. Del. June 26, 2002)....................................................................................................8

*Virgin Wireless, Inc. v. Virgin Enter., Ltd.*,
   201 F. Supp. 2d 294 (D. Del. 2002)............................................................................6, 7

*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*,
    775 F. Supp. 759 (D. Del. 1991) ................................................................................. 7

## STATUTES

11 U.S.C. § 323(a) ................................................................................................................. 6

28 U.S.C. § 1404(a) ............................................................................................................... 2

## RULES

Fed. R. Civ. P. 45 .................................................................................................................. 3

Fed. R. Civ. P. 45(b)(2) ........................................................................................................ 3

Fed. R. Civ. P. 45(c)(3)(A)(ii) .............................................................................................. 3

## MISCELLANEOUS

*Marcel Kahan & Ehud Kamar, The Myth of State Competition in
    Corporate Law*, 55 Stan. L. Rev. 679 (2002) .............................................................. 9

## **INTRODUCTION**

The Trustee argues that this case should not be transferred to Colorado because it is more convenient for him personally to litigate in Delaware. The Trustee ignores that he is the representative of the bankruptcy estate of Coram Healthcare Corporation, a company located in Colorado. The appropriate question is whether the Outside Directors and Coram will be inconvenienced by having this case remain in Delaware, not whether the Trustee is personally inconvenienced. Since neither Coram nor the Outside Directors is located in Delaware, transfer is warranted.

The Outside Directors established that this case, if it should go to trial, will turn on whether Mr. Crowley's alleged conflict of interest affected his management of Coram. Thus, the key witnesses will be the Coram employees who worked with Mr. Crowley. These witnesses can be compelled to testify in Colorado. The Trustee responds by asserting that he "will make Coram employees available" in Delaware. Putting aside that his proposal needlessly wastes the estates' money, the Trustee cannot extend this promise with respect to individuals who no longer work at Coram. Such individuals include key witnesses like Coram's Chief Executive Officer (between April and October 1999), Chief Operating Officer, Chief Financial Officer, and General Counsel.

The Outside Directors also established that a trial in Delaware would significantly inconvenience them, especially Ms. Smoley who cares for her disabled husband. The Trustee responds by citing cases analyzing the convenience of trial for large, multinational corporations. The Trustee fails to consider that the costs for such large businesses are hardly comparable to the costs that are borne by individual defendants. Moreover, since the filing of the Outside Directors' opening brief, the Outside Directors' primary insurance carrier filed a declaratory relief action in Colorado district court, alleging that coverage of these claims is not warranted. It would be infinitely more convenient for the Outside Directors if the same court adjudicated coverage and underlying liability.

For each of these reasons, the Outside Directors respectfully request that their transfer motion be granted.

## ARGUMENT

### I. COLORADO IS THE MOST CONVENIENT FORUM FOR THE PARTIES AND WITNESSES.

The only and key question that this Court must decide is whether the "the convenience of parties and witnesses, in the interest of justice" weigh in favor of transferring this case to the District of Colorado. 28 U.S.C. § 1404(a).[1] They clearly do. The Outside Directors have established that Colorado is the most convenient forum for all the parties because no party is resident of Delaware, Coram is located in Colorado, and Colorado is much closer to most of the Outside Directors. Def. Br. at 11-13.[2] None of the Trustee's arguments outweighs these facts.

#### A. Key Events Occurred and Key Witnesses Are Located in Colorado.

As the Outside Directors established, this case will require determining whether Mr. Crowley's alleged conflict of interest affected his management of Coram. Def. Br. at 15-16. Accordingly, the key witnesses will be the Coram employees who worked with Mr. Crowley during the period in question (1999 to 2001). The Trustee promises that he "will make Coram employees available." in Delaware and points out that a few potential witnesses live in New York. Opp. Br. at 19-20.

The Trustee does not explain under what authority he can compel the Coram employee to testify. Even assuming he has such authority, the Trustee does not explain

---

[1] The Outside Directors established that this case could have been brought in the District of Colorado, Def. Br. at 8-9, and the Trustee does not dispute that conclusion.

[2] References to "Def. Br." mean the Outside Directors' Motion to Transfer Venue to the District of Colorado (D.I. 4), and references to "Opp. Br." mean Plaintiff's Answering Brief in response (D.I. 22).

why Coram's estates should have to incur the cost associated with having to fly numerous employees out for a trial in Delaware when he could just fly to Colorado. More importantly, however, the Trustee ignores that the most important witnesses will be members of Coram's senior management. There are at least six key executives who have left Coram's employ, including Richard Smith, the CEO between April and October 1999, the CFO, the COO and the General Counsel. *See* Declaration of Sarah E. DiLuzio ¶¶ 3-4.

Because these individuals no longer work for Coram, the Trustee has no authority to compel them to testify to Delaware. Def. Br. at 14; *see also* Fed. R. Civ. P. 45(c)(3)(A)(ii). These witnesses, however, could be called to testify in Colorado, presuming they still reside there. Fed. R. Civ. P. 45. The Trustee has no response to this argument. He identifies several events that did *not* occur in Delaware, such as the location of Coram board meetings (California and Colorado)[3] and where Mr. Crowley signed his contracts (California). Opp. Br. at 18. The only event that the Trustee contends occurred in Delaware was Mr. Crowley and Mr. Amaral's testimony before the bankruptcy court. This testimony is not directly at issue in this case, and a court can easily take judicial notice of the testimony transcripts.

The Trustee also cites to two third-party witnesses located in New York. He argues that it will be more convenient for these few witnesses to testify in Delaware, although the Trustee acknowledges that none of those witnesses can be compelled to testify in Delaware. Opp. Br. at 20; *see also* Fed. R. Civ. P. 45(b)(2). The fact that a few

---

[3] Contrary to the Trustee's assertions, Mr. Amaral, Mr. Smith, and Mr. Casey all recall that at least fifty percent (50%) of the board meetings were held in Colorado. In fact, the meeting at which the Coram Board of Directors decided to hire Mr. Crowley as Coram's CEO was held in Colorado. *See* Supplemental Declaration of Donald J. Amaral ¶¶ 3-4; Supplemental Declaration of William J. Casey ¶¶ 3-4; Supplemental Declaration of L. Peter Smith ¶¶ 3-4.

witnesses reside on the East Coast when the majority of the witnesses live and work in Colorado *strongly* favors transferring this case to Colorado. *Ikos Sys., Inc. v. Cadence Design Sys., Inc.*, No. 02-1335-GMS, 2002 U.S. Dist. LEXIS 20574, at *6 (D. Del. Oct. 21, 2002) (transferring case when majority of witnesses lived in other district, the parties were headquartered in that jurisdiction, and when there was little connection of either the underlying action or party to Delaware).[4]

### B.  Colorado is More Convenient for the Outside Directors.

The Outside Directors demonstrated the high personal costs of requiring them to litigate in Delaware. The Trustee largely ignores this evidence and cites to a variety of cases dealing with large, multinational companies. What the Trustee fails to consider is that, in considering the convenience of the parties on a motion to transfer, the court must consider the "relative physical and financial condition[s]" of the parties. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

#### 1.  The Outside Directors Are Individuals, Not Multinational Companies.

This Court has previously recognized that even a small company with no business relationships in Delaware bears a heavy burden when forced to litigate in Delaware. *The Original Creatine Patent Co. v. Kaizen, Inc.*, No. 02-471-SLR, 2003 U.S. Dist. LEXIS 988, at *10 (D. Del. Jan. 22, 2003) (granting motion to transfer). Here, the situation is even more dramatic because the defendants are individuals. Defending this suit imposes substantial burdens on the Outside Directors, some of whom are responsible for caring for ailing or young family members. Def. Br. at 12-13; Smoley Decl. ¶ 8 (D.I. 6);

---

[4] The Trustee argues that most relevant documents are in his custody in Philadelphia. Opp. Br. at 20-21. Even if those same documents are not also in Colorado, the cost of transporting documents is inconsequential compared to the inconvenience that will be imposed on the parties and many key witnesses located on the West Coast if this case is tried in Delaware.

Amaral Decl. ¶¶ 5-8 (D.I. 5). The Outside Directors also have significant business commitments. Def. Br. at 12-13; Smoley Decl. ¶ 5 (D.I. 6); Casey Decl. ¶¶ 5, 10 (D.I. 8); Smith Decl. ¶¶ 5, 7 (D.I. 7). It would be much more convenient for the Outside Directors if this case were transferred to Colorado because Colorado is much closer to the residences of three of them. Def. Br. at 12.

The Trustee has no response other than to contend that the Outside Directors cannot establish inconvenience based on the fact that Delaware is farther from their homes than Colorado. Opp. Br. at 14-15. The Trustee's argument, however, is entirely based on cases where the defendants were corporations with substantial assets and world-wide operations. *See Kuck v. Veritas Software Corp.*, No. 04-831-SLR, 2005 U.S. Dist. LEXIS 823, at *8 (D. Del. Jan. 14, 2005) (finding that litigating in Delaware was "not overly burdensome" when defendant was incorporated in Delaware and "conducting world-wide business"); *Jones Pharma v. KV Pharm. Co.*, No. 03-786-JJF, 2004 U.S. Dist. LEXIS 2333, at *5-6 (D. Del. Feb. 17, 2004) (noting that both parties had annual sales over $200 million); *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 589 (D. Del. 2004) (finding that defendant marketed its product internationally and participated in national and international events); *Erbamont, Inc. v. Cetus Corp.*, 720 F. Supp. 387, 397 (D. Del. 1989) (denying motion to transfer case between pharmaceutical companies).[5] The Outside Directors plainly do not have these types of resources.

---

[5] The Trustee also cites a case where the defendant sought to transfer a patent dispute between two businesses to a jurisdiction in which neither party was located nor incorporated. *Praxair, Inc. v. ATMI, Inc.*, No. 03-1158-SLR, 2004 U.S. Dist. LEXIS 7076, at *8-9 (D. Del. April 20, 2004) (denying motion to transfer to New York when parties were all located in Connecticut and incorporated in Delaware).

### 2. A Related Case Is Now Pending Against The Outside Directors In Colorado.

Since the Outside Directors filed their Opening Brief, a separate but related proceeding has been filed against them in the District of Colorado by their primary insurance carrier. This alone is sufficient to warrant transfer to Colorado.

On February 23, 2005, Genesis Insurance Company ("Genesis") instituted an action in the District Court of Colorado against the Outside Directors and Mr. Crowley. *See* DiLuzio Decl. Ex. A. Genesis seeks a declaration that the Outside Directors and Mr. Crowley are not covered either for any legal fees incurred in defending this litigation or for any recovery that the Trustee may obtain in this action. *Id.* If this action is not transferred to Colorado, the Outside Directors will be forced to litigate in two separate jurisdictions. *Virgin Wireless, Inc. v. Virgin Enter., Ltd.*, 201 F. Supp. 2d 294, 301 (D. Del. 2002) (finding "fundamental fairness" requires consideration of the impact that a subsequently filed suit will have on the parties); *see also Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 483 (D. Del. 1987) ("It follows that suits involving the same legal and factual issues should be decided by one court and not permitted to proceed in two different courts simultaneously.").

It obviously would be much more convenient and infinitely less costly for the Outside Directors to defend these actions in one forum, instead of two. It also would help conserve judicial resources if the same court that decided coverage issues also adjudicated the merits of this case.

### II. NONE OF THE TRUSTEE'S REASONS FOR FILING IN DELAWARE OUTWEIGHS THE CONVENIENCE OF THE PARTIES AND WITNESSES

None of the Trustee's other purported reasons for choosing Delaware, including his reduction in travel time, outweighs the convenience to Coram and the Outside Directors of litigating close to the "key managerial and testifying personnel." *Kirschner*

- 6 -

*Bros. Oil, Inc. v. Pannill*, 697 F. Supp. 804, 807 (D. Del. 1988) (granting motion to transfer).

    A.    **The Trustee's Choice of Forum Is Not Entitled To Deference**

At the outset, the Trustee erroneously asserts that Delaware is his "home turf" and that the Court must grant his choice of forum great deference. Opp. Br. at 10. He is incorrect. The Trustee's "home turf" is irrelevant because he is not an individual plaintiff. He represents Coram's bankruptcy estates. 11 U.S.C. § 323(a) ("The trustee in a case under this title is the representative of the estate"). Basing the choice of forum on the Trustee's personal preferences is, thus, tantamount to choosing a jurisdiction based on the convenience of one's attorney. Such considerations are given little deference by the courts. *See Original Creatine*, 2003 U.S. Dist. LEXIS 988, at *7 (granting motion to transfer when only reason case was filed in Delaware was for convenience of plaintiff's attorney).

The critical question is where Coram's "home turf" is because that is the jurisdiction that would convenience the party that the Trustee represents. *Virgin Wireless, Inc.*, 201 F. Supp. 2d at 300 (granting transfer based on convenience of parties when "defendants argue[d] for transfer to plaintiffs' 'home turf'"). Coram's "home turf" is Colorado because that is the jurisdiction closest to the party in which the action could have been brought. *See Kirschner Bros. Oil*, 697 F. Supp. at 806.

Since the Trustee chose not to file this lawsuit in Colorado, Coram's "home turf," his choice of forum is *not* entitled to blind preference. Rather, there must be rational and legitimate reasons for this case to be litigated in Delaware. *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764-65 (D. Del. 1991) (denying motion to transfer when transfer was not more convenient for the parties and when it was not clear that the case could have even been brought in the other district); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 200 (D. Del. 1998) (when plaintiff files suit outside its

"home turf," court must "put[] aside the fact that the plaintiff selected a forum and, instead, explores whether the plaintiff 'offers any substantive reasons . . . indicating that the convenience to it of litigating in [this forum] even approaches the inconvenience which trial in this forum will impose on the defendants and their witnesses). None of the Trustee's reasons satisfies this standard.

    **B.    None Of The Trustee's Reasons For Choosing Delaware Outweighs The Merits Of Transfer To Colorado**

        **1.    Being a Delaware Corporation**

First, the Trustee argues that his choice of forum is entitled to deference because Coram is incorporated in Delaware. Opp. Br. at 12-13. It is well-established that "[a]lthough a party's incorporation in Delaware is not irrelevant to the Court's decision, it is not dispositive. Where an alternative forum is more convenient and has more substantial connections with the litigation 'incorporation in Delaware will not prevent transfer.'" *APV North Am., Inc. v. Sig Simonazzi North Am. Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) (citation omitted) (granting motion to transfer when neither party "conducts business or has facilities in Delaware"); *accord Chrysler Capital*, 663 F. Supp. at 482 ("Chrysler is a Delaware corporation, but that alone is not sufficient to make Delaware its home turf" (internal citations omitted)); *cf. Unicredito Italiano v. JPMorgan Chase Bank*, No. 02-104 GMS, 2002 U.S. Dist. LEXIS 11535, at *3 n.2 (D. Del. June 26, 2002) ("the state of incorporation matters little to the court's analysis of the transfer issue").

    **C.    Petitioning For Bankruptcy Protection In Delaware**

Second, the Trustee argues that he was permitted to sue in Delaware because his claims are related to the administration of the proposed plan of reorganization, and the Bankruptcy Court has jurisdiction over non-core proceedings "related to" Chapter 11 cases. Opp. Br. at 12, 18-19. The Bankruptcy Court only maintains jurisdiction to the extent that future payments may be made to Coram's creditors or equity holders. *Id.*

at 19; Walsh Decl. Ex. E (D.I. 9). The fact that the Bankruptcy Court retains jurisdiction to adjudicate disputes concerning such payments is irrelevant since any such payments made in connection with this litigation would not be made until this litigation is resolved.

### D. Applying Delaware Law

Finally, the Trustee argues that there are strong policy justifications for having Delaware state courts decide issues of Delaware law. Opp. Br. at 15-16. Since more than one half of all corporations are incorporated in Delaware,[6] courts across the nation are frequently called upon to decide issues of Delaware law. There is no reason to believe that the District of Colorado is incapable of deciding issues of Delaware law. Furthermore, this Court must focus on the "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879-80. Thus, this purported policy justification cannot outweigh the practical considerations favoring transfer to Colorado.

---

[6] Marcel Kahan & Ehud Kamar, *The Myth of State Competition in Corporate Law*, 55 Stan. L. Rev. 679, 684 n.24 (2002).

## CONCLUSION

For all the foregoing reasons, this Court should grant the Director Defendants' motion to transfer this action to the United States District Court for the District of Colorado.

|  |  |
|---|---|
| Of Counsel:<br><br>Boris Feldman, Esq.<br>Peri Nielsen, Esq.<br>Shelby K. Pasarell, Esq.<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Tel:   (650) 493-9300<br><br>Dated: March 23, 2005 | POTTER ANDERSON & CORROON LLP<br><br>*/s/ Sarah E. DiLuzio*<br>Peter J. Walsh, Jr. (#2437)<br>Sarah E. DiLuzio (#4085)<br>Hercules Plaza, Sixth Floor<br>1313 North Market Street<br>Wilmington, Delaware 19801<br>Tel:   (302) 984-6000<br><br>Attorneys for Defendants Daniel D. Crowley, Donald J. Amaral, William J. Casey, L. Peter Smith and Sandra L. Smoley |

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio., hereby certify that on March 23, 2005, I electronically filed true and correct copies of the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF COLORADO with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record:

Rolin P. Bissell, Esquire (DSB ID No. 4478)
YOUNG CONAWAY STARGATT & TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel: (302) 571-6560
E-mail: rbissell@ycst.com

Jeffrey C. Wisler, Esquire (DSB ID No. 2795)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
Tel: (302) 888-6258
E-mail: jwisler@cblh.com

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio. (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: sdiluzio@potteranderson.com

672518v1/28762