# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ARLIN M. ADAMS, Chapter 11 Trustee of )
the Post-Confirmation Bankruptcy Estates of )
CORAM HEALTHCARE CORPORATION, )
a Delaware Corporation, and of CORAM, )
INC., a Delaware Corporation,                    )    CASE NO.: 04-1565
                                                          )
              Plaintiff,                                  )
                                                          )
       v.                                                 )
                                                          )
DANIEL D. CROWLEY; DONALD J.              )
AMARAL; WILLIAM J. CASEY; L. PETER)
SMITH; and SANDRA L. SMOLEY,            )
                                                          )
              Defendants.                            )

---

### COMPENDIUM OF UNREPORTED CASES IN SUPPORT OF REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF COLORADO

---

OF COUNSEL:
Boris Feldman, Esq.
Peri Nielsen, Esq.
Shelby K. Pasarell, Esq.
WILSON SONSINI GOODRICH &
ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel:    (650) 493-9300

Dated: March 23, 2005

Peter J. Walsh, Jr. (#2437)
Sarah E. DiLuzio (#4085)
POTTER ANDERSON & CORROON
LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel:    (302) 984-6000

TABLE OF CONTENTS

Tab

*Jones Pharma v. KV Pharm. Co.*, No. 03-786-JJF, 2004
U.S. Dist. Lexis 2333 (D. Del. Feb. 17, 2002)          1

*Kuck v. Veritas Software Corp.*, No. 04-831-SLR, 2005
U.S. Dist. LEXIS 823 (D. Del. Jan. 14, 2005)          2

*Praxair, Inc. v. ATMI, Inc.*, No. 03-1158-SLR, 2004
U.S. Dist. LEXIS 7076 (D. Del. April 20, 2004)          3

2622309_1.DOC

**1**

1 of 1 DOCUMENT

**JONES PHARMA, INC. and KING PHARMACEUTICALS, INC.,
Plaintiffs, v. KV PHARMACEUTICAL CO., Defendant.**

Civil Action No. 03-786 JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2004 U.S. Dist. LEXIS 2333

February 17, 2004, Decided

**DISPOSITION:** [*1] Defendant's motion to transfer to Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) denied.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** In a patent infringement action under 35 U.S.C.S. § 271 (e)(2), defendant competitor moved to transfer the case from Delaware to the Eastern District of Missouri pursuant to 28 U.S.C.S. § 1404(a).

**OVERVIEW:** The competitor argued that the lawsuit could have been brought in Missouri, and that the patent holder's choice of forum was entitled to less deference than usual because it did not sue on its "home turf," and that the private and public interests favored transfer. The patent holder responded that although its principal place of business was not in Delaware, both the patent holder and the competitor were Delaware corporations, so the court should give strong deference to the patent holder's decision to sue in Delaware. The patent holder further argued that the private and public interests did not strongly favor transfer to Missouri. The court agreed with the patent holder and, thus, declined to transfer the suit pursuant to 28 U.S.C. § 1404(a). The fact that both parties were incorporated in Delaware was a rational and legitimate reason to file the suit there. The convenience of the parties and their witnesses did not strongly favor transfer to Missouri. The competitor did not allege that the books and records necessary to litigate the action could not be produced in Delaware. And the court dockets in Missouri were only slightly less crowded than the dockets in Delaware.

**OUTCOME:** The court denied the motion.

**CORE TERMS:** convenience, litigating, litigate, movant, fora, turf, patent infringement, places of business, alternative forum, legitimate reason, local interest, approximate, unavailable, congestion, favoring, prevail, annual, patent, weigh, principal place of business, choice of forum, paramount, deference

**LexisNexis(R) Headnotes**

Civil Procedure > Venue > Change of Venue in Federal Courts
[HN1] 28 U.S.C.S. § 1404(a) provides the standard for a convenience transfer to another jurisdiction.

Civil Procedure > Venue > Change of Venue in Federal Courts

  

[HN2] See 28 U.S.C.S. § 1404(a).

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN3] Regarding a motion to transfer a case to another venue, the Third Circuit has not limited itself to the factors listed in 28 U.S.C.S. § 1404(a), instead requiring courts to consider the private and public interests protected by § 1404.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN4] The private interests considered in the Third Circuit when deciding whether to change venue under 28 U.S.C.S. § 1404(a) include plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties, the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the for a--and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN5] The public interests considered in the Third Circuit when deciding whether to change venue under 28 U.S.C.S. § 1404(a) include the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest, and the public policies of the fora.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN6] The burden of establishing the need for transfer rests with the movant. Unless the movant demonstrates that the balance of conveniences strongly favors transfer, plaintiff's forum choice should prevail.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN7] Ordinarily, when deciding whether to change venue under 28 U.S.C.S. § 1404(a), a court will give "paramount consideration" to a plaintiff's choice of forum. However, absent a legitimate, rational reason, if the plaintiff chooses to litigate away from his or her "home turf," the defendant's burden is lessened. Under § 1404(a), "home turf" refers to a corporation's principal place of business. A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN8] When deciding whether to change venue under 28 U.S.C.S. § 1404(a), a court should consider the location of books and records only to the extent that the files could not be produced in the alternative forum.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN9] Regarding a motion to change venue under 28 U.S.C.S. § 1404(a), party witnesses or witnesses who are employed by a party carry no weight in the "balance of convenience" analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN10] The congestion of a court's docket is a legitimate factor to be considered in a motion to transfer a suit to another venue.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN11] Regarding a motion for a change of venue, rights relating to patents are not local or state matters.

  

**COUNSEL:** Paul E. Crawford, Esquire, and Patricia S. Rogowski, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.

Of Counsel: F. Dominic Cerrito, Esquire, Daniel L. Malone, Esquire, and John C. Martin, Esquire of PENNIE & EDMONDS LLP, New York, New York.

Attorneys for Plaintiffs Jones Pharma, Inc., and King Pharmaceuticals, Inc.

Josy W. Ingersoll, Esquire, and Christian Douglas Wright, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Defendant KV Pharmaceutical Co.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION:**

MEMORANDUM OPINION

Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is Defendant KV Pharmaceutical Co.'s ("KV") Motion To Transfer To Eastern District Of Missouri Pursuant To 28 U.S.C. § 1404(a). (D.I. 8.) For the reasons set forth below, the Court will deny KV's Motion.

BACKGROUND

This case is a Hatch-Waxman patent infringement action under 35 U.S.C. § 271(e)(2) [*2] arising from an Abbreviated New Drug Application KV submitted for approval in order to sell a generic version of Jones Pharma, Inc.'s ("Jones") drug Levoxyl. By its Motion, KV seeks a transfer of the instant action to the Eastern District of Missouri.

I. Parties' Contentions

KV contends that the instant action could have been brought in Missouri. Further, KV contends that Jones did not file the instant action on its "home turf," and therefore, Jones's decision to file in Delaware is not entitled to the deference ordinarily accorded to a plaintiff's choice of forum. KV also contends that the private and public interests favor transfer to Missouri.

In response, Jones contends that although its principal place of business is not in Delaware, both KV and it are Delaware corporations. Therefore, Jones contends that the Court should give strong deference to its decision to file the instant action in Delaware. Further, Jones contends that the private and public interests do not strongly favor transfer to Missouri.

DISCUSSION

28 U.S.C. § 1404(a) [HN1] provides the standard for a convenience transfer to another jurisdiction. Section 1404(a) [HN2] states, [*3] "For the convenience of parties and witnesses, in the interest of justice, a district





court may transfer any civil action to any other district or division where it might have been brought." [HN3] The Third Circuit has not limited itself to the factors listed in Section 1404(a), instead requiring courts to consider the private and public interests protected by Section 1404. [HN4] The private interests include:

> plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties ..., the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).

[HN5] The public interests include "the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the [*4] local interest ..., [and] the public policies of the fora." Id. (citations omitted). [HN6] "The burden of establishing the need for transfer ... rests with the movant." Id. Unless the movant demonstrates that the balance of conveniences strongly favors transfer, plaintiff's forum choice should prevail. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

**I. Whether Plaintiffs' Choice Of Forum Is Entitled To "Paramount Consideration"**

[HN7] Ordinarily, a court will give "paramount consideration" to a plaintiff's choice of forum. See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). However, absent a legitimate, rational reason, if the plaintiff chooses to litigate away from his or her "home turf," the defendant's burden is lessened. Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 764 (D. Del. 1991). Under Section 1404(a), "home turf" refers to a corporation's principal place of business. Id. A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state. Stratos Lightwave, Inc. v. E2O Communs., Inc. [*5] , 2002 U.S. Dist. LEXIS 5653, C.A. No. 01-309 JJF, 2002 WL 500920 at *2 (D. Del. March 26, 2002). Applying these principles to the circumstances in this case, the Court will give "paramount consideration" to Jones's decision to file the instant action in Delaware.

Both Jones and KV are Delaware corporations. And, as the Court observed in Stratos, a corporation's decision to incorporate in a state is a rational and legitimate reason to file an action in that forum. 2002 U.S. Dist. LEXIS 5653, 2002 WL 500920 at *2. Therefore, to prevail on its Motion, KV must demonstrate that the Jumara factors strongly favor a transfer to Missouri.

**II. Whether The Private Interests Strongly Favor Transfer**

Although the claim arose and the parties have their principal places of business in Missouri, the Court concludes that these factors, along with the remaining Jumara private interest considerations, do not strongly favor a transfer to Missouri. First, the Court concludes that the convenience of the

  

parties does not favor venue in one jurisdiction over the other. Neither party would be unduly burdened by litigating this action in Delaware or Missouri. See Pennwalt Corp. v. Purex Inds., Inc., 659 F. Supp. 287, 290 (D. Del. 1986) [*6] (taking into account the burden a small company would encounter in litigating an action in a jurisdiction where it did not reside). KV's annual sales approximate $ 240 million (D.I. 12; Ex. 1) and Jones's annual sales approximate $ 245 million. (D.I. 14; Ex. D.) Therefore, the Court concludes that litigating this action in Delaware will not "place a significant and onerous burden" on either party. Pennwalt, 659 F. Supp. at 290. Further, although both parties have their principal places of business in Missouri, both parties are incorporated in Delaware. And, as KV chose to avail itself of the laws of Delaware, it may not now complain because Jones decided to sue it in this state. SAS of Puerto Rico, Inc. v. Puerto Rico Tel. Co., 833 F. Supp. 450, 453 (D. Del. 1993).

Next, although KV contends that the books and records necessary to litigate this action are in Missouri, KV does not contend that they could not be produced or would be unavailable in Delaware. Therefore, the Court does not consider the location of the books and records as weighing in favor of a transfer to Missouri. See Jumara, 55 F.3d at 879 [HN8] (indicating that a court should [*7] consider the location of books and records only to the extent that the files "could not be produced in the alternative forum."). Further, all of the witnesses relating to the formulation and development of its generic drug that KV intends to call at trial, save Mr. Franz, are current KV employees. (D.I. 10.) These employee witnesses are party witnesses and are presumed willing to testify at trial. Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998) [HN9] ("Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial."). With respect to Mr. Franz, the Court is not persuaded by KV's contention that Mr. Franz's retirement from KV and residence in Missouri strongly favors a transfer of the instant action. As noted above, the movant bears the burden in motions to transfer, Jumara, 55 F.3d at 879, and KV has provided the Court with no evidence that Mr. Franz, KV's former CEO, would be unwilling to testify on its behalf. Accordingly, the Court gives little weight to Mr. Franz's status as [*8] a non-party witness and residence in Missouri.

III. Whether The Public Interests Strongly Favor Transfer

The Court also concludes that the public interests do not weigh strongly in favor of a transfer to Missouri. First, the Court is unpersuaded by KV's contention that the congestion of the Delaware courts strongly favors a transfer. See Affymetrix, 28 F. Supp. 2d at 206 [HN10] (noting that the congestion of a court's docket is a legitimate factor to be considered in a motion to transfer). The median time for completion of non-jury trials in the District of Delaware is twenty-seven months, compared to twenty-three months in the Eastern District of Missouri. (D.I. 9; Ex. B.) The Court considers this four-month difference as, at most, only minimally favoring a transfer.

Further, there is no strong local interest in litigating this action in Missouri. The instant action is a patent infringement case, and, as the Court held in Stratos, [HN11] rights relating to patents are not local or state matters. 2002 U.S. Dist. LEXIS 5653, 2002 WL 500920 at *2. Therefore, patent rights cannot give rise to a local controversy or implicate local interests. Id. Accordingly, the Court concludes [*9] that the fact that the alleged infringement occurred in Missouri does not weigh strongly in favor of transferring the instant action.





CONCLUSION

Based upon Jones's decision to file the instant lawsuit in Delaware and the absence of strong private or public interests favoring transfer to Missouri, the Court concludes that the Jumara factors do not strongly favor a transfer of the instant action under 28 U.S.C. § 1404(a). Accordingly, the Court will deny KV's Motion.

An appropriate Order will be entered.

ORDER

At Wilmington, this 17th day of February, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

NOW THEREFORE, IT IS HEREBY ORDERED that KV Pharmaceutical Co.'s Motion To Transfer To Eastern District Of Missouri Pursuant To 28 U.S.C. § 1404(a) (D.I. 8) is **DENIED.**

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

 

**2**

1 of 1 DOCUMENT

**PAUL KUCK, Plaintiff, v. VERITAS SOFTWARE CORPORATION, EDWIN J. GILLIS and GARY L. BLOOM, Defendants.**

Civ. No. 04-831-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2005 U.S. Dist. LEXIS 823

January 14, 2005, Decided

**DISPOSITION:** Motion to transfer was denied.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** In a putative class action, plaintiff investor sued defendants, a company and two corporate officers, alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C.S. §§ 78j and § 78t. Defendants moved to transfer the case to another federal district court in which another securities class action suit was filed involving the same claims as the present case.

**OVERVIEW:** The company was incorporated in Delaware, and its corporate headquarters was in northern California. Defendants asserted that the convenience of the parties factor was the most compelling reason to transfer. All witnesses, parties, and the legal team were located within the United States District Court for the Northern District of California. Moreover, the principal documents regarding internal projections, forecasts and results as well as the Securities and Exchange Commission filings and press releases related to the investor's allegations were located at the company's headquarters. Defendants submitted that the expense of travel and shipping would be greatly reduced by moving the case to California. The investor argued that since the company was a Delaware corporation, enjoying all the benefits and protections of that state's laws, it could not credibly contend that litigation in the state was inconvenient. The asserted advantages of transferring the case were insufficient to warrant a transfer. The company enjoyed the benefits and protections of incorporation in Delaware and that state had an interest in litigation regarding companies incorporated within its jurisdiction.

**OUTCOME:** Defendants' motion to transfer was denied.

**CORE TERMS:** convenience, choice of forum, fora, motion to transfer, travel, balance of convenience, inconvenient, unavailable, deference, corporate headquarters, worldwide

**LexisNexis(R) Headnotes**

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN1] Under 28 U.S.C.S. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate



2005 U.S. Dist. LEXIS 823, *

motions to transfer according to an individualized, case-by-case consideration
of convenience and the interests of justice.

**Civil Procedure > Venue > Change of Venue Generally**
**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN2] The burden of establishing the need to transfer rests with the movant to
establish that the balance of convenience of the parties and witnesses strongly
favors the defendants. Unless the balance is strongly in favor of a transfer,
the plaintiff's choice of forum should prevail.

**Civil Procedure > Venue > Change of Venue Generally**
**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN3] The deference afforded plaintiff's choice of forum will apply as long as a
plaintiff has selected the forum for some legitimate reason. Although transfer
of an action is usually considered as less inconvenient to a plaintiff if the
plaintiff has not chosen its home turf or a forum where the alleged wrongful
activity occurred, the plaintiff's choice of forum is still of paramount
consideration, and the burden remains at all times on the defendants to show
that the balance of convenience and the interests of justice weigh strongly in
favor of transfer.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN4] The analysis for transfer is very broad. Although there is no definitive
formula or list of factors to consider, the United States Court of Appeals for
the Third Circuit has identified potential factors it characterized as either
private or public interests. The private interests include: (1) plaintiff's
forum preference as manifested in the original choice; (2) defendant's
preference; (3) whether the claim arose elsewhere; (4) the convenience of the
parties as indicated by their relative physical and financial condition; (5) the
convenience of the witnesses but only to the extent that the witnesses may
actually be unavailable for trial in one of the fora; and (6) location of books
and records, similarly limited to the extent that the files could not be
produced in the alternative forum.

**Civil Procedure > Venue > Change of Venue Generally**
**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN5] In the context of deciding whether to transfer venue, the public interests
include: (1) the enforceability of the judgment; (2) practical considerations
that could make the trial easy, expeditious or inexpensive; (3) the relative
administrative difficulty in the two fora resulting from court congestion; (4)
the local interest in deciding local controversies at home; (5) the public
policies of the fora; and (6) the familiarity of the trial judge with the
applicable state law in diversity cases.

**COUNSEL:** [*1] PAUL KUCK, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY
SITUATED, Plaintiff: Carmella P. Keener Rosenthal, Monhait, Gross Goddess,
Wilmington, DE.

For VERITAS SOFTWARE CORPORATION, EDWIN J. GILLIS, GARY L. BLOOM, Defendants:
Erica L. Niezgoda, Potter Anderson & Corroon, LLP, Wilmington, DE.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINIONBY:** Sue L. Robinson

**OPINION:**

  

## MEMORANDUM ORDER

At Wilmington this 14th day of January, 2005, having considered defendants' motion to transfer and the papers submitted in connection therewith;

IT IS ORDERED that said motion to transfer (D.I. 4) is denied, for the reasons that follow:

1. **Introduction.** On July 7, 2004, plaintiff Paul Kuck ("Kuck") filed this complaint against defendants Veritas Software Corporation ("Veritas"), Edwin Gillis ("Gillis") and Gary L. Bloom ("Bloom") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j and § 78t. n1 (D.I. 1) Plaintiff contends that the individual defendants caused Veritas to issue a materially false and misleading press release regarding expectations on revenue and earnings. (D.I. 1) On July 19, 2004, defendants [*2] moved to transfer to the Northern District of California. (D.I. 4, 5) Plaintiff opposes the motion (D.I. 13) and defendants have filed their reply. (D.I. 14)

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - - -

n1 There are two related cases: Bennet v. Veritas Software Corporation, Civ. No. 04-867-SLR; and Choon v. Veritas Software Corporation, Civ. No. 04-872-SLR. Although formal motions to transfer have not been filed in the related cases, the parties have agreed that the instant motion shall apply to all three cases. (D.I. 13) Additionally, a securities class action was filed on July 29, 2004 in the Northern District of California involving the same claims at bar. Malone v. Veritas Software Corp., 3:04-CV-3088-MJJ (N.D. Cal. 2004).

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

2. **Background.** Veritas, a Delaware corporation, is a leading provider of software storage products and services. (D.I. 5, 13) Gillis is the Executive Vice President and Chief Financial Officer of Veritas. Bloom is the Chairman of the Board, President and Chief Executive Officer. (D.I. 7)

3. Veritas employs over [*3] 6,500 people worldwide, with approximately 3,800 employed in the United States. (Id.) About 1,061 employees work at the corporate headquarters in Mountain View, California. The remaining employees work at 120 offices worldwide, located in 28 states and 36 countries. Veritas does not have any offices, employees or documents in Delaware. Its legal, accounting, finance and marketing departments are located at the Mountain View corporate headquarters. General counsel is also located within the Northern District of California. Veritas' common stock is traded on the NASDAQ market. (D.I. 13 at 4)

4. Plaintiff has moved on behalf of himself and of "all other persons similarly situated (the "Class") who purchased or acquired the publicly traded securities of Veritas between April 21, 2004 and July 6, 2004." (D.I. 13 at 4) To that end, motions for consolidation, appointment as lead plaintiff and approval of selection of lead counsel have been filed. (D.I. 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26,)

5. **Standard of Review.** [HN1] Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought [*4] for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized,

  

case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998) .

6. [HN2] The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". ADE Corp. v. KLA- Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.

7. [HN3] The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del 1998); [*5] Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

8. The Third Circuit Court of Appeals has indicated that [HN4] the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as [*6] manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).

9. [HN5] The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. " Id. (citations omitted).

10. **Discussion.** Defendants assert that the convenience of the parties factor is the most compelling reason to transfer. All witnesses, parties, and the legal team are located within the Northern District of California. [*7] Moreover, the principal documents regarding internal projections, forecasts and results as well as the SEC filings and press releases related to plaintiff's allegations are located at the Mountain View headquarters. Defendants submit that the expense of travel and shipping would be greatly reduced by moving the case to California.

11. Plaintiff contends his choice of forum should be afforded deference and

 LexisNexis™     LexisNexis™     LexisNexis™

that transfer should not be liberally granted. Argos v. Orthotec LLC, 304 F. Supp. 2d 591, 598 (D. Del. 2004). Further, since Veritas is a Delaware corporation enjoying all the benefits and protections of this state's laws, it cannot credibly contend that litigation in the state is inconvenient. (D.I. 13)

12. Weighing the arguments against the Jumara balancing test, the court finds that the asserted advantages of moving the case to the Northern District of California are insufficient to warrant a transfer. Defendants' complaints about litigating here are outweighed by the fact that Veritas has enjoyed the benefits and protections of incorporation in Delaware and that the state has an interest in litigation regarding companies incorporated within its jurisdiction. [*8] Moreover, defendants have not provided specific information about problems of certain witnesses being unavailable or unwilling to travel to Delaware for trial. Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the trial. The travel expenses and inconveniences incurred for that purpose, by a Delaware defendant conducting world-wide business, is not overly burdensome.

13. **Conclusion.** For the reasons stated, defendants' motion to transfer (D.I. 4) is denied.

Sue L. Robinson

United States District Judge





**3**

1 of 1 DOCUMENT

PRAXAIR, INC. and PRAXAIR TECHNOLOGY, INC., Plaintiffs, v.
ATMI, INC. and ADVANCED TECHNOLOGY MATERIALS, INC.,
Defendants.

Civ. No. 03-1158-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2004 U.S. Dist. LEXIS 7076

April 20, 2004, Decided

DISPOSITION:    [*1]  Defendants' motion to transfer denied.

CASE SUMMARY

PROCEDURAL POSTURE:  Plaintiffs filed the instant action asserting that
defendants infringed their patents. Defendants denied the claims of
infringement. Both parties were Delaware corporations and were headquartered in
Danbury, Connecticut. Defendants moved the instant court to transfer the matter
pursuant to 28 U.S.C.S. § 1404(a) to the United States District Court for the
Southern District of New York.

OVERVIEW:  Defendants had to prove that litigating in Delaware posed a "unique
or unusual burden" on their operations for a Delaware court to transfer venue.
By availing themselves of the advantages of Delaware's corporate laws,
defendants had voluntarily exposed themselves to the risk of suit in Delaware.
Consequently, as a matter of law and contrary to defendants' assertions,
Delaware was both parties' "home turf." The court was wholly unimpressed by
defendants' contentions that Delaware was an inconvenient forum. Defendants'
contention that proximity to defendants' headquarters was a factor for the court
to consider was disingenuous at best. While the Southern District of New York
was closer to the parties' respective headquarters in Danbury, Connecticut, the
court took notice of the fact that there were four district courthouses in
Connecticut, all of which were geographically closer to Danbury than the
courthouse in Manhattan. If commuting time for the parties' employees was an
issue, defendants' own choice of forum was not reflective of that concern. The
court was also unpersuaded that Wilmington was a difficult place for defendants
to litigate in.

OUTCOME:  The motion to transfer was denied.

CORE TERMS:  patent, venue, convenience, motion to transfer, infringement,
courthouse, failed to demonstrate, defendants filed, choice of forum, public
interest, present action, better served, conveniently, collectively,
unavailable, litigating, infringing, litigate, fora, headquarters, unpersuaded,
airport, travel, closer

LexisNexis(R) Headnotes

Civil Procedure > Venue > Forum Non Conveniens
Civil Procedure > Venue > Change of Venue in Federal Courts

  

[HN1] See 28 U.S.C.S. § 1404(a).

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN2] A plaintiff's choice of forum is to be accorded substantial weight and courts should only transfer venue if the defendant is truly regional in character.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
**Evidence > Procedural Considerations > Burdens of Proof**
[HN3] A defendant has the burden of establishing that the balance of convenience of the parties and witnesses strongly favors transfer.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN4] A motion to transfer venue may be granted if there is a related case which has been first filed or otherwise is the more appropriate vehicle to litigate the issues between the parties.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN5] In reviewing a motion to transfer venue, courts have not limited their consideration to the three enumerated factors in 28 U.S.C.S. § 1404 (a). Rather, courts will consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN6] In Jumara, the Third Circuit provided a list of factors to assist district courts in determining whether, on balance, the litigation would more conveniently proceed and the interests of justice would be better served by a transfer to a different forum. These factors entail six private and five public interests. Private interests include: (1) the plaintiff's forum preference as manifested by the plaintiff's original forum choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of the books and records. Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases.

**Civil Procedure > Venue > Change of Venue in Federal Courts**
[HN7] In considering the private interest factors under Jumara, courts adhere to the notion that transfer is not to be liberally granted and plaintiffs' choice of forum is a paramount consideration.

**COUNSEL:** For PRAXAIR INC., PREXAIRPRAXAIR TECHNOLOGY INC., plaintiffs: Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For ATMI INC., ADVANCED TECHNOLOGY MATERIALS INC., defendants: Robert H. Richards, III, Richards, Layton & Finger, Wilmington, DE.

For ATMI INC., ADVANCED TECHNOLOGY MATERIALS INC., counter-claimants: Robert H. Richards, III, Richards, Layton & Finger, Wilmington, DE.

For PRAXAIR INC., PRAXAIR TECHNOLOGY INC., counter-defendants: Jack B.

  

Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

**JUDGES:** Sue L. Robinson, United States District Court.

**OPINIONBY:** Sue L. Robinson

**OPINION:**

**MEMORANDUM ORDER**

At Wilmington, this 20th day of April, 2004, having reviewed the motion of defendants to transfer (D.I. 12), and the memoranda submitted therewith;

IT IS ORDERED that the motion to transfer (D.I. 12) is **denied** for the reasons that follow:

1. On January 9, 2004, plaintiffs filed the present action asserting that defendants infringe U.S. Patent Nos. 5,937,895, 6,007,609, and 6,045,115 (collectively the "Praxair patents"). (D.I. 1) On March 8, 2004, defendants filed their answer, denying plaintiffs' [*2] claims of infringement and counterclaiming for declaratory judgment of invalidity and noninfringement of the Praxair patents. (D.I. 10) A scheduling conference was held on April 8, 2004.

2. Plaintiffs and defendants are Delaware corporations and all parties are headquartered in Danbury, Connecticut. (D.I. 1) The Praxair patents relate to a fluid storage and gas dispensing system for fabricating semiconductor devices. Prior to plaintiffs filing the present action, defendants brought suit in the Southern District of New York on defendants' patents, U.S. Patent Nos. 6,101,816 and 6,343,476 BI (collectively the "ATMI patents"). That suit, filed on July 11, 2003, has subsequently been amended to include state law claims relating to false advertising and unfair competition. Discovery began in the New York litigation in February 2004.

3. Defendants move the court to transfer this matter pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York. Section 1404(a) provides: " [HN1] For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district [*3] or division where it might have been brought. " 28 U.S.C. § 1404 (a) (2003). [HN2] A plaintiff's choice of forum is to be accorded substantial weight and courts should only transfer venue if the defendant is truly regional in character. See Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). [HN3] A defendant has the burden of establishing that "the balance of convenience of the parties and witnesses strongly favors" transfer. Id. Accordingly, "defendants brought into suit in Delaware must prove that litigating in Delaware would pose a 'unique or unusual burden' on their operations" for a Delaware court to transfer venue. See Wesley-Jessen Corp. V. Pilkington Visioncare, Inc., 157 F.R.D. 215 (D. Del. 1993). [HN4] A motion to transfer venue may also be granted if there is a related case which has been first filed or otherwise is the more appropriate vehicle to litigate the issues between the parties. See American Bio Medica Corp. v. Peninsula Drug Analysis Co., Inc., 1999 U.S. Dist. LEXIS 12455, *18 (D. Del. 1999).

4. [HN5] In reviewing [*4] a motion to transfer venue, courts have not limited their consideration to the three enumerated factors in § 1404 (a). Rather, courts will consider "all relevant factors to determine whether on

  

balance the litigation would more conveniently proceed and the interests of
justice be better served by transfer to a different forum." Jumara v. State Farm
Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations and citations
omitted). [HN6] In Jumara, the Third Circuit provided a list of factors to
assist district courts in determining "whether, on balance, the litigation would
more conveniently proceed and the interests of justice [would] be better served
by a transfer to a different forum." Id. These factors entail six private and
five public interests. Private interests include: (1) the plaintiff's forum
preference as manifested by the plaintiff's original forum choice; (2) the
defendant's forum preference; (3) whether the claim arose elsewhere; (4) the
convenience of the parties as indicated by their relative physical and financial
condition; (5) the convenience of the witnesses -- but only to the extent that
the witnesses may actually be unavailable for trial [*5] in one of the fora;
and (6) the location of the books and records. Id. Public interests include: (1)
the enforceability of the judgment; (2) practical considerations that could make
the trial easy, expeditious, or inexpensive; (3) the relative administrative
difficulty in the two fora resulting from court congestion; (4) the local
interest in deciding local controversies at home; and (5) the familiarity of the
trial judge with the applicable state law in diversity cases. Id.

    5. [HN7] In considering the private interest factors under Jumara, the
court, consistent with Third Circuit precedent, adheres to the notion that
transfer is not to be liberally granted and plaintiffs' choice of forum is a
paramount consideration. Venue is proper in Delaware as this is the situs of
incorporation for all the parties. By availing themselves of the advantages of
Delaware's corporate laws, defendants have voluntarily exposed themselves to the
risk of suit in Delaware. Consequently, as a matter of law and contrary to
defendants' assertions, Delaware is both parties' "home turf." (D.I. 13 at 2,
22)

    6. The court is wholly unimpressed by defendants' contentions that Delaware
is an inconvenient [*6] forum for the parties. First, defendants' contention
that proximity to defendants' headquarters should be a factor for this court to
consider is disingenuous at best. While the Southern District of New York is
certainly closer to the parties' respective headquarters in Danbury,
Connecticut, the court takes notice of the fact that there are four district
courthouses in Connecticut, all of which are geographically closer to Danbury
than the courthouse in Manhattan. If commuting time to court for the parties's
employees were an issue, defendants' own choice of forum is not reflective of
that concern. Second, the court is unpersuaded by defendants' myopic assertions
that Wilmington would be a difficult place for defendants to litigate their
case. The fact that New York City has three airports and a subway system are not
compelling factors in the consideration of a motion to transfer venue. (D.I. 13
at 7-8, 22; D.I. 24 at 14-15,) Third, defendants' contentions regarding
convenience of the witnesses is similarly unpersuasive. n1 The convenience of
the witnesses is only relevant to the extent that they might be unavailable for
trial, something which defendants have not shown to be the case [*7] here.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - - -

    n1 Defendants' assert that for certain witnesses located in Florida and
Texas, "travel to Wilmington would be less convenient than to New York City, as
they would first have to fly into Philadelphia." (D.I. 13 at 22) Apparently,
defendants' New York counsel is unfamiliar with the Philadelphia International
Airport. Besides offering full international jet travel and operating as a hub
for several large airlines, it is located a mere 23 miles from Wilmington.
Unlike in Manhattan, travel time to the airport may be done in under a half hour

  

from downtown Wilmington. The court also notes that the courthouse is located a few blocks from the Amtrak station. While not as glamorous as Manhattan, Wilmington also offers a variety of reasonably priced hotels within short walking distance of the court.

- - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

7. In considering the public interest factors under Jumara, the court is similarly unpersuaded by defendants' arguments. First, defendants suggest that transfer would reduce duplicative litigation; this assertion [*8] does not bear scrutiny. While the patents may relate to the same technological field, they nonetheless involve different patents, claims, inventors, prosecution histories and a different set of alleged infringing activities. As a consequence, a finding of validity or infringement in the New York litigation is not relevant to the case before this court. Moreover, the fact that defendants filed their complaint related to the ATMI patents first has no bearing on the propriety of plaintiffs' decision to bring suit for infringement of the Praxair patents in this court.

8. Finally, the court does not find that New York state has a special interest in the outcome of the litigation. Patent cases are explicitly federal issues and the rights determined thereunder are national in scope. While the location of infringing activity provides a basis for venue under § 1400, the residency of defendants is no less compelling. 28 U.S.C. § 1400. Consequently, defendants have failed to demonstrate that any of the public interest factors under Jumara weigh strongly toward transfer.

9. Therefore, the court concludes that defendants have failed to demonstrate that litigating [*9] the present case in Delaware presents a unique or undue burden and their motion is denied. (D.I 12)

Sue L. Robinson

United States District Court

  

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify that on March 23, 2005, I electronically filed true and correct copies of the foregoing COMPENDIUM OF UNREPORTED CASES IN SUPPORT OF REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF COLORADO with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Rolin P. Bissell, Esquire (DSB ID No. 4478)
> YOUNG CONAWAY STARGATT & TAYLOR
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> Tel: (302) 571-6560
> E-mail: rbissell@ycst.com

> Jeffrey C. Wisler, Esquire (DSB ID No. 2795)
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, Delaware 19801
> Tel: (302) 888-6258
> E-mail: jwisler@cblh.com

> Sarah E. DiLuzio. (DSB ID No. 4085)
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th Floor
> 1313 North Market Street
> Post Office Box 951
> Wilmington, Delaware 19899-0951
> Tel: (302) 984-6000
> E-mail: sdiluzio@potteranderson.com

672518v1/28762