IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION and CORAM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL D. CROWLEY; DONALD J. AMARAL; WILLIAM J. CASEY; L. PETER SMITH; AND SANDRA L. SMOLEY,<br><br>Defendants. | Case No. 04-1565 |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

OF COUNSEL:

Barry E. Bressler
Wilbur L. Kipnes
Nancy Winkelman
Richard A. Barkasy
Jennifer Nestle
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Phone: (215) 751-2000
Fax:    (215) 751-2205

Rolin P. Bissell (Attorney No. 4478)
Glenn C. Mandalas (Attorney No. 4432)
YOUNG CONAWAY STARGATT & TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Phone: (302) 571-6600
Fax:    (302) 571-1253
rbissell@ycst.com

*Attorneys for Plaintiff Arlin M. Adams*

Plaintiff, Arlin M. Adams, as Chapter 11 Trustee ("Trustee") of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corporation and its wholly-owned subsidiary Coram, Inc. (collectively "Coram"), hereby moves for leave to file a brief surreply to the Reply Brief in Support of Defendants' Motion to Transfer Venue to the District of Colorado. Defendants have advised the Trustee that they take no position on this motion. In support of this motion, the Trustee states as follows:

1. On March 23, 2005, defendants Donald J. Amaral, William J. Casey, L. Peter Smith, and Sandra L. Smoley (collectively "Outside Directors") filed a reply brief in support of their motion to transfer. The Trustee wishes to file a brief surreply to assist this Court.

2. The Outside Directors assert that the convenience of the Trustee is irrelevant because he is not an individual plaintiff, but a representative of Coram's bankruptcy estates. Reply Br., at 7 (D.I. 25). They then argue that the trustee is the representative of Coram, and because Coram's headquarters are in Colorado, it is Coram's "convenience" that is relevant. This argument ignores Coram's current status. When the Trustee's plan went into effect on December 1, 2004, Coram Healthcare Corporation, the public company, was dissolved and no longer exists. Coram, Inc. was reorganized and is now a private company owned by its former lenders whose board meetings will now be held in New York. Under the Confirmation Order, the Trustee was assigned the claims against the former directors and the net proceeds of the case will first be used to pay interest to Coram's former unsecured trade creditors and then to pay Coram's former shareholders. Because Coram has nothing at all to do with this case its "convenience" is irrelevant. The beneficiaries of course are scattered throughout the United States.

3. The Outside Directors cite no cases to support their argument. In a similar context, Judge Stapleton held that a dissolution trustee's "choice of forum is entitled to the full weight it is accorded in 'home turf' cases." *Jacobs v. Hanson*, 464 F. Supp. 777, 783 (D. Del. 1979). The Trustee in this case is essentially a litigation trustee and occupies a role very similar to the "dissolution trustee" in *Jacobs* and in that case, as here, the dissolved company was not located in Delaware. *See id.* at 782-83. In both cases, the trustee was acting pursuant to the order of a Delaware court.

4. The Outside Directors have asserted vague notions of who might be witnesses on what they assert is the principal issue in the case -- Crowley's management of Coram -- but they have not identified these witnesses or explained why their testimony would be important. (The Outside Directors ignore that the Trustee's cause of action focuses heavily on the conduct of the Outside Directors in connection with the Delaware bankruptcy proceedings.) The Trustee will supply the names of these individuals (at least two of whom left Coram before the bankruptcy), provide an affidavit regarding their places of residence, and will explain why their testimony is not significant to any issue in the case. In contrast, the Trustee would call at trial more than five individuals who work in New York City (not "two" as claimed in the Reply Brief) whose testimony will be important. Answering Br., at 20 (D.I. 22).

5. The Declaratory Judgment action filed by Genesis, the D&O carrier, in Colorado is irrelevant to this motion. None of the parties to this case will testify, with the possible exception of Crowley, who has brought an administrative claim in the Bankruptcy Court in Delaware based on the amendment to his employment agreement that is such a central issue in the Trustee's case. The Trustee is defending Crowley's claim in Delaware, so if anyone would

be inconvenienced by other litigation, it would be the Trustee if this case were transferred to Colorado.

WHEREFORE, the Trustee requests that the Court grant leave to file a brief surreply to the Outside Directors' reply brief on the motion to transfer venue.

Respectfully submitted,

By: _____
Rolin P. Bissell (Attorney No. 4478)
Glenn C. Mandalas (Attorney No. 4432)
YOUNG CONAWAY STARGATT & TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Phone: (302) 571-6600
Fax: (302) 571-1253
rbissell@ycst.com

*Attorneys for Plaintiff Arlin M. Adams*

OF COUNSEL:

Barry E. Bressler
Wilbur L. Kipnes
Nancy Winkelman
Richard A. Barkasy
Jennifer Nestle
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 751-2000
Fax:    (215) 751-2205

Dated: March 28, 2005

3

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, hereby certify that on March 28, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Peter J. Walsh, Jr., Esquire
>Potter, Anderson & Corroon, LLP
>Hercules Plaza, 6th Floor,
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE  19801


>Jeffery C. Wisler, Esquire
>Connolly Bove Lodge & Hutz, LLP
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE  19899

I further certify that on March 28, 2005, I caused a copy of the foregoing document to be served on the following counsel of record in the manner indicated:

### BY HAND DELIVERY

>Peter J. Walsh, Jr., Esquire
>Potter, Anderson & Corroon, LLP
>Hercules Plaza, 6th Floor,
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE  19801


>Jeffery C. Wisler, Esquire
>Connolly Bove Lodge & Hutz, LLP
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE  19899

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Glenn C. Mandalas (# 4432)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600
gmand@ycst.com

*Attorneys for Plaintiff*