# TAB 3

Slip Copy
2005 WL 388597 (D.Del.)
(Cite as: 2005 WL 388597 (D.Del.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
DAMAGE RECOVERY SYSTEMS, INC., Plaintiff,
v.
Michael R. TUCKER, Defendant.
**No. Civ.02-1647-SLR.**

Feb. 2, 2005.

M. Duncan Grant, Pepper Hamilton LLP, Wilmington, DE, for Plaintiff.

Edward B. Rosenthal, Rosenthal, Monhait, Gross & Goddess, Wilmington, DE, for Defendant.

MEMORANDUM ORDER

ROBINSON, J.

*1 At Wilmington this 2d day of February, 2005, having reviewed plaintiff's motion to strike defendant's jury demand;

IT IS ORDERED that defendants' motion (D.I.56) is granted for the reasons that follow:

1. Plaintiff filed the present action in August 2002, alleging that defendant: (1) breached a non-compete clause in his Consulting Agreement with plaintiff; and (2) aided and abetted breach of fiduciary duties owed to plaintiff. (D.I.1, ex. 1) Plaintiff requested compensatory and punitive damages in its complaint. (*Id.*) In his November 2002 answer, defendant demanded a jury trial on both of plaintiff's claims. (D.I.3) On November 16, 2004, plaintiff moved to strike defendant's jury demand. (D.I.56) On January 6, 2005, defendant filed a memorandum indicating that he did not oppose plaintiff's motion "insofar as it is premised upon the provisions of the Consulting Agreement that call for a waiver of a jury trial." [FN1] (D.I.59)

> FN1. Section 13 of the Consulting Agreement between plaintiff and defendant states:

THE [PLAINTIFF] AND [DEFENDANT] EACH HEREBY WAIVE TRIAL BY JURY IN ANY JUDICIAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER SOUNDING IN TORT, CONTRACT, OR OTHERWISE) IN ANY WAY ARISING OUT OF, OR RELATED TO, OR CONNECTED WITH, THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.
(D.I.42, ex. B) (capitalized in original)

2. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const., amend. VII. Two factors are considered in determining whether a suit is "at common law": (1) the nature of the action; and (2) the remedy sought. *Tull v. United States,* 481 U.S. 412, 417, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). The nature of the action is analyzed "by compar[ing] the [action at issue] to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* If the action resembles those brought in English law courts, it is tried by a jury. *Id.* If an action is more analogous to 18th-century cases tried in courts of equity or admiralty, it does not require a jury trial. *Id.* Courts also "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 417-18. Finally, parties to a contract may waive their Seventh Amendment right to a jury trial as long as the waiver is knowing and voluntary. *Med. Air Tech. Corp. v. Marwan Inv., Inc.,* 303 F.3d 11, 19 (1st Cir.2002); *Seaboard Lumber Co. v. United States,* 903 F.2d 1560 (Fed.Cir.1990); *First Union Nat. Bank v. United States,* 164 F.Supp.2d 660, 663 (E.D.Pa.2001).

3. "An action for money damages based on a breach of contract is traditionally a legal claim." *Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1246 (3d Cir.1994). Consequently, defendant would have a right to trial by jury with respect to plaintiff's breach of contract claim. However, plaintiff's breach of contract claim clearly "arises out of" the Consulting Agreement between plaintiff and defendant, since this claim alleges that defendant breached the Consulting Agreement. [FN2] (D.I.1,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ex. 1) The contractual jury waiver is conspicuous and plainly worded. Defendant is a sophisticated and experienced business person who was represented by counsel during the negotiation of the Consulting Agreement and the accompanying Asset Purchase Agreement. The court finds that Section 13 of the Consulting Agreement constitutes a knowing and voluntary waiver by defendant, and will strike defendant's demand for trial by jury with respect to this claim.

> FN2. Furthermore, defendant does not oppose waiver of a jury trial with respect to the breach of contract claim. (D.I.59)

*2 4. An action for breach of fiduciary duty has traditionally been equitable in nature. *Malpiede v. Townson,* 780 A.2d 1075, 1096 (Del.2001) (ruling on a claim for aiding and abetting breach of fiduciary duty which was appealed from the Delaware Court of Chancery); *Clark v. Teeven Holding Co., Inc.,* 625 A.2d 869, 875 (Del.Ch.1992) ("This Court thus has jurisdiction to hear such traditional, equitable matters as trusts and fiduciary relations"); *Weinberger v. Rio Grande Indus., Inc.,* 519 A.2d 116, 131 (Del.Ch.1986). [FN3] Aiding and abetting is most accurately characterized as a means for imposing vicarious liability on one person based on an underlying substantive wrong committed by another person. *Pinter v. Dahl,* 486 U.S. 622, 648 n. 24, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988) (stating in the context of securities laws that aiding and abetting is "a method by which courts created secondary liability in persons other than" the one who directly violated a statute); *In re McMullen,* 386 F.3d 320, 332 (1st Cir.2004) (aiding and abetting liability is derivative of the underlying cause of action). If the underlying action is equitable in nature, a claim of aiding and abetting that underlying cause of action must also be equitable. In this case the fact that a breach of fiduciary duty claim is equitable in nature makes plaintiff's claim that defendant aided and abetted a breach of fiduciary duty equitable as well. Although plaintiff has requested money damages, the court finds that breach of fiduciary duty has historically been adjudicated in courts of equity. Defendant does not have a right to trial by jury for plaintiff's aiding and abetting breach of fiduciary duty claim. [FN4] Consequently, the court will strike defendant's demand for trial by jury with respect to the aiding and abetting breach of fiduciary duty claim.

> FN3. Two unpublished Delaware Chancery Court opinions corroborate this finding. *See Actrade Financial Tech., Ltd. v. Aharoni,* No. 20168, slip op. at 5 (Del.Ch. Oct.17, 2003) (holding that the court has subject matter jurisdiction over claims that are equitable in nature even if money damages are sought as relief, and that "[b]reach of fiduciary duty is a well-established equitable claim properly invoking the subject matter jurisdiction of this court."); *Albert v. Alex Brown Mgmt. Servs., Inc.,* No. 05250, slip op. at 2, 7 (Del. Ch. Sept. 15, 2004) (finding that plaintiff's claim for breach of fiduciary duty was equitable in nature).

> FN4. Since the court finds that defendant does not have a right to trial by jury for plaintiff's aiding and abetting breach of fiduciary duty claim, it is not necessary to consider whether plaintiff has waived his right to a jury trial.

2005 WL 388597 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:02CV01647 (Docket) (Nov. 21, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.