IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION and CORAM, INC.,

   Plaintiff,

v.

DANIEL D. CROWLEY; DONALD J. AMARAL; WILLIAM J. CASEY; L. PETER SMITH; AND SANDRA L. SMOLEY,

   Defendants.

: Case No. 04-1565-SLR

---

**PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO TRANSFER**

---

OF COUNSEL:

Barry E. Bressler
Wilbur L. Kipnes
Richard A. Barkasy
Jennifer Nestle
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 751-2000
Fax: (215) 751-2205

Rolin P. Bissell (# 4478)
Glenn C. Mandalas (# 4432)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Phone: (302) 571-6600
Fax: (302) 571-1253
rbissell@ycst.com

*Attorneys for Plaintiff Arlin M. Adams*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 1

   A. The Trustee's Choice of Forum is Entitled to Deference ....................................... 1

   B. Delaware is More Convenient for Key Third Party Witnesses ............................. 3

   C. The Coverage Action Brought by the D&O Carrier Does Not
      Support Transfer .................................................................................................... 5

CONCLUSION .................................................................................................................. 6

## TABLE OF AUTHORITIES

Page

**Cases**

*In re ML-Lee Acquisition Fund II, L.P.,*
  816 F. Supp. 973 (D. Del. 1993) .................................................................................... 2

*Motorola Inc. v. PC-Tel, Inc.,*
  58 F. Supp. 2d 349 (D. Del. 1999) .................................................................................. 5

*SRI International, Inc. v. Internet Security Systems, Inc.,*
  Civ. No. 04-1199-SLR, 2005 WL 851126 (D. Del. April 13, 2005) ............................. 2

## INTRODUCTION

Pursuant to the Court's Order dated April 13, 2005, plaintiff submits this surreply brief in opposition to defendants' motion to transfer under § 1404(a) to address three points:

1. The Outside Directors assert that the Trustee's convenience is irrelevant because he did not bring suit in his individual capacity, but as a trustee of Coram, and that it is "Coram's" convenience that matters. Reply Br., at 7 (D.I. 25). Coram is no longer in bankruptcy and has no interest in this case. The plaintiff is substantively a litigation trustee.

2. The Outside Directors assert that former Coram employees will be important witnesses and they *may* be located in Colorado. Reply Br., at 2-3 (D.I. 25). The Outside Directors do not provide any specifics regarding the proposed testimony and the claim that they are important is based on an inaccurate, self-serving analysis of the complaint.

3. The Declaratory Judgment action filed by the D&O carrier in Colorado does not support transfer, as the Outside Directors fail to identify any overlap of issues and witnesses.

## ARGUMENT

**A.    The Trustee's Choice of Forum is Entitled to Deference.**

The Outside Directors argue that the Trustee's choice of forum is entitled to less deference because Delaware is not the Trustee's home forum, arguing that he is not an individual plaintiff, but instead a "representative of the bankruptcy estate of Coram Healthcare Corporation, a company located in Colorado." Reply Br., at 1 (D.I. 25). They argue that it is Coram's "convenience" that is relevant. This argument ignores Coram's current status.

When the Trustee's plan went into effect on December 1, 2004, Coram Healthcare Corporation was dissolved and no longer exists. Coram, Inc. was reorganized and is now a private company owned by its former lenders whose board meetings will now be held in New York. Under the Confirmation Order, the Trustee was assigned the claims against the former directors. The net proceeds of the case will first be used to pay interest to Coram's former unsecured trade creditors and then to pay Coram's former shareholders. *See* Order Confirming the Chapter 11 Trustee's Second Amended Joint Plan of Reorganization, *In re Coram Healthcare Corp. and Coram, Inc.*, Case Nos. 00-3299 (MFW) & 00-3300 (MFW) (filed October 27, 2004). Because Coram, Inc. has nothing at all to do with this case, its "convenience" is irrelevant. The direct beneficiaries of this litigation are scattered throughout the United States.

The Outside Directors cite no cases to support their argument that the Trustee's convenience is irrelevant. In a similar context, Judge Stapleton denied a motion to transfer, holding that a dissolution trustee's "choice of forum is entitled to the full weight it is accorded in 'home turf' cases." *Jacobs v. Hanson*, 464 F. Supp. 777, 783 (D. Del. 1979). The Trustee in this case is essentially a litigation trustee and occupies a role very similar to the "dissolution trustee" in *Jacobs*. In that case, as here, the dissolved company was not located in Delaware, *see id.* at 782-83, and in both cases, the trustee was acting pursuant to the order of a Delaware court.[1] Moreover, in *Jacobs*, none of the other plaintiffs was a Delaware resident.

---

[1] Of course, even if not accorded "home turf" status, a plaintiff's choice of forum is still of paramount consideration, *see SRI International, Inc. v. Internet Security Systems, Inc.*, Civ. No. 04-1199-SLR, 2005 WL 851126, at *4 (D. Del. April 13, 2005), attached hereto as Exhibit A; *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del.
*Continued...*

2

B.   **Delaware is More Convenient for Key Third Party Witnesses.**

As they also do in their briefing on their motion to dismiss, the Outside Directors mischaracterize and misstate the allegations of the complaint in order to suit their argument. The Outside Directors assert that the case will focus on the operations of Coram under Crowley and, therefore, the key witnesses will be Coram employees who worked with Crowley from November 1999 through March 2002. Reply Br., at 2 (D.I. 25). Contrary to what the Outside Directors pretend, this case has nothing to do with Crowley's competence. Rather, the focus of this case is the conflict created by Crowley's employment agreement with Cerberus. The Outside Directors ignore the allegations that the head of Cerberus negotiated an amendment to Crowley's employment agreement with Coram that was substantially more favorable to Crowley. Complaint ¶¶ 28-29 (D.I. 1). Under Crowley's original employment agreement with Coram, he was entitled to a maximum bonus of $1.95 million. *Id.* Crowley seeks more than $15 million in his administrative claim pending in the Bankruptcy Court, in large part based on this amendment. Request of Daniel Crowley for Payment of Administrative Expense, *In re Coram Healthcare Corp. and Coram, Inc.*, Case Nos. 00-3299 (MFW) & 00-3300 (MFW) (filed December 30, 2004). The Outside Directors ignore the allegations that the Bankruptcy Court denied Coram's two proposed plans of reorganization in 2000 and 2001, because of Crowley's conflict, thereby causing Coram to remain in bankruptcy until 2004 and to incur very substantial reorganization costs.

---

...*Continued*
   1993), and the Trustee had significant and legitimate reasons to bring suit in Delaware.
   *See* Answering Br., at 11-14 (D.I. 22).

3

This case is based on the conflict. There are no witnesses from Colorado who can testify about the conflict. The witnesses with knowledge of the conflict and the Outside Directors' handling of the conflict are (1) the defendants, none of whom is from Colorado, and (2) the witnesses from New York identified in the Trustee's answering brief. Answering Br., at 20 (D.I. 22).[2]

The Trustee at this early stage has not formulated damage theories in addition to the reorganization costs, but they will almost certainly be provided by experts. The Outside Directors claim, without explanation, that the most important witnesses will be senior Coram executives who have left Coram's employ. Reply Br., at 3 (D.I. 25). These individuals have no knowledge of liability issues. At most, they could testify about their observations of Crowley's management of Coram, a subject that is relevant, if at all, only to damages. As the exhibits to the DiLuzio Declaration in support of the Outside Directors' Reply Brief make clear, the former CEO (Richard Smith) and CFO (Wendy Simpson) resigned from Coram around the time Crowley became CEO. Therefore, they would not have any knowledge of Coram's operations under Crowley, its conflicted CEO. Moreover, the Outside Directors do not assert that Mr. Smith and Ms. Simpson reside in Colorado; they state only that they could be called to testify in Colorado "presuming they still reside there." *Id.* They do not.[3]

---

[2]   Although the Trustee identified five witnesses, the Outside Directors somehow claim he identified only two. Reply Br., at 3 (D.I. 25).

[3]   Richard Smith works for Option Care in Buffalo Grove, Illinois. *See* Declaration of Wilbur L. Kipnes, ¶ 2. Wendy Simpson resided in California when she worked for Coram and still does. She works for LTC Properties, Inc. in Malibu, California. *Id.*, ¶ 3. The Outside Directors do not identify the former "COO" and do not attempt to explain what knowledge the former General Counsel would have.

4

The Court should attribute no weight to the convenience of these supposedly important witnesses. *See Motorola Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 359 (D. Del. 1999) ("'given the lack of specificity with which these individuals are identified and the [total] absence of adequate information with respect to the content and materiality of their testimony,' the court affords them no weight in its balancing test"). The witnesses who are significant would be inconvenienced by a transfer to Colorado.

C.   **The Coverage Action Brought by the D&O Carrier Does Not Support Transfer.**

Contrary to the Outside Directors' argument, the Declaratory Judgment action concerning coverage under the D&O policy is irrelevant to this motion because it involves completely different issues. That complaint seeks a declaration that exclusions in the policy bar coverage. The Outside Directors identify no facts at issue in the coverage suit that would require testimony from the witnesses likely to appear in this case. The Outside Directors will not testify in the declaratory judgment case, which will largely, if not exclusively, focus on the interpretation of certain exclusions in the policy.

## CONCLUSION

For the reasons discussed above and in his answering brief, the Trustee requests that this Court deny defendants' motion to transfer this action to the District Court for the District of Colorado.

Respectfully submitted,

By: /s/ Rolin P. Bissell
Rolin P. Bissell (# 4478)
Glenn C. Mandalas (# 4432)
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Phone: (302) 571-6600
Fax: (302) 571-1253
rbissell@ycst.com

*Attorneys for Plaintiff Arlin M. Adams*

OF COUNSEL:

Barry E. Bressler
Wilbur L. Kipnes
Richard A. Barkasy
Jennifer Nestle
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 751-2000
Fax:   (215) 751-2205

Dated: April 20, 2005

6