# EXHIBIT A

Westlaw.

Slip Copy

Page 1

2005 WL 851126 (D.Del.)

**(Cite as: 2005 WL 851126 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
SRI INTERNATIONAL, INC., Plaintiff,
v.
INTERNET SECURITY SYSTEMS, INC. and
Symantec Corporation, Defendants.
No. Civ. 04-1199-SLR.

April 13, 2005.

Timothy Devlin, of Fish & Richardson, Wilmington, Delaware, Howard G. Pollack, and Michael J. Curley, of Fish & Richardson, Redwood City, California, for Plaintiff.

Richard L. Horwitz, and David E. Moore, of Potter Anderson & Corroon, Wilmington, Delaware, for Defendant Internet Security Systems, Inc.. Holmes J. Hawkins, III, and Natasha H. Moffitt, of King & Spalding, Atlanta, Georgia, of counsel.

Richard K. Herrmann, of Blank Rome, Wilmington, Delaware, for Defendant Symantec Corporation, Lloyd R. Day, Jr., Robert M. Galvin, and Paul S. Grewal, of Day Casebeer Madrid & Batchelder, Cupertino, California, of counsel.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 On August 26, 2004, plaintiff SRI International, Inc. ("SRI") filed this suit against defendants Internet Security Systems, Inc. ("ISS-DE") and Symantec Corporation ("Symantec") alleging infringement of four of its patents by Symantec and two of its patents by ISS-DE. (D.I.1)

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Pending before this court are ISS-DE's motion to dismiss or sever and transfer the action to the Northern District of Georgia, and Symantec's motion to sever and transfer this action to the Northern District of California. (D.I.10, 14)

II. BACKGROUND

According to ISS-DE, it is a Delaware corporation and serves as the holding company for Internet Security Systems, Inc. ("ISS-GA"). (D.I. 12, Ex. C at ¶ 4) SRI argues that ISS-DE is more than just a holding company because only one entity is listed with the Securities and Exchange Commission ("SEC"), Internet Security Systems INC/GA, and it is listed as incorporated in Delaware. (D.I.19, Ex. B) ISS-GA is headquartered in Georgia. (Id. at ¶ 1) ISS-GA researches and develops computer network security products, including the accused Proventia and SiteProtector products, at its engineering facilities in Georgia. (Id. at ¶ 3)

ISS-DE asserts that it does not develop, manufacture or sell any products, it is strictly a holding company for ISS-GA. (Id. at ¶ 4) SRI argues, however, that ISS-DE's Form 10-K, filed with the Securities and Exchange Commission ("SEC"), makes clear that it offers "a proactive line of security solutions that provide protection against a variety of ever-changing threats for gateways, networks, servers and desktops, and includes security software and appliances. (D.I. 19, Ex. B at 3) Furthermore, SRI contends that the Form 10-K indicates that ISS-DE grossed over $240 million in revenue in 2002 and employs over 1,100 people. (Id. at 18 and 27) The two companies allegedly maintain separate accounting records and have their own officers and employees. (Id. at ¶¶ 5, 6) ISS-DE admits that it has "regulatory and oversight obligations" for ISS-GA, but asserts that the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&format=HTMLE&dataid=B0055800000...   4/20/2005

Slip Copy                                                                                            Page 2
2005 WL 851126 (D.Del.)
**(Cite as: 2005 WL 851126 (D.Del.))**

day-to-day production activities are controlled by ISS-GA. (*Id.* at ¶ 6) Dun & Bradstreet, however, classifies ISS-DE as one operational entity, headquartered in Georgia, but incorporated in Delaware. (D.I.18, Ex. D) Dun & Bradstreet does not classify ISS-DE as a holding company, but instead states that ISS-DE is in the business of "prepackaged software and custom computer programming." (*Id.*)

Symantec is a Delaware corporation with its principal place of business in Cupertino, California. (D.I 15 at 3) Symantec offers software and services to help businesses secure and manage computer networks. (*Id.*) Symantec is the maker of the accused product, ManHunt. (*Id.* at 4)

SRI is a California non-profit research institute. (D.I. 18 at 3) SRI developed a system to detect and stop certain activity on computer networks and to identify network security breaches. (*Id.* at 4) SRI received numerous patents on its systems.

*2 In January of 2004, SRI initiated licensing negotiations with Symantec. (D.I. 19, Ex. J at ¶ 5; D.I. 15 at 5) SRI and Symantec negotiated via letter, telephone and met at SRI's headquarters in Menlo Park, California. (D.I. 15 at 3) The negotiations were unsuccessful and no agreement was reached between the parties. (*Id* .)

SRI then contacted Symantec's competitor ISS via letter stating that it believed ISS's products infringed some of SRI's patents and that SRI was undergoing negotiations with a number of companies and would be "open to discussing license terms with ISS." [FN1] (D.I. 12, Ex. C at ¶ 7; D.I. 19, Ex. H at ¶ 2) After numerous communications, including a second letter from SRI indicating that it "takes intellectual property matters seriously," the two companies began license negotiations. (D.I. 12, Ex. C at ¶ 8; D.I. 19, Ex. H at ¶¶ 3-10)

> FN1. It is unclear whether the letter was intended for ISS-GA or ISS-DE.

On August 17, 2004, ISS-GA filed a declaratory judgment action against SRI in the Northern District of Georgia seeking a declaration that its products do not infringe SRI's United States Patents Nos. 6,321,338 ("the '338 patent"), 6,484,203 ("the '203 patent"), 6,704,874 ("the '874 patent"), 6,708,212 ("the '212 patent") and 6,711,615 ("the '615 patent") . [FN2] (D.I. 12, Ex. C at ¶ 10) On August 20, 2004, there was a telephone conference between SRI and ISS-GA, in which ISS-GA's engineers asked SRI engineers questions regarding SRI's technology. (D.I. 19, Ex. H at ¶ 24) At the close of the conversation, ISS-GA's engineers asked for copies of various technical papers written by SRI scientists on the technology, which were sent to ISS-GA on August 20.

> FN2. According to SRI, license negotiations between ISS-GA and SRI were still ongoing at the time the declaratory judgment action was filed. (D.I. 19, Ex. H at ¶ 26)

On August 26, 2004, SRI filed this action against ISS-DE and Symantec. (D.I.1) SRI states that Symantec's ManHunt product infringes the '338, '203, '212 and '615 patents. SRI further alleges that ISS-DE's Site Protector and Proventia products infringe the '615 and '203 patents. SRI alleges that it filed its claims against Symantec and ISS-DE in one case in order to enforce its patent rights in an efficient manner. (D.I 18 at 6)

III. ISS-DE'S MOTION TO DISMISS

A. Standard of Review

Because the parties have referred to matters outside the pleadings, Idd-DE's motion to dismiss shall be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b)(6). A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2005 WL 851126 (D.Del.)

(Cite as: 2005 WL 851126 (D.Del.))

Page 3

*v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita,* 475 U.S. at 587 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

B. Discussion

*3 SRI asserts that ISS-DE is liable for any alleged patent infringement. ISS-DE claims it is not liable because it does not directly manufacture or sell the accused products and is merely ISS-GA's sole shareholder.

A parent company is not liable for the actions of a subsidiary solely because it is a subsidiary. *See United States v. Bestfoods,* 524 U.S. 51, 61 (1998). A finding of liability requires piercing the corporate veil. *Id.* Prior case law establishes two distinct tests for determining when piercing the corporate veil is appropriate: (1) the alter ego test; or (2) agency test. *See, e.g., Pearson v. Component Tech. Corp.,* 247 F.3d 471, 484-486 (3d Cir.2001); *C.R. Bard Inc. v. Guidant Corp.,* 997 F.Supp. 556, 559-560 (D.Del.1998); *Mobil Oil Corp. v. Linear Films, Inc.,* 718 F.Supp. 260, 265-272 (D.Del.1989).

1. Alter Ego Test

A corporate subsidiary can be considered the alter ego of its parent corporation where there is a lack of attention to corporate formalities or complete domination and control by the parent corporation. *See Mobil Oil Corp.,* 718 F.Supp. at 266. Under Delaware law, however, a close connection alone is not sufficient, there must be a showing that the parent/subsidiary relationship would work a fraud, injustice or inequity. *See C.R. Bard, Inc.,* 997 F.Supp. at 559; *Mobil Oil Corp.,* 718 F.Supp. at 267.

Based on the record, it is unclear whether ISS-GA is ISS-DE's alter ego. ISS-DE is listed by the SEC and Dunn & Bradestreet as headquartered in Atlanta. ISS-DE is described as being in the business of producing network security products, as opposed to being listed as a holding company. From the facts of record, it is unclear what the relationship is between ISS-DE and ISS-GA; therefore, it is unclear whether their relationship will work an injustice on the patent system.

2. Agency Test

If a parent corporation directs the allegedly infringing activity, it can be liable for its subsidiary's infringement. The focus of this test is on "the arrangement between the parent and the subsidiary, the authority given in that arrangement, and the relevance of that arrangement to the plaintiff's claim." *C.R. Bard, Inc.,* 997 F.Supp. at 560. In order for the parent corporation to be liable under this test, there must be "a close connection between the relationship of the corporations and the cause of action." *Id.*

Because it is unclear what the relationship is between ISS-DE and ISS-GA, it is unclear how much control ISS-DE has over ISS-GA. It is undisputed that ISS-DE has some control over ISS-GA because it has oversight and regulatory obligations for ISS-GA. At some point, it must be

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2005 WL 851126 (D.Del.)

(Cite as: 2005 WL 851126 (D.Del.))

Page 4

able to direct ISS-GA's activities to fulfill these obligations. However, it is unclear whether it directed the alleged infringing activities at issue.

Therefore, ISS-DE's motion to dismiss is denied without prejudice to renew if, as discovery proceeds, it becomes evident that ISS-DE cannot be liable either independently or under the alter ego or agency tests.

IV. MOTIONS TO SEVER

*4 Federal Rule of Civil Procedure 21 gives courts discretion to sever parties due to misjoinder. Under Federal Rule of Civil Procedure 20(a), defendants can be joined together if
> there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a) (2005) (emphasis added). This court finds that there are common transactions or occurrences, and questions of fact or law that warrant joinder of the defendants.

Plaintiff alleges patent infringement, which will require this court to hold *Markman* hearings and construe the asserted claims. Plaintiff has asserted four patents against Symantec and only two of those patents against ISS-DE. Nonetheless, all of the patents asserted arise out of computer network protection systems. It is the experience of this court that patents over the same technology often give rise to the same questions of law and fact (e.g., same prior art references, same level of ordinary skill in the art).

Both ISS-DE and Symantec have asserted invalidity defenses that will require this court to consider the validity of the asserted patents. These defenses will require the court to determine the date of conception and reduction to practice, the relevance of prior art and the level of ordinary skill in the art. It would be an inefficient use of judicial resources for this court to perform all of these tasks twice, once for ISS-DE and once for Symantec.

Therefore, ISS-DE's and Symantec's motions to sever are denied at this stage of the proceedings.

V. MOTIONS TO TRANSFER

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended § 1404 to give district courts discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness." ' *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)); *Affymetrix, Inc. v. Synteni, Inc.,* 28 F.Supp.2d 192, 208 (D.Del.1998).

The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin,* 512 F.Supp. 972, 973 (D.Del.1981) (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". *ADE Corp. v. KLA-Tencor Corp.,* 138 F.Supp.2d 565, 567 (D.Del.2001); *Shutte,* 431 F.2d at 25.

The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.,* 997 F.Supp. 556, 562 (D. Del 1998) ; *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.,* 2001 WL 1617186 (D.Del. Nov. 28, 2001); *Continental Cas. Co. v. Am. Home Assurance Co.,* 61 F.Supp.2d 128, 131 (D.Del.1999) . Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its " 'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.,* 816 F.Supp. 973, 976

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
2005 WL 851126 (D.Del.)  
(Cite as: 2005 WL 851126 (D.Del.))

Page 5

(D.Del.1993).

*5 Here, the plaintiff chose Delaware because both defendants are Delaware corporations and Delaware is the only forum with jurisdiction over both ISS-DE and Symantec. As already stated by this court, defendants are properly joined in order to conserve judicial resources and ensure a uniform evaluation of the patents in suit. In the interest of efficiency and justice, this court declines to transfer their respective cases, as neither forum would have jurisdiction over both defendants. [FN3]

> FN3. ISS-DE argues that SRI's claims against it should be transferred to the District of Georgia because ISS-GA filed a declaratory judgment action against SRI in that district before SRI filed the suit at bar. "When a declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Genentec, Inc. v. Eli Lilly Co.,* 998 F.2d 931, 938 (Fed.Cir.1993), *abrogated on other grounds, Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995). As the court has already stated, the relationship between ISS-DE and ISS-GA is unclear; therefore, it is also unclear whether the Georgia suit will adjudicate the issue facing this court (i.e., whether ISS-DE infringed the asserted patents). If ISS-DE and ISS-GA are in fact two distinct companies, as ISS-DE argues, then the first to file rule would not apply.

VI. CONCLUSION

For the reasons stated, ISS-DE's motion to dismiss is denied without prejudice. ISS-DE's and Symantec's motions to sever are denied, as are their motions to transfer. An order consistent with this memorandum opinion shall issue.

ORDER

At Wilmington this 13th day of April, 2005, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Defendant ISS-DE's motion to dismiss (D.I.10) is denied without prejudice;

2. Defendant ISS-DE's motion to sever and transfer (D.I.10) is denied; and

3. Defendant Symantec's motion to sever and transfer (D.I.14) is denied.

**Motions, Pleadings and Filings (Back to top)**

• 1:04CV01199  (Docket)  
(Aug. 26, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.