# EXHIBIT A

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CORAM HEALTHCARE CORP. and | : | Case No. 00-3299 (MFW) |
| CORAM, INC., | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | **Objection Deadline: February 21, 2003** |
|  | : | **Hearing Date: February 28, 2003** |

## NOTICE OF MOTION

TO:   Debtors' Counsel, the Chapter 11 Trustee, the United States Trustee, Counsel for the Official Committee of Unsecured Creditors, Counsel to the Equity Committee, Counsel for the R-Net Committee, the Assistant United States Attorney, Counsel for the Senior Noteholders, the DIP Lender,  and all other parties on the 2002 Service List.

Arlin M. Adams, the Chapter 11 Trustee, has filed a **MOTION OF THE CHAPTER 11 TRUSTEE FOR AUTHORIZATION TO ENTER INTO TERMINATION AND EMPLOYMENT EXTENSION AGREEMENT WITH DANIEL D. CROWLEY** (the "Motion") which seeks the following relief:

I.      Authorization to enter into that certain Termination and Employment Extension Agreement[1] with Daniel D. Crowley ("Crowley"), effective January 1, 2003

You are required to file a response to the attached Motion on or before

**February 21, 2003.**

At the same time, you must also serve a copy of the response upon the following:

| SCHNADER HARRISON SEGAL & LEWIS LLP | WEIR & PARTNERS LLP |
|---|---|
| Barry E. Bressler | Kenneth E. Aaron (#4043) |
| Michael J. Barrie | Salene R. Mazur |
| 1600 Market Street, Suite 3600 | P.O. Box 708 |
| Philadelphia, Pennsylvania  19103-7286 | 824 Market Street Mall, Suite 1001 |
| (215) 751-2000 (telephone) | Wilmington, Delaware 19801 |
| (215) 751-2205 (facsimile) | (302) 652-8181 (telephone) |
| *Co-Counsel to Arlin M. Adams, the Chapter 11 Trustee* | (302) 652-8909 (facsimile) |
|  | *Co-Counsel to Arlin M. Adams, the Chapter 11 Trustee* |

HEARING ON THE MOTION WILL BE HELD AT **9:30 A.M. ON FEBRUARY 28,**

---

[1] All capitalized terms not defined herein shall be given the meaning ascribed to them in the Motion.

**2003.**

IF YOU FAIL TO RESPONSE IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: January 24, 2003

WEIR & PARTNERS LLP

BY:  /s/         Kenneth E. Aaron

Kenneth E. Aaron (#4043)
Salene R. Mazur
P.O. Box 708,
824 Market Street Mall, Suite 1001
Wilmington, Delaware 19899
(302) 652-8181 (telephone)
(302) 652-8909 (facsimile)

-and-

SCHNADER HARRISON SEGAL
& LEWIS LLP

Barry E. Bressler
Michael J. Barrie
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103-7286
(215) 751-2000 (telephone)
(215) 751-2205 (facsimile)

*Co-Counsel to Arlin M. Adams, Chapter 11 Trustee*

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|                                         |   |                                                     |
|-----------------------------------------|---|-----------------------------------------------------|
| In re:                                  | : | Chapter 11                                          |
|                                         | : |                                                     |
| CORAM HEALTHCARE CORP. and              | : | Case No. 00-3299 (MFW)                              |
| CORAM, INC.,                            | : | (Jointly Administered)                              |
|                                         | : |                                                     |
| Debtors.                                | : | **Objection Deadline: February 21, 2003**           |
|                                         | : | **Hearing Date: February 28, 2003**                 |

## CERTIFICATE OF SERVICE

I, Salene R. Mazur, hereby certify that on this 24 January 2003, I did cause a true and correct copy of the foregoing

- **MOTION OF THE CHAPTER 11 TRUSTEE FOR AUTHORIZATION TO ENTER INTO TERMINATION AND EMPLOYMENT EXTENSION AGREEMENT WITH DANIEL D. CROWLEY**

to be served upon the following parties in the manner indicated on the attached 2002 Service List.

WEIR & PARTNERS LLP

By: /s/ Salene R. Mazur
    Salene R. Mazur
    824 Market Street
    Suite 1001
    P.O. Box 708
    Wilmington, Delaware 19899
    (302) 652-8181 (telephone)
    (302) 652-8909 (facsimile)
    E-Mail: SMazur@weirpartners.com

*Co-Counsel to Arlin M. Adams,*
*Chapter 11 Trustee*

171658-1

**Coram Healthcare Corp. 2002 Service List**
**Case No. 00-3299**

*95 -First Class Mail*

*First Class Mail*
*(Debtor)*
Allen J. Marabito, Esquire
Executive Vice President
Coram Healthcare
1675 Broadway, Suite 900
Denver, CO  80202

*First Class Mail*
*(Chapter 11 Trustee)*
Arlin M. Adams, Esquire
Schnader Harrison Segal & Lewis, LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286

*First Class Mail*
*(Counsel to Chapter 11 Trustee)*
Kenneth E. Aaron, Esquire
Salene R. Mazur, Esquire
Weir and Partners
824 Market Street Mall, Suite 101
P.O. Box 708
Wilmington, DE  19899

*First Class Mail*
*(Counsel to Chapter 11 Trustee)*
Barry E. Bressler, Esquire
Michael J. Barrie, Esquire
Schnader Harrison Segal & Lewis, LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286

*First  Class Mail*
*(Counsel to the Debtors)*
Pachulski Stang Ziehl Young & Jones
Laura Davis Jones, Esquire
Rachel S. Lowy, Esquire
Christopher J. Lhulier, Esquire
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

*First Class Mail*
*(Special Counsel to the Debtors)*
Ken Sullivan, Esquire
Gina Beltramo, Esquire
Michael J. Koenigsknecht & Associates, LLC
Suite 2900
30 North LaSalle Street
Chicago, IL 60602

*First Class Mail*
*(Counsel for CORAM Committee of Unsecured Creditors)*
Etta Wolfe, Esquire
Mark D. Collins, Esquire
Russell Silberglied
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*First Class Mail*
*(Proposed Counsel to Equity Committee)*
Mark Minuti, Esquire
Saul, Ewing, Remick & Saul, LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899

*VIA OVERNIGHT MAIL*
*(U.S.. Trustee)*
Don A. Beskrone, Esquire
Office of the U.S. Trustee
J. Caleb Boggs Federal Building
844 King Street, Lockbox 35
Wilmington, DE 19801

*First Class Mail*
*(Local Counsel for R-Net Committee)*
Charlene D. Davis
The Bayard Firm
222 Delaware Avenue
Suite 900, P.O. Box 25130
Wilmington, Delaware 19899
(New Castle Co.)
Telephone: 302-655-5000
Telecopier: 302-658-6395

*First Class Mail*
*(Counsel to Coram Resources Network, Inc., Coram Independent Practice Association, Inc.)*
Richard H. Morse, Esquire
Edwin J. Harron, Esquire
Edmon L. Morton, Esquire
Pauline K. Morgan, Esquire
Young Conaway Stargatt & Taylor LLP
11th Floor Rodney Square North
P.O. Box 391
Wilmington, DE  19899-0391


*First Class Mail*
*(Counsel to Brooklyn Respiratory Home Care)*
Kevin J. Mangan, Esquire
Walsh, Monzack and Monaco, P.A.
1201 Orange Street, Suite 400
Wilmington, DE  19801

*First Class Mail*
Ellen W. Slights, Esquire
Assistant United States Attorney
Chase Manhattan Centre
1201 N. Market Street, Suite 1100
P.O. Box 2046
Wilmington, DE  19899-2046

*First Class Mail*
(Counsel to Lancaster County School District 0001, a/k/a Lincoln Public Schools)
William D. Sullivan, Esquire
Kathryn Mayer, Esquire
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630

*First Class Mail*
*(Counsel for Brooklyn Respiratory Home Care)*
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

*First Class Mail*
*(Counsel for the Senior Noteholders)*
Karen C. Bifferato, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street
Wilmington, DE 19899-2207

*First Class Mail*
*(Counsel for Marjan Kacurov)*
Donna L. Schoenbeck, Esquire
Schoenbeck & Schoenbeck, P.A.
1211 Milltown Road, Suite A
Wilmington, DE  19808

*First Class Mail*
*(Debtor)*
Scott R. Danitz
Chief Financial Officer
Coram Healthcare
1675 Broadway, Suite 900
Denver, CO  80202

*First Class Mail*
*(Counsel to the DIP Lender(s))*
Carol Morrison, Esquire
Schulte Roth & Zabel, LLP
900 Third Avenue
New York, NY  10022

*First Class Mail*
*(Counsel for Committee of Unsecured Creditors)*
Theodore Gewertz, Esquire
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY  10019-6150

*First Class Mail*
*(Special Counsel)*
Eugene Tillman, Esquire
Reed Smith Shaw & McClay, LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C.  20005-3317

*First Class Mail*
David M. Friedman, Esquire
Athena Foley, Esquire
Adam L. Shiff, Esquire
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway, 22nd Floor
New York, NY 10019

*First Class Mail*
Thomas M. Antone, IV, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
1704 Hunting Ridge Road
Raleigh, NC 27615

*First Class Mail*
John T. Morrier, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111

*First Class Mail*
*(Counsel to Harris County, Houston ISD, City of Houston)*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair Graham Pena & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

*First Class Mail*
Securities & Exchange Commission
15th & Pennsylvania Avenue, N.W.
Washington, D.C. 20020

*First Class Mail*
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

*First Class Mail*
Securities & Exchange Commission
Atlanta Regional Office
Branch of Reorganization
3475 Lenox Road, N.E., Suite 100
Atlanta, GA 30326-1232

*First Class Mail*
Secretary of Treasury
P.O. Box 7040
Dover, DE  19903

*First Class Mail*
Secretary of State
Division of Corporations
Franchise Tax Section
P.O. Box 7040
Dover, DE  19903

*First Class Mail*
*(Counsel to Mark W. Pasmantier, M.D.,*
*Morton Coleman, M.D., Thomas W. Nash, M.D. and Barry J. Hartman, M.D.)*
Attn:  Frederick A. Nicoll, Esquire
East 80 Route 4
Sutie 220
Paramus, NJ  07652

*First Class Mail*
*(Counsel to Invacare Corporation and*
*Suburban Ostomy Supply Co.; Counsel to B. Braun Medical, Inc.)*
Francis J. Lawall, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799

*First Class Mail*
*(Counsel to Invacare Corporation and*
*Suburban Ostomy Supply Co.)*
Craig W. Relman, Esquire
Craig W. Relman Co., LPA
23875 Commerce Park Road
Suite 105
Beachwood, OH  44122

*First Class Mail*
*(Counsel to B. Braun Medical, Inc.)*
Cathy L. Codrea, Esquire
Assistant General Counsel
B. Braun Medical, Inc.
824 Twelfth Avenue
Bethlehem, PA 18018

6

*First Class Mail*
*(Counsel to Aetna US Healthcare, Inc.)*
Kevin S. Anderson, Esquire
Eric P. Wilenzik, Esquire
Elliott Reihner Siedzikowski & Egan, P.C.
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA  19422

*First Class Mail*
*(Pro Se)*
Mr. Bill Angelowitz
Daily Insights
JAF Box 3127
New York, NY  10116

*First Class Mail*
*(Pro Se)*
Mr. Peter A. Chapman
24 Perdicaris Place
Trenton, NJ  08618

*First Class Mail*
*(Pro Se)*
Christopher Beard, Esquire
Beard & Beard
502 W. Patrick Street
Frederick, MD  21701-4002

*First Class Mail*
Lori Obernauf, Esquire
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
*(Counsel to Trammell Crow Company)*
Sarah A. Hall, Esquire
Mock, Schwabe, Waldo, Elder, Reeves
& Bryant
Fourteenth Floor,  #2 Leadership Square
211 North Robinson
Oklahoma City, OK  73102

7

*First Class Mail*
*(Counsel to Safeco Life Insurance Company)*
Mark E. Felger, Esquire
Cozen and O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

*First Class Mail*
*(Counsel to Home Health Corporation of America, Inc.)*
Robert J. Lenahan, Esquire
Adelman Lavine Gold and Levin
1900 Two Penn Center Plaza
Philadelphia, PA 19102-1799

*First Class Mail*
*(Counsel to PCD Brandt, Ltd.)*
Clyde A. Pine, Jr., Esquire
Mounce, Green, Myers, Safi & Galatzan
P.O. Drawer 1977
El Paso, TX 79950-1977

*First Class Mail*
*(Pro Se)*
Margaret A. Holland
Deputy Attorney General
Office of the Attorney General
R. J. Hughes Justice Complex
P.O. Box 106
Trenton, NJ 08625

*First Class Mail*
*(Counsel to Mancini Properties, Inc.)*
Peter A. Kline, Esquire
Joan R. Kester, Esquire
Miller, Morton, Caillat & Nevis, LLP
50 W. San Fernando Street, #1300
San Jose, CA 95113

*First Class Mail*
*(Counsel to Richard M. Smith)*
Joseph A. Eisenberg P.C.
Jeffer, Mangels, Butler & Marmaro, LLP
2121 Avenue of the Stars, 10th Floor
Los Angeles, CA 90067

*First Class Mail*
*(Counsel to 45 South Service Road Associates, LLC)*
Leslie H. Scharaf, Esquire
Certilman, Balin, Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, NY 11554

*First Class Mail*
*(Counsel to North Western Mutual Life Insurance Company)*
Glen Dresser, Esquire
Law Offices of Glen Dresser
12650 Riverside Drive, Suite 100
N. Hollywood, CA 91607

*First Class Mail*
*(Pro Se)*
Blue Cross Blue Shield of Michigan
Attn: Latonya McGrier
Office of the General Counsel
600 Lafayette East, MB 1925
Detroit, MI 48226

*First Class Mail*
*(Counsel to Resource Realty of Northern New Jersey, Inc.)*
Merrill M. O'Brien, Esquire
Dollinger & Dollinger, P.A.
Mack-Cali Centre II
One Mack Centre Drive
Paramus, NJ 07652-3906

*First Class Mail*
*(Counsel to Spieker Properties, L.P.)*
Howard J. Weg, Esquire
David B. Shemano, Esquire
Peitzman, Glassman & Weg LLP
1801 Avenue of the Stars, Suite 1225
Los Angeles, CA 90067-5806

*First Class Mail*
*(Counsel to Highwoods Realty Limited Partnership)*
M. Joseph Allman, Esquire
Allman Spry Leggett & Crumpler, P.A.
380 Knollwood Street, Suite 700
P.O. Drawer 5129
Winston-Salem, NC 27113-5129

*First Class Mail*
*(Counsel to Empire HealthChoice, Inc. d/b/a Empire Blue Cross Blue Shield Association)*
Michael B. Guss, Esquire
Morrison Cohen Singer & Weinstein, LLP
750 Lexington Avenue
New York, NY 10022

*First Class Mail*
*(Counsel to Ray McCaslin)*
Michael A. Becker, Esquire
Helfrey Simon & Jones P.C.
120 S. Central, Suite 1500
St. Louis, MO 63105

*First Class Mail*
*(The Travelers Property Casualty Company)*
The Travelers Indemnity Company
Commercial Lines
Attn: Cathy A. Davis, Litigation Management & Special Collections
1 Tower Square – 9GS
Hartford, CT 06183-4044

*First Class Mail*
Locust Court Associates, L.P.

*First Class Mail*
Louis L Benza, Esquire
Empire Blue Cross Blue Shield
1440 Broadway – 9th Floor
New York, NY 10018-2301

*First Class Mail*
*(Counsel to Equity Committee)*
Theodore J. Low, Esquire
Benjamin D. Schwartz, Esquire
Brandy A. Sargent, Esquire
Altheimer & Gray
10 South Wacker Drive, Suite 4000
Chicago, IL 60606

*First Class Mail*
*(Counsel to Equity Committee)*
Richard F. Levy, Esquire
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611

*First Class Mail*
*(Counsel to Cirquit.com.)*
Steven C. Delinko, Esquire
Dollinger & Dollinger, P.A.
Mack-Cali Centre II
One Mack Centre Drive
Paramus, NJ  07652-3906

*First Class Mail*
*(Counsel to Summit Health Care, Inc.)*
Steven J. Gutter, Esquire
Kahn & Gutter
Paine Webber Plaza – PH4
8211 W. Broward Blvd.
Plantation, FL  33324

*First Class Mail*
*(Pro Se)*
Attn:  Vladimir Jelisavcic
Longacre Management, LLC
1700 Broadway, Suite 1403
New York, NY  10019

*First Class Mail*
*(Pro Se)*
Attn:  Jim Flood, CFO
The Broadmoor Hotel
P.O. Box 1439
Colorado Springs, CO 80901

*First Class Mail*
*(Counsel to The Broadmoor Hotel, Inc.)*
Steven M. Rudner, Esquire
Law Offices of Steven M. Rudner
P.O. Box 12121
Dallas, TX  75225

*First Class Mail*
*(Counsel to Lancaster County School District 0001, a/k/a Lincoln Public Schools)*
John M. Guthery, Esquire
Perry, Guthery, Haase & Gessford, P.C., L.L.O.
233 South 13th Street, Suite 1400
Lincoln, NE  68508

*First Class Mail*
*(Counsel to Open Terrace Associates, LLC)*
Mary R. Pigorsh, Esquire
Day & Sawdey, P.C.
825 Parchment Drive, SE
Grand Rapids, MI 49546

*First Class Mail*
*(Counsel to HCA – The Healthcare Company; Health Services (Delaware), Inc.)*
John Tishler, Esquire
Waller Lansden Dortch & Davis
511 Union Street, Suite 2100
P.O. Box 198966
Nashville, TN 37219-8966

*First Class Mail)*
Thomas K.F. and Vivian A. Wong
420 N. Pleasantburg Drive
Greenville, SC 29607

*First Class Mail*
*(Counsel to Senior Noteholders)*
Alan B. Miller, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*First Class Mail*
*(Counsel to Cranberry Corporate Center Partnership)*
Eric J. Zagrocki, Esquire
Grogan Graffam McGinley, P.C.
Three Gateway Center, 22nd Floor
Pittsburgh, PA 15222-1009

*First Class Mail*
Lawrence J. Tabas, Esquire
Obermayer, Rebmann, Maxwell & Hippel LLP
One Penn Center
1617 John F. Kennedy Blvd., 19th Floor
Philadelphia, PA 19103-1895

*First Class Mail*
*(Counsel to General Electric Capital Corporation, Vendor Financial Services)*
Adam M. Spence, Esquire
K. Donald Proctor, P.A.
102 W. Pennsylvania Avenue, Suite 505
Towson, MD 21204

*First Class Mail*
*(Counsel to Regen Capital I, Inc.)*
Elliot H. Herskowitz
Regen Capital I, Inc.
P.O. Box 626
Planetarium Station
New York, NY 10024-0540

*First Class Mail*
*(Agent for Avaya Communications f/k/a Lucent Technologies)*
Avaya Communications f/k/a Lucent Technologies
c/o Dun & Bradstreet Bankruptcy Recovery Services
P.O. Box 5126
Timonium, MD 21094

*First Class Mail*
Philip Bentley, Esquire
Kenneth H. Eckstein, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

*First Class Mail*
Marjan Kacurov
3650 SW 21st Street
Ft. Lauderdale, FL 33312

*First Class Mail*
*(Counsel for 45 South Service Road, LLC)*
James S. Carr, Esquire
Edward J. Leen, Esquire
Kelley, Drye & Warren LLP
101 Park Avenue
New York, NY 10178

*First Class Mail*
Jason Mudrick
Contrarian Capital Management, L.L.C.
411 West Putnam Avenue, Suite 225
Greenwich, CT 06830

*First Class Mail*
*(Counsel for Marjan Kacurov)*
Bill B. Berke, Esquire
Berke & Lubell, P.A.
4506 Del Prado Boulevard S.
Cape Coral, FL 33904

*First Class Mail*
Attn: Lease Administration
Walt Disney World Co.
c/o Disney CORE Services
500 South Buena Vista Street
Burbank, CA 91521-2680

*First Class Mail*
Attn: Corporate Legal – Real Estate
The Walt Disney Company
500 South Buena Vista Street
Burbank, CA 91521-0183

*First Class Mail*
DACA V, LLC
Attn: Traci Fette
2120 W. Washington Street
San Diego, CA 92110

*First Class Mail*
*(Counsel for The Walt Disney Company and Walt Disney World Co.)*
Lisa Hill Fenning, Esquire
Dewey Ballantine LLP
333 South Grand Avenue
26th Floor
Los Angeles, CA 90071-1530

*First Class Mail*
*(Counsel to Pacific Insurance Corp.)*
Carl N. Kunz, III, Esquire
Murphy Spadaro & Landon
824 North Market Street
Suite 700
P.O. Box 8989
Wilmington, DE 19899

*First Class Mail*
*(Counsel to HHCA)*
Elio Battista, Jr., Esquire
Blank Rome Comisky & McCauley LLP
Chase Manhattan Center
1201 Market St., Suite 800
Wilmington, DE 19801

*First Class Mail*
*(Special Counsel to the Debtors)*
Ken Sullivan, Esquire
Gina Beltramo, Esquire
Michael J. Koenigsknecht & Associates, LLC
Suite 2900
30 North LaSalle Street
Chicago, ILL 60602

*First Class Mail*
(Associate General Counsel to Oracle Corporation)
Dorian Daley
500 Oracle Parkway
Mail Stop 5op7
Redwood City, CA 94065

*First Class Mail*
(Local Counsel to Jacqueline Stewart)
Lawrence J. Kotler, Esquire
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

*First Class Mail*
Adam G. Landis, Esquire
Kerri K. Mumford, Esquire
Klett Rooney Lieber & Schorling
The Brandywine Building
1000 West Street, 14th Floor
Wilmington, DE 19801
Co-Counsel for Cerberus Partners, L.P.,
Cerberus Capital Management, L.P.,
Craig Court, Inc. and
Stephen A. Feinberg

*First Class Mail*
Nikhil S. Singvi, Esquire
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

*First Class Mail*
Lisa Munoz, Esquire
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

*First Class Mail*
Russell H. Beatie, Esquire
Beatie and Osborn LLP
521 Fifth Avenue
New York, NY 10175

*First Class Mail*
David M. Hillman, Esquire
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

*First Class Mail*
Michael E. Swartz, Esquire, Esquire
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

*First Class Mail*
Howard O. Godnick, Esquire
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

*First Class Mail*
*(Counsel to Daniel D. Crowley)*
Scott N. Schreiber, Esq.
Much Shelis Freed Denenberg Ament & Rubenstein
200 North LaSalle Street, Suite 2100
Chicago, IL 60601

17

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CORAM HEALTHCARE CORP. and | : | Case No. 00-3299 (MFW) |
| CORAM, INC., | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | **Objection Deadline: February 21, 2003** |
|  | : | **Hearing Date: February 28, 2003** |

---

## MOTION OF THE CHAPTER 11 TRUSTEE FOR AUTHORIZATION TO ENTER INTO TERMINATION AND EMPLOYMENT EXTENSION AGREEMENT WITH DANIEL D. CROWLEY

---

Arlin M. Adams, the Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of Coram Healthcare Corp. ("CHC") and Coram, Inc. ("Coram" and, together with CHC, referred to as the "Debtors"), by and through his undersigned counsel, hereby moves this Court for authorization, pursuant to Sections 105 and 363 of Title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code"), to enter into the Termination and Employment Extension Agreement with Daniel D. Crowley ("Crowley"), effective January 1, 2003. In support thereof, the Trustee respectfully represents as follows:

### BACKGROUND

1.      On August 8, 2000 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Until March 7, 2002, the Debtors operated their businesses and managed their properties and assets as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The Debtors'

Chapter 11 cases have been consolidated for procedural purposes only. The Debtors' cases have not been consolidated with that of any other debtor.

2.      On August 22, 2000, the United States Trustee designated an Official Committee of Unsecured Creditors (the "Creditors' Committee") in the Debtors' bankruptcy cases. On October 18, 2000, the United States Trustee designated a Committee of Equity Interest Holders (the "Equity Committee") to represent the interests of CHC's common shareholders.

3.      On December 21, 2000 the Court denied confirmation of the Debtors' first proposed plan of reorganization. On December 21, 2001, the Court entered an order denying confirmation of the Debtors' proposed second plan of reorganization.

4.      At a hearing held on February 12, 2002, the Court granted two motions seeking the appointment of a trustee to assume control over the Debtors' property and affairs pursuant to Section 1104 of the Bankruptcy Code. The Trustee's appointment was approved by the Court on March 7, 2002 (the "Appointment Date").

5.      On December 19, 2002, the Equity Committee filed a proposed plan of reorganization. As the Trustee's counsel informed the Court during the December 27, 2002 omnibus hearing, the Trustee intends to file his own plan by the end of February, 2003.

**Crowley's Current Employment Arrangement**

6.      On or about November 30, 1999, CHC and Crowley entered into an Employment Agreement (the "Employment Agreement") pursuant to which CHC agreed to employ him as President and Chief Executive Officer of CHC and all of its wholly-

2

owned subsidiaries and Chairman of CHC's Board of Directors. A true and correct copy of the Employment Agreement, together with any and all amendments thereto, is attached hereto as Exhibit "A" and incorporated herein by reference in its entirety.

7.    Under the Employment Agreement, CHC agreed to compensate Crowley for his services with, *inter alia*, (i) a base salary of $650,000 per annum (the "Salary"), (ii) various performance based bonuses, (iii) stock options, (iv) health insurance benefits, (v) paid vacation time, (vi) life insurance benefits, (vii) a car allowance, (viii) corporate housing, and (ix) tax liability preparation and reimbursement benefits.

8.    While the Trustee has continued to pay Crowley his annual salary and certain benefits in the ordinary course of business, neither the Trustee nor the Debtors while debtors-in-possession have made any payments to Crowley on account of his claimed Management Incentive Plan ("MIP") bonuses and Key Employee Retention Plan ("KERP") bonuses. Crowley also maintains he is entitled to a success bonus of $1,800,000 payable upon consummation of debt refinancing and a plan of reorganization.

9.    On or about November 26, 2002, the Trustee moved the Court to enter an Order that would, among other things, authorize the Trustee to reject the Employment Agreement (Docket No. 1972). Since then, Crowley has terminated the Employment Agreement without prejudice to his claims for substantial bonus compensation, including for MIP and KERP bonuses. The Trustee and Crowley are currently engaged in negotiations in an attempt to resolve these and all other claims between them.

10.    After examining the Debtors' businesses, as discussed in further detail below, the Trustee has determined that Crowley has performed his duties under the Employment Agreement competently and that it would serve the Debtors' best interests

to continue Crowley's employment in the capacity of Chief Transition and Restructuring Officer on an interim basis during the plan confirmation process.

## JURISDICTION AND VENUE

11.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).  The statutory predicates for the relief sought herein are Sections 105 and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 4001, 6004 and 9014.

## REQUESTED RELIEF AND BASIS THEREFORE

12.    By this motion, the Trustee requests that the Court enter an order authorizing the Trustee to enter into a Termination and Employment Extension Agreement which he has negotiated with Crowley (the "Transition Agreement"), a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by reference in its entirety.

**The Transition Agreement**

13.    The Transition Agreement provides, *inter alia*, the following:

- Commencing as of January 1, 2003, Crowley will serve as the Chief Transition and Restructuring Officer for a term not to exceed the earlier of (i) six (6) months from January 1, 2003, (ii) the date on which a Plan of Reorganization is confirmed by final order of the Court, or (iii) the substantial consummation of a plan of reorganization.

- The term may be extended one time for up to an additional sixty (60) days if a final order has not been entered on or before June 30, 2003, unless either party terminates the arrangement on thirty (30) days' prior written notice.

4

- Commencing January 1, 2003, the Debtors will pay Crowley a base monthly salary of $80,000.00 and continue to reimburse direct costs and expenses incurred by Crowley as heretofore.

- The Debtors will continue to provide Crowley with the benefits provided under the Employment Agreement as heretofore, including without limitation health, dental and disability insurance, life insurance, transportation allowance and corporate housing.

- The Debtors will continue to maintain D&O coverage covering Crowley to the same extent available to all of the Debtors' officers and directors.

- In consideration of Crowley's agreement to forego other opportunities during his term, and in partial recognition of his efforts over the past nine (9) months, the Debtors will pay Crowley a stay and performance payment of $800,000, plus $200,000 in partial reimbursement of his counsel fees.

**Crowley's Continued Employment**

14.     Section 363 of the Bankruptcy Code provides that a trustee must obtain

the bankruptcy court's approval to use property of the estate other than in the ordinary

course of business. 11 U.S.C. § 363(b). The proposed transaction may be viewed as

being in the ordinary course of business because: (a) companies comparable to the

Debtors regularly extend continued employment terms to existing employees and

officers, and (b) creditors of the Debtors would reasonably expect a continued

relationship between CHC and its chief executive officer. *See In re Roth American, Inc.*,

975 F.2d 949 (3d Cir. 1992). Nevertheless, having terminated Crowley as Chief

Executive Officer and President and given the controversy surrounding his past

employment by the Debtors' in this case, the Trustee seeks the Court's authorization to

enter into the Transition Agreement.

15.     In order to obtain authorization for the use of property of the estate outside

of the ordinary course of business, a trustee must articulate some business justification for

such action. *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169 (D. Del. 1991). This "is similar to many states' 'business judgment rule,' where great deference is given to a business in determining its own best interests." *In re W.A. Mallory Company*, 214 B.R. 834, 836 (Bankr. E.D. Va. 1997). *See also Montgomery Ward*, 242 B.R. at 155 (affirming approval of a 363(b) motion where the bankruptcy court based its findings on the debtors' business judgment).

16.    This Court denied confirmation of both of the proposed plans of reorganization offered by the Debtors because it found that an actual conflict of interest arose as a result of Crowley's employment contract with Cerberus Partners, L.P. ("Cerberus"), who is a noteholder and preferred shareholder. The Court's findings regarding Crowley's relationship with Cerberus, as well as his failure to timely make complete disclosure of the relationship to the CHC Board of Directors, raised a substantial question for the Trustee as to whether Crowley should be retained.

17.    Because Crowley and Cerberus have informed the Trustee that all contractual relations between them have been severed and that Crowley has not received any compensation from Cerberus in 2002, the Trustee is satisfied that there is no continuing conflict of interest.

18.    Moreover, the Trustee's own thorough evaluation of Crowley's performance, has led him to conclude that the company is better off with Crowley than without him, at least on an interim basis to provide stability until a plan is confirmed.

6

**Crowley's Performance**

19.    Since the Appointment Date, the Trustee has independently examined the actions undertaken by Crowley as the Debtors' chief executive officer. The Trustee has visited the corporate offices in Denver and has had several meetings and discussions with Crowley, CHC's senior executives and other employees of CHC. In addition, the Trustee has considered numerous reports regarding the financial performance of the Debtors and has reviewed the Debtors' performance under Crowley with the investment bankers retained by the Trustee.

20.    The Trustee's evaluation is that Crowley has operated the company profitably and efficiently. Under Crowley, notwithstanding being in these bankruptcy proceedings, the Debtors have experienced positive operating margins and EBITDA[1], reduced cost of services, reduced operating costs, improved inventory management, improved information systems, improved management tools, and maintained a stable cash position with no net borrowing to fund post-petition operations.

21.    EBITDA has substantially increased during the period of Crowley's stewardship of the company. From 1995 through 1999, a time prior to Crowley's employment, the Debtors' EBITDA was a negative $37 million. From January 2000

---

[1] EBITDA as discussed herein is defined as earnings before interest expense, income taxes, depreciation, amortization, net reorganization expenses, losses on impairment of long-lived assets, gains on sales of businesses, provision for (income from) litigation settlements, extraordinary gains on troubled debt restructurings, and for the periods after 1999, discontinued operations. The financial information of the Debtors contained herein was derived from and should be read in conjunction with CHC's consolidated financial statements and the notes thereto included in its Annual Reports on Form 10-K for the years ended December 31, 1997, 1998, 1999, 2000 and 2001 and its unaudited condensed consolidated financial statements and the notes thereto included in its Quarterly Report on Form 10-Q for the quarterly period ended September 30, 2002.

through September 2002, the Debtors experienced $83 million in positive EBITDA, a
$120 million improvement under Crowley's management.  For the first nine months of
2002 (including the six months after the Trustee was appointed), EBITDA was a positive
$21 million; by contrast, EBITDA was negative $54 million for the year ended December
31, 1999.

22.     Revenue and gross profit are also increasing.  For the nine-month period
ended September 30, 2002, the Debtors' revenue rose $31 million, or 11 percent,
from the same period the year before, resulting in an increased gross profit of $9 million.
Indeed, revenue was higher during each month of 2002 than during the same month in
2001.

23.     Under Crowley, CHC has improved its financial performance by
identifying and focusing the business on its most profitable core therapies.  When
Crowley was named CEO, non-core therapies accounted for approximately 38 percent of
infusion therapy revenues for the quarter ended December 31, 1999; by the third quarter
of 2002, non-core therapies represented only approximately 27 percent of infusion
therapy revenues.  In addition, daily average revenue per patient for core therapies rose
3% to $151 per day during the nine months ended September 30, 2002 when compared
with the same period from the prior year.

24.     The most profitable type of business for CHC is the treatment of patients
with chronic disorders.  With Crowley at the helm under the Trustee's stewardship, CHC
refined its marketing strategy to target chronic patients. As a result of these efforts,
revenues from the treatment of hemophilia patients grew by 55 percent ($15 million)
during the nine months ended September 30, 2002 when compared with the same period

8

from the prior year. The treatment of hemophilia patients now represents 13 percent of

total revenue, up from 9 percent during the nine months ended September 30, 2001.

Similarly, revenues from nutrition patients were increased 6 percent during the same time

frame.

25.     Furthermore, during Crowley's tenure, CHC has also cut costs by, *inter*

*alia*, leveraging volume to purchase drugs and supplies more effectively. Cost of

services for infusion, exclusive of depreciation and amortization expense, as a percentage

of net revenue has been reduced from 76 percent for the year ended December 31, 1999

to 71 percent for the nine months ended September 30, 2002.

26.     Under Crowley, the Debtors have neither required post-petition

borrowings to fund operations nor utilized their debtor-in-possession facility.

27.     Finally, the evaluation conducted by the Trustee's advisors has revealed

improved employee productivity, increased employee morale and reduced employee

turnover since Crowley became CEO of the Debtors. Company statistics show that the

branch employee turnover rate was reduced by approximately six percent in 2002 when

compared to 2001. It is apparent to the Trustee that many of CHC's employees are loyal

to Crowley and that they remain confident of his ability to transition the Debtors' through

an effective reorganization.

28.     The Trustee believes that it is important to maintain the Debtors'

operational status quo during the plan confirmation process. The Equity Committee

recently filed a plan and the Trustee intends to file his own plan of reorganization shortly.

Replacing Crowley now would endanger the Debtors' ability to reorganize. Specifically,

the Trustee believes that Crowley's departure would likely encourage "cherry-picking" of

9

key employees by competitors, could cause substantial departures of executives and other key employees, and shift the company's focus from its business plan to mere survival.

29.    Accordingly, the Trustee submits that sound business purposes support the Trustee's request for the entry of an order authorizing him to enter into the Transition Agreement.

## NOTICE

30.    The Trustee shall serve a copy of this Motion upon (i) the United States Trustee, (ii) the Official Committee of Unsecured Creditors, (iii) the Official Committee of Equity Holders, (iv) the Post-Petition Lenders and the Noteholders, (v) Crowley and his identified counsel, and (vi) all parties requesting notice pursuant to Rule 2002 of the Bankruptcy Rules.  Notice of this Motion has also been given by filing a Form 8-K with the Securities and Exchange Commission as of the date hereof.  The Trustee respectfully submits that no other or further notice need be given.

## NO PRIOR REQUEST

31.    No previous application for the relief requested herein has been made to this or any other court by the Trustee.

## [THIS SPACE INTENTIONALLY BLANK]

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) authorizing the Trustee to Enter into the Transition Agreement, and (ii) granting such other and further relief that this Court deems just and proper under the circumstances.

Dated:   January 24, 2003                        WEIR & PARTNERS LLP

                                        By:    /s/ Kenneth E. Aaron
                                              Kenneth E. Aaron (#4043)
                                              Salene R. Mazur
                                              824 Market Street Mall, Suite 1001
                                              P.O. Box 708
                                              Wilmington, Delaware 19899
                                              (302) 652-8181 (telephone)
                                              (302) 652-8909 (facsimile)

                                              -and-

                                              SCHNADER HARRISON SEGAL
                                              & LEWIS LLP
                                              Barry E. Bressler
                                              Michael J. Barrie
                                              1600 Market Street, Suite 3600
                                              Philadelphia, Pennsylvania  19103-7286
                                              (215) 751-2000 (telephone)
                                              (215) 751-2205 (facsimile)

                                              Co-Counsel to Arlin M. Adams,
                                              Chapter 11 Trustee

11