IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL D. CROWLEY; DONALD J. AMARAL; WILLIAM J. CASEY; L. PETER SMITH; and SANDRA L. SMOLEY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 04-1565-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 25th day of May, 2005, having reviewed defendants' motions to transfer, and the papers submitted in connection therewith;

IT IS ORDERED that said motions (D.I. 3, 15) are denied, for the reasons that follow:

1. **Background facts.** On August 8, 2000, Coram Healthcare Corporation and Coram, Inc. (hereafter "Coram") filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware, together with a proposed plan of reorganization. In December 2000, the bankruptcy court denied

confirmation of the plan, based in part on the fact that defendant Crowley had a conflict of interest by reason of his position as CEO of Coram and his contractual relationship with one of Coram's three major lenders.[1] After denying confirmation of Coram's second proposed plan of reorganization,[2] the bankruptcy court entered an order appointing plaintiff Chapter 11 Trustee of Coram. On October 27, 2004, the bankruptcy court confirmed the Trustee's plan of reorganization, which plan was implemented on December 1, 2004. Coram is now a private company owned by its former lenders. Under the Trustee's plan as approved by the bankruptcy court, the right to pursue causes of action against Coram's former directors was reserved to the Trustee for the benefit of Coram's former unsecured trade creditors and its former common shareholders.

2. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in

---

[1] It is alleged that between November 30, 1999, when Crowley became CEO, and July 31, 2000, Crowley caused Coram to pay certain lenders approximately $60 million.

[2] The bankruptcy court found in this regard that the Outside Directors, the remaining defendants herein, had done nothing in response to the court's order denying confirmation of the first plan of reorganization.

the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998).

3.  The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.

4.  The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of

forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

5. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).

6. The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court

congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

7. **Analysis.** Defendants move to transfer this case to the District of Colorado. In support of their motions, defendants recite several facts. First, none of the defendants live in or near Delaware.[3] Coram, now a private company, is incorporated in Delaware with its principal place of business in Denver, Colorado. Coram's employees and business records are located as well in Denver, Colorado. Plaintiff, Coram's Chapter 11 Trustee, resides in Philadelphia. According to defendants, these facts compel the transfer of this case to Colorado because no one involved in the litigation has a direct connection to the District of Delaware.

8. I respectfully disagree. Coram (through its directors) chose Delaware as its place of incorporation and chose to file for bankruptcy protection in Delaware's bankruptcy court. The bankruptcy court appointed plaintiff the Chapter 11 Trustee and gave him the authority to commence the instant proceedings against the company's former fiduciaries. These facts demonstrate a substantial connection to Delaware. Moreover,

---

[3]Three of the defendants, Mr. Casey, Mr. Crowley and Ms. Smoley, live in California, while Mr. Amaral lives in Nevada and Mr. Smith lives in Illinois.

given the fact that most discovery will be taken in the same fashion regardless of where trial may proceed,[4] the convenience of the defendants is not a compelling factor. For these reasons, and consistent with my practice, I decline to transfer this case on the record presented.[5]

_____
United States District Judge

---

[4] Depositions generally do not last more than 7 hours; the parties should be able to work out convenient places for their location. Document production may well be in electronic format.

[5] Employees of parties must make themselves available for purposes of depositions and trial. It is not apparent to me whether the employees of Coram (in its present corporate form) are subject to this court's jurisdiction. However, neither is it apparent at this stage of the proceedings whether they will voluntarily appear as witnesses, under the circumstances at bar. Therefore, I will reconsider my decision not to transfer **only** if specifically identified, critical witnesses decline to testify in Delaware and cannot be compelled to do so.