# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE: . Case No. 00-3299

CORAM HEALTHCARE, . 824 Market Street
. Wilmington, DE 19801

Debtor, . March 3, 2003
. . . . . . . . . . . . . . . . . . 9:30 A.M.

TRANSCRIPT OF TRUSTEE'S MOTION FOR AUTHORIZATION TO REJECT
THE EXECUTORY CONTRACT OF DANIEL CROWLEY
BEFORE THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Trustee: Schnader Harrison Segal & Lewis, LLP
By: BARRY E. BRESSLER, ESQ.
WILBUR KIPNES, ESQ.
RICHARD BARKASY, ESQ.
1600 Market Street, Suite 3600
Philadelphia, PA 19103

Weir & Partners
By: JOHN B. YORK, ESQ.
824 Market Street Mall, Suite 101
P.O. Box 708
Wilmington, DE 19899

Office of the U.S. Trustee
By: RICHARD SCHEPACARTER, ESQ.
J. Caleb Boggs Federal Building
844 King Street, Lockbox 35
Wilmington, DE 19801

Audio Operator: Jennifer M. Patone

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail: jjcourt@optonline.net

(609)586-2311 Fax No. (609)587-3599

#2479

APPEARANCES: (continued)

| | |
|---|---|
| For Daniel Crowley: | RICHARD H. CROSS, JR., ESQ.<br>1201 North Orange Street, St. 610<br>P.O. Box 1380<br>Wilmington, DE 19899 |
| | Much Shelis Freed Denenberg Ament & Rubenstein<br>By: SCOTT N. SCHREIBER, ESQ.<br>200 North LaSalle St., Suite 2100<br>Chicago, IL 60601 |
| For Unsecured Creditors: | Richards, Layton & Finger, P.A.<br>By: ETTA WOLFE, ESQ.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 |
| For Equity Committee: | Saul, Ewing, Remick & Saul, LLP<br>By: MARK MINUTI, ESQ.<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE 19899 |
| | Jenner & Block, LLC<br>By: RICHARD F. LEVY, ESQ.<br>STEVE TOMASHEFSKY, ESQ.<br>One IBM Plaza<br>Chicago, IL 60611 |
| For Senior Noteholders: | Weil, Gotshal & Manges, LLP<br>By: ALAN B. MILLER, ESQ.<br>767 Fifth Avenue<br>New York, NY 10153 |
| For Cerberus Partners, LP | Klett Rooney Lieber & Schorling<br>By: ADAM G. LANDIS, ESQ.<br>1000 West Street, 14th Floor<br>Wilmington, DE 19801 |
| | Schulte Roth & Zabel LLP<br>By: HOWARD O. GODNICK, ESQ.<br>MICHAEL L. COOK, ESQ.<br>919 Third Avenue<br>New York, NY 10022 |

APPEARANCES: (continued)

For Goldman Sachs:

Connolly Bove Lodge & Hutz, LLP
By: GWEN LACY, ESQ.
1220 Market Street
Wilmington, DE 19899

and has kept out of whatever monetary claim Mr. Crowley may have against Cerberus.

MR. LEVY: Mr. Schreiber said we ought to stick with him. Merely resonance of what the director's witness, Mr. Emeral said, "Well, he's doing a good job, let's stick with him."

And the cases that Mr. Bressler talks about do talk about people who in the past have a conflict. I certainly think his past conflict twice colors what happened here today, but it is the ongoing relationship that troubles us so.

Thanks.

THE COURT: Well, I'm going to deal with the Trustee's motion for approval of the extension. And in doing so, I agree that it is the business judgment rule that I just consider.

To express my feelings I'm going to paraphrase someone I think epitomizes the business judgment rule, and that is Warren Buffet. And he has said that the ideal employee is someone who's smart, hard-working and honest. But if the employee isn't honest, you darn well better hope he's stupid and lazy, because otherwise you're in trouble.

There is no question in this case that Mr. Crowley is smart, hard-working, a brilliant businessman. But I do not believe he is honest. And his testimony today has not convinced me that he has changed since the last time he

testified.

Judge Adams has an impeccable reputation for integrity. Quite frankly, I don't want his reputation or mine sullied by approving continuing employment of an employee that I do not believe to be an honest person. I think being asked today to trust that Mr. Crowley is complying with the Trustee's request simply because there is no proof that he has not complied with the requirements imposed upon him by the Trustee goes too far, given the fact that he has previously failed to disclose relevant information. And quite frankly, the draft documents that were produced continue to show at least in May of 2002, after the appointment of the Trustee, continue to show what I believe is a continuation of Mr. Crowley's continued efforts to continue to get reimbursement from Cerberus for efforts undertaken in this case.

It's a belief I have. There is no evidence that an agreement was reached with Cerberus or that Cerberus participated in it, but I think that the drafts show that Mr. Crowley sought to have that continuation, sought to be paid, albeit after confirmation, that is after he was no longer subject to the jurisdiction of this court, sought to get remuneration for efforts taken in this case, which quite frankly is not permissible.

And given that belief, I will not approve any extension of employment. I've said before that fortunately or

unfortunately I'm in the position where principles can guide me, even though it may result in financial harm to others. But even saying that, I do take into consideration that my decision will have or may have some adverse effect on the business operations.

But I am satisfied that the employees that were put in place before and by Mr. Crowley, the systems that were put in place can survive Mr. Crowley leaving. There are plenty of other competent, in fact, brilliant businessmen who can step in, whether from within this organization or from without.

And I think it's more important that the debtor, under the supervision of this Trustee, not be tainted by any suggestion that the senior executive has anything other than 100 percent dedication to this entity and to this entity alone.

So, I will deny the motion.

I'll look for a form of order, Mr. Levy?

Need we go any further?

UNIDENTIFIED ATTORNEY: I think Mr. Levy has a motion.

MR. LEVY: Your Honor, we have a motion, and that motion calls for the termination of Mr. Crowley and an instruction to the Trustee to pursue disgorgement of compensation collected.

THE COURT: I'm going to hold that under advisement.

MR. LEVY: Thank you.

THE COURT: Because the ramifications of my decision may have an impact on that.

MR. LEVY: Thank you very much, Your Honor.

THE COURT: All right?

We'll stand adjourned.

UNIDENTIFIED ATTORNEY: Thank you, Your Honor.

(Recording ends)

* * *

C E R T I F I C A T I O N

I, Betsy Wolfe, certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Betsy Wolfe ____________________ March 9, 2003 ____________________

Betsy Wolfe Date

J&J COURT TRANSCRIBERS, INC.

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Case No.: 00-3299<br>00-3300 (MFW) |
| CORAM HEALTHCARE CORP. and CORAM, INC.<br>Debtors, | 821 North Market Street<br>Wilmington, Delaware 19801 |
| | Date: December 11, 2003<br>Time: 10:10 a.m. |

TRANSCRIPT OF HEARING
BEFORE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Equity Committee:

Jenner & Block
By: RICHARD F. LEVY, ESQ.
DAVID J. BRADFORD, ESQ.
C. STEVEN TOMASHEFSKY, ESQ.
ANDERS C. WICK, ESQ.
One IBM Plaza
Chicago, IL 60611

Saul Ewing, LLP
By: MARK MINUTI, ESQ.
222 Delaware Avenue
Wilmington, DE 19801

For the RenGen Capital:

Monzack and Monaco
By: KEVIN J. MANGAN, ESQ.
400 Commerce Center
Wilmington, DE 19899

Audio Operator: Lesa Neal

Proceedings recorded by electronic sound recording, transcript Produced by transcription service.

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-Mail: jjcourt@optonline.net

(609)586-2311 Fax No. (609) 587-3599

page there. It says, to make payment under the Trustee's plan to holders have allowed CHC equity interest in an amount equal to the remaining plan funding cash which the parties contemplate will total at least 24 million. That was the amount that you signed on to as of May 2 of this year, isn't that right?

A Yeah. I stand corrected.

Q And one of the reasons you now believe the amount will be higher than 24 million is that Coram has been doing pretty well this year and has actually amassed a lot of cash, hasn't it?

A Correct.

Q In fact, you were concerned in the beginning of the year that if Mr. Crawley was not retained Coram's value would diminish, weren't you?

A Yes, I was very concerned.

Q But in fact you've been pleasantly surprised by Coram's operating results since Mr. Crawley left the company, haven't you?

A Well, I've been especially surprised by the cash build.

Q But you've been pleasantly surprised by Coram's operating results, haven't you?

A Yes.

Q All right, let's go back for a moment to your opinion of the settlement's fairness to the equity holders. The reason that you believe the amount that the equity holders might

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | . Case No. 03-3299 (MFW) and |
| | . 00-3300 (MFW) |
| | . |
| CORAM HEALTHCARE CORP. and | . |
| CORAM, INC., | . 824 Market Street |
| | . Wilmington, Delaware 19801 |
| Reorganized Debtors | . |
| | . November 3, 2003 |
| . . . . . . . . . . . . . . . . | . 9:31 a.m. |

TRANSCRIPT OF CONFIRMATION HEARING
BEFORE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For Chapter 11 Trustee: | Schnader Harrison Segal & Lewis, LLP<br>By: BARRY E. BRESSLER, ESQ.<br>WILLIAM KIPNIS, ESQ.<br>RICHARD BARKASY, ESQ.<br>1600 Market Street<br>Suite 3600<br>Philadelphia, Pennsylvania 19103 |
| For the Trustee: | Weir & Partners, LLP<br>By: KENNETH AARON, ESQ.<br>824 Market Street Mall, Ste. 1001<br>Wilmington, Delaware 19899 |
| For the Equity Committee: | Jenner & Block<br>By: C. STEVEN TOMASHEFSKY, ESQ.<br>DAVID BRADFORD, ESQ.<br>ANDREW WICK, ESQ.<br>RICHARD LEVY, ESQ.<br>One IBM Plaza<br>Chicago, Illinois 60611 |
| Audio Operator: | Jennifer Patone |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:** jjcourt@optonline.net

(609) 586-2311 **Fax No.** (609) 587-3599

A We did not. We would have no idea of how you would make such an adjustment.

Q Nonetheless, you agree that being in bankruptcy has an impact on the company's performance --

A Well, it's an interesting question. The company, again, absent the debt, the company is performing remarkably well. Who knows. One could argue that the management team is both thin in ranks and is preoccupied in much of the time responding to inquiries from lawyers, and that if you freed them to focus all their attention on the business, and if you filled out the management team with the chief executive officer, chief operating officer, and a general counsel, maybe things would go better. I don't know. It's -- I mean, the performance recently has been pretty sensational. Maybe you guys should keep after them, and they'll keep growing at ten percent. I'm not sure.

Q But it's been sensational while management has been distracted and the company has been in bankruptcy, all else being equal --

A Well, it's been not the whole time. It's been very impressive over the past 18 months.

Q And all else being equal you would expect that emerging from bankruptcy would be a positive thing for this company?

A I think emerging from bankruptcy is a positive thing for any company.

Q And you would expect the company to perform better if it did