IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, AND SANDRA L. SMOLEY,<br><br>Defendants. | Case No. 04-1565 (SLR) |

**DEFENDANT DANIEL D. CROWLEY'S
REPLY MEMORANDUM IN SUPPORT OF HIS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

        Jeffrey C. Wisler (No. 2795)
        Christina M. Thompson (No. 3976)
        CONNOLLY BOVE LODGE & HUTZ LLP
        The Nemours Building
        1007 North Orange Street
        P.O. Box 2207
        Wilmington, Delaware 19899
        Phone: (302) 658-9141

              -and-

        Scott N. Schreiber
        Anthony C. Valiulis
        Oran F. Whiting
        MUCH SHELIST FREED DENENBERG
        AMENT & RUBENSTEIN, P.C.
        191 North Wacker Drive, Suite 1800
        Chicago, Illinois 60606
        Phone: (312) 521-2000

Dated: June 3, 2005        *Attorneys for Daniel D. Crowley*

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ....................................................................................................ii
**TABLE OF CASES** ........................................................................................................ iii
**INTRODUCTION** ............................................................................................................1
**ARGUMENT** ....................................................................................................................2
**I.     SUMMARY JUDGMENT IS BOTH TIMELY AND APPROPRIATE** .....................2
**II.    PLAINTIFF DID NOT LACK ALL MATERIAL FACTS.** .........................................4
**III.   THE TOTALITY OF PLAINTIFF'S ACTIONS CONSTITUTED WAIVER
        OF ANY AND ALL CLAIMS AGAINST CROWLEY** .................................................7
**IV.    THE DEBTORS ARE NOT ENTITLED TO A DOUBLE RECOVERY AND
        CROWLEY IS ENTITLED TO A SETOFF** ...............................................................11
**CONCLUSION** ................................................................................................................13

# TABLE OF CASES

*Aeroglobal Capital Management, LLC v. Cirrus Industries, Inc.*, No. 101/266, 2004, 2005 Del. LEXIS 133 (Del. March 23, 2005) ........................................................................................ 11

*Am. Family Mortgage Corp. v. Acierno*, No. 290, 1993, 1994 Del. LEXIS 105 (Del. March 28, 1994) ................................................................................................................................ 11

*Baio v. Commercial Union Insurance Company,* 410 A. 2d 502, 508 (Del. 1979) ............. 8, 9, 10

*Bowdle v. Automobile Insurance Co. of Hartford,* 99 F. Supp. 161, 162 (D. Del. 1951) ............... 2

*Davis v. University of Delaware*, 240 A.2d 583, 584 (Del. 1968) .................................................. 3

*DiSabatino v. DiSabatino Bros., Inc.,* 894 F. Supp. 810, 814 (D. Del. 1995) .............................. 12

*In re Radiology Associates, Inc. Litigation*, 611 A. 2d 475 (Del. 1991) ...................................... 12

*Int'l Telecharge, Inc. v. Bomarko, Inc.*, 766 A. 2d 437 (Del. 2000) ............................................. 12

*Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019 (1938) .......................................................... 7

*Klein v. American Luggage Works, Inc.*, 158 A. 2d 814, 818 (Del. 1960) ................................ 7, 8

*Mazik v. Decision Making, Inc.*, 449 A. 2d 202, 204 (Del. 1982) .................................................. 7

*Miller v. Newsweek, Inc.*, 675 F. Supp. 872 (D. Del. 1987) ......................................................... 12

*NVF Company v. New Castle County* 276 B.R. 340 (D. Del.2002) ............................................. 11

*Ortiz v. Eichler,* 616 F. Supp. 1046, 1059 (D. Del. 1985) .............................................................. 9

*Pellaton v. Bank of New York*, 592 A. 2d 473, 476 (Del. 1991) ..................................................... 7

*Rose v. Cadillac Fairview Shopping Center,* 668 A. 2d 782, 786 (Del. 1995) .............................. 7

*T. Copeland and Sons, et ano. v. SLM Int'l, Inc., et al.,* 248 B.R. 240, 247 (D. Del. 2000) ........... 7

*U.S. v. Webber,* 270 F. Supp. 286, 290 (D. Del. 1967) ................................................................... 9

Defendant Daniel D. Crowley ("Crowley"), through his attorneys, hereby submits his Reply Memorandum in Support of his Federal Rule of Civil Procedure 56(c) Motion for Summary Judgment.

## INTRODUCTION

On December 29, 2004, Arlin M. Adams, as Chapter 11 Trustee ("Plaintiff," "Adams," or "Trustee"), filed this action for alleged breaches of fiduciary duty against Daniel D. Crowley ("Crowley") and other defendants. Crowley filed his Answer to the Complaint on February 22, 2005.

Crowley moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) on May 5, 2005. In his Motion, Crowley states that he served as the chief executive officer of Coram Healthcare Corporation ("Coram") and Coram, Inc. (collectively with Coram "the Debtors") immediately prior to and during the Debtors' bankruptcy proceedings. After being appointed as Trustee, Adams continued to retain Crowley to run the Debtors in the same capacity as he did before the bankruptcy proceedings. These affirmative acts of the Trustee, in the totality of the circumstances, constituted a waiver of his right to file suit against Crowley, as a matter of law.

Adams recovered fifty-six million dollars ($56,000,000.00) from Cerberus Partners, L.P. ("Cerberus"), along with two other entities (collectively with Cerberus "the Noteholders"), which constitutes all of the damages he seeks from Crowley in this lawsuit. The Trustee should thus be barred from collecting additional damages from Crowley in order to prevent a double recovery. At the very least, the amount in damages collected by the Trustee must be set off from any damages awarded.

Adams filed his Response to Crowley's Motion for Summary Judgment on May 25, 2005. Adams claims that Crowley's Motion for Summary Judgment is premature; that he, as Trustee, did not waive claims against Crowley; that he specifically reserved the right to bring claims against Crowley; that Crowley deceived him about Crowley's relationship with and income received from Cerberus; and that he is not precluded from seeking damages from Crowley in this action. Plaintiff focuses specifically on a May 6, 2002 draft of a letter from Crowley to Feinberg regarding compensation for work performed for Cerberus. What Plaintiff fails to acknowledge, however, is that in the final version of that letter, Crowley sought compensation solely for non-Coram related services.

As discussed below, the Trustee's arguments are without merit. Indeed, his claim that he was unaware of Crowley's activities with Cerberus is directly contradicted by his own sworn deposition and trial testimony. As a matter of law, the totality of the circumstances demonstrate that the Trustee waived his right to now complain that Crowley damaged the Debtors or their estates, especially now that the Trustee has more money from the Noteholders than he admitted had been caused by anything for which Crowley is alleged to be responsible.

## ARGUMENT

**I.    SUMMARY JUDGMENT IS BOTH TIMELY AND APPROPRIATE.**

Summary judgment is appropriate at any time in a case because it preserves judicial resources and when, as here, no discovery is required to prove that the Trustee's own acts constituted a waiver of his right to sue Crowley. The purpose of summary judgment procedure is to enable a court to dispose of a case expeditiously when there are no genuine issues as to the facts. *Bowdle v. Automobile Insurance Co. of Hartford,* 99 F. Supp. 161, 162 (D. Del. 1951). The disposition of litigation by motion for summary judgment is encouraged because it results

in a prompt, expeditious, and economical ending of lawsuits. *Davis v. University of Delaware*, 240 A.2d 583, 584 (Del. 1968).

The gravaman of the instant motion is that the Trustee, acting with full knowledge of Crowley's relationship with Cerberus, waived his right to sue Crowley by his own conduct: his words and deeds, including but not limited to his prosecution of the Retention Motion and his conduct that preceded the hearing on the Retention Motion.

Moreover, Plaintiff needs no discovery to respond to this Motion because Plaintiff's own acts and statements are what constitute the waiver. If any party to this action should want and need to conduct discovery, Crowley should. Plaintiff's acts and statements would be discoverable. Plaintiff not only knows his owns acts and statements, ample evidence of these acts and statements exists.

Given the Trustee's participation in the hearing on that motion, the extensive discovery that preceded the hearing on the Retention Motion, the availability of the transcripts of that hearing, which include the Trustee's extensive testimony about his consideration of and actions toward Crowley, and that Crowley resigned immediately following the Court's ruling on that motion, Crowley submits that no purpose would be served – and no additional relevant information could be gleaned by discovery on the issue of waiver with respect to that motion. Consequently, the issue of whether the Trustee waived his rights against Crowley is ripe for summary judgment.

Crowley agrees that with respect to the other (outside director) defendants, summary judgment without the benefit of discovery is premature. Contrary to the Trustee's contention, however, no additional discovery is needed in this case to show that the Trustee's actions toward Crowley constituted a waiver of any right to sue Crowley for a breach of fiduciary duty.

3

Unlike the outside director defendants who had no role in this case after the Trustee was appointed in 2002, Crowley continued to serve and work for the Trustee from March, 2002 until he resigned in 2003. During that one year period, both the Trustee and Crowley were both deposed, significant discovery was propounded by the Equity Committee on Crowley, the Trustee, the Trustee's attorneys, Cerberus, and others. As the Trustee's own attorneys have admitted, "over 9,000 pages of documents" were produced in response to the Equity Committee's objection to the Trustee's motion to enter into a Termination Agreement with Crowley. *See* Trustee's Retention Motion.

## II.     PLAINTIFF DID NOT LACK "ALL MATERIAL FACTS."

In his Response, the Trustee contends that he never intended to waive his right to sue Crowley. In support, the Trustee asserts, in accordance with the uncontroverted law regarding waiver cited in Crowley's Motion for Summary Judgment, that he lacked the ability to waive anything because he lacked "all material facts" or knowledge about Crowley's relationship with Cerberus, due to Crowley's alleged misrepresentations. Additionally, the Trustee claims to have reserved his right to sue Crowley and the other defendants at each stage of the bankruptcy by excluding the defendants from release of claim language contained in several pleadings. Plaintiff's claims are disingenuous, at best, considering his extensive testimony both at his deposition and at trial not only about his knowledge of Crowley's activities with Cerberus but also his belief that any conflict of interest, perceived or real, was secondary to Crowley's skill as a CEO managing the estate.

It is uncontroverted that the Trustee elected to retain Crowley as CEO of the Debtor. Additionally, he moved to extend Crowley's employment for an additional six months. In this proceeding, however, the Trustee points to one piece of evidence: the May 6, 2002 **draft** of a

4

letter from Crowley to Feinberg. According to the Trustee, this shows that he did not have full knowledge of Crowley's relationship with Cerberus when he filed the Retention Motion. The reality is much different.

The Trustee's position fails for a number of reasons. First, the document at issue surfaced prior to the hearing on the Retention Motion. Despite having ample opportunity to withdraw the motion after learning of the document, the Trustee elected to continue to prosecute the Retention Motion, seemingly not bothered by it. To that end, the Trustee's counsel and Crowley's counsel discussed the inadvertent production of the draft letter and agreed that no attempt would be made to retract the letter. Second, the document is consistent with the Trustee's knowledge and approval that Crowley continued to work with and consult with Cerberus on non-Coram matters. Third, the draft (which includes a one paragraph addendum that Crowley did not write and never became part of the actual letter) states that Crowley is seeking compensation from Cerberus only for NON-Coram work that Crowley performed.

In this regard, it is important to look at the actual final version of the letter, which reflects Crowley's true intent since it was the version that was sent out. (A copy of Crowley's May 9, 2002 final letter to Feinberg is attached hereto and incorporated herein as Exhibit "F").[1] In that letter, Crowley expressly requests payment for **non-Coram** related services.

The Trustee acknowledged that Crowley was entitled to be paid for the work by Cerberus for his non-Coram consulting. (Tr. at pp. 50, 135).[2] The Trustee also permitted Crowley to retain his relationship with Cerberus specifically because he knew that Crowley was entitled to substantial fees from Cerberus for his non-Coram services.

---

[1] Exhibits A through E were filed with Crowley's Amended Brief in Support of Motion for Summary Judgment (the "Amended Brief").

[2] A copy of the transcript appears at Exhibit D to the Amended Brief.

5

Additionally, at his deposition, the Trustee testified that the letter made no difference to him or his way of thinking about Crowley or his position. His only concern was that Crowley was running the company well. The existence of a conflict was not his primary focus.

> THE WITNESS: I just don't see the connection, quite frankly. I don't see the conflict there.
>
> He was being employed by me to run this company as effectively as he could. Everyone would benefit: The creditors, the Noteholders, the equity holders. That's what I was concerned about, as I have said over and over again. If I thought that the performance was slipping, I would have done something. I don't see how the equity holders or the Noteholders would be affected by a lot of the things that you are asking about. Maybe I'm myopic.

(Exhibit B; Tr. at p. 166).

In fact, the Trustee ultimately concluded that the Crowley-Cerberus relationship did not create a conflict that prevented Crowley from serving. (Tr. at pp. 134-135).

The Trustee claims that his lack of knowledge of "all material facts" distinguishes this case from *Biao* and *Klein*. Plaintiff's deposition and trial testimony refute Plaintiff's claim regarding his lack of knowledge and nullify Plaintiff's attempt at distinguishing properly cited applicable Delaware law on waiver. Indeed, the inadvertent disclosure of the draft letter is a non-issue as the waiver occurred through the Trustee's actions both before and after he became aware of the letter.

The Trustee continually claims that he reserved his right to sue Crowley at each stage of the bankruptcy proceeding. Reserving one's right to take action does not, in the totality of the circumstances, affect a waiver. The Trustee's behavior is equivalent to undertaking an act while simultaneously denying that an act is being undertaken. Thus, it is irrelevant that the Trustee excluded Crowley and the outside director-defendants from release of claim language in several

6

pleadings. More importantly, the Trustee's treatment of Crowley clearly indicated that he did not intend to assert claims against him.

The Trustee's argument that Crowley did not object to the plan of reorganization misses the point. Crowley had no objection to the innocuous language in the Disclosure Statement that the "Trustee reserves his rights against Crowley". That language is a far cry from, for instance, "The Trustee intends to sue Crowley following confirmation of the Plan for breach of fiduciary duty and claims related to Crowley's actual conflict of interest"; a phrase that the Trustee did not include in his plan and one that clearly would have caused Crowley to file an objection to the Plan.

**III.   THE TOTALITY OF PLAINTIFF'S ACTIONS CONSTITUTED WAIVER OF ANY AND ALL CLAIMS AGAINST CROWLEY.**

Plaintiff's acts, together with his deposition and trial testimony, constitute waiver. In the context of bankruptcy, in order to find a waiver, a court must review the "totality of the circumstances." *T. Copeland and Sons, et ano. v. SLM Int'l, Inc., et al.,* 248 B.R. 240, 247 (D. Del. 2000), *relying on Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019 (1938); *Pellaton v. Bank of New York*, 592 A. 2d 473, 476 (Del. 1991). Those circumstances must show an intentional relinquishment of a known right. *Mazik v. Decision Making, Inc.*, 449 A. 2d 202, 204 (Del. 1982). In ascertaining what is known, the fact finder looks not only at what the party knew, but also what, by the exercise of reasonable diligence, he or she arguably should have known at the time of the waiver. *Rose v. Cadillac Fairview Shopping Center,* 668 A. 2d 782, 786 (Del. 1995).

A voluntary relinquishment of a right can be shown inferentially through conduct. *Klein v. American Luggage Works, Inc.*, 158 A. 2d 814, 818 (Del. 1960). Waiver may also be inferred from the circumstances if it is reasonable to do so. 31 C.J.S. Estoppel and Waiver § 68; *Baio v.*

7

*Commercial Union Insurance Company,* 410 A. 2d 502, 508 (Del. 1979). An individual's specific intent need not be shown. *Klein* at 818. In general, a waiver can occur when an individual in possession of any right performs an act that is inconsistent with that right, or where the individual's conduct, words, or deeds are inconsistent with an intention to enforce a right or insist on it. *Id.* Under the doctrine of waiver, whether the party relying on the waiver knew the facts from which the waiver resulted is not material. 31 C.J.S. Estoppel and Waiver § 84.

Plaintiff's **admitted** conduct, words, and deeds, viewed in the totality of circumstances, show that Plaintiff waived his right to file suit against Crowley. For example, Plaintiff cannot dispute any of the following:

> That he could have, but chose not to immediately remove Crowley from his position after Plaintiff was appointed Trustee (Tr. at pp. 44-62);
>
> That after speaking telephonically and meeting with Crowley personally to discuss Coram business, he intentionally decided to engage Crowley (Tr. at pp. 16-17;
>
> That he relied on Crowley to run Coram's day-to-day operations (Tr. at p. 74);
>
> That he allowed Crowley's responsibilities at Coram to remain virtually unchanged (Tr. at p. 73);
>
> That he publicly complimented the work that Crowley did to stabilize Coram (Tr. at p. 57);
>
> That he authorized Crowley to publish a letter to all of Coram's employees giving them assurances that despite Plaintiff's appointment as Trustee, Crowley's status at Coram would remain basically unchanged (Tr. at pp. 60-61);
>
> That he asked Crowley to continue operating Coram as Crowley had operated Coram prior to Plaintiff's appointment as Trustee (Tr. at pp. 57, 58, 70);
>
> That he sought authority to extend Crowley's employment with the Debtors and pay him a multi-million dollar bonus for the good work that Crowley did at Coram (Tr. at pp. 205, 232);

> That he reaped the benefits of Crowley's services, and was able to confirm a plan of reorganization on the successes that Crowley accomplished over his three-plus year tenure at Coram – the last 12 months of which at the specific request of the Trustee (Tr. at p. 71).

These acts, taken in their totality, constitute a waiver of any claim against Crowley.

More importantly, the Trustee engaged in these affirmative acts with full knowledge of the allegations made against Crowley in the bankruptcy case, including Crowley's continuing relationship with Cerberus. Indeed, the Trustee permitted Crowley to continue running Coram even though he knew that Crowley continued to advise Cerberus on "various other matters." (Tr. at pp. 50, 135). The Trustee overtly allowed Crowley to continue his relationship with Cerberus. The Trustee had no reason to believe that Crowley was not being truthful after seeing the letter.

The Trustee has tried, but failed, to show a genuine issue of material fact which prevents summary judgment in Crowley's favor on the issue of waiver. The Trustee's denials cannot create a question of material fact in this litigation. Denial alone is insufficient to put facts into controversy and preclude the granting of summary judgment. *U.S. v. Webber,* 270 F. Supp. 286, 290 (D. Del. 1967). The Trustee may not rest upon mere allegations or denial of the pleadings, and cannot depend upon the pleadings to create a material issue of fact. *Ortiz v. Eichler,* 616 F. Supp. 1046, 1059 (D. Del. 1985).

The Trustee's acts here closely resemble those of the defendant in *Baio v. Commercial Union Insurance Company*, 410 A. 2d 502 (Del. 1979). The Trustee's attempt to distinguish *Biao* based upon the issue of knowledge fails since the Trustee's testimony proved that he had knowledge of Crowley's relationship with Cerberus. The Trustee also had knowledge of the draft letter but still opted to proceed.

In *Baio*, the Delaware Supreme Court was asked to resolve the issue of whether an insurance company's act of switching sides in a lawsuit, opposing the plaintiff it insured, and

9

joining a defendant that it insured, constituted a waiver of its statutory rights. 410 A.2d 502, 505.

Relying on the principle that one who asserts an equitable remedy must in turn do equity itself, the Delaware Supreme Court held that the insurance company waived its statutory right to subrogation by its previous act of opposing the plaintiff in a lawsuit:

> To put it in somewhat different terms, by its conduct, Commercial Union waived its right to participate in Baio's recovery.
>
> While "waiver" includes the idea of a "voluntary" relinquishment of a right, one's "conduct (may be) such as to warrant an inference to that effect." Klein v. American Luggage Works, Inc., Del.Supr., 158 A.2d 814, 818 (1960). In other words, a specific intent need not be shown.
>
> Clearly, our legal system permits one to waive even a constitutional right…This Court so held in Components, Inc. v. Western Electric Company, Del.Supr., 267 A.2d 579, 582 (1970), when Chief Justice Wolcott wrote that all rights "to which a person is legally entitled under a contract which are intended for his sole benefit, may be waived whether those rights are secured by contract or conferred by statute."

410 A.2d 502, 508.

Under the totality of these circumstances, Plaintiff, as did the insurance company in *Baio*, waived his right to bring suit against Crowley for prior conduct. By retaining Crowley after his appointment, and then seeking to pay him a multi-million dollar bonus after Plaintiff was fully aware of the allegations against and this Court's impression of Crowley, Plaintiff demonstrated his support for Crowley. Moreover, Plaintiff clearly relied on Crowley's expertise and ability to manage Coram in Denver, which permitted Plaintiff to stay in Philadelphia and work on developing and confirming a plan of reorganization – the role for which he believes he was hired. Plaintiff could not have operated Coram on a daily basis while he was working to develop a confirmable plan of reorganization.

> And, as it turned out, it has worked pretty well. The executives have stayed. The customers have stayed. The sales have gone up. The EDITDA has been pretty good. Cash flow has been pretty good.

(Tr. at p. 66).

Plaintiff's affirmative acts constitute a voluntary waiver of any right to sue Crowley. Plaintiff reaffirmed Crowley's responsibilities; moved to retain Crowley after Crowley's Employment Agreement expired; sought to pay Crowley for his efforts and loyalties; publicly lauded Crowley's job performance; and personally informed Crowley of his satisfaction. For Plaintiff to be allowed to sue Crowley after these acts is contrary to the established Delaware law on waiver.

Plaintiff cites to the Delaware Supreme Court cases of *Aeroglobal Capital Management, LLC v. Cirrus Industries, Inc.*, No. 101/266, 2004, 2005 Del. LEXIS 133 (Del. March 23, 2005) and *Am. Family Mortgage Corp. v. Acierno*, No. 290, 1993, 1994 Del. LEXIS 105 (Del. March 28, 1994), to support his contention that waiver must be performed by specific acts. Plaintiff performed several acts which, taken together, constitute waiver in this case.

## IV. CROWLEY'S REQUEST FOR A SETOFF IS NOT PREMATURE.

Plaintiff claims that it is too early in the litigation to make a determination regarding a setoff. Plaintiff also claims that the fifty-six million dollars ($56,000,000.00) received from the Noteholders is not the total amount of damages for which Crowley is responsible.

Setoffs can be pled at any point during the litigation. *See NVF Company v. New Castle County* 276 B.R. 340 (D. Del. 2002). When, as in this case, a party to a lawsuit has recovered an amount equal to or in excess of the amount of damages claimed, any damages recovered from an adverse party are set off against or from the amount collected or previously recovered.

11

Plaintiff admitted that the Debtors have recovered more than the amount of damages that the estate allegedly sustained. Plaintiff also agreed with the methodology used to calculate damages in the hearing. Plaintiff cannot now attempt to invent questions of fact by creating new damages and attributing them to Crowley. His new damage claims are completely unsupported and contrary to his prior stated position on damages. The Debtors are not entitled to a double recovery under Delaware law. *See Int'l Telecharge, Inc. v. Bomarko, Inc.*, 766 A. 2d 437 (Del. 2000); *In re Radiology Associates, Inc. Litigation*, 611 A. 2d 475 (Del. 1991); *Miller v. Newsweek, Inc.*, 675 F. Supp. 872 (D. Del. 1987).

The Debtors have recovered the damages sought from Crowley and have been made whole. When the substantive law affords no recovery, even where certain facts exist, summary judgment against the party basing its claim on those facts is appropriate. *DiSabatino v. DiSabatino Bros., Inc.,* 894 F. Supp. 810, 814 (D. Del. 1995).

## **CONCLUSION**

The Trustee was fully aware of all alleged conflicts of interest relating to Crowley. With his vast experience and judgment, he decided to retain Crowley to operate Coram, because, in his learned opinion, Coram's best interests were served. For the foregoing reasons, Defendant Daniel D. Crowley respectfully requests that his Motion for Summary Judgment be granted.

Dated: June 3, 2005                                        CONNOLLY BOVE LODGE & HUTZ LLP


                                         /s/ Christina M. Thompson
Jeffrey C. Wisler (No. 2795)
Christina M. Thompson (No. 3976)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Phone: (302) 658-9141

-and-

Scott N. Schreiber
Anthony C. Valiulis
Oran F. Whiting
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Phone: (312) 521.2000

*Attorneys for Daniel D. Crowley*

#399581

13