# EXHIBIT F


Dynamic Healthcare Solutions

May 9, 2002

Mr. Steve Feinberg
Cerberus Capital Management, LLP
450 Park Avenue, 28th Floor
New York, New York 10022-2605

*Steve*

Dear Steve,

I have been thinking a great deal about our dinner last week because, while I have suspended it, I still haven't formally ended my contract with Cerberus. I appreciate that you recognize the conundrum that I have been put in and that you expressed a willingness to allow me to terminate my contract with Cerberus and pay me for my past services on *non-Coram* matters and for early termination of our Agreement.

Mr. Bressler has told me personally that the Trustee's Office doesn't want to tell us what to do, or give advice about ending the contract, or my getting paid by Cerberus. He also said, that "you guys have smart lawyers" . . . and he's certain that they can . . . "figure out how to make a payment and terminate the contract". He has said, that he has no objection to my "being paid by Cerberus for prior work done unrelated to Coram or for ending a pre-existing contract". So, why don't we have the attorneys work up a Termination Agreement and when we are all satisfied that it is worded properly, go ahead and tell Mr. Bressler that, unless the Trustee specifically objects . . . Crowley's being paid by Cerberus for prior services rendered for *non-Coram* work and for ending the contract early, and that with this, the Agreement is being mutually terminated. Then make the payment and end the Agreement.

Steve, it will be your natural reaction to start to say that "Dan's mad". Well, I can honestly tell you that I am not mad at anyone. Not at all. I just want all of this over and I would like to be paid by Coram for the results I delivered to Coram and . . . by Cerberus for the work Dynamic did related to Cerberus' *non-Coram* investments.

As an aside, I owe it to myself to tell you that I think that David Friedman did a terrible job handling this case. Contrast what Boris Feldman did with the NJ litigation to what

Page 2 of 2 Pages
Letter dated May 9, 2002 to Mr. Steve Feinberg

David Friedman did in Delaware. Friedman mis-advised me and Coram's Board, didn't focus or focus properly, poorly prepared me and the case, improperly positioned the whole case, had a flawed Reorganization Plan, was not fully engaged, and didn't handle most any important aspect of this case very well.

In retrospect, when you asked me to step in and save Coram, I should have simply told you "no" and let Coram go promptly down the drain. It is a fact that I had been routinely *turning down* jobs like this "out of hand". I didn't want this job, and it (Coram) wasn't my problem. Now, 2 ½ years later, I'm still there because you pleaded with me to step in and save Coram from the complete melt-down that you feared. The result: Coram "has been saved", and for my reward, I have gone on to be wrongfully accused of all sorts of things, blamed for everything that prior management ever did wrong, and . . . hounded to the end of the earth. The reality is, where several other Coram CEOs had completely failed, I actually saved Coram and have done a whole lot of things very very right that now give this Company a chance to continue in existence if Coram ever emerges from Chapter 11 with a reorganized capital structure.

In fairness to myself, and to prevent any allegations that I am somehow "in Cerberus' pocket", I think that *I should be paid now* for the professional work that I provided to assist with investments made in your non-Coram portfolio. I am concerned that delaying payment to me actually adds fuel to the theory there is some kind of a secret conspiracy when there really isn't.

My understanding of your commitment is that, absent an objection by the Chapter 11 Trustee, Dynamic Healthcare Solutions will be promptly paid $5 Million for the *non-Coram* work that was done for Cerberus and for the early termination of the current Agreement between us.

I am asking that you please move promptly to have your attorney draft up a Termination Agreement consistent with this understanding and let the matter be known to the Trustee's attorney who can object or not. Then the Agreement can be terminated and I can be paid for the *non-Coram* work that I did for Cerberus.

Regards,

*[signature: Dan Crowley]*
Dan Crowley

Cc: Mr. Scott Schreiber, Esq.