IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM, INC., a Delaware Corporation,<br><br>                                  Plaintiffs,<br><br>   v.<br><br>DANIEL D. CROWLEY<br><br>                                  Defendant | Case No. 04-1565 (SLR) |

**DEFENDANT'S UNOPPOSED MOTION FOR
LEAVE TO FILE AN AMENDED ANSWER**

Defendant Daniel D. Crowley ("Crowley"), by his counsel, hereby moves the Court, for leave to amend his Answer pursuant to Federal Rule of Civil Procedure 15(a). The proposed Amended Answer and a copy of the proposed Amended Answer indicating the changes are attached hereto as Exhibit A, pursuant to D. Del. LR. 15.1. In support of this Motion, Crowley respectfully states as follows:

### I.     INTRODUCTION

1.     Crowley, moves this Court for leave to amend his Answer to add five affirmative defenses, pursuant to Federal Rule of Civil Procedure 15(a), which states that leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The motion is unopposed. Justice demands that Crowley be allowed to proffer a complete and vigorous defense. The affirmative defenses Crowley seeks leave to add are legitimate and their amendment is warranted by facts in evidence. Moreover, discovery in this litigation is still in its early stages. Thus, the Chapter 11 Trustee ("Trustee") will face no prejudice from this amendment (and, by stating his non-opposition, claims none). Nor has Crowley acted in bad faith or with undue delay. Crowley's motion for leave to amend should be granted.

## II.     BACKGROUND

2.     Plaintiff Arlin M. Adams, the Chapter 11 bankruptcy trustee of Coram Healthcare Corp. and Coram, Inc. ("Trustee") filed a Complaint on December 29, 2004, against Crowley, the former CEO and Chairman of the Board of both Coram Healthcare Corp. and Coram, Inc. (collectively "Coram"), as well as against former members of Coram's Board of Directors[1] Crowley filed an Answer on February 22, 2005.  In August 2005, the parties agreed to stay the case and pursue mediation.  The case was stayed from August 15, 2005, until March 28, 2006.  In March 2006, Crowley replaced his lead counsel, hiring Keker & Van Nest LLP.

3.     On April 25, 2006, this Court signed a Scheduling Order for the case, which included a provision that amended pleadings would be due by May 26, 2006.  The parties, on November 14, 2006, moved this Court for an extension of certain deadlines in the Court's prior scheduling order, citing among other factors "the large quantity of documents produced in discovery in this case."  *See Joint Motion for Extension of Time to Motion for Extension of Certain Deadlines Contained in the Court's April 25, 2006 Scheduling Order* [Docket No. 76], *and Amended Motion for Extension of Time to Amended Joint Motion for Extension of Certain Deadlines Contained in the Court's April 25, 2006 Scheduling Order* [Docket No. 77].  Granting the motion, this Court ordered that fact discovery would continue until March 23, 2007, summary judgment motions could be filed until April 17 2007, and trial would remain set for September 17, 2007.  *See Order* dated November 15, 2006.

4.     While working diligently to review the voluminous files from this multi-year, multi-forum dispute, new counsel discovered that several affirmative defenses apparent from the discovery reviewed in the case had not been pled.  The additional affirmative defenses would be unclean hands/*in pari delicto*, causation/indemnity; failure to mitigate damages; comparative/contributory fault; and reliance on counsel/professionals.  *See* Exhibit A.

5.     On January 11, 2007, one of Crowley's counsel Warren A. Braunig sent a letter to

---

[1] The claims against the other Board Members were terminated in a consent judgment entered by this Court on June 1, 2006.  *See Consent Judgment in Favor of Trustee and Against Defts. Donald J. Amaral, William L. Casey, L. Peter Smith, and Sandra L. Smoley in the Amount of $9,500,000.00* [Docket # 72].

the Trustee's counsel Barry Bressler and Will Kipnes, seeking the Trustee's consent to Crowley's amending of his Answer to include certain affirmative defenses and attaching a copy of the proposed Amended Answer. *See Declaration of R. James Slaughter Pursuant to D. Del. LR. 7.1.1.* ("Slaughter Declaration"). On January 23, 2007, the Trustee responded, via counsel, that while he would not consent to the amended answer, he would not oppose a motion for leave to amend. *Id.*. No depositions have yet been taken in this case and there are still two months remaining for fact discovery.

### III.    ARGUMENT

6. A party may amend its answer "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Third Circuit has often stated: "Under the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the [movant], or prejudice to the [nonmovant] as a result of the delay." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 867-68 (3d Cir. 1984)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave should be "freely given" in the absence of undue delay, bad faith, repeated failure to cure deficiencies in amendments previously allowed, undue prejudice or futility). The courts of this circuit take a liberal approach to amendments to "ensure that claims will be decided on the merits rather than on technicalities." *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 419 (D.N.J. 2005). This liberal interpretation of the right to amend fully "extends to an answer to the complaint." *Long*, 393 F.3d at 400.

7. Each of the relevant factors weighs in favor of granting Crowley's motion here. First, Crowley's motion for leave to amend was not brought in bad faith. The question of "bad faith" requires an examination of the moving party's motives for not amending earlier. *See Adams*, 739 F.2d at 868. Crowley, and his counsel, only came to understand the appropriateness of raising these defenses during the course of discovery and following additional legal research; upon discovering that such defenses had not been pled in the original Answer filed by Crowley's prior counsel, Crowley immediately sought consent from the Trustee to include them. *See*

Slaughter Declaration. Moreover, Crowley hired new counsel in March 2006 and the tremendous amount of documentary evidence in this case made it more difficult than usual to identify all available defenses. The "bad faith" required to deny leave to amend typically requires "'sharp practice' tactics" such as seeking to add a defendant in order to destroy diversity jurisdiction. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1095 (S.D. Cal. 2002). There is no indication whatsoever that Crowley acted from a dilatory or malicious motive in filing his motion for leave to amend.

8.  Second, there has been no undue delay here. This motion to leave follows a lengthy period in which the case was stayed by this Court for the purpose of mediation and in which a related and parallel proceeding involving the same parties in the District of Colorado occupied their primary attention. Current out-of-state counsel have been involved for less than a year and fact discovery has been in progress for less than three months. Moreover, the policy of freely granting leave to amend a pleading persists until entry of a final judgment, *Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001); Fed. R. Civ. P. 15(b); and mere passage of time does not make a delay undue unless it causes real detriment to the opposing side or to the judiciary. *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1197 & n.19 (3d Cir. 1994) (Becker, J., concurring); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006) ("The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case.") Given the Trustee's non-opposition to this motion, it seems clear that no such harm exists.

9.  Third, on a related note, there will be no prejudice to the Trustee by allowing Crowley leave to amend. No depositions have been taken yet in this case. Thus, to the degree the Trustee wishes to explore these defenses in depositions or further discovery, he will have a full and fair opportunity to do so. Moreover, this case is still in the early stages of discovery— fact discovery does not end until March 23, meaning there is still time to propound additional fact discovery—and trial is still eight months away. *See Bechtel v. Robinson*, 886 F.2d 644, 652-53 (3d Cir. 1989). In fact, the Trustee only filed his first requests for document production and interrogatories on January 19, 2007, *eight days after* Crowley had sought the Trustee's consent to

this amendment. Thus, this amendment will cause minimal additional expense on the Trustee's behalf and will not further delay resolution of the dispute. *See Long*, 393 F.3d at 400.

    10.    Fourth, and finally, the amendment to add affirmative defenses is not futile. The defenses to be added—unclean hands/*in pari delicto*, causation/indemnity; failure to mitigate damages; comparative/contributory fault; and reliance on counsel/professionals—each would constitute a complete or partial bar to recovery for the Trustee under the facts of this case. This is all that is required. *See Hairston-Lash v. R.J.E. Telecom, Inc.*, 2000 WL 1618473, *2 (E.D. Pa. 2000) ("Where a party opposes an amendment on the ground of futility, leave to amend an Answer in order to assert an affirmative defense should be denied 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient defense.'" (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988))).

## IV.    CONCLUSION

    11.    Therefore, because Crowley acted in good faith in making this motion for leave to amend, amending would not cause undue delay to this Court nor prejudice to the Trustee, and the affirmative defenses to be added would not be futile, the Court should grant Crowley's motion for leave to amend.

## V.    WAIVER OF OPENING BRIEF

    12.    Crowley hereby waives his right to file an opening brief in support of the Motion, Crowley expressly reserves his right to file reply papers.

WHEREFORE, Defendant Daniel D. Crowley respectfully requests that this Court enter an order that grants Crowley leave to file amend his answer and such other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: January 26, 2007 | **/s/ Christina M. Thompson**<br>JEFFREY WISLER (DE 2795)<br>CHRISTINA M. THOMPSON (DE 3976)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>The Nemours Building<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>Telephone: (302) 658-9141<br>Facsimile: (302) 658-0380<br>Email: jwisler@cblh.com<br>Email: cthompson@cblh.com<br><br>ELLIOT R. PETERS<br>LAURIE CARR MIMS<br>KEKER & VAN NEST, LLP<br>710 Sansome Street<br>San Francisco, CA 94111-1704<br>Telephone: (415) 391-5400<br>Facsimile: (415) 397-7188<br>Email: epeters@kvn.com<br>Email: lmims@kvn.com<br><br>Attorneys for Defendant<br>DANIEL D. CROWLEY |

#518085