IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM, INC., a Delaware Corporation,<br><br>                                Plaintiffs,<br><br>v.<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, AND SANDRA L. SMOLEY,<br><br>                                Defendants. | Case No. 04-1565 (SLR)<br><br>JURY TRIAL DEMANDED |

## DANIEL D. CROWLEY'S
## AMENDED ANSWER TO COMPLAINT

Defendant Daniel D. Crowley ("Crowley"), by and through his undersigned counsel, answers the *Complaint* [D.I. 1] ("Complaint") as follows:

Crowley objects to the allegations in the introductory paragraph of the Complaint and moves that they be stricken for failure to comply with Fed. R. Civ. P. 8(a). That Rule requires that a "pleading which sets forth a claim for relief. . .shall contain . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Notwithstanding such objection, to the extent the allegations contained in the introductory paragraph constitute undisputed matters of public record, Crowley admits said allegations. Otherwise, the allegations contained in said paragraph are denied.

    1.    Admitted.

    2.    Admitted.

    3.    Admitted

387632.01

4. Crowley lacks sufficient information and belief to admit or deny the allegations of this paragraph.

5. Crowley lacks sufficient information and belief to admit or deny the allegations of this paragraph.

6. Crowley lacks sufficient information and belief to admit or deny the allegations of this paragraph.

7. Crowley lacks sufficient information and belief to admit or deny the allegations of this paragraph.

## JURISDICTION AND VENUE

8. The allegations of this paragraph state legal conclusions to which no response is required.

9. The allegations of this paragraph state legal conclusions to which no response to required.

## FACTUAL ALLEGATIONS

10. Crowley lacks sufficient information and belief to admit or deny the allegations of this paragraph.

11. Crowley lacks sufficient information and belief to admit or deny the allegations of this paragraph.

12. Crowley lacks sufficient information and belief to admit or deny the allegations of this paragraph.

13. Admitted, except that the initial arrangement was less, but increased when Crowley's duties increased.

14. Crowley lacks sufficient information and belief to admit or deny the allegations of this paragraph.

15. Crowley lacks sufficient information or belief to admit or deny the allegations of the first and second sentences. Denied as to the third sentence. The last sentence is admitted as to Dynamic Healthcare Solutions, but denied as to Crowley personally.

16. Crowley lacks sufficient information and belief to admit or deny the allegations of

387632.01

1

this paragraph.

17. Admitted that Crowley wrote the letter attached as Exhibit A. The balance of the allegations of this paragraph, including Plaintiff's characterization of the letter, are denied.

18. Crowley lacks sufficient information and belief to admit or deny the allegations of this paragraph.

19. Admitted that Crowley wrote the letter attached as Exhibit A. The balance of the allegations of this paragraph, including Plaintiff's characterization of the letter, are denied.

20. Admitted.

21. Admitted.

22. Admitted, except that the base salary was $80,000 per month.

23. Denied.

24. Denied.

25. Denied.

26. Admitted that Dynamic was reimbursed for rent for suite 1260, which Coram used. This payment was a straight pass through. Coram took a month's full rent and refused to make payment, paid nothing for depreciation, and used Dynamic's equipment, furniture and fixtures. The balance of the allegations of this paragraph are denied.

27. Admitted that Crowley sent the letter, a portion of which is accurately quoted. The balance of the allegations of this paragraph are denied.

28. Admitted that Feinberg and Crowley negotiated an amendment to Crowley's employment agreement that was approved by Feinberg and Peter Smith and ratified by the Board of Directors. Further admitted that a compensation consultant was not hired. Crowley lacks sufficient information and belief to admit or deny the balance of the allegations of this paragraph.

29. Admitted.

30. Denied.

31. Denied.

32. Admitted

33. Admitted.

34. Admitted as to the first and third sentences. Denied as to the second sentence.

35. Admitted.

36. Admitted that this is what the Court said.

37. Denied.

38. Denied.

39. Admitted.

40. Crowley lacks sufficient information and belief to admit or deny what Goldin envisioned. The balance of the allegations of this paragraph are admitted.

41. Crowley lacks sufficient information and belief to admit or deny the allegations of the first sentence. Upon information and belief, Goldin's investigation was far-reaching and not limited in any way by the Board or Crowley. The balance of the allegations of this paragraph are admitted.

42. The pejorative implication is denied. Otherwise, admitted.

43. Admitted.

44. Admitted that this is what the court said.

45. Admitted that this is what the court said.

46. Admitted that this is what the court said.

47. Admitted that this is what the court said.

### REPLY TO COUNT I
### AGAINST CROWLEY FOR BREACH OF FIDUCIARY DUTY

48. Crowley realleges his prior responses.

49. Admitted that Crowley was a director and officer of Coram. The balance of the allegations of the first sentence of this paragraph state legal conclusions to which no response is required. Denied that Crowley breached any fiduciary duties to Coram. The balance of the allegations of this paragraph are denied.

50. Denied

## REPLY TO COUNT II
## AGAINST AMARAL, CASE, SMITH, AND
## SMOLEY FOR BREACH OF FIDUCIARY DUTIES

Count II is not directed at Crowley.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim against Crowley upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This action should be transferred under 28 USC §1404(a) to the District of Colorado.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from asserting the claims set forth in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of the purported claims alleged in the complaint.

### FIFTH AFFIRMATIVE DEFENSE

Crowley is entitled to set off the value he provided from any alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under such equitable doctrines as the evidence demonstrates, including but not limited to the doctrines of unclean hands and *in pari delicto*.

### SEVENTH AFFIRMATIVE DEFENSE

The damages suffered by Plaintiff, if any, were the result of acts, conduct or omissions of persons other than Crowley for whom Crowley was not responsible, and from whom Crowley was entitled to indemnity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or his damages, if any, are reduced by Plaintiff's failure to mitigate or minimize the damages, if any, he may have suffered.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's (and Plaintiff's agents') own comparative or contributory fault and/or negligence.

## TENTH AFFIRMATIVE DEFENSE

Crowley is not liable for Plaintiff's damages because he relied on the advice of professionals, including but not limited to attorneys and financial professionals retained by Coram.

WHEREFORE, Defendant Daniel D. Crowley asks that the complaint be dismissed with prejudice.

Dated: January 26, 2007

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Jeffrey C. Wisler

Jeffrey C. Wisler (#2795)
Christina M. Thompson (#3976)
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

and

KEKER & VAN NEST, LLP
Elliot R. Peters
Laurie Carr Mims
710 Sansome Street
San Francisco, CA 94111-1704
(415) 391-5400

Attorneys for Defendant
Daniel D. Crowley