AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corp., et al.
v.
DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, AND SANDRA L. SMOLEY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Misc.

Pending in the U.S. District Court for the District of Delaware - Case No. 04-1565(SLR)

TO: Will K. Weinstein
GENESIS CAPITAL MANAGEMENT
909 Montgomery Street, Suite 500, San Francisco, CA 94133

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Keker & Van Nest, LLP<br>710 Sansome Street, San Francisco, CA 94111 | March 2, 2007<br>9:00 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Keker & Van Nest, LLP<br>710 Sansome Street, San Francisco, CA 94111 | February 21, 2007 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature] Elliot R. Peters* | February 6, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Elliot R. Peters
Keker & Van Nest, LLP   710 Sansome St., San Francisco, CA 94111   (415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "YOU" and "YOUR" mean Will K. Weinstein, your employees, attorneys, agents and advisors, and anyone acting on your behalf; and Jackson Square Partners, Jackson Square Management, Genesis Capital Management, and the Will K. Weinstein Revocable Trust UTA, and any of their domestic and foreign predecessors, successors, parents, subsidiaries, divisions, affiliates, partnerships, joint ventures, or other entities within their operation or control, and their respective present and former general and limited partners, members, managers, officers, directors, employees, attorneys, agents and advisors, and anyone acting on their behalf.

2. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

3. "COMMUNICATION" means any provision, receipt, or exchange of any information in any manner or form, including any oral, telephonic, written, electronic or other means of communication.

4. "AFFILIATE" means any person or entity controlled or operated by, or controlling, operating, or under common control with, any other person or entity.

384921.01

5. "RELATING TO" means in whole or in part constituting, containing, concerning, discussing, referring, describing, analyzing, identifying, evidencing, or stating.

6. The singular form of a word should be interpreted as plural wherever necessary to bring with the scope of the request any information that might otherwise be construed to be outside its scope.

7. The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

8. Unless otherwise indicated, each matter or request listed below shall cover the period from January 1995 to the present.

9. In responding to these Requests, you are required to furnish all documents that are available to you, including documents in the possession, custody or control of your attorneys, officers, agents, employees, accountants, consultants, representatives, or any persons directly or indirectly employed by or connected with you or your attorneys or anyone else subject to your control. All documents that are responsive, in whole or in part, to any portion of this Request shall be produced in their entirety, including all attachments.

10. All documents should be produced as they are kept in the ordinary course of business or should be organized and labeled to correspond to the specific requests to which they are responsive. All documents should be produced in any file folder or carton in which they have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found.

384921.01

11. If and to the extent that you object to any Request, state with specificity all grounds for any such objection.

12. If you assert any claim of privilege to object to any Request, and you do not respond based upon that asserted privilege, state or identify with respect to each such privilege objection: (a) the privilege upon which you are relying; and (b) with respect to any specific document(s) as to which you assert a privilege, provide a privilege log corresponding to all such documents.

## DOCUMENTS REQUESTED

1. All DOCUMENTS OR COMMUNICATIONS RELATING TO YOUR investment(s) in Coram Healthcare Corp and Coram, Inc., including but not limited to DOCUMENTS OR COMMUNICATIONS relating to YOUR purchase or sale of Coram Healthcare Corporation or Coram, Inc. stock, either on YOUR behalf or on behalf of others.

2. All DOCUMENTS OR COMMUNICATIONS RELATING TO the Official Committee of Equity Security Holders of Coram Healthcare Corporation (the "Equity Committee").

3. All COMMUNICATIONS to or from Samuel Zell, Donald Liebentritt, Richard Levy, Mark Slezak or Richard Haydon RELATING TO Coram Healthcare Corporation, Coram, Inc., or Daniel Crowley.

4. All DOCUMENTS OR COMMUNICATIONS RELATING TO the Chapter 11 bankruptcy proceedings of Coram Healthcare Corporation and Coram, Inc. (Case No. 00-3299) including but not limited to DOCUMENTS OR COMMUNICATIONS RELATING TO the Debtors' Joint Plan Pursuant to Chapter 11 of the United States Bankruptcy Code, the Debtors' Second Joint Plan Pursuant to Chapter 11 of the United States Bankruptcy Code, the Plan of Reorganization of the Official Committee of Equity Security Holders of Coram Healthcare Corporation and Coram, Inc., and the Chapter 11 Trustee's Joint Plan of Reorganization.

5. All DOCUMENTS OR COMMUNICATIONS RELATING TO the captioned lawsuit filed by Arlin M. Adams against Daniel Crowley.

384921.01