✎AO88  (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

Northern     DISTRICT OF     Illinois

Arlin M. Adams, Chapter 11 Trustee

V.

Daniel D. Crowley

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-1565-SLR (D. Del.)

TO: Much Shelist Denenberg Ament & Rubenstein, P.C.
c/o Anthony C. Valiulis, Esquire
191 North Wacker Drive, Suite 1800
Chicago, IL  60606-1615

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents idenitified on Exhibit A annexed hereto.

| PLACE | DATE AND TIME |
|---|---|
| Schnader Harrison Segal & Lewis LLP<br>824 N. Market Street, Suite 1001, Wilmington, DE  19801-3011 | 3/16/2007 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| s/ Michael J. Barrie | 3/8/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael J. Barrie, Esquire
Schnader Harrison Segal & Lewis LLP, 824 N. Market Street, Suite 1001, Wilmington, DE  19801 (302) 888-4554

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ARLIN M. ADAMS, as Chapter 11 Trustee of the Bankruptcy Estates of Coram Healthcare Corp., a Delaware Corporation, and Coram, Inc., a Delaware Corporation, | : : : : : : | |
| Plaintiff, | : : | |
| v. | : : : | Case No. 04-1565 (SLR) |
| DANIEL D. CROWLEY, | : : : | |
| Defendant. | : : | |

**EXHIBIT A TO SUBPOENA FOR
DOCUMENTS DIRECTED AT
MUCH SHELIST DENENBERG AMENT &
RUBENSTEIN, P.C.**

**DOCUMENTS TO BE PRODUCED**

**I.    INSTRUCTIONS**

1.    With respect to the documents to be produced as set forth herein, you are to produce at your deposition all documents in your possession, custody or control in the usual course of business or organized and labeled to correspond with each numbered paragraph of these Requests.

2.    If any document requested herein cannot be produced in full for any reason, you are to produce as much of the document as possible.

3.    In the event that you withhold any document, or any portion of any document, within the scope of these Requests from production upon a claim of privilege, work product, or

for any other reason, you are to provide a list identifying each document so withheld, together with the following:

      A.    A statement of the basis of the claim of privilege, work product, or other ground of withholding the document from disclosure;

      B.    A brief description of the document, including the date of the document, the number of pages and a description of any attachments or appendices, the name(s) of its author(s) or preparer(s) and its recipient(s) or cc: recipient(s) and the identify of each such person, and a summary of the subject matter of the document; and

      C.    The paragraph number of the request to which the withheld document relates.

4.    These documents requests excluded any document previously produced to the Trustee and labeled CRX 000001-001635.

## II.    DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "**Address**" means the present or last-known street name and number, city or town, state, zip code and telephone number.

2.    "**All documents**" means every document, whether an original or copy as above defined, known to you and every such document which can be located or discovered by reasonably diligent efforts.

3.    "**Bankruptcy Case**" shall mean the cases commenced by the Coram on the Petition Date under chapter 11 of title 11 of the United States Code.

4.    "**Cerberus**" shall mean Cerberus Partners, L.P. and its predecessors, successors, affiliates, parents, subsidiaries, assigns, and its past and present officers, directors, employees, agents, advisors, representatives, attorneys, accountants and other professionals.

5. **"Consulting Agreement"** shall mean the written agreement between Cerberus effective as of August 1, 1999, a copy of which is attached as Exhibit A to the Trustee's complaint.

6. **"Coram"** shall mean collectively, Coram Healthcare Corporation and Coram, Inc.

7. **"Crowley"** shall mean Daniel D. Crowley.

8. "**Document**" means all written or printed matter of any kind known to you, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegraphs, minutes, resolutions, agendas, contracts, agreements, reports, studies, checks, notes, statements, drafts, invoices, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversation, bulletins, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or manual records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiches, microfilms, video tapes, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including without limitation, tapes, cassettes, discs and recordings). "**Document**" also includes any electronically transmitted or maintained communication including but not necessarily limited to facsimile transmissions, e-mail, web transmissions, and any and all other communications of which no physical paper exists, whether or not an attempt has been made to delete or purge such communications. **"Document"** shall exclude any document (a) previously produced to the Trustee, and (b) labeled CRX 000001-001635.

9. **"Dynamic"** shall mean Dynamic Health Care Solutions, L.L.C. and its predecessors, successors, affiliates, parents, subsidiaries, assigns, and its past and present officers, directors, employees, agents, advisors, representatives, attorneys, accountants and other professionals.

10. **"Evidencing**," **"relating to**," **"reflecting"** or **"referring to"** means constituting, evidencing, reflecting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, pertaining to, concerning, relating or referring to, directly or indirectly.

11. **"Feinberg"** shall mean Stephen Feinberg.

12. "**Identify**" or "**identity**" or "**identification**" means, when used in reference to:

    A.     a natural person:

        (a)     his or her full name;

        (b)     present or last-known home address (including street name and number, city or town, state, zip code, and telephone number);

        (c)     present or last-known business address; and

        (d)     present or last-known occupation, position, business affiliation, and job title or description;

    B.     a company, corporation, association, partnership, or any legal entity other than a nature person:

        (a)     its full name;

        (b)     a description of the type of organization or entity;

        (c)     the full address of its principal place of business;

        (d)     the jurisdiction of its incorporation or organization; and

        (e)     the date of its incorporation or organization;

    C.    a document:

        (a)    its description (for example, letter, memorandum, report);

        (b)    its title;

        (c)    its date;

        (d)    the number of pages therein;

        (e)    its subject;

        (f)    the identity of its author, signatory or signatories and any person who participated in its preparation;

        (g)    the identity of its addressee or recipient;

        (h)    the identity of each person to whom copies were sent and each person by whom copies were received;

        (i)    its present location; and

        (j)    the identity of its present custodian (if any such document was, but is no longer, in the your possession or control, state what disposition was made of it and when);

    D.    an oral communication:

        (a)    the date and time when it occurred;

        (b)    the place where it occurred;

        (c)    the complete substance of the communication;

        (d)    the identity of each person:

        (e)    to whom such communication was made;

        (f)    by whom such communication was made; and

        (g)    who was present when such communication was made;

    E.    if by telephone:

    (a) the identity of each person:

    (b) who made each telephone call;

    (c) who participated in each call;

    (d) the place where each person participating in each call was located;

and

    (e) the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

  13. **"Noteholders"** shall mean collectively Cerberus, Goldman Sachs Credit Partners, L.P., and Wells Fargo Foothill, Inc. (f/k/a Foothill Capital Corporation) and their respective predecessors, successors, affiliates, parents, subsidiaries, assigns, and its past and present officers, directors, employees, agents, advisors, representatives, attorneys, accountants and other professionals.

  14. "**Oral communication**" shall include any communication between two or more persons, whether face-to-face or via the telephone or another electronic or other medium (such as via a computer terminal).

  15. "**Person**" shall mean an individual, corporation, proprietorship, partnership, association, and any other institution or organization.

  16. "**Petition Date**" shall mean the August 8, 2000, the date Coram filed their respective petitions for relief under Title 11 of the United States Code.

  17. "**Possession, custody or control**" of documents means possession, custody or control by you, including your respective attorneys, agents, representatives, members, shareholders, principals, and employees, at any time up to and including these proceedings.

18.  **"Trustee"** or **"Plaintiff"** shall mean Arlin M. Adams, as Chapter 11 Trustee for the bankruptcy estates of Coram.

19.  "**You**" and **"Your"** shall mean Much Shelist Denenberg Ament & Rubenstein, P.C. (f/k/a Much Shelist Freed Denenberg Ament Bell & Rubenstein, P.C.) and its agents, attorneys, employees, members, principals, associates, or shareholders.

20.  The conjunctions "**and**" and "**or**" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of the request.

### III.  DOCUMENTS TO BE PRODUCED AT DEPOSITION

1.  All communications between you and Cerberus or any Noteholder.

2.  All invoices, time sheets and billing diaries for services rendered by you for Crowley.

3.  All invoices, time sheets and billing diaries for services rendered by you for Dynamic.

4.  All communications between Crowley and Cerberus or any Noteholder.

5.  All documents relating to the Consulting Agreement, including all documents relating to any suspension and/or termination of the Consulting Agreement, including any agreements, drafts of agreements, emails, correspondence and notes.

6.  All documents relating to Crowley's employment with Coram, including any agreements, drafts of agreements, emails, correspondence and notes.

7.  All documents relating to services performed by Crowley for Cerberus.

8.  All documents that you produced to the Equity Committee on behalf of Crowley.