**EXHIBIT B-4**

# Schnader
ATTORNEYS AT LAW

1600 MARKET STREET   SUITE 3600
PHILADELPHIA, PA 19103-7213
215.751.2000   FAX 215.751.2205   schnader.com

BARRY E. BRESSLER
Direct Dial 215-751-2050
Direct Fax 215-751-2205
Internet Address: bbressler@schnader.com

December 24, 2002

**VIA FACSIMILE #312-621-1750**

Scott N. Schreiber, Esquire
Much Shelist Freed Denenberg Ament & Rubenstein
200 North LaSalle Street, Suite 2100
Chicago, IL 60601

Re:   In re: Coram Healthcare Corp., Debtor
       /Daniel D. Crowley

Dear Mr. Schreiber:

Per our additional discussions, Arlin M. Adams, the Chapter 11 Trustee for Coram Healthcare Corporation ("Coram") has modified the proposed terms for a termination agreement and extension of employment with Daniel D. Crowley ("Dan"), subject to approval of the Bankruptcy Court, to include the following terms:

1. Dan has terminated his prior Employment Agreement, as amended ("Employment Agreement") and the Trustee has filed a "placeholder" motion to reject Dan's old Employment Agreement.

2. Under the proposed termination and employment extension agreement ("Transition Agreement"), the Trustee and Dan agree that commencing January 1, 2003 Dan will continue to render essentially the same services to Coram as he has heretofore for a term not to exceed the earlier of (a) six (6) months from January 1, 2003; (b) the date on which a Plan is confirmed by final order of a court having jurisdiction in the Coram Bankruptcy ("final order"); or (c) the substantial consummation of a Plan in the Coram Bankruptcy. The term could be extended once for up to an additional sixty (60) days, if a final order has not been entered on or before June 30, 2003, unless either party terminates the arrangement on thirty (30) days' prior written notice.

Schnader Harrison Segal & Lewis LLP
BOSTON,MA   NEW YORK,NY   PHILADELPHIA,PA   PITTSBURGH,PA   SAN FRANCISCO,CA   WASHINGTON,DC
CANONSBURG,PA   CHERRY HILL,NJ   HARRISBURG,PA

PHDATA-1026985_1

CH-11 TRUSTEE/
CrowleyAdmin008047

# Schnader
ATTORNEYS AT LAW

Scott N. Schreiber, Esq.
December 24, 2002
Page 2

3.  Dan's current at will employment will continue until December 31, 2002 on the same terms and conditions as under the old Employment Agreement, while we finalize the Transition Agreement and submit it to the Bankruptcy Court. Through December 31, 2002, Dan will receive the same monthly salary and benefits as under the Employment Agreement.

4.  Under the Transition Agreement, beginning January 1, 2003, Coram will pay Dan a base monthly salary of $80,000.00 ("Monthly Salary") payable as heretofore and continue to reimburse direct costs and expenses incurred by Dan or Dynamic Healthcare Solutions ("Dynamic") on behalf of Coram or Coram's employees occupying space in Sacramento, California on the same basis as heretofore during Coram's bankruptcy proceedings. If during the six months of the Transition Agreement the Trustee terminates Dan without cause, Dan would still be entitled to be paid his Monthly Salary for the balance of the six month period. If during that period Dan is terminated for cause, Dan would not be paid the Monthly Salary for the balance of the six month period.

5.  Under the Transition Agreement, Coram will continue to provide the other perquisites and benefits that Coram currently provides to Dan under the old Employment Agreement, including health, dental and disability insurance on the same basis as made available to senior executives of Coram, $1,000,000.00 of whole life coverage, an $1,800.00 transportation allowance, corporate housing in Denver on the same basis as heretofore, gross up for taxes on certain benefits on the same basis as heretofore, reasonable expenses incurred in the course of Dan's rendering services for Coram and tax preparation costs of $10,000.00 for the six months of the Transition Agreement. As heretofore, Dan may maintain his interest in Dynamic and during the term of the Transition Agreement, Dan agrees on behalf of Dynamic that it may consult with other companies not in direct competition with Coram, except for the Noteholders/preferred stockholders or their affiliates for which neither Dynamic nor Dan shall consult, so long as such consulting does not substantially detract from Dan rendering the necessary time and effort to continue to guide Coram on the same basis as heretofore.

6.  During the Transition Agreement, Coram would continue to maintain D&O coverage covering Dan to the same extent available to all Coram officers and directors.

7.  In consideration of Dan's agreement to forego other opportunities during the Transition Period and in partial recognition of his efforts over the past nine (9) months, the Trustee will pay Dan a stay and performance payment totaling $1,000,000.00 ("Stay Bonus"). This will be accomplished by reimbursement for counsel fees (not to exceed $200,000.00) paid on approval of the Transition Agreement by the Court, with the balance of $800,000.00 paid as a stay bonus paid at the end of the six month period or upon a final confirmation order, whichever first occurs. Dan will be entitled to the Stay Bonus whether or not a final confirmation order is entered.

**Schnader**
ATTORNEYS AT LAW

Scott N. Schreiber, Esq.
December 24, 2002
Page 3

8. The Transition Agreement will be governed by Colorado law, as was Dan's old Employment Agreement, and will be enforceable by either party in the Bankruptcy Court.

9. The Transition Agreement will be subject to approval of the Bankruptcy Court. The Transition Agreement will have an effective date of, and the Trustee will request the Bankruptcy Court to approve it as of, January 1, 2003.

10. The Trustee will agree, after consultation with Dan, on an appropriate job title during the Transition Agreement, which tentatively will be Chief Transition and Restructuring Officer.

Sincerely,

*Barry E. Bressler*

BARRY E. BRESSLER

BEB/sh
Cc: Arlin M. Adams, Chapter 11 Trustee
    Mr. Daniel D. Crowley

Agreed as to Terms and Conditions

DANIEL D. CROWLEY

_____

ARLIN M. ADAMS, CHAPTER 11 TRUSTEE

*Arlin M. Adams*

```
DEC-24-2002  14:32              MUCH SHELIST FDR                         561121    P.04/04
 12/24/2002  13:19                                                                 NO.818  D04
```

# Schnader
ATTORNEYS AT LAW

Scott N. Schreiber, Esq.
December 24, 2002
Page 3

    8.    The Transition Agreement will be governed by Colorado law, as was Dan's old Employment Agreement, and will be enforceable by either party in the Bankruptcy Court.

    9.    The Transition Agreement will be subject to approval of the Bankruptcy Court. The Transition Agreement will have an effective date of December 16, and the Trustee will require the Bankruptcy Court to approve it as of January 1, 2003.

    10.    The Trustee will agree, after consultation with Dan, on an appropriate job title during the Transition Agreement, which tentatively will be Chief Transition and Restructuring Officer.

Sincerely,

*[signature: Barry E. Bressler]*

BEB/sh
Cc:  Arlin M. Adams, Chapter 11 Trustee
      Mr. Daniel D. Crowley

Agreed as to Terms and Conditions

DANIEL D. CROWLEY

*[signature: Daniel D. Crowley 24Dec02]*

ARLIN M. ADAMS, CHAPTER 11 TRUSTEE

*[signature: Arlin M. Adams]*

CH-11 TRUSTEE/
CrowleyAdmin008050

Schnader Harrison Segal & Lewis LLP

PHDATA 1025915_1

TOTAL P.04

EC-11

# Schnader
### ATTORNEYS AT LAW

1600 MARKET STREET  SUITE 3600
PHILADELPHIA, PA 19103-7213
215.751.2000  FAX 215.751.2205

January 7, 2003

**BARRY E. BRESSLER**
Direct Dial 215-751-2050
Direct Fax 215-751-2205
Internet Address: bbressler@schnader.com


EXHIBIT
Trustee 37
2-25-03

<u>VIA FACSIMILE #312-621-1750</u>

Scott N. Schreiber, Esquire
Much Shelist Freed Denenberg Ament & Rubenstein
200 North LaSalle Street, Suite 2100
Chicago, IL 60601

       Re:    In re: Coram Healthcare Corp., Debtor
                /Daniel D. Crowley

Dear Mr. Schreiber:

       Per our additional discussions, Arlin M. Adams, the Chapter 11 Trustee for Coram Healthcare Corporation ("Coram") and Daniel D. Crowley ("Dan") have entered into a letter agreement (the "Transition Agreement") for terminating Dan's prior Employment Agreement and extending his employment. The Transition Agreement will be submitted to the Bankruptcy Court for approval.

       This letter will serve to reflect the intent as to an additional settlement agreement ("Settlement Agreement") to be entered into between the Trustee and Dan, subject to a formal agreement being drawn and subject, of course, to approval of the Bankruptcy Court. The Settlement Agreement is being negotiated and finalized in connection with the Transition Agreement, and will include the following terms:

       1.  All of Dan's contractual and employment claims for performance bonuses, KERP, MIP, and otherwise, including any and all claims under his old Employment Agreement, not dealt with in the Transition Agreement, will be compromised and satisfied by an additional payment, upon final Plan confirmation, of $2,000,000 and the exchange of releases provided below.

       2.  Dan will release the Trustee and Debtors from any further claims as part of the Plan and the Trustee and Debtors will in turn release Dan from all proposed derivative claims and any other claims arising out of or related to such proposed derivative claims that the Trustee,

Schnader Harrison Segal & Lewis LLP
BOSTON,MA  NEW YORK,NY  PHILADELPHIA,PA  PITTSBURGH,PA  SAN FRANCISCO,CA  WASHINGTON,DC
CANONSBURG,PA  CHERRY HILL,NJ  HARRISBURG,PA

PHDATA 1068531_2

CH-11 TRUSTEE



**Schnader**
ATTORNEYS AT LAW

Scott N. Schreiber, Esq.
January 7, 2003
Page 2

Coram, any subsidiaries, or any committees or entities claiming through them, may have against Dan, to the fullest extent approved by the Bankruptcy Court.

3. The parties contemplate that the formal agreement reflecting the above will be finalized by January 31, 2003, and will be presented to the Bankruptcy Court for approval thereafter, but in any event before a Plan to be proposed by the Trustee on or before February 28, 2003.

4. If the Bankruptcy Court fails to approve the Settlement Agreement, all of the undertakings of the parties will be void and the parties will return to their previous positions, retaining all claims which exist and all defenses thereto. The parties will only be legally bound upon approval of the formal agreement by the Bankruptcy Court.

Sincerely,

*/s/ Barry E. Bressler*

BARRY E. BRESSLER

cc: Arlin M. Adams, Chapter 11 Trustee
    Mr. Daniel D. Crowley

The Terms and Conditions above are hereby agreed to:

DANIEL D. CROWLEY

_____

ARLIN M. ADAMS, CHAPTER 11 TRUSTEE

*/s/ Arlin M. Adams*

Schnader Harrison Segal & Lewis LLP

PHDATA 1068521_2
CH-11 TRUSTEE

# Schnader
ATTORNEYS AT LAW

1600 MARKET STREET  SUITE 3500
PHILADELPHIA, PA 19103-7213
215.751.2000  FAX 215 751 2205  schnader.com

Barry E. Bressler, Esq.
215-751-2050
Fax 215-751-2205

## TELECOPIER TRANSMISSION COVER SHEET

### January 7, 2003

| | |
|---|---|
| SEND TO: | Scott N. Schreiber Esquire |
| COMPANY: | Much Shelist |
| FAX #: | (312) 621-1750 |
| PHONE #: | (312) 621-1485 |
| FROM: | Barry E. Bressler, Esq. |
| CLIENT #: | 3002511/0001 |
| ATTY #: | 01296 |
| RE: | Coram |

NUMBER OF PAGES INCLUDING COVER PAGE: 3

COMMENTS:

CH-11 TRUSTEE
006523

IF THERE IS A PROBLEM, CALL: 215-751-2051

The information contained in this fax communication is transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or reproduction of this fax communication is strictly prohibited. If this fax communication has been received in error, please immediately notify us by telephone, collect if necessary, and return the original message to us at the above address by mail (we will reimburse postage). Thank you.

Schnader Harrison Segal & Lewis LLP
BOSTON, MA  NEW YORK, NY  PHILADELPHIA, PA  PITTSBURGH, PA  SAN FRANCISCO, CA  WASHINGTON DC
JAMESBURG, PA  CHERRY HILL, NJ  HARRISBURG, PA