**EXHIBIT B-6**

```
                                                              1

 1
 2    IN THE UNITED STATES BANKRUPTCY COURT
 3    FOR THE DISTRICT OF DELAWARE
 4    --------------------------x Chapter 11
 5    In re:                     ) Case Nos. 00-3299 (MFW)
 6    CORAM HEALTHCARE CORP.     ) through 00-3300 (MFW)
 7    and CORAM, INC.,           ) (Jointly Administered
 8                 Debtors.      ) Under Case No.
 9    --------------------------x 00-3299 (MFW))
10                   February 27, 2003
11                   9:38 a.m.
12
13           Deposition of DANIEL D. CROWLEY, held at
14    the law offices of Weil, Gotshal & Manges LLP, 767
15    Fifth Avenue, New York, New York, pursuant to
16    notice and agreement, before Donald R. DePew, an
17    RPR, CRR and Notary Public within and for the
18    State of New York.
19
20
21
22
23
24
25
```

### Page 6

1  
2  follows:
3  EXAMINATION BY
4  MR. LEVY:
5    Q.  Mr. Crowley —
6    MR. MILLER: Richard, point of order,
7  please.
8    MR. LEVY: Yes, sir.
9    MR. MILLER: You said you didn't know
10  if Don Liebentritt was the chairman. I
11  recall you telling the Court he was the
12  chairman of the committee; has there been a
13  change?
14    I'd just like to know who the client
15  is.
16    MR. LEVY: I don't know that he is the
17  chairman and your statement doesn't refresh
18  my recollection. I'll be happy to straighten
19  out with you whether he is the chairman or
20  not, Alan. I'm not trying to keep it from
21  you. I just don't know at this point.
22    MR. MILLER: I know you wouldn't try to
23  hide anything, so thank you.
24    MR. LEVY: You're welcome.
25  BY MR. LEVY:

### Page 7

1                Crowley
2    Q.  Mr. Crowley, did you spend some time
3  preparing for this deposition?
4    A.  Yes.
5    Q.  Was any of that time spent with any
6  person present, other than your attorney,
7  Mr. Ward, or your attorney, Mr. Schreiber?
8    A.  Yes.
9    Q.  Who?
10   A.  Counsel for the trustee.
11   Q.  Who?
12   A.  Principally, Mr. Kipnes.
13   Q.  How much time did you spend with
14  Mr. Kipnes preparing for this deposition?
15   A.  A couple of hours.
16   Q.  When?
17   A.  Yesterday.
18   Q.  Yesterday?
19   A.  Yes.
20   Q.  During the course of that preparation
21  did you look at any documents?
22   A.  Yes.
23   Q.  What documents did you look at?
24    MR. GODNICK: Objection.
25    MR. MILLER: The same stipulation?

### Page 8

1                Crowley
2    MR. LEVY: Yes, objection by one is an
3  objection but for all.
4    Q.  What documents did you look at?
5    A.  The materials that had been provided by
6  me to respond to the subpoena by yourself.
7    Q.  About how many documents were those?
8    A.  Several.
9    Q.  Hundred?
10   A.  I don't recall.
11   Q.  Sir, we've got, I believe, 1300
12  numbered pages with the Bates symbol CRX on it,
13  meaning it had been produced by you; is that the
14  approximate number you looked at yesterday?
15   A.  No.
16   Q.  About what part of that 1300 did you
17  look at?
18   A.  25, 50, something in that neighborhood.
19   Q.  This was yesterday, right, yes?
20   A.  Yes.
21   Q.  Can you describe to me any of the
22  documents you looked at?
23    Name one.
24   A.  Correspondence between myself and my
25  attorney as to a draft letter that was part of

### Page 9

1                Crowley
2  your brief to the court.
3    Q.  The letter dated May 6th about?
4    A.  About that date.
5       It was two versions of the letter that
6  was one letter, yes.
7    Q.  During your meeting in preparation in
8  which Mr. Kipnes was present at who said let's
9  discuss this document?
10      Whose idea was it?
11   A.  My counsel.
12    MR. WARD: Objection.
13    The attorneys have a joint interest in
14  this and I think that is covered by
15  privilege.
16   Q.  I'm sorry.
17   A.  I don't understand the procedure when
18  someone objects, am I just —
19    MR. WARD: I think who said what to
20  whom in this meeting would be privileged.
21  Mr. Kipnes represents the trustee.
22  Mr. Crowley is an employee of the trustee.
23  And I think in this particular proceeding
24  there is a joint interest.
25    MR. LEVY: Are you going to instruct

**Page 10**

```
                Crowley
 1
 2   the witness not to answer?
 3          MR. WARD: I will instruct him not to
 4   answer as to conversations between and among
 5   himself and the attorneys that were present
 6   at this session.
 7          MR. GODNICK: I would note for the
 8   record, in accordance with Federal Rule of
 9   Evidence 612, Mr. Levy doesn't necessarily
10   have a definitive right to know the documents
11   that were shown to Mr. Crowley during the
12   course of his preparation, that is a product
13   of the counsel's work product, and therefore,
14   he's not necessarily entitled to invade that
15   privilege.
16          MR. LEVY: That rule relates to a zone
17   council.
18          Anyway, we're past that, he's told us.
19          Mr. Kipnes, do you adopt the position
20   on behalf of the trustee that you have a
21   joint interest and have a privilege?
22          MR. KIPNES: We do.
23          MR. LEVY: Is there a written agreement
24   between counsel regarding this joint
25   interest, Mr. Ward?
```

**Page 11**

```
                Crowley
 1
 2          MR. WARD: I'm not aware of a written
 3   agreement.
 4          MR. LEVY: Mr. Ward, would you tell me
 5   whether there was ever a verbal agreement
 6   with respect to that.
 7          MR. WARD: This particular matter was
 8   specifically discussed among counsel and I
 9   take that to be an agreement between counsel
10   that we are exercising a joint privilege with
11   respect to this motion, in which the trustee
12   is the movant and his employee is the
13   witness.
14   BY MR. LEVY:
15       Q.  Mr. Crowley, do you view yourself as an
16   employee of the trustee in this case?
17          MR. WARD: Objection to the extent it
18   calls for a legal conclusion.
19          You can answer.
20       A.  I am a subordinate of the Chapter 11
21   trustee.
22       Q.  Sir, that was not my question.
23          Do you view yourself as an employee of
24   the trustee in a layman's sense?
25          MR. WARD: Same objection.
```

**Page 12**

```
                Crowley
 1
 2       A.  I work for the trustee, yes.
 3       Q.  Just so we make a record here, just let
 4   me ask you this: What did Mr. Kipnes tell you or
 5   say to you about the May 6th or May 8th document
 6   that you discussed?
 7          MR. WARD: Objection to the extent it
 8   calls for any recounting of any statements
 9   made to or by the witness in this conference
10   with counsel, covered by the joint privilege.
11       Q.  Do you refuse to answer, sir?
12          MR. WARD: I instruct the witness not
13   to answer.
14          MR. LEVY: Can we agree, if I were to
15   ask additional questions about what went on
16   at that meeting you'd give the same
17   instruction?
18          MR. WARD: I would.
19          MR. SCHREIBER: It depends on the
20   questions, I think.
21          MR. WARD: If you take the question to
22   relate to conversations that took place
23   between and among the attorneys and the
24   witness at that meeting, I can inform you
25   there were no other nonattorneys at the
```

**Page 13**

```
                Crowley
 1
 2   meeting.
 3          And I suppose if you ask him whether he
 4   had a cup of coffee, that may not be
 5   objectionable. But I take your question to
 6   be what were the discussions between and
 7   among the counsel and the witness.
 8          MR. LEVY: Correct.
 9          MR. WARD: On that basis he is
10   instructed not to answer.
11          MR. LEVY: Mr. Ward, would you also
12   tell me when this joint privilege that you're
13   alleging came into being?
14          MR. WARD: As a legal matter, it came
15   into being the moment the motion was filed
16   and the witness was noticed for a deposition.
17   It was specifically discussed among counsel
18   at the beginning of the meeting we are
19   discussing from yesterday. There were also,
20   I believe, some other discussions, but that's
21   the one I'm personally aware of.
22       Q.  Did you have any discussions at which
23   Mr. Kipnes or Mr. Bressler were present concerning
24   this motion prior to yesterday?
25       A.  No.
```

4 (Pages 10 to 13)