# EXHIBIT B-11

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

WARREN A. BRAUNIG
WBRAUNIG@KVN.COM

March 21, 2007

**VIA EMAIL**

Wilbur L. Kipnes, Esq.
Barry D. Bressler, Esq.
Richard A. Barkasy, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286

Re:     *Adams v. Crowley*

Dear Counsel:

As Elliot Peters mentioned today, our client Daniel Crowley wishes to take the depositions of Mr. Kipnes and Mr. Bressler.  We would propose the dates of April 19 for Mr. Kipnes and April 20 for Mr. Bressler but are willing to accommodate your respective schedules.  Please let us know your availability.

Very truly yours,

Warren A. Braunig

WAB/ltm
Enclosures

392228.01

**Kipnes, Will**

| | |
|---|---|
| **From:** | Kipnes, Will |
| **Sent:** | Friday, March 23, 2007 5:44 PM |
| **To:** | EPeters@KVN.com |
| **Cc:** | 'Warren Braunig'; Bressler, Barry; Barkasy, Rich |
| **Subject:** | Request for Depositions |

Dear Elliott:

This will respond to Warren's letter of March 21, 2007 advising that you wish to depose Barry and me. I understand that you also had a brief conversation with Barry and Rich about this while you were in Chicago this week. Ordinarily, we would reject out of hand a defendant's request to take the deposition of plaintiff's trial counsel in April 2007 in a case filed in December 2004, apparently concerning events in early 2003 of which the defendant was contemporaneously involved. However, we are assuming that your objective is to learn facts that would assist the court in making pretrial evidentiary rulings, and not to provide a basis for a motion to disqualify us as trial counsel. If our assumption is correct, then we are willing to work with you, although I do not see why depositions would be necessary.

I suggest the place to start is for you to advise us in writing of the subjects on which you seek information. We will discuss with you when you are here next week, how we can provide the information you seek in a mutually acceptable way.

Will

Wilbur L. Kipnes
Schnader Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, Pa. 19103
215-751-2336 (phone)
215-751-2205 (fax)
wkipnes@schnader.com

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ELLIOT R. PETERS
EPETERS@KVN.COM

March 23, 2007

VIA ELECTRONIC MAIL

Wilbur L. Kipnes, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

Re:    *Adams v. Crowley*

Dear Wil:

I write in response to your email dated March 23, 2007. The need for your and Barry's deposition appears obvious, but here it is nonetheless: .

Last week the Trustee took the deposition of Scott Schreiber. Mr. Schreiber participated in numerous conversations with Barry relating to Mr. Crowley's relationship with the Trustee. During these conversations, Barry was apparently wearing both the hats of legal advisor and business advisor to the Trustee. Nonetheless, those conversations are evidentiary, relevant and were raised by the Trustee in the deposition of Mr. Schreiber. We are entitled to take discovery on those issues in the form of a deposition of Barry. We first notified you of this possibility many weeks ago. Moreover, Barry and you both appear as disclosed witnesses on our original Rule 26 disclosures.

Among other relevant topics for you, Wil, you prepared Mr. Crowley for his testimony at the March 3, 2003 hearing. Your conversations with him, and statements in that regard were explored during the Schreiber deposition and are likewise reasonably calculated to lead to the discovery of admissible evidence.

In addition, we may explore your and Barry's additional communications with Crowley, Genesis, the U. S. Trustee, and the Equity Committee, all of which are relevant to issues raised by the Trustee in this case. This list is not intended to be exhaustive, but rather to illustrate that there are numerous matters as to which you and Barry have personal knowledge.

With respect to the ethical issues raised by your continuing to handle this case as trial attorneys in the event that you "ought to be witnesses," we have not yet analyzed that issue, but can represent that we do not have a present intention to move for your law firm's disqualification.

392379.01

Wilbur L. Kipnes, Esq.
March 23, 2007
Page 2

The timing of these depositions has to do with the crush of business and our evolving understanding of the facts and not of a tactical plan to seek anyone's disqualification. There may be ethical issues which you may need to address on your own regarding whether you can both be witnesses in a proceeding, and trial counsel in it. We do not, at this time, express an opinion on that issue.

It is of the utmost importance that by the end of next week, we have firm dates for each of your depositions. To protect our rights in that regard, we want to make it clear that based on our discussions with Barry, we have not yet served deposition notices on you only because we are in the process of working out mutually agreeable dates. We understand that you agree that no argument will later be made that deposition notices were not served on you prior to the discovery cutoff, since that is only so due to these ongoing negotiations.

I look forward to hearing from you.

Very truly yours,

ELLIOT R. PETERS

ERP:aap

cc:     Barry Bressler, Esq.

392379.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ELLIOT R. PETERS
EPETERS@KVN.COM

March 30, 2007

**VIA ELECTRONIC
AND FIRST CLASS MAIL**

Wilbur L. Kipnes, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

Re:     *Adams v. Crowley*

Dear Will:

I have been reflecting on your and Barry's upcoming depositions, and the issues relating to potential disqualification. I am sharing this with you, not because I have made up my mind, but because I have growing and sincere concerns. My concerns are primarily in two areas: (1) the likelihood that you and Barry will be necessary witnesses at trial; and (2) Schnader's representation of Dan Crowley via participation in joint interest, attorney client communications with Mr. Crowley in February and March 2003 with respect to an issue which has recently taken on significance in the case.

The Trustee's and Mr. Schreiber's depositions have confirmed that both you and Barry will be necessary witnesses at trial. As I previously described in my March 23 letter to you, Barry participated in many conversations with Mr. Schreiber and others on behalf of the Trustee with respect to Mr. Crowley's relationship with the Trustee, including some of the claims and circumstances at issue in this case. During these conversations, according to the Trustee, Barry was often acting in a business capacity on his behalf, including in determining bonuses that were to be paid to Coram executives, including Mr. Crowley. The need for your testimony, Will, became crystal clear when the Trustee testified that Mr. Crowley's draft May 2002 letters – never sent and inadvertently produced – were the impetus behind this lawsuit, that he believed Mr. Crowley had lied to him with respect to the content of those letters, and that he was not shocked by Judge Walrath's decision on March 3. As you well know, the focus of that hearing was the effect, if any, of the draft correspondence. You and Barry prepared Mr. Crowley for his deposition on the matter, prepared and presented him as a witness at the March 3, 2003 hearing, argued that the contents of the draft letters were not inconsistent with anything Mr. Crowley told

392670.01

Wilbur L. Kipnes, Esq.
March 30, 2007
Page 2

the Trustee, and expressed in writing to Mr. Crowley the view that you were "shocked and disappointed at the ruling." Your words and conduct contradict the Trustee. The Trustee also testified that in light of the draft letters, he had lost confidence with Mr. Crowley and his stewardship of Coram, thus requiring an examination of all of the communications in that period between Mr. Crowley and the Trustee – and his representatives, including Barry and you. These facts plainly make both of you necessary witnesses at trial. In light of these facts, query how you, Barry, or your firm can represent the Trustee at trial in light of Delaware Rule of Professional Conduct 3.7.

There are related but distinct questions regarding your and Schnader's representation in early 2003, issues which have only recently come into focus. Your complaint focused exclusively on a purported conflict that Mr. Crowley had in 1999 and contains no allegations concerning any conduct in 2002 or beyond. Recently, however, when you took the deposition of Mr. Crowley's former counsel, Mr. Schreiber, you focused on privileged documents dated in 2002 that were produced by the Much Shelist firm in February 2003. The questioning of Mr. Schreiber largely focused on these documents as well as the motion then pending before the bankruptcy court concerning Mr. Crowley's continued employment at Coram and the settlement between the Trustee and Mr. Crowley. In addition, during the deposition of the Trustee this week, he made it clear that the event that precipitated his decision to file this complaint against Mr. Crowley was the production of the documents by Mr. Schreiber and testimony regarding their contents. Thus, the preeminence of this issue in this case has only recently come to our attention.

Moreover, in reviewing prior transcripts it is clear that the Schnader firm, at a minimum, participated in joint interest attorney client communications with Mr. Crowley concerning these very documents and issues in preparing for his deposition on February 27, 2003 in which those documents were the central focus. The following are excerpts from pages 7 thru 12 of Mr. Crowley's February 27, 2003 deposition:

Q. Mr. Crowley, did you spend some time preparing for this deposition?

A. Yes.

Q. Was any of that time spent with any person present, other than your attorney, Mr. Ward, or your attorney, Mr. Schreiber?

A. Yes.

Q. Who?

A. Counsel for the trustee

Q. Who?

A. Principally, Mr. Kipnes.

Wilbur L. Kipnes, Esq.
March 30, 2007
Page 3

Q.     How much time did you spend with Mr. Kipnes preparing for this deposition?

A.     A couple of hours.

Q.     When?

A.     Yesterday.

Q.     Yesterday.

A.     Yes.

Q.     During the course of that preparation did you look at any documents?

A.     Yes.

***************

Q.     Can you describe to me any of the documents you looked at?  Name one.

A.     Correspondence between myself and my attorney as to a draft letter that was part
       of your brief to the court.

Q.     The letter dated May 6th about?

A.     About that date.  It was two versions of the letter that was one letter, yes.

Q.     During your meeting in preparation in which Mr. Kipnes was present at who said
       let's discuss this document?  Whose idea was it?

A.     My counsel.

MR. WARD:  Objection.  The attorneys have a joint interest in this and I think that is
            covered by privilege.

Q.     I'm sorry.

A.     I don't understand the procedure when someone objects, am I just –

MR. WARD:  I think who said what to whom in this meeting would be privileged.  Mr.
            Kipnes represents the trustee.  Mr. Crowley is an employee of the trustee.
            And I think in this particular proceeding there is a joint interest.

MR. LEVY:  Are you going to instruct Crowley the witness not to answer?

Wilbur L. Kipnes, Esq.
March 30, 2007
Page 4

MR. WARD:  I will instruct him not to answer as to conversations between and among
          himself and the attorneys that were present at this session.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MR. LEVY: Mr. Kipnes, do you adopt the position on behalf of the trustee that you have
          a joint interest and have a privilege?

MR. KIPNES: We do.

MR. LEVY:  Is there a written agreement between counsel regarding this joint interest,
          Mr. Ward?

MR. WARD:  I'm not aware of a written agreement.

MR. LEVY:  Mr. Ward, would you tell me whether there was ever a verbal agreement
          with respect to that.

MR. WARD:  This particular matter was specifically discussed among counsel and I take
          that to be an agreement between counsel that we are exercising a joint
          privilege with respect to this motion, in which the trustee is the movant
          and his employee is the witness.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Q.        Sir, that was not my question.  Do you view yourself as an employee of the trustee
          in a layman's sense?

MR. WARD:  Same objection.  Crowley

A.        I work for the trustee, yes.

Q.        Just so we make a record here, just let me ask you this:  What did Mr. Kipnes tell
          you or say to you about the May 6th or May 8th document that you discussed?

MR. WARD:  Objection to the extent it calls for any recounting of any statements made
          to or by the witness in this conference with counsel, covered by the joint
          privilege.

Q.        Do you refuse to answer, sir?

MR. WARD:  I instruct the witness not to answer.

MR. LEVY:  Can we agree, if I were to ask additional questions about what went on at
          that meeting you'd give the same instruction?

MR. WARD:  I would.

Wilbur L. Kipnes, Esq.
March 30, 2007
Page 5

The transcript quoted above establishes that Schnader was, at the very least, in a common
defense, common interest, attorney-client posture with Mr. Crowley during the February and
March 2003 time period. It also appears, under relevant law, that an attorney-client relationship
existed between the two. Now the Schnader firm, indeed you yourself, proposes to take Mr.
Crowley's deposition on the very issues about which you participated in attorney client
communications with Mr. Crowley, having now put those very events at issue. Under Third
Circuit precedent, this is improper.

I propose that we meet and confer by telephone on this topic either later today, or early next
week, to discuss the issues, see whether the factual issues in the litigation can somehow be
narrowed to avoid this conflict, or whether or not it will be necessary either for your law firm to
withdraw, or for us to seek your law firm's disqualification. Under no circumstances does Mr.
Crowley give his consent for your firm's utilizing in any way confidential information acquired
from him during the existence of a common interest, joint defense, or attorney-client
relationship, which was admitted by you in the transcript citation quoted above.

We look forward to resolving these issues promptly.

Very truly yours,

ELLIOT R. PETERS

ERP:aap

cc:   Barry Bressler, Esq.

392670.01

**From:** Kipnes, Will
**Sent:** Friday, March 30, 2007 2:47 PM
**To:** EPeters@KVN.com
**Cc:** Bressler, Barry
**Subject:** FW: Adams v. Crowley

Elliott — I have quickly reviewed your letter and I do not wish to respond hastily, other than to say that I disagree. But, I can say a few things now.

1. We have no confidential information — Mr. Crowley's position regarding the draft letters is set forth in his deposition and trial testimony. (We had decided that Rich will be taking Mr. Crowley's deposition next week, although I do not know whether we have had any previous occasion to communicate that fact to you.) In any event, we do not intend and never intended to ask Mr. Crowley any questions about any conversations he had with me or Barry.

2. Barry was the Trustee's lawyer, not business advisor.

3. Since we are talking about testimony at trial, the issue is trial relevance, not discoverability, and I thought that many of the questions you asked the Trustee, although appropriate discovery questions, would not be admissible at trial. I need to reflect on this a good deal more, and I suggest you do the same, but I do have some sense of self-fulfilling prophecy about this. If you asked the Trustee a question that we would not ask him at trial and then say "aha, you or Barry might say something different," the hypothetical "disagreement" would be on an irrelevant subject. So, your thought that evidentiary stipulations might be helpful is a good suggestion.

4. I repeat what I have told you both in writing and in person. If you feel you need to take my testimony on the question of whether the draft letters were inadvertently produced, I will work with you. I would rather provide that information in some other way, but even if I am deposed, Judge Robinson will decide before trial whether the letters are admissible or not, rendering any trial testimony on the subject irrelevant.

I am not available for a telephonic meet and confer until Tuesday. Let me know what time would be convenient for you.

I failed to notice that the subpoenas you issued were from the Eastern District of Pennsylvania. Don't you agree that it makes more sense to have them issued out of the District of Delaware? If a court has to render decisions on these issues, it should be the trial court and not a stranger to the case. We will of course stipulate that service was made on March 29.

Will

**From:** Kipnes, Will
**Sent:** Saturday, April 07, 2007 12:14 PM
**To:** 'R. James Slaughter'; Elliot Peters
**Cc:** Bressler, Barry; Barkasy, Rich; Laurie Mims; Warren Braunig; Garrett Lynch; Brook Dooley
**Subject:** RE: Deposition Subpoenas to Bressler and Kipnes

Jamie --

I beg to differ, as my March 30 email makes quite clear.  All we have heard from you are conclusions and generalized references to the "02 events" and the "Trustee's position" and that as lawyers we had many conversations and learned facts.  I was planning to ask you to provide specifics.  If you care to do that before Monday, that is fine.  If you care not to do so at any time and wish simply to stand on the correspondence to date, that is up to you.

We understand that Mr. Crowley would like to have the May 2002 draft letters deemed inadmissible, and I have consistently said that I am willing to provide information on the subject of their production so that the court can make a pretrial ruling.  Beyond that, we truly don't understand your position.

I will call you at 3:00 eastern, noon pacific on Monday.

Will

---

**From:** R. James Slaughter [mailto:RSlaughter@KVN.com]
**Sent:** Saturday, April 07, 2007 11:59 AM
**To:** Kipnes, Will; Elliot Peters
**Cc:** Bressler, Barry; Barkasy, Rich; Laurie Mims; Warren Braunig; Garrett Lynch; Brook Dooley
**Subject:** Re: Deposition Subpoenas to Bressler and Kipnes

Will -

I'm free anytime after noon pacific on Monday.

We have now told you on numerous occasions some of the reasons your testimony is necessary. We have yet to hear any response as to why it might not be necessary. It would be apporpriate to have some indication of that from you before our call. Thanks.

Jamie


-----Original Message-----

From: Kipnes, Will <wkipnes@schnader.com>
To: Elliot Peters
CC: Bressler, Barry <BBressler@Schnader.com>; Barkasy, Rich <RBarkasy@schnader.com>; R. James Slaughter; Laurie
Mims; Warren Braunig; Garrett Lynch; Brook Dooley
Sent: Sat Apr 07 08:45:35 2007
Subject: RE: Deposition Subpoenas to Bressler and Kipnes

Enjoy your trip as well. I said on March 30: "I am not available for a telphonic meet and confer until Tuesday. Le me know
what time would be convenient for you." It was clear that it was for you to get back to me.

In any event, I will wait to hear from Jamie regarding a time for a meet and confer on Monday.

_____

From: Elliot Peters [mailto:EPeters@KVN.com]
Sent: Saturday, April 07, 2007 11:39 AM
To: Kipnes, Will
Cc: Bressler, Barry; Barkasy, Rich; R. James Slaughter; Laurie Mims; Warren Braunig; Garrett Lynch; Brook Dooley
Subject: Re: Deposition Subpoenas to Bressler and Kipnes


Will,
I am in the airport right now, leaving for a week's vacation. Pls arrange with Jamie to meet and confer Monday morning. We
(your team and ours) were all busy with depos this week, but I heard nothing from you until this Saturday am email. We
have made our position clear. You and Barry (and Rich, for that matter) are all percipient witnesses. You are agents of the
plaintiff, and hence no subpoena is really necessary, but at your request we have served subpoenas. In light of the 02 events
you have recently emphasized in discovery, your testimony is relevant at trial. We intend to use that testimony and written
documents you have all authored which are inconsistent with positions the Trustee is taking. If you wish to withdraw all
allegations as to which you are witnesses -- those relating to 2002 and 2003, it is popssible this issue could be avoided.
Otherwise it can't be avoided. We are not presently intending to seek your disqualification, but you may have your own
legal/ethical/practical considerations to address in that regard.
In sum, you have been properly subpoenaed to depositions which we intend to take absent a contrary order of the court.
Have a good trip.
Elliot



-----Original Message-----
From: Kipnes, Will <wkipnes@schnader.com>
To: Elliot Peters
CC: Bressler, Barry <BBressler@Schnader.com>; Barkasy, Rich <RBarkasy@schnader.com>
Sent: Sat Apr 07 08:07:37 2007
Subject: Deposition Subpoenas to Bressler and Kipnes

Elliot -- You sent me a letter on Friday, March 30, 2007, regarding the subpoenas your office had served on Barry and me for
depositions on April 26 and 27. In that letter you proposed that we meet and confer by telephone either later that day or early
the following week, i.e. the week of April 2. I responded by email on March 30, stating that I disagreed with your letter and
providing some preliminary comments. In that email, I advised that I was available for a telephonic meet and confer starting
Tuesday, April 3. I also asked that the subpoenas be replaced with subpoenas issued by the District of Delaware, and I
agreed to accept service of the new subpoenas as of March 29.

     I have not heard from you at all this week. I assume you understood when I said that I "disagreed," that I meant that
we would not voluntarily appear for depositions. The only exception is that, as I have stated several times, I remain willing
to provide information on the question of whether the privileged documents that were produced in 2003 by Mr. Crowley's
then counsel should be returned, although I would of course prefer not to be deposed.

     I am leaving for vacation very early on Tuesday morning (7:30 am flight). I was not planning to be in the office
much on Monday, but if you let me know if you would like to speak, I will make myself available. Otherwise, we will take
whatever steps we deem appropriate.

Will

Wilbur L. Kipnes
Schnader Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, Pa. 19103
215-751-2336 (phone)
215-751-2205 (fax)
wkipnes@schnader.com