**Exhibit A to Answering Brief of Daniel Crowley in
Opposition to Trustee's Motion for Summary Judgment**

Despite the requirement that the Trustee rely on undisputed admissible evidence in support of his motion, his Opening Brief refers to facts that are either unsupported by citation to the record, hotly disputed, and/or inadmissible. The table below lists the facts relied upon by the Trustee, his citation to evidence (if any), and Crowley's objection to the evidence and citation to contradictory admissible evidence:

| Trustee's Alleged Undisputed Fact | Evidence Cited by Trustee in Support of Undisputed Fact | Crowley's Objection and Citation to Admissible Evidence |
|---|---|---|
| "Crowley's relationship with Cerberus was a central focus of the hearing [on the First Plan]." (Opening Brief at 6) | None | Disputed.<br><br>The Equity Committee objected to Coram's First Plan on numerous grounds, including that Coram was not insolvent, that Coram was prospering, that the plan improperly released legal claims against Coram's Noteholders, and that Crowley's relationship with Cerberus created a conflict of interest that infected the good faith proposal of the plan. (B201-18, Equity Objections to First Plan) |
| "On the day when Crowley was cross-examined, he was personally represented by Phillip Warden, Esquire, from the Pillsbury Madison firm in California." (Opening Brief at 6) | A34-35, a handwritten piece of paper attached to Dec. 15, 2000 Bankruptcy hearing transcript. | Lacks foundation. Fed. R. Evid. 901. Disputed.<br><br>No foundation has been or can be laid for this document. It was mentioned in only one deposition, Crowley's, and Crowley could not identify the document. (B645-46, Crowley April 6, 2007 Depo. at 235:8-236:16). Indeed, Crowley testified that he does not recall being represented at the hearing. (*Id.*) The record reveals that Mr. Warden did file a document on behalf of Crowley, or utter a word at any confirmation hearing. (B506-623) Finally, a witness having a lawyer present in the courtroom does not convert that witness into a party. |

| Trustee's Alleged Undisputed Fact | Evidence Cited by Trustee in Support of Undisputed Fact | Crowley's Objection and Citation to Admissible Evidence |
|---|---|---|
| "Warden also had defended Crowley at his deposition prior to the hearing." (Opening Brief at 7) | None | The Trustee submits no evidence to support this assertion. Pursuant to Delaware Local Rule 7.1.3(c)(2), the Trustee may not submit on reply evidence he should have submitted in his Opening Brief.<br><br>Moreover, this fact does not establish that Crowley was a party to the bankruptcy proceedings. Non-parties regularly retain counsel when they are subpoenaed to testify in depositions. |
| "Crowley was a 'party in interest' because, having filed proofs of claim in the Coram bankruptcies, he was a creditor of the bankruptcy estate." (Opening Brief at 17) | None | Legal conclusion. Disputed.<br><br>"Party of interest" is a legal term of art under the bankruptcy code. *See* 11 U.S.C. § 1109(b). Moreover, the factual premise of the sentence—that Crowley was a creditor of Coram—is wrong. Crowley was not a creditor of Coram when Coram filed its bankruptcy petition. (B117-99, Consolidated List of All Creditors) Indeed, he did not file a Request for Payment of Administrative Expenses until December 2004, 4 years *after* the proceedings on which the Trustee relies in this motion. (B498-505) |
| "Crowley could have had his counsel participate in all of the proceedings, much as the Noteholders did." (Opening Brief at 17) | None | Legal conclusion. Disputed.<br><br>Since Crowley was not a party in interest, he did not have standing to participate in the bankruptcy proceedings. *See* 11 U.S.C. §§ 1109(b), 1128(b) |

394840.01

2

| Trustee's Alleged Undisputed Fact | Evidence Cited by Trustee in Support of Undisputed Fact | Crowley's Objection and Citation to Admissible Evidence |
|---|---|---|
| "[A]s Coram's CEO and the sponsor of both the First Plan and the Second Plan, Crowley's interests were totally aligned with Coram's interests" (Opening Brief at 16) | None | Legal conclusion. Disputed.<br><br>Crowley never personally sponsored any Plan. The First Plan was proposed by Coram after a vote by Coram's Board of Directors, of which Crowley was but one member. (B95-97, Aug. 7, 2000 board minutes) The Second Plan was prepared and presented by a Special Committee of Coram's Board of Directors, from which Crowley was explicitly excluded. (D.I. 1, Cmplt., ¶ 38; D.I. 127, Crowley Summary Judgment Decl., ¶ 11; b219, Dec. 28, 2000 board minutes; B343-48 Second Disclosure Statement at 27-32.)<br><br>Moreover, Crowley's interests were not aligned with Coram's interests. Following the guidance of the Goldin Report, Coram's Special Committee proposed a plan that would have required Crowley to forfeit $7.5 million in bonus compensation the Independent Committee acknowledged Crowley was owed. (B347, Second Disclosure Statement at 31) |
| "Crowley's conflict of interest was a critical issue explored at the hearing [on the Second Plan]." (Opening Brief at 9) | None | Disputed.<br><br>As with the First Plan, the Equity Committee opposed the Second Plan for numerous reasons, including that Coram was not insolvent, and that the plan was not proposed in good faith. (B419-48, Equity Committee Objections to Second Plan) |

| Trustee's Alleged Undisputed Fact | Evidence Cited by Trustee in Support of Undisputed Fact | Crowley's Objection and Citation to Admissible Evidence |
|---|---|---|
| "Coram vigorously litigated its position that Crowley did not have a conflict through testimony, briefing, and argument." (Opening Brief at 18.) | None | Disputed.<br><br>In its response to the Equity Committee's objections Coram never discussed or argued whether Crowley had or had not breached a fiduciary duty. (B449-80, Debtors Response to Equity Committee's Objection to Second Plan). Rather, Coram argued that the Second Plan should be approved notwithstanding Crowley's relationship with Cerberus. (*Id.*) |
| "Crowley continued to be separately represented by the Pillsbury firm in connection with the Coram bankruptcy matter [during the hearing on the Second Plan]." (Opening Brief at 9.) | None | Disputed.<br><br>Crowley was a witness at the confirmation hearing, not a party. No one from Pillsbury filed a document on behalf of Crowley, or uttered a word on behalf of Crowley at any confirmation hearing. (B506-623). |
| "Between January 2001 and December 2001, Crowley personally paid $203,595 in legal fees to the Pillsbury firm for its representation of him relating to Coram." (Opening Brief at 9.) | A53 (single page document titled "Attorney Fees Incurred by DHS Related to Coram Bankruptcy") | Lacks foundation, Fed. R. Evid. 901. Disputed.<br><br>When this document was showed to Crowley at his deposition, he could not identify it or authenticate it. (B647, Crowley April 16, 2007 depo at 254:8-18) Moreover, even if it were admissible, it does not prove that Crowley was a party to the bankruptcy proceedings. A witness hiring lawyer does not make that witness a party. |

The facts listed in the table above are the only facts referred to in the Trustee's Opening Brief that are offered to establish the predicate elements of collateral estoppel. By failing to offer undisputed admissible evidence that proves the elements of collateral estoppel, the Trustee necessarily fails to meet his burden of proof on summary judgment and his motion must be denied.

394840.01

4