IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, and SANDRA L. SMOLEY,<br><br>Defendants. | Case No. 04-1565 (SLR) |

**OPENING BRIEF OF DEFENDANT DANIEL D. CROWLEY IN SUPPORT OF MOTION TO STRIKE EVIDENCE CITED IN THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

May 15, 2007

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA  94111
(415) 391-5400

*Attorneys for Defendant DANIEL D. CROWLEY*

395496.01

## TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ................................................................... 1

II. SUMMARY OF ARGUMENT ........................................................................................... 1

III. ARGUMENT ........................................................................................................................ 2

    A. The Court Should Strike Evidence of Judge Walrath's Findings and Conclusions as Inadmissible Hearsay .................................................................... 3

        1. Judicial findings and conclusions are inadmissible hearsay when offered for their truth ................................................................ 3

        2. The Trustee has offered Judge Walrath's findings and conclusions for their truth and thus they are inadmissible ......................... 4

    B. The Court Should Strike Evidence of Judge Walrath's Findings and Conclusions as Unduly Prejudicial .......................................................................... 5

    C. The Court Should Strike Evidence of Judge Walrath's Findings and Conclusions Because Crowley is Likely Foreclosed from Deposing Judge Walrath or Calling Her as a Witness ............................................................... 6

IV. CONCLUSION ..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*Carter v. Burch*,
 34 F.3d 257 (4th Cir. 1994) ..................................................................................................6

*Engers v. AT&T*,
 No. Civ. 98CV3660(JLL), 2005 WL 3988698 (D.N.J. Sept. 8, 2005) ......................................3

*Herrick v. Garvey*,
 298 F.3d 1184 (10th Cir. 2002) ..............................................................................................3

*In re Coram Healthcare Corp.*,
 271 B.R. 228 (Bankr. D. Del. 2001) ..............................................................................1, 2, 4, 7

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*,
 969 F.2d 1384 (2d Cir. 1992) ..............................................................................................3, 4

*Nipper v. Snipes*,
 7 F.3d 415 (4th Cir. 1993) ..............................................................................................2, 3, 4, 6

*Philbin v. Trans Union Corp.*,
 101 F.3d 957 (3d Cir. 1996) ..................................................................................................2

*Thompson v. Glenmede Trust Co.*,
 No. CIV. A. 92-5233, 1996 WL 529693 (E.D. Pa. Sept. 17, 1996) ...........................................3

*U.S. Steel, LLC v. Tieco, Inc.*,
 261 F.3d 1275 (11th Cir. 2001) ..............................................................................................3

*United States v. Sine*,
 --- F.3d ---, 2007 WL 1247043 (9th Cir. May 1, 2007) .....................................................3, 4, 5

*United States. v. Roebuck*,
 271 F.Supp.2d 712 (D.V.I. 2003) ..........................................................................................6

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*,
 505 F. Supp. 1125 (E.D. Pa. 1980) .................................................................................3, 5, 6, 7

### Federal Rules

Fed. R. Civ. P. 56(e) ..................................................................................................................2

Fed. R. Evid. 403 ..................................................................................................................2, 5

Fed. R. Evid. 802 ..................................................................................................................2, 5

I.      NATURE AND STAGE OF PROCEEDINGS

On April 17, 2007, Defendant Daniel Crowley moved for summary judgment, or, in the alternative, partial summary judgment. (D.I. 122) On the same day, Plaintiff Arlin Adams, Trustee of Coram Healthcare Corp. and Coram Inc. (collectively, "Coram") moved for summary judgment on liability or, in the alternative, for the Court to deem certain facts established. (D.I. 128) The Trustee's motion, and his opposition to Crowley's motion, rely for factual evidentiary support on statements and findings of the Bankruptcy Court from the Coram bankruptcy litigation.

By this motion, Crowley moves to strike from the summary judgment record the Trustee's evidence of, and references to, the findings and conclusions of the Bankruptcy Court in *In re Coram Healthcare Corporation*. Specifically, Crowley moves to strike the Court's statements from the bench, all orders or opinions in *In re Coram Healthcare*, and all references to the Bankruptcy Court's factual findings and legal conclusions.[1]

II.     SUMMARY OF ARGUMENT

There are three independent reasons to strike the Trustee's evidence of the Bankruptcy Court's statements and opinions.

1.      There can be no dispute that judicial findings and conclusions are inadmissible hearsay. Every court that has considered the issue has held that judicial opinions and the findings, conclusions, or statements expressed therein are inadmissible hearsay when offered for their truth. Notwithstanding this clear rule, the Trustee's Motion for Summary Judgment explicitly asks the Court to make factual findings based only on the Bankruptcy Court's findings. The Trustee offers the Bankruptcy Court's December 2000 rulings from the bench and December 2001 written opinion, *In re Coram Healthcare Corp.*, 271 B.R. 228 (Bankr. D. Del. 2001), as evidence of the truth of nine factual claims that the Trustee argues should be deemed established. The Trustee's Opposition to Crowley's Motion for Summary Judgment similarly offers the Bankruptcy Court's hearsay statements as evidence of key material facts. Starting at

---

[1] To the extent that the Trustee's Rely Brief in support of his summary judgment, scheduled to be filed on the same day as this motion, also relies on statements and findings of the Bankruptcy Court, this motion to strike is similarly intended to apply to that evidence.

page one of his Memorandum in Opposition, the Trustee cites to the Bankruptcy Court's comments during the December 2000 bankruptcy hearing as evidence that Crowley had an "actual conflict of interest." The Trustee thus offers the out-of-court statements of the Bankruptcy Court to establish the truth of those statements. This is classic hearsay. Accordingly, the Court should strike from the record on summary judgment all evidence of Judge Walrath's factual findings and legal conclusions, including her statements from the bench and the two published decisions in *In re Coram Healthcare Corporation*, as inadmissible under Federal Rule of Evidence 802.

2.  The courts have been equally clear that the introduction of such judicial opinions or facts is impermissibly prejudicial—the risk is simply too great that a jury will give undue weight to a judge's statements. Here, the Bankruptcy Court's findings and conclusions cited by the Trustee speak directly to key questions that are for the jury to decide. To quote the Fourth Circuit in the leading case on the admission of judicial opinions, to admit such findings would be "flagrantly prejudicial." *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993). Accordingly, the Court should strike the Trustee's evidence of the Bankruptcy Court's opinions under Federal Rule of Evidence 403.

3.  The Court should strike the Trustee's evidence of Bankruptcy Court's findings and conclusions to avert the possibility that Judge Walrath would be called to testify to explain her reasoning or the bases for her decisions. There is a well-established and well-founded rule that prohibits judges from being called to testify regarding their official activities in all but the most extraordinary circumstances. Thus, if the Bankruptcy Court's opinions are admitted, *either* Crowley will be doubly prejudiced by attempting to rebut the evidence of the Court's findings without the ability to cross-examine their author, *or* Judge Walrath will be required to testify against sound policy reasons and the great weight of authority. To avoid this Hobson's choice, the Court should strike the Trustee's evidence.

### III.  ARGUMENT

The evidence of Judge Walrath's factual findings and legal opinions is inadmissible.

Evidence inadmissible at trial cannot be considered in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(e); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 961 n.1 (3d Cir. 1996). Where a party has relied on inadmissible evidence on summary judgment, the appropriate remedy is to strike the evidence. *See, e.g., Engers v. AT&T*, No. Civ. 98CV3660(JLL), 2005 WL 3988698, at *1 n.1 (D.N.J. Sept. 8, 2005). Accordingly, the Court should strike from the record the evidence of Judge Walrath's opinions and statements offered in support of the Trustee's Motion for Summary Judgment and in opposition to Crowley's Motion for Summary Judgment.[2]

### A. The Court Should Strike Evidence of Judge Walrath's Findings and Conclusions as Inadmissible Hearsay

The Trustee's Motion for Summary Judgment and his Opposition to Crowley's Motion for Summary Judgment rely for their factual support almost completely on the factual findings and legal conclusions of Judge Mary F. Walrath from the underlying bankruptcy proceeding. Because Judge Walrath's opinions and statements are indisputably hearsay, the Court should strike this evidence.

#### 1. Judicial findings and conclusions are inadmissible hearsay when offered for their truth

"It is black letter law that a court decision is inadmissible hearsay." *Thompson v. Glenmede Trust Co.*, No. CIV. A. 92-5233, 1996 WL 529693, at *2 (E.D. Pa. Sept. 17, 1996); *see also United States v. Sine*, --- F.3d ---, 2007 WL 1247043, at *12 (9th Cir. May 1, 2007); *Herrick v. Garvey*, 298 F.3d 1184, 1191-92 (10th Cir. 2002); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287-88 (11th Cir. 2001); *Nipper v. Snipes*, 7 F.3d 415, 417-18 (4th Cir. 1993); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 505 F. Supp. 1125, 1185-86 (E.D. Pa. 1980), *aff'd in part, rev'd in part*, 723 F.2d 238 (3d. Cir. 1983). "It is even more plain that the

---

[2] To be clear, Crowley does not contend that the Trustee is prohibited from arguing that Judge Walrath's findings or determinations have a preclusive effect in this matter. Indeed, the Trustee has argued that Judge Walrath's findings should have a collateral estoppel effect in this litigation, and, in his Opposition to the Trustee's Motion for Summary Judgment, Crowley has separately explained why collateral estoppel does not apply. The present motion addresses not the use of Judge Walrath's opinions in support of a legal argument of collateral estoppel, but rather the use of Judge Walrath's findings as *evidence*.

introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay." *Sine*, 2007 WL 1247043, at *12.

None of the exceptions to the bar on hearsay enumerated in the Federal Rules of Evidence apply to judicial opinions. *See Sine*, 2007 WL 1247043, *12 ("The government does not argue that any such exceptions apply here, and we hold that none is available."); *Nipper*, 7 F.3d at 417 (holding that Federal Rule of Evidence 803(8)(C), which excepts public records and reports, "does not apply to judicial findings").

In *Nipper*, a breach of fiduciary duty and fraud case, the Fourth Circuit vacated the jury's verdict on the ground that the district court abused its discretion in admitting an order of a state court judge in a prior proceeding involving the same parties. *Nipper*, 7 F.3d at 418. The order admitted into evidence contained "factual findings of fraud on the part of [the defendant] as well as a finding that his conduct amounted to a breach of fiduciary duty." *Id*. The Fourth Circuit held that the state court order was inadmissible hearsay and "flagrantly prejudicial." *Id*.

In the *Liberty Mutual* case, the Second Circuit held that the district court erred when it predicated its summary judgment ruling on the factual findings of a bankruptcy court in a prior, related proceeding. *See Liberty Mut. Ins. Co.*, 969 F.2d at 1388. The Court of Appeals held that the district erred because it "relied upon the Bankruptcy Orders precisely to establish facts asserted therein." *Id*.[3]

### 2. The Trustee has offered Judge Walrath's findings and conclusions for their truth and thus they are inadmissible

As in *Liberty Mutual*, the Trustee relies on Judge Walrath's opinions and statements "precisely to establish facts asserted therein." *Id*. In his Motion for Summary Judgment, the Trustee asks the Court to "deem established" nine factual assertions based solely on Judge Walrath's statements and opinions. (D.I. 129 at 26-27) For example, the Trustee offers Judge Walrath's statements from the bench during the December 21, 2000 hearing and her findings in the published opinion in *In re Coram Healthcare Corporation* as evidence—his only evidence,

---

[3] The *Liberty Mutual* decision also makes clear that a district court may not take judicial notice of a decision of another court "for the truth of the matters asserted in the other litigation."

in fact—that Crowley did not disclose to the Board the terms of his agreement with Cerberus. (*Id*. at 27). Indeed, the Trustee announced at the beginning of his brief in support of summary judgment that he "relie[d] *only* upon facts from the Bankruptcy Court's findings" in support of his motion. (*Id*. at 3 n.1). Judge Walrath's findings are classic hearsay—out of court statements that the Trustee now offers for their truth.

The Trustee also relies on Judge Walrath's findings and conclusions in his Opposition to Crowley's Motion for Summary Judgment. The Trustee quotes Judge Walrath's finding that Crowley had an "actual conflict of interest" to establish the existence of the alleged conflict. (D.I. 137 at 1) He also cites to Judge Walrath's conclusion that "nothing … ha[d] changed" as his only evidence that Crowley caused Coram's second reorganization plan to be rejected. (*Id*. at 33).

The Trustee also offers other findings and conclusions of Judge Walrath as evidence that a genuine issue of material fact exists. (*See id*. at 18-22). For example, the Trustee contests the fact that Coram's Board was aware of the relationship between Crowley and Cerberus before hiring Crowley. The Trustee's only evidence, though, is that: "The Bankruptcy Court determined that, '[n]either Crowley, nor Feinberg … disclosed the terms of the Consulting Agreement between Cerberus and Crowley to the Debtors.'" (*Id*. at 18 (quoting *In re Coram Healthcare Corp.*, 271 B.R. at 231)).

In each of these instances, the Trustee is asking the Court to accept as true the out-of-court statements of Judge Walrath, which is impermissible under Rule 802. In fact, "[i]t is … plain that the introduction of [Judge Walrath's] discrete judicial factfinding[] and analysis … to prove the truth of those findings and that analysis constitutes the use of hearsay." *Sine*, 2007 WL 1247043, * 12. For this reason, the Court must strike Judge Walrath's statements and opinions.

### B.   The Court Should Strike Evidence of Judge Walrath's Findings and Conclusions as Unduly Prejudicial

The admission of a prior court's findings or conclusions is also so prejudicial as to make them inadmissible under Rule 403. *Zenith Radio*, 505 F. Supp. at 1185-86. "[S]uch findings … present a rare case where, by virtue of their having been made by a judge, they would likely be

---

*Liberty Mut. Ins. Co.*, 969 F.2d at 1388.

given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Id.* at 1186. The risk of undue prejudice is heightened where "the judge's opinion decided the precise issue before the jury." *Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994).[4]

Here, the risk of prejudice is enormous because Judge Walrath's findings go straight to the factual questions that will be before the jury in this matter. To cite but one example, should the Court not grant summary judgment in Crowley's favor, the question whether Crowley disclosed his relationship with Cerberus to Coram will be for the jury to consider. To introduce Judge Walrath's finding as evidence on this question would "creat[e] a serious danger of unfair prejudice" because the jury will almost certainly give undue weight to the opinion of a sitting federal judge. *Zenith Radio*, 505 F. Supp. at 1186. Accordingly, the Court should strike the Trustee's evidence of Judge Walrath's statements and opinions because they will not be admissible at trial.

      **C.**    **The Court Should Strike Evidence of Judge Walrath's Findings and Conclusions Because Crowley is Likely Foreclosed from Deposing Judge Walrath or Calling Her as a Witness**

A final reason the Court should strike the Trustee's evidence of Judge Walrath's statements and opinions is that, notwithstanding the extremely prejudicial effect of the evidence, Crowley likely will not be able to cross examine Judge Walrath as to the bases for her findings and conclusions due to the robust body of law that judges may not be called to testify about their opinions. Indeed, "[t]he overwhelming authority concludes that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties." *United States. v. Roebuck*, 271 F.Supp.2d 712, 718 (D.V.I. 2003). "[O]nly in the most extraordinary of cases … may a judge be questioned as to matters within the scope of his adjudicative duties." *Id*. Thus, not only will Crowley face "flagrantly prejudicial" evidence, *Nipper*, 7 F.3d at 418, he will likely be unable to defend himself by cross-examining Judge Walrath on the grounds for her findings and conclusions and the process by which she reached them. Such an outcome is patently and obviously unfair.

---

[4] While Crowley disputes that the Bankruptcy Court decided the precise issue in this case (D.I. 133 at 12-15), the Trustee has made clear his intent to argue that point to the jury.

Indeed, courts have recognized that the difficulty associated with calling a judge to testify regarding her opinions is an independent reason to rule that such opinions are inadmissible. *See Zenith*, 505 F. Supp. at 1185 (excluding judicial findings because "the process of determining trustworthiness, either *in limine* or by way of a defense at trial … cognizes the possibility of calling the author of the fact-finding, or his staff members, as witnesses so as to impeach their work"). The Court should thus rule that Judge Walrath's statements and opinions are inadmissible based on the significant policy reasons militating against the calling of a sitting federal judge to testify, and therefore strike those statements and opinions from the record.

Finally, Crowley respectfully submits that if the evidence of Judge Walrath's findings and conclusions is admitted against the weight of the above law, such an extraordinary outcome warrants permitting Crowley to call Judge Walrath to testify at a deposition and at trial, notwithstanding the strong presumption against such testimony. Permitting Crowley to examine Judge Walrath on the bases of her findings is only fair and appropriate if the Trustee is going to offer those findings in evidence against Crowley.

## IV. CONCLUSION

For the foregoing reasons, the Court should strike all evidence of Judge Walrath's findings and conclusions, including the transcripts of her statements from the bench and her orders and opinions in *In re Coram Healthcare Corporation*, and references thereto.

Dated: May 15, 2007                                                    CONNOLLY BOVE LODGE & HUTZ LLP


**/s/ Christina M. Thompson**
Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

    -and-

John W. Keker
Elliott R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

Attorneys for Defendant
DANIEL D. CROWLEY

#539379