IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, *Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*, <br><br>  Plaintiff, <br> v. <br><br> DANIEL D. CROWLEY, *et al.*, <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civ. Action No. 04-cv-1565(SLR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF CHAPTER 11 TRUSTEE ARLIN M. ADAMS
IN OPPOSITION TO MOTION TO STRIKE EVIDENCE
CITED IN THE TRUSTEE'S MOTION
FOR SUMMARY JUDGMENT AND OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Dated: June 4, 2007

Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)

SCHNADER HARRISON SEGAL & LEWIS LLP
824 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (facsimile)

OF COUNSEL:
Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice*)

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,
Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

I.    NATURE AND STAGE OF PROCEEDINGS ............................................................... 1

II.    SUMMARY OF ARGUMENT ....................................................................................... 1

III.    STATEMENT OF FACTS ............................................................................................. 3

IV.    ARGUMENT .................................................................................................................. 3

    1.    Crowley's Motion to Strike Evidence Cited in the Trustee's Summary Judgment Motion Should be Denied Because the Trustee's Motion is Based Entirely on Collateral Estoppel. ................................................................................................ 3

    2.    Crowley's Motion to Strike Evidence Cited in the Trustee's Opposition to Crowley's Summary Judgment Motion Should be Denied Because the Trustee Does Not Rely Solely on the Bankruptcy Court's Findings. ............................... 4

    3.    Crowley's Motion to Strike Should be Denied Because the Bankruptcy Court's Opinions are Not Hearsay. ....................................................................................... 5

    4.    Crowley Will Not Be Prejudiced if the Opinions are Permitted for a Limited Purpose.. 8

    5.    Crowley's Motion to Strike is Premature. ................................................................ 9

CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bernstein v. Travelers Insurance Co.*, Civ. A. No. 05-1528, 2006 WL. 2567875
   (N.D. Cal. Sept. 5, 2006) ................................................................................................. 4

*DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005) ............................................. 7

*Lorraine v. Markel America Insurance Co.*, Civ. A. No. 06-1893, 2007 WL.
   1300739 (D. Md. May 4, 2007) ....................................................................................... 6

*Marks v. Marina District Development Co.*, App. A. No. 05-3619, 2007 App.
   LEXIS 479 (3d Cir. Jan. 10, 2007) .................................................................................. 6

*National Union Fire Insurance Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*,
   937 F. Supp. 276 (S.D.N.Y. 1996) ................................................................................... 4

*Orthotec v. Reo Spineline, LLC*, 438 F. Supp. 2d 1122 (C.D. Cal. 2006) ................................ 6

*Puzz v. United States Department of Interior*, Civ. A. No. 80-2908, 1984 U.S.
   Dist. LEXIS 23096 (N.D. Cal. Oct. 2, 1984) ................................................................... 4

*Robi v. Five Platters, Inc.*, 918 F.2d 1439 (9th Cir. 1990) ....................................................... 4

*Estate of Smith v. Marasco*, 318 F.3d 497 (3d Cir. 2003) ....................................................... 7

*United States v. Boulware*, 384 F.3d 794 (9th Cir. 2004) ....................................................... 6

*United States v. Sine*, 483 F.3d 990 (9th Cir. 2007) ............................................................... 6

*United States v. Syme*, 276 F.3d 131 (3d Cir. 2002) .............................................................. 8

## STATE CASES

*Hicks v. Best Buy Co. of Minn., Inc.*, Civ. A. No. 01C-10-268, 2003 Del. Super.
   LEXIS 436 (Del. Super. Ct. Jan. 28, 2004) .................................................................... 7

*Kaye v. Pantone, Inc.*, 395 A.2d 369 (Del. Ch. 1978) ............................................................ 7

*Petsinger v. Doyle*, Civ. A. No. 01A-12-005, 2002 Del. Super. LEXIS 254 (Del.
   Super. Ct. Oct. 9, 2002) .................................................................................................. 7

## FEDERAL RULES

Federal Rule of Evidence 801(c) ...................................................................................6

Federal Rule of Civil Procedure 56(d)............................................................................4

I.  **NATURE AND STAGE OF PROCEEDINGS**

Arlin M. Adams, the Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corp. and Coram, Inc. (collectively, "Coram"), filed this action on December 29, 2004, alleging that defendant Daniel D. Crowley, Coram's former CEO and President, breached his fiduciary duties to Coram. On April 17, 2007, the Trustee filed a motion for summary judgment on the ground that the Bankruptcy Court's findings following two contested confirmation hearings precluded Crowley from re-litigating whether he had breached his fiduciary duties, or in the alternative, required that certain facts be deemed established under Federal Rule of Civil Procedure 56(d). (D.I. 128.) Crowley also filed a motion for summary judgment. (D.I. 122.) The summary judgment motions have been fully briefed. (D.I. 123, 129; 133, 137; 143, 148.)

On May 15, 2007, when the parties filed their reply briefs in support of their respective motions for summary judgment, Crowley filed a motion to strike from the summary judgment record all of the Trustee's references to the Bankruptcy Court's "statements from the bench, all orders or opinions in *In re Coram Healthcare*, and all references to the Bankruptcy Court's factual findings and legal conclusions." (D.I. 147 at 1.) The Trustee submits this brief in opposition to Crowley's motion to strike.

II.  **SUMMARY OF ARGUMENT**

1.  Crowley properly concedes that the Trustee may use the Bankruptcy Court's findings and determinations for their preclusive effect. (D.I. 147 at 3 n.2.) Yet then, in a perverse twist of reasoning, Crowley asserts that the Trustee's motion for summary judgment should be denied because it relies only upon the preclusive effect of Chief Judge Walrath's

findings. (*See* D.I. 147 at 5.) Because the Trustee's summary judgment motion is based solely on collateral estoppel -- a basis Crowley himself concedes is permissible -- to the extent Crowley's motion seeks to strike material cited in the Trustee's summary judgment motion, it should be denied.

2.  Similarly, Crowley misstates the basis of the Trustee's opposition to Crowley's motion for summary judgment. The Trustee's opposition does not rely "almost completely" on the Bankruptcy Court's factual findings and legal conclusions. (D.I. 147 at 3.) To the contrary, the record demonstrates that there are numerous genuine issues of material fact that preclude Crowley from obtaining summary judgment, even without regard to the Bankruptcy Court's factual findings and legal conclusions. Indeed, the Trustee's opposition brief contains eight pages of facts with numerous record citations before even mentioning that the Bankruptcy Court denied Coram's first proposed plan of reorganization. (D.I. 137 at 4-11.)

3.  The Bankruptcy Court's opinions are not hearsay because the Trustee does not intend to offer them for the truth of the statements they contain. The significance of the Bankruptcy Court opinions and findings is that they exist, not whether they were correct. When the Bankruptcy Court denied Coram's first proposed plan of reorganization, Crowley and the debtor-in-possession had to assess (and should have conformed) their conduct in the context of that fact. Moreover, the Trustee's damages theory is based on the expenses and business losses Coram sustained because it did not emerge from bankruptcy. The Trustee will not seek to introduce the opinions to show that Crowley had a conflict, but rather to show that because of Crowley's relationship with Cerberus, Coram remained in bankruptcy much longer than it would have had Crowley had no relationship with Cerberus.

4.  Crowley's argument that the opinions are unduly prejudicial and should be precluded under Federal Rule of Evidence 403 is substantively deficient. Crowley relies on the mistaken belief that the Trustee will seek to introduce the opinions for their truth. Crowley also gives no consideration to the Court's ability to provide an appropriate limiting instruction, something that courts do every day, and does not discuss the prejudice to the Trustee were the opinions and all references to them excluded as he requests.

5.  The motion to strike should be denied for the separate and independent reason that it is premature. Because Crowley's Rule 403 argument is concerned with the prejudice that might arise from the admission of evidence, the Court need not decide the question now. Crowley can raise this issue by way of a motion in limine at the appropriate time.

### III.  STATEMENT OF FACTS

The Trustee has set forth the relevant facts for this brief both in his opening brief in support of summary judgment and in his answering brief in opposition to Crowley's motion for summary judgment. (D.I. 129, 137.)

### IV.  ARGUMENT

1.  ***Crowley's Motion to Strike Evidence Cited in the Trustee's Summary Judgment Motion Should be Denied Because the Trustee's Motion is Based Entirely on Collateral Estoppel.***

Because Crowley muddies the waters on a simple, yet critical, issue, one point needs to be clarified at the outset: the Trustee bases his motion for summary judgment *only* upon the preclusive effect of the facts found by the Bankruptcy Court. (D.I. 129 at 3 n.1.) Although he disputes the import of those factual findings, Crowley "does not contend that the Trustee is

3

prohibited from arguing that Judge Walrath's findings or determinations have a preclusive effect in this matter." (D.I. 147 at 3 n.2.)

Crowley, of course, is right not to contest this point because he has no basis for arguing otherwise. As set forth in the Trustee's reply brief in support of his motion for summary judgment, courts routinely grant summary judgment based on collateral estoppel. (*See* D.I. 148 at 9-10.) Moreover, courts also rely on collateral estoppel to deem the precluded facts admitted for purposes of Federal Rule of Civil Procedure 56(d) (which is the alternative basis for the Trustee's motion). *See, e.g., Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1442 (9th Cir. 1990) (affirming district court decision to adopt prior court's findings of fact based on Rule 56(d) under doctrine of collateral estoppel "in its summary adjudication of issues"); *see also Bernstein v. Travelers Ins. Co.*, Civ. A. No. 05-1528, 2006 WL 2567875, at *4 (N.D. Cal. Sept. 5, 2006) (granting, in part, summary judgment motion under Rule 56(d) based on collateral estoppel); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 286 (S.D.N.Y. 1996) (same); *Puzz v. United States Dept. of Interior*, Civ. A. No. 80-2908, 1984 U.S. Dist. LEXIS 23096, at *24 (N.D. Cal. Oct. 2, 1984) (same).

### 2. *Crowley's Motion to Strike Evidence Cited in the Trustee's Opposition to Crowley's Summary Judgment Motion Should be Denied Because the Trustee Does Not Rely Solely on the Bankruptcy Court's Findings.*

Crowley argues that if there is no reference to the Bankruptcy Court decisions, he is entitled to summary judgment because the Trustee's opposition does not advance any admissible evidence to demonstrate any genuine issue of material fact. (D.I. 133 at 7.) That is plainly wrong, as even a cursory glance at the Trustee's opposition brief reveals.

To take one particularly egregious example on a pivotal point, Crowley states that the Trustee's only evidence that Crowley failed to disclose to Coram's Board the terms of his Cerberus Employment Agreement is the Bankruptcy Court's finding to that effect. (D.I. 147 at 4-5.) Yet, in his Statement of Facts, under the heading *Crowley's Failure To Disclose His Conflict Of Interest*, the Trustee does not refer to the Bankruptcy Court's finding on this point at all, but, rather, quotes Crowley's own sworn testimony:

> Q. Let's get some timing on that. You first said the Board approved your employment agreement [with Coram]. That would have been back in November 1999?
> A. Approximately.
> Q. At that time the Board did not know that you were receiving $80,000 a month from Cerberus, is that correct?
> A. That is correct.

(D.I. 137 at 6-7 (*citing* [Dec. 13, 2001 Hrg. Tr.] at 425:9-16.)

The Trustee's opposition brief to Crowley's motion for summary judgment contains a lengthy and detailed statement of numerous facts with numerous citations to the record and relies on record evidence wholly independent of and unrelated to the Bankruptcy Court's findings. (*See* D.I. 137 at 4-17.) Thus, Crowley's position that the Trustee relies upon the Bankruptcy Court's findings to create a genuine issue of material fact is simply wrong.

3.  ***Crowley's Motion to Strike Should be Denied Because the Bankruptcy Court's Opinions are Not Hearsay.***

The Trustee does not take issue with the general proposition that judicial opinions offered for the truth of the statements contained in the opinions are inadmissible hearsay. However, this general proposition has no relevance here because the Trustee does not offer the

Bankruptcy Court opinions to prove the truth of the Bankruptcy Court's findings. For example, the Trustee does not assert that Crowley had a conflict because the Bankruptcy Court said he had a conflict. Rather, the Trustee asserts that Crowley had a conflict because the facts show that he had a conflict. Moreover, the fact of the opinions denying confirmation is important and relevant because it explains why Coram stayed in bankruptcy, which is the basis of the Trustee's claim for damages.

To constitute hearsay, the out-of-court statement must be "offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). However, as the Advisory Committee notes make clear, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." FED. R. EVID. 801(c) Advisory Committee note. Accordingly, "verbal acts and verbal parts of acts, in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights," are not hearsay. *Id.* Statements offered to show the effects on the listener and statements that have relevance simply because they are made are not hearsay. *See Marks v. Marina Dist. Dev. Co.*, App. A. No. 05-3619, 2007 App. LEXIS 479, at *10-*11 (3d Cir. Jan. 10, 2007); *see also Lorraine v. Markel Am. Ins. Co.*, Civ. A. No. 06-1893, 2007 WL 1300739, at *35 (D. Md. May 4, 2007). "A prior judgment is not hearsay . . . to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties." *United States v. Boulware*, 384 F.3d 794, 805-06 (9th Cir. 2004); *see also Orthotec v. Reo Spineline, LLC*, 438 F. Supp. 2d 1122, 1129 n.9 (C.D. Cal. 2006) (permitting reference to state court judgment because outcome of state court judgment was not hearsay). In fact, in one of the cases on which Crowley relies, *United States v. Sine*, 483 F.3d 990 (9th Cir. 2007), the Court stated that judicial orders can properly be admitted for purposes

6

other than to prove the truth of the matters asserted. *See id.* at 1005 n.13 (noting that government could have used prior order to prove that defendant's actions were not made in good faith).

Illustrative of the permissible use of judicial opinions -- and highly relevant here -- is the use of opinions in malicious prosecution cases. To prevail in a malicious prosecution action, a plaintiff must show, among other things, that the underlying proceeding that serves as the basis for the malicious prosecution claim terminated in the plaintiff's favor. *See, e.g., Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003); *Kaye v. Pantone, Inc.*, 395 A.2d 369, 372 (Del. Ch. 1978). The independent fact of the prior litigation and the judicial opinions that it generated is what is important -- not the truth of what the opinions say. Accordingly, a court faced with a malicious prosecution claim necessarily must consider what happened in the underlying proceedings -- and no court ever would suggest that such is inadmissible hearsay. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005); *see also Hicks v. Best Buy Co. of Minn., Inc.*, Civ. A. No. 01C-10-268, 2003 Del. Super. LEXIS 436, at *3 (Del. Super. Ct. Jan. 28, 2004); *Petsinger v. Doyle*, Civ. A. No. 01A-12-005, 2002 Del. Super. LEXIS 254, at *8 (Del. Super. Ct. Oct. 9, 2002).

Just as in the malicious prosecution context, the underlying Bankruptcy Court opinions are necessary here to show the *fact* of the prior litigation. The Bankruptcy Court litigation affected the legal rights and duties of the parties. Indeed, those opinions serve to explain the very reason why the Trustee was appointed and is the plaintiff here. They influenced what Coram and its Board did in response to the Bankruptcy Court's denial -- on two occasions -- of Coram's reorganization plans. They form the basis of the Trustee's claim for damages.

7

In short, the Bankruptcy Court opinions are relevant to the Trustee's claims. Because they are not offered to prove the truth of any matter asserted therein -- including the pivotal fact that Crowley had a conflict -- they are admissible.

4. *Crowley Will Not Be Prejudiced if the Opinions are Permitted for a Limited Purpose.*

Crowley asserts that it would be prejudicial for the jury to hear that the Bankruptcy Court concluded that Crowley had a conflict. This argument is a nonstarter for a number of reasons.

First, Crowley wholly ignores the curative instructions the Court could give, and provides no reason why a curative instruction would not cure any potential prejudice, given the limited use for which the Trustee seeks to use the opinions. And of course, a court presumes that a jury will follow its instructions. *United States v. Syme*, 276 F.3d 131, 155 (3d Cir. 2002).

Second, Crowley's Rule 403 argument relies largely on the incorrect premise that the Trustee will offer the opinions for their truth. As set forth above, that is not so. The fact of the Bankruptcy Court's rulings are relevant to explain the conduct of Crowley and the Board and the Trustee's damages. Crowley ignores the incalculable prejudice to the Trustee if the opinions are excluded. The Trustee asserts that because of Crowley's conflict, Coram was damaged because it was forced to remain in bankruptcy. The proof that Coram remained in bankruptcy because of Crowley's conflict is as a factual matter -- the Bankruptcy Court's rulings on Coram's two proposed plans of reorganization. If there can be *no* reference to the Bankruptcy Court's findings and conclusions, as Crowley urges, it would be difficult even to explain why there is a Trustee, in this case an innocuous fact. To grant this motion would be to allow Crowley to

8

escape responsibility for damage plainly caused by what one trier of fact has already concluded was an impermissible conflict of interest.

### 5. *Crowley's Motion to Strike is Premature.*

Crowley's motion to strike is premature. There is no need at this time to decide whether the Bankruptcy Court opinions will be admissible at trial.

First, as discussed above, Crowley concedes that the opinions may be considered for their preclusive effect, but that use does not raise admissibility questions. There clearly is no need to strike the Trustee's references to the Bankruptcy Court's opinions in his summary judgment briefs. Second, with respect to Crowley's summary judgment motion, the Trustee does not rely solely on the opinions to defeat that motion, but, rather, relies on the actual factual record.

In short, the Court can consider the merits of both parties' motions for summary judgment without reference to the truth of the statements contained in the Bankruptcy Court's prior findings and rulings. Crowley can raise this issue by way of motion in limine at the appropriate time. The Court need not deal with this evidentiary issue in a vacuum.

## CONCLUSION

For all of the reasons set forth above, the Trustee respectfully requests that the Court deny Crowley's motion to strike.

Dated:  June 4, 2007

Respectfully submitted,

/s/ Michael J. Barrie
Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)
SCHNADER HARRISON SEGAL & LEWIS LLP
824 Market Street Mall, Suite 1001
Wilmington, DE  19801
(302) 888-4554 (telephone)
(302) 888-1696 (telecopier)
mbarrie@schnader.com

OF COUNSEL:

Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice*)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,*
*Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, *Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of* CORAM HEALTHCARE CORP. and CORAM, INC.,<br>        Plaintiff,<br>v.<br>DANIEL D. CROWLEY, *et al.*,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 04-1565 (SLR)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Michael J. Barrie, hereby certify that I am at least eighteen years of age and that on June 4, 2007, I caused a true and correct copy of the Memorandum of Chapter 11 Trustee Arlin M. Adams in Opposition to Motion to Strike Evidence Cited in the Trustee's Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment, to be served upon the following:

Jeffrey C. Wisler, Esquire
Christina M. Thompson, Esquire
Connolly Bove Lodge & Hutz LLP
1007 N. Orange St., P.O. Box 2207
Wilmington, DE 19899
(*via CM/ECF and hand delivery*)

Elliot R. Peters, Esquire
Laurie Carr Mims, Esquire
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(*via CM/ECF, email and overnight mail*)

Dated: June 4, 2007

SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ Michael J. Barrie
Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)
824 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 888-4554
Facsimile: (302) 888-1696

OF COUNSEL:

Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice)*
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,*
Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.