IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, and SANDRA L. SMOLEY,<br><br>Defendants. | Case No. 04-1565 (SLR) |

**REPLY BRIEF OF DEFENDANT DANIEL D. CROWLEY IN SUPPORT OF MOTION TO STRIKE EVIDENCE CITED IN THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

June 14, 2007

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

*Attorneys for Defendant DANIEL D. CROWLEY*

397132.02

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................2

    A.    Crowley does not dispute that the Trustee may rely on Judge Walrath's statements and opinions for purposes of his collateral estoppel claim. ....................2

    B.    Where the Trustee has relied on Judge Walrath's statements and opinions for the truth of the findings and conclusions therein, the Court should strike this evidence as inadmissible hearsay. .............................................2

    C.    The Court should strike Judge Walrath's statements and opinions as prejudicial. ..........................................................................................................5

    D.    The Court should strike Judge Walrath's statements and opinions because Crowley likely cannot depose Judge Walrath. ...........................................6

III. CONCLUSION.....................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Carter v. Burch,*
  34 F.3d 257 (4th Cir. 1994) .................................................................................... 5

*DiBella v. Borough of Beachwood,*
  407 F.3d 599 (3d Cir. 2005) .................................................................................... 4

*Engquist v. Oregon Dep't of Agric.,*
  478 F.3d 985 (9th Cir. 2007) ................................................................................... 4

*Hicks v. Best Buy Co.,* No. 01c-10-268 CLS,
  2004 WL 249587 (Del Super. Ct. Jan. 28, 2004) ................................................... 4

*In re Coram Healthcare Corp.,*
  271 B.R. 228 (Bankr. D. Del. 2001) .................................................................... 3, 5

*Nipper v. Snipes,*
  7 F.3d 415 (4th Cir. 1993) ............................................................................... 1, 5, 6

*Old Chief v. United States,*
  519 U.S. 172 (1997) ................................................................................................. 6

*Orthotec, LLC v. REO Spineline LLC,*
  438 F. Supp.2d 1122 (C.D. Cal. 2006) ................................................................... 4

*Petsinger v. Doyle,* No. Civ. A. 01A-12-005-FS,
  2002 WL 31268286 (Del. Super. Ct. Oct. 9, 2002) ................................................ 4

*Philbin v. Trans Union Corp.,*
  101 F.3d 957 (3d Cir. 1996) .................................................................................... 7

*United States Steel, LLC v. TIECO, Inc.,*
  261 F.3d 1275 (11th Cir. 2001) ............................................................................... 5

*United States v. Boulware,*
  384 F.3d 794 (9th Cir. 2004) ................................................................................... 3

*United States v. Roebuck,*
  271 F.Supp.2d 712 (D.V.I. 2003) ............................................................................ 6

*United States v. Sine,*
  483 F.3d 990 (9th Cir. 2007) ................................................................................... 6

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.,* 505 F. Supp. 1125
  (E.D. Pa. 1980), *aff'd in part, rev'd in part,* 723 F.2d 238 (3d. Cir. 1983) ....... 5, 6

### Federal Rules

Fed. R. Civ. P. 56(e) ....................................................................................................... 7

ii

397132.02

## I.   INTRODUCTION

Plaintiff Arlin Adams ("Trustee") largely concedes—and in some cases completely fails to respond to—Defendant Daniel D. Crowley's three grounds for striking Trustee's evidence of the Bankruptcy Court's findings and conclusions. The Trustee admits that evidence of Judge Mary F. Walrath's findings and conclusions, including hearing transcripts, orders, and opinions, is inadmissible hearsay if offered for the truth of the findings or conclusions therein. The Trustee does not seriously dispute the prejudicial effect of admitting evidence of Judge Walrath's findings and conclusions. And the Trustee does not deny that it would be grossly unfair to admit evidence of Judge Walrath's findings and conclusions in light of the strong presumption against Crowley being able to call Judge Walrath as a witness to cross-examine her. The Court should thus grant Crowley's Motion to Strike.

The Trustee makes only two substantive arguments in favor of admitting Judge Walrath's statements and opinions as evidence, neither of which stands up to scrutiny. *First*, the Trustee's assertion that he does not rely on the Bankruptcy judge's opinions for their truth is belied by his opposition brief, in which he admits that he "seek[s] to introduce the opinions ... to show that because of Crowley's relationship with Cerberus, Coram remained in bankruptcy much longer than it would have had Crowley had no relationship with Cerberus." (D.I. 152 at 2). Thus, the Trustee seeks at a minimum to prove causation through the use of Judge Walrath's opinions.

*Second*, the Trustee argues that he should be permitted to put Judge Walrath's findings and conclusion in evidence because otherwise "it would be difficult even to explain" such background facts as the appointment of the Trustee and the denial of the first two reorganization plans. (D.I. 152 at 8) Hardly. The Trustee was appointed after the denial of the second plan of reorganization. There is nothing difficult to explain there. Indeed, Crowley is willing to stipulate to the fact that the first and second reorganization plans were denied and Adams was subsequently appointed Trustee. But, the Trustee cannot offer Judge Walrath's *reasons* for denying confirmation. Such evidence is plainly hearsay offered for the truth. Moreover, the Trustee ignores the "flagrantly prejudicial" effect of admitting Judge Walrath's opinions. *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993). The Court should strike this evidence.

1

## II.  ARGUMENT

**A.  Crowley does not dispute that the Trustee may rely on Judge Walrath's statements and opinions for purposes of his collateral estoppel claim.**

Crowley does not dispute that the Trustee may rely on Judge Walrath's statements and opinions—and the findings and conclusions contained therein—for purposes of attempting to prove the elements of his collateral estoppel argument. As Crowley made clear in his opening brief, his motion to strike addresses the use of Judge Walrath's statements and opinions as *evidence*. (D.I. 147 at 3 n.2) Thus, where the Trustee argues his right to rely on Judge Walrath's findings and conclusions in support of his collateral estoppel theory, his opposition is inapposite to the issue before the Court on this motion.[1]

**B.  Where the Trustee has relied on Judge Walrath's statements and opinions for the truth of the findings and conclusions therein, the Court should strike this evidence as inadmissible hearsay.**

The Trustee concedes that "judicial opinions offered for the truth of the statements contained in the opinion are inadmissible hearsay." (D.I. 152 at 5). He also admits that he may not offer Judge Walrath's statements or opinions to prove that Crowley had an alleged conflict or "to prove the truth of the Bankruptcy Court's findings" at all. (*Id.* at 6) Moreover, the Trustee does not dispute that the Court may not rely on inadmissible evidence at the summary judgment stage or that the inadmissible evidence must be struck from the record on summary judgment.

Instead, the Trustee argues that he cites evidence other than Judge Walrath's findings and conclusions in opposition to Crowley's summary judgment motion and that he does not rely on Judge Walrath's opinions or statements for their truth. The Trustee's first point is a complete non-sequitur. Whether or not the Trustee cites evidence other than Judge Walrath's hearsay statements is irrelevant to the question before the Court on this motion: whether the evidence of Judge Walrath's findings is admissible.

---

[1] Crowley notes the Trustee's "clarification" that he "bases his motion for summary judgment *only* upon the preclusive effect of the facts found by the Bankruptcy Court." (D.I. 152 at 3) (emphasis in original). Thus, it is now clear that the Trustee's alternative motion for the Court to deem facts admitted (*see* D.I. 129 at 25-27) is grounded on collateral estoppel and thus should be denied for the same reasons that the Trustee's motion for summary judgment should be denied. (*See* D.I. 133 at 7-21). To the extent that the Trustee's motion was based on the statements of Judge Walrath, the Trustee now concedes that those statements are inadmissible.

2

The Trustee's second point—that he does not rely on Judge Walrath's statements and opinions—is simply not accurate. The Trustee plainly cites Judge Walrath's opinions as evidence that the statements contained therein are true. In the Trustee's chart that allegedly illustrates that the "facts are hotly contested," he cites Judge Walrath's statements and opinions six times as record evidence that supposedly establishes a material question of fact. (*See* D.I. 137 at 18-21) In an attempt to dispute the fact that Crowley did not purposefully withhold any information from Coram regarding his relationship with Cerberus, for instance, the Trustee argues that "The Bankruptcy Court determined that, 'the actions of Mr. Crowley ... did show an intent to hide the relationship.'" (D.I. 137 at 19 (quoting B152 [Dec. 21, 2000 Hrg. Tr.] at 89)). This is classic hearsay.

Moreover, on the key issue of the extent of Crowley's liability for Coram's damages, the *only* evidence the Trustee cites to establish the existence of a material question of fact is Judge Walrath's inadmissible hearsay statements. Crowley has moved for partial summary judgment on the ground that he cannot be liable for Coram's damages resulting from the denial of the second reorganization plan because it undisputed that he was not involved in the preparation or presentation of that plan. (*See* D.I. 133 at 35-37) In his opposition, the only evidence that the Trustee cites in support of his claim that Crowley is responsible for the denial of the second plan is Judge Walrath's conclusion that "[n]othing ... ha[d] changed" with respect to Crowley's relationship to Cerberus. (D.I. 137 at 33 (quoting *In re Coram Healthcare Corp.*, 271 B.R. 228, 235 (Bankr. D. Del. 2001)). Thus, the Trustee is using Judge Walrath's written opinion as evidence that Crowley had a continuing conflict and as evidence that Judge Walrath denied the second plan because Crowley had continued on as Coram's CEO. This is textbook hearsay offered for its truth.

The Trustee's use of Judge Walrath's statements and opinions is distinguishable from the two cases he cites in which the courts approved the non-hearsay use of a prior court judgment. In *United States v. Boulware*, 384 F.3d 794, 807 (9th Cir. 2004), a criminal tax evasion case in which the defendant allegedly took money from his company to give to his girlfriend without reporting the money as income, the court held that a prior state court judgment that the company

3

owned the money at all times and the girlfriend was obligated to return it was admissible as non-hearsay "to establish the judgment's legal effect."[2] Similarly, in *Orthotec, LLC v. REO Spineline LLC*, 438 F. Supp.2d 1122, 1129 n.9 (C.D. Cal. 2006), the court permitted the plaintiff to cite a state court injunction to show that a defendant was prohibited from selling its inventory because the plaintiff "only refer[red] to the outcome of the state court judgment...."

In contrast to *Boulware* and *Orthotec*, the Trustee has done much more than rely on Judge Walrath's statements and opinions to establish the "outcome" of the bankruptcy proceedings. Crowley does not dispute that the Trustee may "refer to the outcome" of the bankruptcy proceedings: namely that the first and second reorganization plans were not confirmed. But the Trustee goes beyond that limited, non-hearsay use and seeks to use Judge Walrath's statements during the Bankruptcy Court's hearings and the opinion in *In re Coram Healthcare Corp.* to establish the truth of the *reasons why* the plans were not confirmed. Indeed, the Trustee admits that he seeks "to introduce the opinions ... to show that because of Crowley's relationship with Cerberus, Coram remained in bankruptcy much longer than it would have had Crowley had no relationship with Cerberus." (D.I. 152 at 2) This is inadmissible hearsay.

The Trustee's argument that malicious prosecution cases illustrate the admissibility of judicial opinions fails. *First*, none of the three cases cited by the Trustee even discusses the admissibility of a prior judicial opinion, much less holds such opinions are admissible. *See DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005); *Hicks v. Best Buy Co.*, No. 01c-10-268 CLS, 2004 WL 249587 (Del Super. Ct. Jan. 28, 2004); *Petsinger v. Doyle*, No. Civ. A. 01A-12-005-FS, 2002 WL 31268286 (Del. Super. Ct. Oct. 9, 2002).

---

[2] *Boulware* is also distinguishable because, as the Ninth Circuit explained in a subsequent opinion, "[i]n *Boulware*, the single issue decided by the state court in the earlier case was a distinct civil cause of action that only related to one component of Boulware's criminal prosecution" and thus "present[ed] a much smaller risk of prejudice or confusion of the issues." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007). In *Engquist*, an employment discrimination case, the trial court properly excluded as unduly prejudicial a prior verdict in a related employment discrimination against the same defendants. *Id.* Distinguishing *Boulware*, the Court of Appeals held that "there was a substantial risk that the jury would import the whole verdict of liability from the prior proceeding." *Id.* The same is true here. Given the substantial overlap in the issues between the bankruptcy proceeding and this proceeding, there is a "substantial risk" that the jury would import all of Judge Walrath's conclusions if it were permitted to consider her statements and opinions. *Id.*

4

*Second*, contrary to the Trustee's assertion that "no court would ever suggest that [an opinion in the underlying proceeding] is inadmissible hearsay" in a malicious prosecution case, the Eleventh Circuit did exactly that in *United States Steel, LLC v. TIECO, Inc.*, 261 F.3d 1275 (11th Cir. 2001). There, the district court had admitted an Alabama state court opinion dismissing an indictment against TIECO as evidence in TIECO's subsequent malicious prosecution action against U.S. Steel in connection with U.S. Steel's cooperation with the grand jury investigation of TIECO. *United States Steel*, 261 F.3d at 1288. On appeal, the Eleventh Circuit first noted that, while U.S. Steel had not moved to exclude the state court opinion on hearsay grounds, had it done so, "the admissibility of [the state court] opinion could be easily resolved" because factual findings in made in a separate case are hearsay and "could not be either judicially noticed or admitted...." *Id.* at 1287. Nonetheless, the court went on to hold that the state court opinion was inadmissible under Rule 403 of the Federal Rules of Evidence because, in part, as hearsay it was unreliable and because the hearsay was "even more unfairly prejudicial and misleading" because it was authored by a judge and thus likely to be given undue weight by the jury. *Id.* at 1287. The court thus concluded that it was an abuse of discretion by the district court to admit the state court opinion. *Id.* at 1288.

C.  **The Court should strike Judge Walrath's statements and opinions as prejudicial.**

Even if the Trustee were offering Judge Walrath's findings and conclusions for a non-hearsay purpose—which he is not—they would be inadmissible for the independent reason that whatever minimal evidentiary value they have "to show the fact of the prior litigation" (D.I. 152 at 7) would be outweighed by the extreme prejudice to Crowley of admitting them into evidence. Judicial findings—by virtue of having been made by a judge—"creat[e] a serious danger of unfair prejudice." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 505 F. Supp. 1125, 1186 (E.D. Pa. 1980), *aff'd in part, rev'd in part*, 723 F.2d 238 (3d. Cir. 1983). This risk is heightened where the prior opinion directly relates to an issue before the jury. *See Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994). Here, Judge Walrath found, among other things, the existence of a conflict of interest on Crowley's part. *See In re Coram*, 271 B.R. at 232. To allow the jury to hear that finding would be "flagrantly prejudicial" to Crowley. *Nipper v.*

5

*Snipes*, 7 F.3d 415, 418 (4th Cir. 1993). Indeed, the Trustee does not dispute this prejudice.

The Trustee contends that he should be permitted to introduce Judge Walrath's findings and conclusions because otherwise "it would be difficult even to explain why there is a Trustee...." (D.I. 152 at 8) The Trustee "cannot, however, avoid the dictates of the rules of evidence simply because they create a burden." *United States v. Sine*, 483 F.3d 990, 1004 (9th Cir. 2007) (holding that admission of prior opinion was unfairly prejudicial). Moreover, as in the *Sine* case, the admission of Judge Walrath's statements and opinions would be particularly prejudicial because there are "evidentiary alternatives" that present no risk of prejudice but that will achieve the Trustee's stated goal of showing "the fact of the prior litigation." *Id.* at 1003 (quoting *Old Chief v. United States*, 519 U.S. 172, 184 (1997)). For example, Crowley will stipulate to the fact of the bankruptcy proceeding and the fact that the first and second reorganization plans were not confirmed.

Finally, the Trustee claims a curative instruction to the jury will prevent Crowley from being prejudiced by the admission of the Bankruptcy Court's findings and conclusions. However, in *Nipper*, a breach of fiduciary duty and fraud case, the Fourth Circuit held that the admission of a prior order containing "factual findings of fraud on the part of [the defendant] as well as finding that his conduct amounted to a breach of fiduciary duty," was so "flagrantly prejudicial" that a limiting instruction to the jury was insufficient to prevent prejudice to the defendant. *Nipper*, 7 F.3d at 418. Judge Walrath's findings—for example, her finding that Crowley had a conflict—are similarly prejudicial because they bear so directly on issues before the jury here. As in *Nipper*, a limiting instruction here would not undo the prejudice to Crowley.

**D.  The Court should strike Judge Walrath's statements and opinions because Crowley likely cannot depose Judge Walrath.**

The Trustee does not dispute that only in the most unusual circumstances are judges permitted to testify, *see United States v. Roebuck*, 271 F.Supp.2d 712, 718 (D.V.I. 2003), or that Crowley's likely inability to cross-examine Judge Walrath magnifies the already substantial prejudice that would result if her findings and conclusions were admitted. *See Zenith*, 505 F. Supp. at 1185. Indeed, the Trustee did not even respond to this argument. Accordingly, the

6

Court should exclude Judge Walrath's statements and opinions for this independent reason.

Similarly, the Trustee does not dispute that, in the event that the Court does admit Judge Walrath's findings or conclusions over the substantial weight of the authority cited above, such a ruling would be sufficiently unusual to warrant permitting Crowley to call Judge Walrath to testify at deposition and trial. The Trustee does not deny that, in such an event, basic fairness would require that prevent Crowley be permitted to question Judge Walrath.

### III.  CONCLUSION

The Trustee does not dispute that the Court is not permitted to consider inadmissible evidence on summary judgment. Fed. R. Civ. P. 56(e); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 961 n.1 (3d Cir. 1996). As discussed at length above, the evidence of Judge Walrath's findings and conclusions relied upon by the Trustee in his opposition to Crowley's motion for summary judgment is inadmissible. The Court should strike it and decline to consider it in connection with the pending summary judgment motion.

Dated: June 14, 2007

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Jeffrey C. Wisler*

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

Attorneys for Defendant
DANIEL D. CROWLEY

7

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 14th day of June, 2007, **Daniel D. Crowley's Reply Brief in Support of Motion to Strike Evidence Cited in the Trustee's Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment** was served as indicated upon the following counsel.

**E-FILE AND HAND DELIVERY**
Richard A. Barkasy, Esquire
Michael J. Barrie, Esquire
Schnader Harrison Segal & Lewis LLP
824 N. Market Street, Suite 1001
Wilmington, DE 19801

**FEDERAL EXPRESS**
Barry E. Bressler, Esquire
Wilbur L. Kipnes, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

Christina M. Thompson (#3976)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141
E-mail: cthompson@cblh.com