IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM INC., a Delaware Corporation,<br><br>                            Plaintiff,<br><br>      v.<br><br>DANIEL D. CROWLEY<br><br>                          Defendant | Case No. 04-1565 (SLR) |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that the attached (i) *Notice of Expert Deposition of J. Scott Victor and Request for Production of Documents* (ii) *Notice of Expert Deposition of Michael L. Temin and Request for Production of Documents*, and (iii) *Notice of Expert Deposition of Jeffrey L. Baliban* were served on June 15, 2007 by electronic mail and first class mail from the law office of Keker & Van Nest LLP in San Francisco, California upon Barry E. Bressler, Esquire, Wilbur Kipnes, Esquire and Richard Barkasy, Esquire, Schnader Harrison Segal & Lewis LLP, 1600 Market Street, Suite 3600, Philadelphia, Pennsylvania 19103-7286.

Dated:  June 15, 2007

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Jeffrey C. Wisler (No. 2795)
Christina M. Thompson (No. 3976)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
302-658-9141

-and-

Elliott R. Peters, Esquire
R. James Slaughter, Esquire
Laurie Carr Mims, Esquire
R. James Slaughter, Esquire
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

*Attorneys for Daniel D. Crowley*

#545259

# **ATTACHMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARLIN M. ADAMS, Chapter 11 Trustee of
the Post-Confirmation Bankruptcy Estates of
CORAM HEALTHCARE CORPORATION,
a Delaware Corporation, and of CORAM
INC., a Delaware Corporation,

                    Plaintiff,

    v.

DANIEL D. CROWLEY

                    Defendant

Case No. 04-1565 (SLR)

**NOTICE OF EXPERT DEPOSITION OF JEFFREY L. BALIBAN
AND REQUEST FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rule 26(b)(4)(A) and 45 of the Federal Rules

of Civil Procedure, Defendant Daniel Crowley ("Crowley"), by his attorneys, will take the

deposition of Plaintiff's expert Jeffrey L. Baliban at the offices of Schnader Harrison Segal &

Lewis, LLP, 140 Broadway, Suite 3100, New York, NY 10005-1101, commencing at 9:00 a.m.

on June 25, 2007, and continuing from day to day, excluding Saturdays and Sundays, until

concluded.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) of the Federal

Rules of Civil Procedure, the deposition will be taken before a notary public or other officer

authorized by the law to administer oaths, and may be recorded both stenographically and by

sound-and-visual means (i.e., by videotape), and provision may be made for real-time monitoring

using LiveNote[tm] or similar means. Crowley reserves the right to use this videotape deposition at

1

the time of trial.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Crowley requests that Mr. Baliban produce documents in response to the document requests below by June 22, 2007.

## REQUESTS FOR PRODUCTION

### DEFINITIONS

1. "PLAINTIFF" means Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corporation and Coram, Inc. and Arlin M. Adams' attorneys, agents and advisors, and anyone acting on Arlin M. Adams' behalf.

2. "CORAM" means Coram Healthcare Corporation or Coram, Inc. or any of their domestic and foreign predecessors, successors, parents, subsidiaries, divisions, affiliates, partnerships, joint ventures, or other entities within their operation or control, and their respective present and former general and limited partners, members, managers, officers, directors, employees, attorneys, agents and advisors, and anyone acting on their behalf.

3. The term "THIS ACTION" means the civil action styled Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corporation and Coram, Inc. v. Daniel D. Crowley, Case No. 04-1565 (SLR) pending in the United States District Court for the District of Delaware.

4. The terms "YOU" and "YOUR" refer to Jeffrey L. Baliban, and his attorneys, agents and advisors, and anyone acting on Jeffrey L. Baliban's behalf, and any representatives or employees of NERA who assisted in the analysis or preparation of Jeffrey L Baliban's expert opinions or reports or performed any analysis or work related to THIS ACTION or CORAM, including but not limited to David Tabak.

5. The term "DOCUMENT(S)" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded matter, however produced or reproduced, and all "writings" as defined in Federal Rule of Civil

Procedure 34(a)(1), including, without limitation, the following: abstracts, advertisements, agendas, agreements, analyses of any kind, appointment calendars, articles, assignments, blueprints, books, brochures, charts, circulars, compilations, computer programs, runs and printouts, computer data files in machine readable form, contracts, diaries, letters, email, reports (including reports or notes of telephone or other conversations), memoranda, brochures, books, ledgers, drawings, photographs, specifications, drafts, catalogs, instructions, invoices, bills of materials, minutes, orders, publications, purchase orders, proposals, working papers, laboratory notebooks and other writings of whatsoever nature, whether on paper, magnetic tape or other information storage means, including film and computer memory devices; all drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists, and regardless of who has maintained custody of such documents; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

6. The term "COMMUNICATION(S)" means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone (analog, digital or cellular), facsimile, mail, e-mail, text message, personal delivery or otherwise.

7. The term "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject matter.

8. The term "EXPERT REPORT(S)" means any reports or other documents RELATING TO YOUR expert opinions in THIS ACTION or otherwise RELATING TO CORAM, including but not limited to the Report of Jeffrey L. Baliban dated June 8, 2007 (executed June 11, 2007) and the reports of David Tabak dated March 31, 2004 and October 4, 2006.

9. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

397339.01

3

10. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1.  YOU are required to produce all DOCUMENTS in your possession, custody, or control, including those DOCUMENTS maintained in electronic or other files.

2.  YOU are required to produce all DOCUMENTS in the manner required by Federal Rule of Civil Procedure Rule 45, including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

3.  If YOU cannot respond to a document request fully, after a diligent attempt to attain the requested information, YOU must answer the document request to the extent possible, specify the portion of the document request YOU are unable to answer, and provide whatever information YOU have regarding the unanswered portion.

4.  In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody or control, YOU shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

5.  In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, YOU shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which YOU asserts supports any claim of privilege.

## REQUESTS

**REQUEST NO. 1:**

All DOCUMENTS RELATING TO the EXPERT REPORTS, including but not limited to all drafts thereof, and all exhibits, draft exhibits, work papers, notes, correspondence, memoranda, and e-mail relating thereto.

**REQUEST NO. 2:**

All COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS ACTION or CORAM.

**REQUEST NO. 3:**

All agreements between YOU and PLAINTIFF RELATING TO THIS ACTION or CORAM.

**REQUEST NO. 4:**

Excluding all documents listed in Exhibit 2 to the Report of Jeffrey L. Baliban dated June 8, 2007 other than those listed in the section "Other Sources," all DOCUMENTS given, sent, shown, transferred, described or otherwise exchanged between PLAINTIFF and YOU RELATING TO any work or services performed by YOU for PLAINTIFF RELATING TO THIS ACTION or CORAM.

**REQUEST NO. 5:**

All DOCUMENTS sufficient to show any expert opinion YOU have provided in any other legal matter RELATING TO business valuation matters, measurement of economic value and/or damages

**REQUEST NO. 6:**

All transcripts of all expert testimony you have provided in the last four years, including but not limited to the testimony listed on pages 7 through 9 of the Curriculum Vitae attached to the Report of Jeffrey L. Baliban dated June 8, 2007.

**REQUEST NO. 7:**

All reports, papers or publications YOU have prepared in the last 10 years RELATING TO business valuation matters, measurement of economic value and/or damages, including but not limited to those listed on page 6 of the Curriculum Vitae attached to the Report of Jeffrey L. Baliban dated June 8, 2007.

///

///

///

**REQUEST NO. 8:**

All invoices, bills, time records, billing records, and schedules of fees RELATING TO
services YOU have performed for PLAINTIFF or CORAM, including YOUR work in
association with SSG Capital Advisors.

Dated: June 15, 2007

ELLIOT R. PETERS
R. JAMES SLAUGHTER
LAURIE CARR MIMS
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Email: epeters@kvn.com
Email: wbraunig@kvn.com

Attorneys for Defendant
DANIEL D. CROWLEY

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On June 15, 2007, I served the following document:

### NOTICE OF EXPERT DEPOSITION OF JEFFREY L. BALIBAN
### AND REQUEST FOR PRODUCTION OF DOCUMENTS

☑     by **ELECTRONIC MAIL** by e-mailing a pdf copy of the above document to the e-mail addresses listed below.

☑     by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

Barry E. Bressler, Esq.                      Attorneys for Plaintiff
Wilbur L. Kipnes, Esq.                      ARLIN M. ADAMS
Richard Barkasy, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Ste. 3600
Philadelphia, PA 19103-7286
TEL: (215) 751-2000
FAX: (215) 751-2205
E-mail: bbressler@schnader.com

Executed on June 15, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_JOANNE WINARS_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARLIN M. ADAMS, Chapter 11 Trustee of
the Post-Confirmation Bankruptcy Estates of
CORAM HEALTHCARE CORPORATION,
a Delaware Corporation, and of CORAM
INC., a Delaware Corporation,

Case No. 04-1565 (SLR)

Plaintiff,

v.

DANIEL D. CROWLEY

Defendant

## NOTICE OF EXPERT DEPOSITION OF J. SCOTT VICTOR
## AND REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rule 26(b)(4)(A) and 45 of the Federal Rules

of Civil Procedure, Defendant Daniel Crowley ("Crowley"), by his attorneys, will take the

deposition of Plaintiff's expert J. Scott Victor at the offices of Ballard, Spahr, Andrews &

Ingersoll, LLP, at 1735 Market Street, 51st Floor, Philadelphia, PA 19103-7599, commencing at

9:00 a.m. on June 27, 2007, and continuing from day to day, excluding Saturdays and Sundays,

until concluded.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) of the Federal

Rules of Civil Procedure, the deposition will be taken before a notary public or other officer

authorized by the law to administer oaths, and may be recorded both stenographically and by

sound-and-visual means (i.e., by videotape), and provision may be made for real-time monitoring

using LiveNote[tm] or similar means. Crowley reserves the right to use this videotape deposition at

1

the time of trial.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Crowley requests that Mr. Victor produce documents in response to the document requests below by June 22, 2007.

## REQUESTS FOR PRODUCTION

### DEFINITIONS

1. The terms "YOU" and "YOUR" refer to J. Scott Victor, and his attorneys, agents and advisors, and anyone acting on J. Scott Victors's behalf, including other representatives or employees of SSG Capital Advisors or National City Investment Banking.

2. "PLAINTIFF" means Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corporation and Coram, Inc. and Arlin M. Adams' attorneys, agents and advisors, and anyone acting on Arlin M. Adams' behalf.

3. "CORAM" means Coram Healthcare Corporation or Coram, Inc. or any of their domestic and foreign predecessors, successors, parents, subsidiaries, divisions, affiliates, partnerships, joint ventures, or other entities within their operation or control, and their respective present and former general and limited partners, members, managers, officers, directors, employees, attorneys, agents and advisors, and anyone acting on their behalf.

4. The term "THIS ACTION" means the civil action styled Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corporation and Coram, Inc. v. Daniel D. Crowley, Case No. 04-1565 (SLR) pending in the United States District Court for the District of Delaware.

5. The term "DOCUMENT(S)" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded matter, however produced or reproduced, and all "writings" as defined in Federal Rule of Civil Procedure 34(a)(1), including, without limitation, the following: abstracts, advertisements, agendas, agreements, analyses of any kind, appointment calendars, articles, assignments, blueprints, books, brochures, charts, circulars, compilations, computer programs, runs and

printouts, computer data files in machine readable form, contracts, diaries, letters, email, reports (including reports or notes of telephone or other conversations), memoranda, brochures, books, ledgers, drawings, photographs, specifications, drafts, catalogs, instructions, invoices, bills of materials, minutes, orders, publications, purchase orders, proposals, working papers, laboratory notebooks and other writings of whatsoever nature, whether on paper, magnetic tape or other information storage means, including film and computer memory devices; all drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists, and regardless of who has maintained custody of such documents; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

6. The term "COMMUNICATION(S)" means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone (analog, digital or cellular), facsimile, mail, e-mail, text message, personal delivery or otherwise.

7. The term "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject matter.

8. The term "EXPERT REPORT(S)" means any reports or other documents RELATING TO YOUR expert opinions in THIS ACTION or otherwise RELATING TO CORAM, including the report contained in YOUR letter to Barry E. Bressler dated June 8, 2007.

9. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

10. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. YOU are required to produce all DOCUMENTS in your possession, custody, or control, including those DOCUMENTS maintained in electronic or other files.

2. YOU are required to produce all DOCUMENTS in the manner required by Federal

3

Rule of Civil Procedure Rule 45, including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

3. If YOU cannot respond to a document request fully, after a diligent attempt to attain the requested information, YOU must answer the document request to the extent possible, specify the portion of the document request YOU are unable to answer, and provide whatever information YOU have regarding the unanswered portion.

4. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody or control, YOU shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

5. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, YOU shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which YOU asserts supports any claim of privilege.

**REQUESTS**

**REQUEST NO. 1:**

All DOCUMENTS RELATING TO the EXPERT REPORT(S), including but not limited to all drafts thereof and all work papers, notes, correspondence, memoranda, and e-mail relating thereto.

**REQUEST NO. 2:**

All COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS ACTION or CORAM.

**REQUEST NO. 3:**

All agreements between YOU and PLAINTIFF RELATING TO THIS ACTION or CORAM.

**REQUEST NO. 4:**

All DOCUMENTS given, sent, shown, transferred, described or otherwise exchanged between PLAINTIFF and YOU RELATING TO any work or services performed by YOU for PLAINTIFF RELATING TO THIS ACTION or CORAM.

**REQUEST NO. 5:**

All DOCUMENTS sufficient to show any expert opinion YOU have provided in any other legal matter RELATING TO bankruptcy.

**REQUEST NO. 6:**

All transcripts of all expert testimony you have provided in the last four years.

**REQUEST NO. 7:**

All reports, papers or publications YOU have prepared in the last 10 years RELATING TO bankruptcy.

**REQUEST NO. 8:**

All invoices, bills, time records, billing records, and schedules of fees RELATING TO services YOU have performed for PLAINTIFF, including YOUR work in association with SSG Capital Advisors.

Dated: June 15, 2007

ELLIOT R. PETERS
R. JAMES SLAUGHTER
LAURIE CARR MIMS
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Email: epeters@kvn.com
Email: wbraunig@kvn.com

Attorneys for Defendant
DANIEL D. CROWLEY

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On June 15, 2007, I served the following document:

### NOTICE OF EXPERT DEPOSITION OF J. SCOTT VICTOR AND REQUEST FOR PRODUCTION OF DOCUMENTS

☑      by **ELECTRONIC MAIL** by e-mailing a pdf copy of the above document to the e-mail addresses listed below.

☑      by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

Barry E. Bressler, Esq.                     Attorneys for Plaintiff
Wilbur L. Kipnes, Esq.                      ARLIN M. ADAMS
Richard Barkasy, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Ste. 3600
Philadelphia, PA 19103-7286
TEL:   (215) 751-2000
FAX:   (215) 751-2205
E-mail: bbressler@schnader.com

Executed on June 15, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

JOANNE WINARS

397322.01

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARLIN M. ADAMS, Chapter 11 Trustee of
the Post-Confirmation Bankruptcy Estates of
CORAM HEALTHCARE CORPORATION,
a Delaware Corporation, and of CORAM
INC., a Delaware Corporation,

                  Plaintiff,

   · v.

DANIEL D. CROWLEY

                 Defendant

Case No. 04-1565 (SLR)

**NOTICE OF EXPERT DEPOSITION OF MICHAEL L. TEMIN
AND REQUEST FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rule 26(b)(4)(A) and 45 of the Federal Rules

of Civil Procedure, Defendant Daniel Crowley ("Crowley"), by his attorneys, will take the

deposition of Plaintiff's expert Michael L. Temin at the offices of Ballard, Spahr, Andrews &

Ingersoll, LLP, at 1735 Market Street, 51st Floor, Philadelphia, PA  19103-7599, commencing at

9:00 a.m. on June 26, 2007, and continuing from day to day, excluding Saturdays and Sundays,

until concluded.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) of the Federal

Rules of Civil Procedure, the deposition will be taken before a notary public or other officer

authorized by the law to administer oaths, and may be recorded both stenographically and by

sound-and-visual means (i.e., by videotape), and provision may be made for real-time monitoring

using LiveNote<sup>tm</sup> or similar means.  Crowley reserves the right to use this videotape deposition at

1

the time of trial.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 26 and 45 of the Federal

Rules of Civil Procedure, Crowley requests that Mr. Temin produce documents in response to

the document requests below by June 22, 2007.

## REQUESTS FOR PRODUCTION

### DEFINITIONS

1. The terms "YOU" and "YOUR" refer to Michael L. Temin, and his attorneys, agents

and advisors, and anyone acting on Michael L. Temin's behalf, including but not limited to

anyone at Wolf, Block, Schorr and Solis-Cohen LLP.

2. "PLAINTIFF" means Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation

Bankruptcy Estates of Coram Healthcare Corporation and Coram, Inc. and Arlin M. Adams'

attorneys, agents and advisors, and anyone acting on Arlin M. Adams' behalf, including but not

limited to anyone at the Schnader, Harrison, Segal & Lewis law firm.

3. "CORAM" means Coram Healthcare Corporation or Coram, Inc. or any of their

domestic and foreign predecessors, successors, parents, subsidiaries, divisions, affiliates,

partnerships, joint ventures, or other entities within their operation or control, and their

respective present and former general and limited partners, members, managers, officers,

directors, employees, attorneys, agents and advisors, and anyone acting on their behalf.

4. The term "THIS ACTION" means the civil action styled Arlin M. Adams, Chapter 11

Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corporation and

Coram, Inc. v. Daniel D. Crowley, Case No. 04-1565 (SLR) pending in the United States District

Court for the District of Delaware.

5. The term "DOCUMENT(S)" is used in the broadest possible sense as interpreted

under the Federal Rules of Civil Procedure and includes, without limitation, all originals and

copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded

matter, however produced or reproduced, and all "writings" as defined in Federal Rule of Civil

Procedure 34(a)(1), including, without limitation, the following:  abstracts, advertisements,

agendas, agreements, analyses of any kind, appointment calendars, articles, assignments,

2

blueprints, books, brochures, charts, circulars, compilations, computer programs, runs and printouts, computer data files in machine readable form, contracts, diaries, letters, email, reports (including reports or notes of telephone or other conversations), memoranda, brochures, books, ledgers, drawings, photographs, specifications, drafts, catalogs, instructions, invoices, bills of materials, minutes, orders, publications, purchase orders, proposals, working papers, laboratory notebooks and other writings of whatsoever nature, whether on paper, magnetic tape or other information storage means, including film and computer memory devices; all drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists, and regardless of who has maintained custody of such documents; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

6.. The term "COMMUNICATION(S)" means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone (analog, digital or cellular), facsimile, mail, e-mail, text message, personal delivery or otherwise.

7. The term "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise relating to the subject matter.

8. The term "EXPERT REPORTS" means any reports or other documents RELATING TO YOUR expert opinions in THIS ACTION or otherwise RELATING TO CORAM, including the report contained in YOUR letter to Barry E. Bressler dated June 5, 2007 and the report contained in YOUR letter to Barry E. Bressler dated October 3, 2006.

9. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

10. "Any" shall mean one or more; "each" shall mean "each and every."

### INSTRUCTIONS

1. YOU are required to produce all DOCUMENTS in your possession, custody, or

control, including those DOCUMENTS maintained in electronic or other files.

2. YOU are required to produce all DOCUMENTS in the manner required by Federal Rule of Civil Procedure Rule 45, including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

3. If YOU cannot respond to a document request fully, after a diligent attempt to attain the requested information, YOU must answer the document request to the extent possible, specify the portion of the document request YOU are unable to answer, and provide whatever information YOU have regarding the unanswered portion.

4. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody or control, YOU shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

5. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, YOU shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which YOU asserts supports any claim of privilege.

## REQUESTS

### REQUEST NO. 1:

All DOCUMENTS RELATING TO the EXPERT REPORTS, including but not limited to all drafts thereof and all work papers, notes, correspondence, memoranda, and e-mail relating thereto.

### REQUEST NO. 2:

All COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS ACTION or CORAM.

**REQUEST NO. 3:**

All agreements between YOU and PLAINTIFF RELATING TO THIS ACTION or CORAM.

**REQUEST NO. 4:**

All DOCUMENTS given, sent, shown, transferred, described or otherwise exchanged between PLAINTIFF and YOU RELATING TO any work or services performed by YOU for PLAINTIFF RELATING TO THIS ACTION or CORAM.

**REQUEST NO. 5:**

All DOCUMENTS sufficient to show any expert opinion YOU have provided RELATING TO bankruptcy law or proceedings, including but not limited to such DOCUMENTS RELATING TO your expert opinions in the actions referenced in paragraph 6 of your report contained in YOUR letter to Barry E. Bressler dated June 5, 2007.

**REQUEST NO. 6:**

All transcripts of all expert testimony you have provided in the last four years, including but not limited to testimony given in the actions referenced in paragraph 6 of your report contained in YOUR letter to Barry E. Bressler dated June 5, 2007.

**REQUEST NO. 7:**

All reports, papers or publications YOU have prepared in the last 10 years RELATING TO bankruptcy law or proceedings, including CLE presentations.

///

///

///

///

///

///

///

///

5

**REQUEST NO. 8:**

All invoices, bills, time records, billing records, and schedules of fees RELATING TO

services YOU have performed for PLAINTIFF.


Dated: June 15, 2007

ELLIOT R. PETERS
R. JAMES SLAUGHTER
LAURIE CARR MIMS
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA  94111
Tel:  (415) 391-5400
Email:  epeters@kvn.com
Email:  wbraunig@kvn.com

Attorneys for Defendant
DANIEL D. CROWLEY

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On June 15, 2007, I served the following document:

### NOTICE OF EXPERT DEPOSITION OF MICHAEL L. TEMIN
### AND REQUEST FOR PRODUCTION OF DOCUMENTS

☑      by **ELECTRONIC MAIL** by e-mailing a pdf copy of the above document to the e-mail addresses listed below.

☑      by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.


Barry E. Bressler, Esq.                          Attorneys for Plaintiff
Wilbur L. Kipnes, Esq.                           ARLIN M. ADAMS
Richard Barkasy, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Ste. 3600
Philadelphia, PA 19103-7286
TEL:   (215) 751-2000
FAX:   (215) 751-2205
E-mail: bbressler@schnader.com


Executed on June 15, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

JOANNE WINARS

7

397313.01

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 15th day of June, 2007, the **Notice of Service** was served as indicated upon the following counsel.

**E-FILE AND HAND DELIVERY**
Richard A. Barkasy, Esquire
Michael J. Barrie, Esquire
Schnader Harrison Segal & Lewis LLP
824 N. Market Street, Suite 1001
Wilmington, DE 19801

**FEDERAL EXPRESS**
Barry E. Bressler, Esquire
Wilbur L. Kipnes, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

Christina M. Thompson (#3976)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141
E-mail: cthompson@cblh.com