IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, and SANDRA L. SMOLEY,<br><br>Defendants. | Case No. 04-1565 (SLR) |

---

**OPENING BRIEF OF DEFENDANT DANIEL D. CROWLEY IN SUPPORT OF MOTION TO CONTINUE THE TRIAL**

---

Dated: June 22, 2007

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

*Attorneys for Defendant DANIEL D. CROWLEY*

397616.01

## TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ...................................................................1

II. SUMMARY OF ARGUMENT .........................................................................................2

III. ARGUMENT......................................................................................................................3

    A. A continuance is warranted in the interest of judicial economy and efficiency..................................................................................................................3

    B. Continuing the trial until the Insurance Action is resolved will make settlement possible. ...........................................................................................................4

    C. The requested continuance will permit settlement discussions and trial preparation to occur after the resolution of pending motions reduces or clarifies the issues remaining for trial. ..............................................................................5

    D. The Trustee will not be prejudiced by a continuance .............................................7

IV. CONCLUSION...................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*Concerned Citizens of Bushkill Tp. v. Costle,*
  592 F.2d 164 (3d Cir. 1979) ............................................................................................. 3

*Landis v. North American Co.,*
  299 U.S. 248 (1936) ......................................................................................................... 4

*Linear Products, Inc. v. Marotech, Inc.,*
  189 F. Supp. 2d 461 (W.D. Va. 2002) ............................................................................. 4

*Merritt-Chapman & Scott Corp. v. Kent,*
  309 F.2d 891 (6th Cir. 1962) ........................................................................................... 6

*Sutherland Paper Co. v. Grant Paper Box Co.,*
  183 F.2d 926 (3d Cir. 1950) ............................................................................................. 6

## I.   NATURE AND STAGE OF PROCEEDINGS

This action is brought by Arlin Adams, the bankruptcy Trustee of Coram Healthcare Corp. and Coram, Inc. ("Coram"), against Coram's former Chief Executive Officer Daniel Crowley. The complaint contains one cause of action, for breach of fiduciary duty.[1]

Fact discovery is largely complete, though 6-8 depositions remain to be taken or completed. Those include, potentially, the depositions of the Trustee's counsel, Messrs. Bressler and Kipnes, who are percipient witnesses to and participants in events the Trustee claims are relevant in this action. The Trustee moved for a protective order to prevent those depositions (D.I. 121), which Crowley opposed (D.I. 131). That motion is fully briefed. Expert discovery began recently and will include multiple reports and depositions for each side.

On April 17, 2007, Crowley moved for summary judgment, or, in the alternative, partial summary judgment limiting potentially recoverable damages. (D.I. 122) On the same day, the Trustee moved for summary judgment on liability or, in the alternative, for the Court to deem certain facts established. (D.I. 128) On May 15, 2007, Crowley moved to strike from the summary judgment record the Trustee's evidence of, and references to, the findings and conclusions of the Bankruptcy Court in *In re Coram Healthcare Corporation*. (D.I. 146). The parties have requested oral argument on these three motions, which are fully briefed. (D.I. 145, 150, 151, 154).

Jury trial in this matter is currently scheduled to begin on September 17, 2007, per the Court's April 25, 2006 Scheduling Order. (D.I. 70) By this motion, Crowley seeks a six-month continuance of the trial in order to allow for rulings in this and related insurance coverage litigation in Colorado that could significantly alter the scope of the issues to be tried and appreciably increase the chances that this suit could be resolved short of trial, thereby saving judicial resources. Neither party has previously requested a continuance.

---

[1] For a comprehensive summary of the facts, please see the Statement of Facts including in Crowley's Opening Brief in Support of his Motion for Summary Judgment, (D.I. 123) at pp. 2-17.

## II. SUMMARY OF ARGUMENT

Defendant Daniel Crowley moves to continue the trial for six months, until March 17, 2008 or a subsequent date convenient for the Court, for two reasons:

1. The Court should exercise its discretion to continue the trial because it will promote efficiency and judicial economy and would be in the interests of justice. Trial in the related insurance coverage declaratory judgment action pending in the District of Colorado is not scheduled to commence until February 11, 2008. *See* February 21, 2007 Minute Order filed in *Genesis Insurance Company v. Daniel D Crowley and Arlin M. Adams*, Civil Action No. 05-cv-00335-WDM-PAC (D. Colo.) (hereinafter "the Insurance Action") attached hereto as Exhibit A. Resolution of the issues in that action, either upon the pending cross motions for summary judgment or by trial, would greatly increase the likelihood of settlement of this case. In the Insurance Action, Genesis Insurance Company, the insurer for Crowley and Coram's former outside directors, is contesting coverage of the claims made in this action. The Trustee is also a party to that litigation with respect to the claims for coverage made by Coram's outside directors.[2] On November 17, 2006, the Trustee, Genesis and Crowley each filed summary judgment motions in the Insurance Action. Those motions have been fully briefed since January 12, 2007, but remain pending before the court in Colorado, and are unlikely to be decided until close to the February 2008 trial date. Both the Trustee and Crowley assert in their summary judgment motions in the Insurance Action that the claims brought against Crowley and the Outside Directors in this action are entitled to coverage under the Genesis policy. If the Trustee and Crowley prevail on this argument, a settlement of the claims in this action will be much more likely. Even if the coverage dispute is resolved in Genesis's favor, the parties in this case will be more likely to settle, because they will be better informed of who will bear the costs of

---

[2] The former outside directors of Coram, Donald J. Amaral, William J. Casey, L. Peter Smith and Sandra L. Smoley were initially named as defendants in both this case and in the Insurance Action. On April 5, 2006, the Trustee settled the claims he made against the Outside Directors in this action for $9.5 million. The settlement agreement, however, provides that the Trustee cannot recover this amount from the Outside Directors themselves, but may only pursue this amount on their behalf from Genesis. Accordingly, on May 11, 2006, the Trustee filed a motion to substitute as a party for the Outside Directors in the Insurance Action, which was granted by the District Court in Colorado on June 22, 2006.

397616.01

2

settlement and risks of litigation.

2.     The Court should exercise its discretion to continue the trial for the additional reason that the resolution of the several pending motions in this action will either dispose of the case in its entirety or will significantly impact the scope of the matters at issue. The Court's decisions on Crowley's motion for summary judgment, the Trustee's partial summary judgment motion, and Crowley's motion to strike evidence regarding the Bankruptcy Court's statements, findings and conclusions, will either dispose of claims or frame the scope of the issues that remain for trial. That clarification and possible reduction of the issues in this case will, like the resolution of the Insurance Action, make the case ripe for fruitful settlement negotiations. It will also allow the parties to prepare more efficiently for trial.

3.     The Trustee will not be prejudiced by this brief continuance. To the contrary, getting clarification on the scope of the issues to be tried will allow the parties to more efficiently prepare for trial, if the case does not settle after the rulings. Crowley does not request that discovery dates be continued. Because he is the Trustee of the <u>Post</u>-Confirmation Bankruptcy Estate of Coram, this litigation does not interfere with Coram's management or operations. Moreover, even were this case to go to trial this September and the Trustee prevailed, the parties would still need to await the conclusion of the Insurance Action to resolve insurance coverage issues.

### III.    ARGUMENT

**A.    A continuance is warranted in the interest of judicial economy and efficiency.**

The trial date in this matter should be continued for six months to allow for resolution of both the Insurance Action and the pending dispositive motions in this case, thereby increasing substantially the possibility of settlement and focusing any issues remaining for trial. Absent a continuance, the parties will be obligated to expend an enormous amount of time and money preparing for a trial whose scope could considerably change, or be resolved altogether.

The Court has the discretion to continue the trial date whenever it would be in the interest of justice or judicial economy. *Concerned Citizens of Bushkill Tp. v. Costle*, 592 F.2d 164, 172 (3d Cir. 1979) (holding that every court has the inherent power to control the disposition of cases

on its docket in the interests of economy of time, public welfare, and convenience) (citations omitted); *see also Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (courts may postpone proceedings in the interests of judicial economy and efficiency). Indeed, "continuances are routinely granted for nothing more compelling than the convenience of the parties or the Court." *Linear Products, Inc. v. Marotech, Inc.*, 189 F. Supp. 2d 461, 468 (W.D. Va. 2002) (granting continuance so that defendant would not have to prepare for two trials simultaneously). Here, as described below, continuing the trial until the related insurance litigation and the critical dispositive motions can be resolved, will serve the interests of judicial economy and efficiency by promoting meaningful settlement discussions and by enabling efficient trial preparation due to the narrowing and/or clarification of any remaining issues for trial.

**B.    Continuing the trial until the Insurance Action is resolved will make settlement possible.**

The parties have attempted to resolve this matter, but settlement discussions are currently stalemated and will likely stay that way until the Colorado court decides whether Genesis must cover Crowley and the Outside Directors for the Trustee's claims. As the Trustee's counsel explained to the Court at the scheduling hearing on April 25, 2006, "[t]here's an interplay between the two cases that has impacted on settlement and will probably continue to impact on settlement." *See* Transcript of April 25, 2006 Scheduling Conference, attached hereto as Exhibit B, at p. 10, lines 22-24. Crowley, the Outside Directors, the Trustee, and Genesis previously attempted to settle this matter during a two-day mediation in December 2005. They were unable to engage in meaningful settlement discussions, however, because Genesis contested its place in the negotiation at all, claiming that there was no coverage under the insurance policy. *See* Trustee's Memorandum in support of his Motion for Change of Venue to the District of Delaware, filed in the Insurance Action, attached hereto as Exhibit C at p. 8. Once the insurance litigation is resolved, either by decisions on the cross motions for summary judgment in that action or by trial in February 2008, the parties and Genesis will know where they all stand as to settlement.[3] If the Colorado court finds, as both the Trustee and Crowley

---

[3] During meet and confer regarding this motion, the Trustee's counsel indicated that one reason

believe it will, that Genesis must provide coverage for the claims, Genesis will have a significantly greater incentive to participate meaningfully in settlement discussions. Conversely, if for some reason the Colorado court finds against Crowley and the Trustee and denies that Genesis owes coverage over the Trustee's claims against Crowley and the Outside Directors, then Crowley and the Trustee will know who will bear the costs of settlement and the risks of litigation, and therefore will be more likely to engage in informed settlement negotiations.

C. **The requested continuance will permit settlement discussions and trial preparation to occur after the resolution of pending motions reduces or clarifies the issues remaining for trial.**

As set forth above, both Crowley and the Trustee have filed summary judgment motions in this action. Crowley's motion asserts that he is entitled to summary judgment because he did not breach any fiduciary duty to Coram, or that in the alternative, Crowley is entitled to partial summary judgment limiting damages to the period between rejection by the Bankruptcy Court of Coram's first bankruptcy plan in December 2000 and its rejection of the company's second plan in December 2001. (D.I. 123). The Trustee's Complaint purports to hold Crowley responsible for then entire period of Coram's bankruptcy from August 2000 to December 2004. Thus, partial summary judgment in favor of Crowley on damages would dramatically reduce potentially recoverable damages. In his partial summary judgment motion, the Trustee claims that he is entitled to summary judgment on liability (leaving damages as the only issue for trial), theorizing that the Bankruptcy Court's findings in the underlying bankruptcy proceeding in *In re Coram Healthcare* collaterally estop Crowley from disputing liability in this case. (D.I. 129). Since the Trustee relied, in opposing Crowley summary judgment motion and in his own summary judgment motion, on findings of fact by the Bankruptcy Court, Crowley filed a motion to strike from the summary judgment record the Trustee's evidence of, and references to, the findings and

---

he would not agree to a continuance was that one issue from the Insurance Action (regarding the personal profit exclusion of the policy) would not be resolved by the summary judgment motions pending there or by trial. That will not effect potential settlement of this action. Genesis and Crowley have agreed that Genesis will defer any litigation concerning that exclusion until <u>after</u> the Trustee's claims against Crowley have either been tried or settled. As such, this action will be concluded, one way or another, before the personal profit exclusion issue is litigated in Colorado. There are many other issues to be resolved in the Insurance Action, however, that will have a significant effect on the prospects for settlement of this case.

397616.01

5

conclusions of the Bankruptcy Court in *In re Coram Healthcare Corporation.* (D.I. 147).

Decisions on the parties' summary judgment motions and the related motion to strike are unlikely to be made until shortly before trial. The Court informed the parties at the April 25, 2006 Scheduling Conference that resolution of summary judgment motions would take approximately 90 days and that consequently the parties would not receive decisions on those motions until shortly before the pretrial conference on September 5, 2007. Exhibit B (Transcript of 4/25/06 conference) at p. 7, lines 1-6; p. 8, lines 23-25.

If the parties only learn of the decisions on the summary judgment motions (and the related motion to strike) weeks prior to the currently scheduled September 17, 2007 trial date, they will have little time to discuss settlement or to adjust their trial preparation to the potential narrowing or focusing of the issues in the case resulting from those decisions. With regard to settlement, there is no doubt that the parties will be better suited to discuss resolving this matter with knowledge of the Court's decisions regarding the critical issues of liability, scope of damages, and admissibility and effect of the Bankruptcy Court findings, which are addressed in the pending motions.

Furthermore, continuing the trial until March 2008 will allow the parties time between the resolution of the pending motions in late August or early September 2007 and the filing of pretrial materials, to prepare adequately for trial on those issues that remain, if any, after resolution of the motions. The Third Circuit has recognized that continuances are sometimes necessary to allow for adequate preparation for trial, where parties have reasonably postponed important and time consuming portions of their trial preparation until after decisions are made on pending dispositive motions. *Sutherland Paper Co. v. Grant Paper Box Co.*, 183 F.2d 926, 931 (3d Cir. 1950) (remanding for new trial where district court had abused its discretion in denying continuance based on need for additional trial preparation after decision on critical motions). *See also Merritt-Chapman & Scott Corp. v. Kent*, 309 F.2d 891, 891-92 (6th Cir. 1962) (finding that the trial court would have been justified in granting a continuance because it had not yet decided a pending motion for summary judgment). This case presents a situation like the one the Third Circuit addressed in *Sutherland*, where due to the complexity and breadth of the issues, the

parties will be able to prepare for trial much more efficiently after the pending motions are decided.

For example, the Trustee's claim against Crowley in its current form is expansive in its reach, conceivably touching all that Crowley did at Coram from November 1999 until March 2003. *See* Trustee's Answering Brief in Opposition to Crowley's Summary Judgment Motion (D.I. 129) at pp. 3-4. The Trustee even attempts to extend the case's scope further in time, claiming damages from Crowley until December 2004 (a year and a half after he resigned from Coram), when the Trustee's approved bankruptcy plan ultimately went into effect. *See id.* at pp. 31-32. The Court's decisions on the parties' summary judgment motions will no doubt provide the parties with clarity on whether or to what extent this broad claim is permissible. If the trial was continued as requested, the parties would have sufficient time to act on the Court's decisions and could efficiently tailor their trial preparation and pretrial materials and motions to the scope of any remaining claims. Conversely, if the trial is not continued, the parties will be obligated to spend thousands of hours and hundreds of thousands of dollars preparing for a trial for which the scope could drastically change.

**D.     The Trustee will not be prejudiced by a continuance**

The Trustee will not be prejudiced by this brief continuance. In contrast to litigation involving an operating company, Adams is the Trustee of the <u>Post</u>-Confirmation Bankruptcy Coram estate. As such, this litigation does not interfere with Coram's operations and is not a distraction to management. Indeed, getting clarification on the scope of the issues to be tried will promote efficiency by allowing the parties to more effectively prepare for trial, if the case does not settle after the rulings.

Moreover, Crowley does <u>not</u> request that the Court also extend discovery deadlines and, in fact, believes that completing fact and expert discovery on the current schedule will further the goals of promoting settlement and streamlining this case for trial.[4] Moreover, even were this

---

[4] Crowley does request that, if the Court grants the continuance, it keeps this case on calendar for September 5, 2007 at 4:30 p.m. (the time previously reserved for the pretrial conference) so that it may hear oral arguments on the pending motions for summary judgment and motion to strike.

case to go to trial this September and the Trustee prevailed, the parties would still need to await the conclusion of the Insurance Action to resolve insurance coverage issues.

## IV. CONCLUSION

For the foregoing reasons, Crowley respectfully requests that the Court continue the trial date to March 17, 2008, or a subsequent date convenient to the Court.

Dated: June 22, 2007

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Jeffrey C. Wisler*

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

Attorneys for Defendant
DANIEL D. CROWLEY