# Exhibit B

1

1    IN THE UNITED STATES DISTRICT COURT

2    IN AND FOR THE DISTRICT OF DELAWARE

3                    - - -

4  ARLIN M. ADAMS, Chapter 11          :    CIVIL ACTION
   Trustee of the Post-Confirmation    :
5  Bankruptcy Estates of CORAM         :
   HEALTHCARE, a Delaware              :
6  Corporation, and of CORAM, INC.,    :
   a Delaware corporation,             :
7                                      :
                  Plaintiffs           :
8                                      :
            vs.                        :
9                                      :
   DANIEL D. CROWLEY, DONALD J.        :
10 AMARAL, WILLIAM J. CASEY,           :
   L. PETER SMITH and SANDRA L.        :
11 SMOLEY,                             :
                                       :
12         Defendants                  :    NO. 04-1565 (SLR)

13                    - - -

14                              Wilmington, Delaware
                                Tuesday, April 25, 2006
15                              4:40 o'clock, p.m.

16                    - - -

17 BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge

18                    - - -

19 APPEARANCES:

20         YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
           BY:  ROLIN P. BISSELL, ESQ.
21

22                    -and-

23

24                              Valerie J. Gunning
                                Official Court Reporter
25

2

```
 1   APPEARANCES (Continued):

 2               SCHNADER HARRISON SEGAL & LEWIS
             BY:  BARRY E. BRESSLER, ESQ. and
 3                RICHARD A. BARKASY, ESQ.
                  (Philadelphia, Pennsylvania)
 4
                 Counsel for Plaintiffs
 5

 6               CONNOLLY, BOVE, LODGE & HUTZ LLP
             BY:  CHRISTINA M. THOMPSON, ESQ.
 7

 8                      -and-

 9
             KEKER & VAN NEST
10           BY:  JOHN W. KEKER, ESQ. and
                  ELLIOT R. PETERS, ESQ.
11                (San Francisco, California)

12               Counsel for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1

2                        P R O C E E D I N G S

3

4               (Proceedings commenced in the courtroom,

5     beginning at 4:40 p.m.)

6

7               THE COURT:  Good afternoon, counsel.

8               (Counsel respond, "Good afternoon.")

9               THE COURT:  I have to say, I got your proposed

10    scheduling order, and generally I don't have in-person

11    conferences for just scheduling purposes.  I've been in trial

12    and I've lost track of why it is we're here besides

13    scheduling.

14               Are we here for some reason besides scheduling?

15               MR. KEKER:  No, your Honor.

16               THE COURT:  Okay.

17               MR. KEKER:  Except for the summary judgment

18    motions.  No.  It's just scheduling.

19               THE COURT:  Okay.  Well, I apologize, unless you

20    particularly requested it, I apologize for bringing you all

21    over here for just scheduling, but, in any event, while we're

22    here, I have looked at what you've done and appreciate your

23    efforts to come to agreement.  It looks as if you've come to

24    agreement on kind of the parameters of discovery.

25               One question for you before I get to the dates

4

1    that I need to give you, generally, in my more complex

2    litigation, I hate motions.  I can't tell you how many

3    motions I have to resolve, and I particularly hate discovery

4    motions because, generally, they're not legal issues.  They

5    are really just lawyers not talking to each other and having

6    misunderstandings.  And in my more complex cases, I have

7    in-person discovery conferences and don't allow motions to

8    compel unless I truly can't resolve an issue by talking to

9    you all.

10         So the question is whether you foresee or

11   anticipate a difficult discovery process that might involve

12   multiple discovery disputes that would better be resolved by

13   me informally than through a motion practice, which I,

14   frankly, don't want.

15         Any ideas from plaintiff's counsel and then from

16   defendants counsel?

17         MR. BISSELL:  Your Honor, I just rise for

18   introductions.  Rolin Bissell from Young Conaway.

19         Speaking for us today will be Barry Bressler from

20   the Schnader Harrison firm in Philadelphia.  Also with him,

21   Mr. Barkasy, who is a member of the bar, both New Jersey and

22   also newly admitted to Delaware, also from the Schnader

23   firm.  That's all I have to say.

24         THE COURT:  You did it very nicely.  Thank you

25   very much.

1    MR. BRESSLER: Your Honor, good afternoon. We
2  would not anticipate significant motion practice in
3  connection with discovery. We are pleased to advise you that
4  Judge Walrath yesterday entered an order approving the
5  settlement between the plaintiff and defendants Amaral,
6  Casey, Smith and Smoley for $9,450,000, and we will be filing
7  appropriate papers to remove them from the case. So it will
8  be a two-party litigation, and we have put in the proposed
9  form of each party being limited to two Rule 37 motions.
10    We don't, frankly, given new counsel in the case
11  and our discussions with them, foresee that kind of problem,
12  and we would be happy to address any issues.
13    We have one discovery informally, unless counsel
14  thinks otherwise.
15    MS. THOMPSON: Not to be out done, your Honor,
16  Christine Thompson of Connolly, Bove Lodge & Hutz.
17    I'd like to introduce my co-counsel, John Keker
18  and Elliot Peters, of the law firm of Keker & Van Nest in San
19  Francisco, California.
20    THE COURT: Oh, okay. Welcome to beautiful
21  Delaware. You actually get Delaware on a relatively
22  beautiful day, so lucky to you.
23    MR. KEKER: It's beautiful to see the spring
24  because we still don't have it in California.
25    We completely agree with Mr. Bressler. We've

6

1    talked.  We've come to agreement on this.  We all are people

2    who don't like discovery motions either and we will go out of

3    our way to make sure that you are not burdened.  We don't

4    anticipate problems.

5            THE COURT:  All right.  Well, let me tell you,

6    the problem with discovery motions, quite frankly, is, when

7    I've got marching trials and trying to keep up with the

8    summary judgment motions in order to get the case to trial on

9    time, discovery motions kind of fall through cracks.  They

10   don't have a high priority.  And so if you really do find

11   yourselves with a discovery dispute that in good faith you

12   cannot resolve, why don't you give my chambers a call, or

13   actually I have a civil e-mail address on my website, and

14   give me the opportunity to resolve it informally, because if

15   you want the case to keep moving forward, a motion to compel

16   probably isn't the way to do it.

17           So, hopefully, not on small issues, but if

18   there's a fundamental dispute that is keeping the case from

19   going forward, please give me the opportunity.

20           All right.  That was the first issue on my

21   plate.

22           The second issue I guess at some point -- well,

23   when I get papers, I think we do need to change the caption,

24   but until that's formally done, that will stay the way it

25   is.

1    With respect to a schedule, I generally give

2  myself 60 to 90 days to actually resolve the summary judgment

3  motions you file.  And, unfortunately, I am booked into 2007,

4  and so I am going more towards the 90 than the 60 just

5  because I'm double-booked already in part of the fall, late

6  summer and fall of 2007.

7    I do have a two-week time where I either only

8  have one bench trial scheduled or no trial scheduled.  That

9  is not to say you won't be double-booked, but you will have

10  first priority, and those are the weeks of September 17 and

11  September 24, 2007.

12    Now, I have no holidays on my calendar, so if

13  there is a religious holiday during that time, you need to

14  let me know, and we can do something about that.

15    MR. BRESSLER:  In 2007, your Honor, the religious

16  holidays that I know about, Rosh Hashanah, is on September

17  the 13th and 14th and Yom Kippur in 2007 is September the

18  22nd.

19    THE COURT:  All right.

20    MR. BRESSLER:  So that I believe the only day

21  that would be impacted would be Friday, September the 21st,

22  cutting the trial day short.  Other than that, it looks like

23  those two weeks are fine.

24    MR. KEKER:  Fine with us, too, your Honor.

25    THE COURT:  All right.  I don't generally keep a

8

1    jury all day on Fridays anyway.

2           I will actually make a note of that on my 2007

3    calendar.

4           All right.  I will put this case in for trial.  I

5    don't know how of a trial you think this might be, actually.

6    Do you think it would be a two-week trial?  Not that I will

7    necessarily give you two weeks, but if all the issues were

8    joined, might it be as long as two weeks?

9           MR. KEKER:  Yes, your Honor.

10          THE COURT:  All right.

11          MR. BRESSLER:  We would think a little shorter,

12   but ten days.

13          THE COURT:  All right.  Well, I've tentatively

14   scheduled you for a pretrial conference on September 5th,

15   2007, at 4:30.

16          MR. KEKER:  Your Honor, I'm not sure what day

17   that is since I don't have a calendar, but because we're

18   coming from the West Coast, if we could avoid the Labor Day

19   weekend --

20          MR. BRESSLER:  That's a Wednesday after, if that

21   helps you.

22          MR. KEKER:  Okay.  That's fine.  That's okay.

23          THE COURT:  Oh, all right.  And you probably

24   won't get your decisions on summary judgment much before the

25   pretrial, but you definitely will have them before the

9

1   pretrial.

2              At the pretrial, you will also get the tentative

3   trial calendar schedule and the number of hours you will get

4   to try this case.  If case your counsel, local counsel, have

5   not informed you, I time all of my civil trials.  Each party

6   gets a certain number of hours and every time you stand up

7   and talk, we keep track of it to the minute, and that's the

8   only way I can try as many cases as we do here, and it's the

9   only way I can let a jury know for sure that they are only

10  serving for two weeks and not for three, four, five or six,

11  but that isn't decided until after the summary judgment

12  motions are decided and we see what issues are left and how

13  much time I actually have to give you.

14              All right.  Motions in limine, then, would be due

15  no later than August 22nd, with replies due on August 29th.

16  And if you all want me to handwrite these things in, I can,

17  or if someone is particularly particular about their orders,

18  you can take it back to word processing and fill it in for

19  me.

20              Fill it in myself?

21              MR. BRESSLER:  Yes.

22              THE COURT:  I can do that.  I can still do that.

23              MR. BRESSLER:  The only thing I might ask

24  counsel, if he does not have an objection, would you mind if

25  the motions in limine were due on the 20th with the responses

10

1    on the 29th so we have ten days instead of a week?

2              MR. KEKER:  No objection.

3              THE COURT:  Okay.  So you are saying August 20

4    with responses due on the --

5              MR. BRESSLER:  Whatever date your Honor had given

6    us.  The 29th, I think you said.

7              THE COURT:  29th.  All right.

8              Now, the question is, you've tried settling this

9    case and haven't; is that correct?  I mean, settling the case

10   with this particular defendant?

11             MR. BRESSLER:  We have made efforts, your Honor.

12   We have talked about it briefly today.  We may make some

13   efforts in the future.

14             There is a companion case that is currently in

15   the District of Colorado, brought by the insurance carrier,

16   declaratory judgment action.  There is pending a motion by

17   this defendant to transfer the venue of that case to this

18   Court.

19             The plaintiff is likely to file a similar motion

20   as soon as we have substituted in for the outside directors

21   that are parties that we have settled with, and then we will

22   have more of an idea.  There's an interplay between the two

23   cases that has impacted on settlement and will probably

24   continue to impact on settlement.

25             THE COURT:  Well, as you all know, with our one

1   Magistrate Judge, she is our settlement officer.  She is, I
2   think, booking into October this year because she's that
3   backed up and that busy.  I don't want you to waste her time
4   if you don't think settlement is a possibility, a real
5   possibility.  I don't want you to waste her time if you've
6   managed to settle everything without using her services and
7   you have paid for someone else.
8           So I'm happy to leave the reference in, but --
9   and she will contact you as soon as I sign off on this.  She
10  gets a copy and she'll contact you.  But I guess I'm just
11  asking you not to waste her time, if you really think there
12  are other options.
13          MR. KEKER:  We would just as soon, your Honor,
14  that you take the reference out, because given who the
15  trustee is, our respective trustee, the candor of discussions
16  that have been had, this insurance situation out of Colorado,
17  which we have some mutuality of interest in, I think we're
18  probably in a better position to decide when we need help
19  than somebody else is, and if we need help, we can ask for
20  help.
21          MR. BRESSLER:  We have no objection to that, your
22  Honor.  There was also a private mediator involved previously
23  with settlement discussions, who might, in the appropriate
24  circumstances, if we were close, be helpful also, because
25  he's got some knowledge of the case.

12

1      THE COURT:  All right.  Well, I think I will take

2  it off so that it's not even on her calendar.  Obviously, if

3  you ever think her services would be helpful, you can ask for

4  the reference, and she always bends over backwards to try to

5  help us out when we have a case that is deserving of it.

6      But in the meantime, I appreciate your candor and

7  I will take this Paragraph 4 out of the order.

8      All right.  So we have a trial date.  We have a

9  pretrial date.  We have motions in limine date.  We've

10  discussed settlement and we've discussed discovery.

11      Is there anything else that we can helpfully

12  address today before we conclude our conference?

13      Anything from plaintiff's counsel?

14      MR. BRESSLER:  Nothing else today, your Honor.

15      THE COURT:  All right.  Anything from defendant's

16  counsel?

17      MR. KEKER:  No, your Honor.

18      THE COURT:  All right.  Very nice seeing you all,

19  meeting you all.

20      MR. KEKER:  Thank you.

21      (Court recessed at 4:55 p.m.)

22      - - -

23

24

25