IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, *Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*, <br><br>     Plaintiff, <br><br> v. <br><br> DANIEL D. CROWLEY, *et al.*, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civ. Action No. 04-cv-1565(SLR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

---

**MEMORANDUM OF CHAPTER 11 TRUSTEE ARLIN M. ADAMS
IN OPPOSITION TO DEFENDANT DANIEL D. CROWLEY'S
MOTION TO CONTINUE THE TRIAL DATE**

---

Dated: July 12, 2007

Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)

SCHNADER HARRISON SEGAL & LEWIS LLP
824 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (facsimile)

OF COUNSEL:
Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice*)

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,
Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*

## TABLE OF CONTENTS

                                                                         **Page**

I.    NATURE AND STAGE OF PROCEEDINGS ............................................................... 1

II.   STATEMENT OF FACTS ........................................................................................... 2

III.  SUMMARY OF ARGUMENT ..................................................................................... 4

IV.  ARGUMENT ................................................................................................................. 6

     1. *The First Basis For Crowley's Motion (The Pendency Of The Colorado Insurance Action) No Longer Exists* ............................................................................................ 7

     2. *The Second Basis For Crowley's Motion (The Pendency Of Various Pre-Trial Motions Before This Court) Is Not A Valid Reason For A Continuance* ...................... 8

     3. *The Trustee Will Be Prejudiced By A Continuance* ..................................................... 10

V.   CONCLUSION ............................................................................................................ 12

# TABLE OF AUTHORITIES

## CASES

*Bus. Association of University City v. Landrieu*, 660 F.2d 867 (3d Cir. 1981).................10

*Koplove v. Ford Motor Co.*, 795 F.2d 15 (3d Cir. 1986).................6

*Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667 (C.D. Cal. 2003).................11

*Neomagic Corp. v. Trident Microsystems*, Civ. A. No. 98-699, 2001 U.S.Dist. LEXIS 14585 (D. Del. Sept. 7, 2001).................11

*Sutherland Paper Company v. Grant Paper Box Company*, 183 F.2d 926 (3d Cir. 1950).................10

*Fontana v. United Bonding Insurance Co.*, 468 F.2d 168 (3d Cir. 1972).................10

## RULES

Fed.R.Civ.P. 16.................6, 11

Del. L.R. Civ. P. 7.1.3(c)(2).................5

I.  **NATURE AND STAGE OF PROCEEDINGS**

Arlin M. Adams, the Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corp. and Coram, Inc. (collectively, "Coram"), filed this action on December 29, 2004, alleging that defendant Daniel D. Crowley, Coram's former Chairman, CEO and President, breached his fiduciary duties to Coram. On April 25, 2006, this Court entered a Scheduling Order setting a trial date of September 17, 2007. On November 14, 2006, the parties requested an extension of certain deadlines but did not ask to continue the trial date past its previously scheduled date. The parties agreed that the dates for dispositive motions would be retained so that the trial date would not change.

A number of motions are now pending before this Court. The Trustee has moved for a protective order to prohibit Crowley from deposing the Trustee's trial counsel in this matter. That motion is fully briefed and oral argument has been requested. (D.I. 121, 131, 141, 142.) Both parties have filed summary judgment motions, which also are fully briefed, with oral argument requested. (D.I. 123, 129; 133, 137; 143, 148; 145, 150, 151.) Crowley has filed a motion to strike from the Trustee's summary judgment papers evidence of, and references to, the previous findings and conclusions of the Bankruptcy Court. (D.I. 146.) That motion is fully briefed and oral argument has been requested. (D.I. 147, 154.)

Crowley now moves to continue the trial date for a six-month period. This is the Trustee's opposition to Crowley's motion.

II. **STATEMENT OF FACTS**

Crowley's opening brief did not include a Statement of Facts, but rather included pertinent facts in the "Nature and Stage of Proceedings" section of his brief. The Trustee similarly will not repeat the facts underlying this litigation, which have been fully briefed elsewhere, including in the Trustee's Memorandum in Support of his Motion for Summary Judgment. (*See* D.I. 129.) The Trustee incorporates by reference that more complete Statement of Facts, and here discusses only those facts relevant to Crowley's request for a continuance -- namely, the facts relating to the Colorado insurance coverage litigation.

Shortly after the Trustee commenced this action, the defendants here, Crowley and Coram's Outside Directors (who have since settled with the Trustee) sought coverage for the defense of this litigation under a base layer Directors' and Officers' Liability Policy that Coram had purchased from Genesis Insurance Company. Genesis responded by filing a declaratory judgment action ("the Insurance Action") in federal district court in Colorado seeking a declaration that the policy does not provide coverage for the Trustee's claims. In connection with the settlement with the Outside Directors, they assigned their rights under the Genesis policy to the Trustee and he was substituted for them as a party in the Colorado case.

The parties in the Colorado Insurance Action (Genesis, the Trustee, and Crowley) filed summary judgment motions on various coverage-related issues. These motions were fully briefed in January 2007. The Colorado Court had not ruled on them as of the time that Crowley filed his motion to continue this trial, prompting Crowley to file the motion, arguing that the pendency of the summary judgment motions in Colorado warranted delay of this trial. But then, on June 25, 2007, three days after Crowley had filed the motion to continue, the Colorado Court

2

decided all of the motions pending before it. (*See* D.I. 159 Ex. A (Colorado Court's June 25, 2007 Opinion).)

In order to understand the context of Crowley's motion to continue, a brief explication of the Insurance Action is necessary. The Colorado Court had four issues before it on summary judgment, two of which involved Crowley and the Trustee, and two of which involved only the Trustee. (All of the issues involved Genesis, of course.) The Court ruled in favor of Crowley and the Trustee, and against Genesis, on both the issues before it that involved Crowley.

*First*, the Colorado Court held that notice under the policy was adequate because, even though the claims were asserted after the expiration of the policy period, adequate notice had been given during the policy period. (D.I. 159 Ex. A at 6-11.) *Second*, the Court ruled that coverage extends to claims and losses arising out of Crowley's (and the Outside Directors') conduct that occurred after the policy's expiration (January 27, 2001) because the entire course of conduct was related to and arose out of the same acts and omissions. (D.I. 159 Ex. A at 11-14.)

As to the two issues before the Colorado Court on summary judgment in the Insurance Action that involved the Trustee, but not Crowley, one potentially could have involved Crowley, but did not because Crowley and Genesis agreed to defer the Court's ruling on it until after the trial in this case. That issue has to do with an exclusion in the insurance policy known as the "personal profit" exclusion, which excludes coverage for any loss in connection with any claim arising out of a director's or officer's "gaining in fact any profit or advantage to which they were not legally entitled." As Crowley notes in his brief in support of his motion to

3

continue, Crowley and Genesis agreed to defer any litigation regarding the applicability of the personal profit exclusion to Crowley until after the Trustee's claims against Crowley have been resolved here. (D.I. 158 at 4-5 n.3.)[1]

In short, all that was before the Colorado Court for decision involving Crowley has now been resolved. The only extant issue related to Crowley in the Insurance Action – the applicability of the personal profit exclusion – is an issue that Crowley himself has asked the Colorado Court to defer ruling on until the resolution of this case. There is thus nothing further that the Colorado Court can do with respect to the coverage issues between Crowley and Genesis at this time, and, indeed, until this case has been resolved.

### III. **SUMMARY OF ARGUMENT**

1.  Crowley has not met his burden of showing good cause for a continuance. One of the bases for Crowley's motion to continue has disappeared completely and the other lacks merit. Crowley based his motion to continue on two grounds – the pendency of the summary judgment motions in Colorado, and the pendency of the various motions here. As to the first, he asserted that, "[r]esolution of the issues in the [Insurance Action], either upon the pending cross motions for summary judgment or by trial, would greatly increase the likelihood of settlement of this case.... These motions have been fully briefed since January 12, 2007, but remain pending before the court in Colorado, and are unlikely to be decided until close to the February 2008 trial

---

[1] As to the two issues involving only the Trustee, first, the Colorado Court agreed with the Trustee that the personal profit exclusion did not apply to the Outside Directors. (D.I. 159 Ex. A at 14-15). Second, the Court ruled in favor of the Trustee that his settlement with the Outside Directors was a covered loss under the policy. However, the Court denied that aspect of Genesis' motion without prejudice, declining to rule whether the settlement was enforceable against Genesis on some basis other than the contract language because a case is pending in the Colorado Supreme Court that might impact resolution of that issue. (D.I. 159 Ex. A at 15-19.)

4

date." (D.I. 158 at 2.) As to the second, he argued that, "the resolution of the several pending motions in this action will either dispose of the case in its entirety or will significantly impact the scope of the matters at trial." (D.I. 158 at 3.)

2. Now that the Colorado Court has ruled on the summary judgment motions, the first basis for Crowley's motion has disappeared. Crowley attempts to resurrect this basis for a continuance by asserting in the supplement to his opening brief [2] (filed a few days after the Colorado Court issued its opinion) that, "some issues in [the Insurance Action] have been resolved such that the parties have a better sense of who will bear certain costs of settlement and risks of litigation, but others remain unresolved at this time." (D.I. 160 at 2.) This is an unfair and misleading statement because in fact, the Colorado Court has now decided *each and every* issue involving Crowley. There is nothing more that the Colorado Court could do that would give the parties before this Court (Crowley and the Trustee) any better sense of where they stand vis-à-vis Genesis.

3. Crowley's second basis for seeking a continuance – the fact of the pendency of summary judgment and other motions here – is wholly invalid. In virtually every case, the parties prepare for trial while motions (including dispositive motions) are pending. Of course, the Court's rulings on summary judgment could end (or narrow) the case, but that is hardly a reason to postpone the trial. If it were, courts would always have to place *every* case in suspense

---

[2] Crowley's supplement to his opening brief asserts that his attorneys are continuing to assess the situation and "will discuss these issues in more detail in the reply brief." Under this Court's Rules, that is inappropriate. *See* DEL. L.R. CIV. P. 7.1.3(c)(2) ("[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.") A reply brief is not a proper forum for Crowley's lawyers' additional musings that could have been included in their prior brief. If Crowley had additional arguments to make after the Colorado decision, he should have made them in his supplement. Any new, non-responsive arguments should be stricken from his reply.

while summary judgment was being decided. Here, the parties maintained and complied with the dispositive motion schedule set by the Court precisely so that the September 17 trial date would be retained.

4. Contrary to Crowley's assertion, the Trustee would be prejudiced if the case were continued. Coram filed for Chapter 11 protection almost seven years ago, on August 8, 2000. After two prior plans by the debtor failed to be confirmed due to Crowley's conflict, the Trustee's plan of reorganization was confirmed effective December 1, 2004. In accordance with the terms of the plan, the Trustee filed this action at the end of 2004. Postponing the trial will further delay the administration of Coram's post-confirmation bankruptcy estate. The Trustee (who is eighty-six years old) wishes to try this action within the time-frame set forth by this Court so that the Coram bankruptcy case can finally be concluded as expeditiously as possible.

IV. **ARGUMENT**

It is Crowley's burden to demonstrate that good cause exists for a continuance. *See* FED.R.CIV.P. 16(b). *See also Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) ("As Rule 16 recognizes, scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired."). This he has utterly failed to do. As set forth below, the first basis for Crowley's motion (the pendency of the Colorado Insurance Action) no longer exists. The second basis for his motion (the pendency of various motions here) is wholly invalid. Moreover, contrary to Crowley's assertions, the Trustee will, in fact, be prejudiced if the trial were delayed.

      1.    ***The First Basis For Crowley's Motion (The Pendency Of The Colorado Insurance Action) No Longer Exists.***

Crowley argued in his opening brief that the trial should be continued because "settlement discussions are currently stalemated and will likely stay that way until the Colorado court decides whether Genesis must cover Crowley and the Outside Directors for the Trustee's claims." (D.I. 158 at 4.) The Colorado Court has now issued its decision, in favor of coverage. That should end the inquiry, even assuming *arguendo* that the pendency of the summary judgment motions in Colorado could have warranted a continuance here (which they did not).

Yet Crowley perseveres, undaunted, pointing in the supplement to his opening brief to the Colorado Court's scheduling of a settlement conference in the Insurance Action for September 14, 2007. Crowley argues that the proximity of that conference to the trial date here will make settlement unlikely because "the parties will be preoccupied with completing trial preparation and will have already expended time, resources, and effort preparing for trial." (D.I. 160 at 3.) Even if the effect of possible settlement discussions in the Insurance Action was an appropriate consideration on a motion to continue, Crowley's argument not only makes no sense, but, is, in fact, counter-intuitive.

With all of the issues in the Insurance Action as they pertain to Crowley already decided (except the personal profit exclusion, which Crowley himself asked to be deferred pending the trial here), the parties can now do precisely what Crowley insisted the pendency of the Colorado motions prevented them from doing – again attempt to settle the case. Now that many of its defenses in the Colorado action have been eliminated, Genesis may finally elect to negotiate in good faith in an attempt to reach an agreement. But that is most likely to happen (and perhaps only will happen) with a trial looming in this litigation.

Moreover, as Crowley notes, "this action will be concluded, one way or another, before the personal profit exclusion is litigated in Colorado." (D.I. 158 at 5 n.3.) Thus, the adjournment of the trial of this case until March 2008 as requested by Crowley will have the paradoxical effect of further delaying the trial in Colorado. And conversely, the denial of Crowley's motion and the timely trial of this case will serve to expedite the adjudication of the Colorado action.

Finally, it bears mention in this regard that the parties already have engaged in extensive settlement negotiations. On December 5-6, 2005, the Trustee, Crowley, the Outside Directors, and Genesis engaged in a private mediation in an attempt to settle their dispute. From August 15, 2005 until March 28, 2006, this case was stayed to allow the parties and Genesis the opportunity to mediate and engage in follow-up settlement negotiations. The private mediation and the subsequent discussions produced a settlement between the Trustee and the Outside Directors only – not with Crowley. Crowley's own settlement posture has not changed as the parties have approached trial. Yet Crowley in essence seeks another stay of at least six months to pursue settlement discussions. Such a delay is unwarranted and prejudicial to the Trustee.

2. ***The Second Basis For Crowley's Motion (The Pendency Of Various Pre-Trial Motions Before The Court) Is Not A Valid Reason For A Continuance.***

Crowley argues that postponing the trial is warranted for the additional reason that, depending on how this Court rules on the summary judgment and other motions currently

8

pending before it, the scope of the case may be significantly narrowed.[3] Such is hardly "good cause" for a continuance.

Of course, if the Court grants summary judgment on liability in favor of the Trustee on the basis of collateral estoppel or grants summary judgment in favor of Crowley on the issue of liability, there will be no liability case to try. But that is always the case when a party files for summary judgment. If the filing of a summary judgment motion constituted grounds for parties to cease preparing for trial because the case might never be tried, or might be tried on narrower grounds, every trial could be continued, and litigation would take significantly longer than is already the case.

Crowley also claims that because the parties might not have a ruling on summary judgment until close to the time of trial, an extension is warranted to allow for proper preparation. This argument, too, is a non-starter. The current schedule affords the parties sufficient time to prepare for trial. While the Court's decisions on the pending motions might alter some aspects of the trial, the key issue – whether Crowley breached his fiduciary duties owed to Coram – remains the same. The witnesses are known to both Crowley and the Trustee, as are the universe of possible exhibits and the arguments that will be advanced at trial. The Trustee should not be forced to await trial because Crowley prefers to delay his own trial preparation.

---

[3] Crowley continues to mischaracterize the Trustee's response to his summary judgment motion. (*See* D.I. 158 at 5.) As made clear in the Trustee's answering brief, the Trustee relies on facts in the record (not, as Crowley asserts, on the Bankruptcy Court's findings) to demonstrate that Crowley is not entitled to summary judgment on the issue of liability. Accordingly, there is no reason for this Court to decide whether to strike evidence of the Bankruptcy Court's opinions at this stage.

The case relied on by Crowley, *Sutherland Paper Company v. Grant Paper Box Company*, 183 F.2d 926 (3d Cir. 1950), is inapposite. *Sutherland* is a unique case, far afield from the general rule that denials of continuance motions are well within a district court's discretion. *See, e.g., Fontana v. United Bonding Ins. Co.*, 468 F.2d 168, 169-70 (3d Cir. 1972).

In *Sutherland*, less than two weeks before trial, the District Court not only ruled on pending summary judgment motions, but also decided a motion that granted additional discovery, including an inspection of the plaintiff's facilities. The Third Circuit's ruling that the district court had abused its discretion in denying defendant's motion for a continuance was based in part on the fact that the case involved a patent infringement lawsuit "which in its nature would involve technical and elaborate presentation." 183 F.2d at 931. Additionally, in view of the district court's discovery order, defendant had significant discovery to complete in a complicated case with trial less than two weeks away. Such is not the case here because the parties have had adequate time to prepare. And as the Court of Appeals stated in a subsequent case, "*Sutherland* stands for the proposition that when a party is prejudiced by a justifiable reliance on the trial court, the denial of a continuance will constitute an abuse of discretion." *Bus. Ass'n of Univ. City v. Landrieu*, 660 F.2d 867, 878 (3d Cir. 1981). Certainly there is no such prejudice to Crowley here: even he notes that this Court informed the parties that summary judgment would not be decided until shortly before the pretrial conference and he has known of the trial date for more than a year. (D.I. 158 at 6.)

3. ***The Trustee Will Be Prejudiced By a Continuance.***

Finally, although it is not the Trustee's burden to show that he will not be prejudiced by a continuance, in fact, Crowley's assertion that no prejudice will inure to the

Trustee is wrong. The Trustee's confirmed plan became effective on December 1, 2004. The adjournment of the trial would further delay the administration of Coram's post-confirmation bankruptcy estate. Moreover, as more time passes, the memories of witnesses fade. *See Neomagic Corp. v. Trident Microsystems*, Civ. A. No. 98-699, 2001 U.S. Dist. LEXIS 14585, at *4-*5 (D. Del. Sept. 7, 2001). Finally, the Trustee takes absolute issue with Crowley's statement that this litigation does not interfere with Coram's management. Coram would far prefer to be free from litigation with its former CEO and President. Regardless of the Trustee's position with the post-confirmation estate, the Coram name is still attached to Crowley and his wrongful conduct. The sooner this litigation ends, the better for Coram.

This Court established a firm date certain for the trial in this matter. That date was set fourteen months ago. The Trustee is entitled to rely on that date, barring extreme unforeseen circumstances. Although Crowley was certainly aware of the Colorado Insurance Action and its assorted ramifications, he made no attempt to alter the trial date here until now. In fact, the summary judgment briefing in the Insurance Action was complete as of January 2007, yet Crowley did not ask this Court to push back the September 17 trial date pending resolution of those motions in Colorado until June. Nor did he seek to stay this litigation pending the outcome of the Colorado action. That delay is inexplicable and Crowley should not be rewarded for his lack of diligence. *See Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (requiring party seeking to alter dates in scheduling order to demonstrate good cause and holding lack of diligence warrants denying request to alter trial dates).

11

V.  **CONCLUSION**

        For all of the reasons set forth above, the Trustee respectfully requests that the Court deny Crowley's motion to continue the trial.

Dated: July 12, 2007

Respectfully submitted,

/s/ Michael J. Barrie
Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)
SCHNADER HARRISON SEGAL & LEWIS LLP
824 Market Street Mall, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (telecopier)
mbarrie@schnader.com

OF COUNSEL:

Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice*)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,*
*Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, *Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of* CORAM HEALTHCARE CORP. *and* CORAM, INC.,<br>　　　　　Plaintiff,<br><br>v.<br><br>DANIEL D. CROWLEY, *et al.*,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 04-1565 (SLR)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Michael J. Barrie, hereby certify that I am at least eighteen years of age and that on July 12, 2007, I caused a true and correct copy of the Memorandum of Chapter 11 Trustee Arlin M. Adams in Opposition to Defendant Daniel D. Crowley's Motion to Continue the Trial Date, to be served upon the following:

Jeffrey C. Wisler, Esquire
Christina M. Thompson, Esquire
Connolly Bove Lodge & Hutz LLP
1007 N. Orange St., P.O. Box 2207
Wilmington, DE 19899
(*via CM/ECF and hand delivery*)

Elliot R. Peters, Esquire
Laurie Carr Mims, Esquire
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(*via CM/ECF, email and overnight mail*)

Dated: July 12, 2007

SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ Michael J. Barrie
　　Richard A. Barkasy (#4683)
　　Michael J. Barrie (#4684)
　　824 N. Market Street, Suite 1001
　　Wilmington, DE 19801
　　Telephone: (302) 888-4554
　　Facsimile:　(302) 888-1696

OF COUNSEL:

Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice)*
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,*
Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.