# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ARLIN M. ADAMS, *Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*, | ) ) ) ) | |
| | ) | Civ. Action No. 04-cv-1565(SLR) |
| Plaintiff, | ) | |
| v. | ) ) | |
| DANIEL D. CROWLEY, *et al.*, | ) ) | |
| Defendants. | ) ) | |

---

## BRIEF IN SUPPORT OF TRUSTEE'S MOTION IN LIMINE UNDER RULE 408 TO EXCLUDE EVIDENCE OF THE TRUSTEE'S SETTLEMENT WITH THE OUTSIDE DIRECTORS

---

Dated:  August 20, 2007

Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)

SCHNADER HARRISON SEGAL & LEWIS LLP
824 N. Market Street, Suite 1001
Wilmington, DE  19801
(302) 888-4554 (telephone)
(302) 888-1696 (facsimile)

OF COUNSEL:
Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice*)

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,*
*Arlin M. Adams, Chapter 11 Trustee of the Post-*
*Confirmation Bankruptcy Estates of CORAM*
*HEALTHCARE CORP. and CORAM, INC.*

# TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF PROCEEDINGS ...................................................................... 1

II.  SUMMARY OF ARGUMENT ........................................................................................... 1

III. FACTUAL BACKGROUND ............................................................................................... 2

IV.  ARGUMENT ...................................................................................................................... 2

V.   CONCLUSION.................................................................................................................... 6

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Affiliated Mfrs. v. Aluminum Co. of Am.*, 56 F.3d 521 (3d Cir. 1995)...............................3

*Branch v. Chevron Int'l Oil Co.*, 783 F.2d 1289 (5th Cir. 1986)........................................3

*Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F. Supp. 2d 435
    (D. Del. 2007) ................................................................................................................3

*McInnis v. A.M.F., Inc.*, 765 F.2d 240 (1st Cir. 1985).........................................................3

*Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230 (7th Cir. 1983) ..............................................3

*Sweeten v. Layson's Home Improvements, Inc.*, Civ. A. No. 04-2771,
    2007 U.S. Dist. LEXIS 28826 (M.D. Pa. Apr. 19, 2007) ..............................................3

*Young v. Verizon Allsteel Press Co.*, 539 F. Supp. 193 (E.D. Pa. 1982) .............................3

### STATE CASES

*Alexander v. Cahill*, 829 A.2d 117 (Del. 2003) ...............................................................3, 4

*Wright v. Moore*, No. 329, 2007 Del. LEXIS 290 (Del. July 2, 2007)................................4

### FEDERAL RULE

Fed. R. Evid. 408 ...................................................................................................................3

## I.    NATURE AND STAGE OF PROCEEDINGS

Arlin M. Adams, the Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corp. and Coram, Inc. (collectively, "Coram"), filed this action on December 29, 2004, alleging that defendants Daniel D. Crowley, Coram's former CEO and President, and certain former members of Coram's Board of Directors (the "Outside Directors") breached their fiduciary duties to Coram.

Several motions are now pending before this Court. Both parties have filed summary judgment motions, which are fully briefed, with oral argument requested. (D.I. 122, 123, 128, 129, 133, 137, 143, 145, 148, 150, 151.) Crowley has filed a motion to strike from the Trustee's summary judgment papers evidence of, and references to, the previous findings and conclusions of the Bankruptcy Court. That motion also is fully briefed and oral argument has been requested. (D.I. 146, 147, 152, 153, 154.) Trial is scheduled for September 17, 2007. The Trustee now moves in limine to exclude as inadmissible evidence of his settlement with the Outside Directors.

## II.    SUMMARY OF ARGUMENT

1.    Rule 408 of the Federal Rules of Evidence seeks to encourage settlement by prohibiting parties from using at trial offers of compromise, or statements made in furtherance of such offers, to prove the invalidity or the amount of a claim. The Trustee has settled with the Outside Directors. The Trustee seeks to bar Crowley from introducing evidence of or mentioning that settlement because Crowley has no permissible reason to do so. None of the limited exceptions in which courts have permitted juries to learn of settlements with co-

1

defendants exists here.  To the contrary, mention of the settlement with the Outside Directors

would only confuse or mislead the jury and have the prejudicial effects of:  (1) leading the jury to

believe that the Trustee's claim against Crowley is not valid because other people have accepted

responsibility for it; and/or (2) having the jury place a dollar amount on damages based upon the

settlement figure.  Both of these reasons are impermissible under Rule 408.

## III.    FACTUAL BACKGROUND

The facts relevant to this motion are few.  The Trustee's Complaint contained two

breach of fiduciary duty counts: one against Crowley and one against the Outside Directors.

(D.I. 1.)  On or about April 5, 2006, the Trustee and the Outside Directors entered into a

settlement that disposed of all of the Trustee's claims against them.  (D.I. 72.)  Under the

settlement, the Outside Directors consented to an entry of judgment in the amount of $9.55

million and assigned their rights under a D & O insurance policy to the Trustee.  (*Id.*)  The

Trustee agreed that he would seek to recover the judgment only from the Outside Directors'

insurers.  (*Id.*)  On April 24, 2006, Chief Judge Mary F. Walrath of the Delaware Bankruptcy

Court approved the Trustee's settlement with the Outside Directors, finding that it was fair and

reasonable.

## IV.    ARGUMENT

The Trustee's settlement with the Outside Directors is inadmissible under Federal

Rule of Evidence 408.[1]  Rule 408 is designed to foster open settlement negotiations.  *See*

---

[1]  Rule 408 provides:

> Evidence of the following is not admissible on behalf of any party,
> when offered to prove liability for, invalidity of, or amount of a
>
> (footnote continued on next page)

2

*Affiliated Mfrs. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995); *see also Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F. Supp. 2d 435, 440 (D. Del. 2007).  The Rule recognizes that parties often settle for reasons that have nothing to do with fault, thereby rendering settlement agreements irrelevant to liability.  FED. R. EVID. 408 advisory committee's note.

Rule 408 bars evidence of settlements between plaintiffs and former co-defendants, just as it bars evidence of settlements between plaintiffs and defendants. *See, e.g., Branch v. Chevron Int'l Oil Co.*, 783 F.2d 1289, 1294 (5th Cir. 1986); *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985); *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1235 (7th Cir. 1983); *Sweeten v. Layson's Home Improvements, Inc.*, Civ. A. No. 04-2771, 2007 U.S. Dist. LEXIS 28826, at *5 (M.D. Pa. Apr. 19, 2007).  As the United States District Court for the Eastern District of Pennsylvania has explained, evidence of a settlement between plaintiff and a former co-defendant is "precisely the forbidden fruit excluded by operation of Rule 408" because such evidence could permit the jury to believe that the plaintiff has been made whole by the settlement. *Young v. Verizon Allsteel Press Co.,* 539 F. Supp. 193, 195 (E.D. Pa. 1982).

---

(footnote continued from previous page)

claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made in compromise negotiations regarding the claim. . . .

The Delaware Supreme Court recently made clear the line between permissible and impermissible disclosures of settlements with former co-defendants. In *Alexander v. Cahill*, 829 A.2d 117 (Del. 2003), plaintiff was a passenger in a school bus involved in a multi-vehicle accident.[2] Plaintiff settled with two of the defendants (who were joint tortfeasors with the non-settling defendants) prior to trial. The jury learned of that settlement in two ways — the first permissible, the second not. First, the judge mentioned the settlement during his jury charge in order to inform the jury how to apportion liability. Second, the non-settling defendant asked the plaintiff's mother whether she and her husband had settled with the other two defendants and whether they "have or will receive moneys for releasing liabilities against [the two settling defendants] . . .?" (The mother answered "Yes.") *Id.* at 127. The jury returned a verdict in favor of plaintiff, apportioning only 2% of the liability to the non-settling defendant.

The Delaware Supreme Court held that it was permissible for the judge to inform the jury that a settlement had occurred in order to avoid jury confusion, in view of the fact that the jury was being asked to apportion liability. *Id.* at 124. In contrast, the Supreme Court held that the trial court committed reversible error in allowing the question about the settlement because the question "had no purpose other than to suggest the invalidity of the plaintiff's claim or to discount damages." *Id. at* 127. *See also Wright v. Moore*, No. 329, 2007 Del. LEXIS 290 (Del. July 2, 2007) (reversing defense verdict where trial court permitted questions of plaintiff

---

[2] *Alexander* was decided under the Delaware Rules of Evidence, not the Federal Rules. However, Delaware Rule 408 is virtually identical to Federal Rule 408, and, as the Delaware Supreme Court noted in *Alexander*, the federal courts apply that rule in the same way that the Delaware courts do. *See Alexander*, 829 A.2d at 124.

about release given in connection with a settlement and allowed defense counsel to argue during closing that plaintiff already had been compensated for her injuries).

Here, the Trustee's settlement with the Outside Directors has no relevance to any issue in the case, has no probative value, and there is no reason why the jury needs to or should know about it. The jury will not be asked to apportion liability among the defendants, but only to determine whether Crowley breached his fiduciary duty and, if so, the amount of damages his breach caused Coram.

Thus, any mention of the settlement would only be for an impermissible and prejudicial purpose. It could, for example, suggest that Crowley is not liable for the harm to Coram because other persons (namely, the Outside Directors) already have accepted responsibility for that harm. It also could suggest that the $9.55 million dollar settlement is relevant to the amount of damages the jury should award, either because Coram already has been compensated (or partially compensated) for the harm Crowley caused it, or because the settlement amount provides a guideline relevant to the amount of damages to be awarded against Crowley. In short, there is no permissible reason for the evidence, it would have a highly prejudicial effect, and so it should be excluded.

## V.    CONCLUSION

For these reasons, the Trustee respectfully requests that the Court enter an Order prohibiting Crowley from introducing into evidence or mentioning to the jury the settlement agreement between the Trustee and the Outside Directors.

Respectfully submitted,

Dated:  August 20, 2007

/s/ Michael J. Barrie
Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)
SCHNADER HARRISON SEGAL & LEWIS LLP
824 Market Street Mall, Suite 1001
Wilmington, DE  19801
(302) 888-4554 (telephone)
(302) 888-1696 (telecopier)
mbarrie@schnader.com

OF COUNSEL:

Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice*)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,*
*Arlin M. Adams, Chapter 11 Trustee of the Post-*
*Confirmation Bankruptcy Estates of CORAM*
*HEALTHCARE CORP. and CORAM, INC.*

6