IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, *Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*, <br><br>     Plaintiff, <br>   v. <br><br> DANIEL D. CROWLEY, *et al.*, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civ. Action No. 04-cv-1565(SLR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**BRIEF OF CHAPTER 11 TRUSTEE
IN SUPPORT OF MOTION TO
EXCLUDE IRRELEVANT EVIDENCE
REGARDING CORAM INTEREST HOLDERS AND
DISTRIBUTION OF DAMAGES**

Dated: August 20, 2007

Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)

SCHNADER HARRISON SEGAL & LEWIS LLP
824 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (facsimile)

OF COUNSEL:
Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice*)

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,
Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*

## TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF PROCEEDINGS ................................................................... 1

II. SUMMARY OF ARGUMENT ........................................................................................... 1

III. FACTUAL BACKGROUND .............................................................................................. 3

IV. ARGUMENT ........................................................................................................................ 4

    A. *This Court Should Exclude Evidence That The Shareholders As A Group And Coram's Trade Creditors Benefited From The Denial Of Coram's Proposed Plans Of Reorganization.* ................................................................................................................. 4

    B. *This Court Should Exclude Evidence That Individual Shareholders Benefited From Coram's Bankruptcy.* ........................................................................................................ 6

    C. *This Court Should Exclude Evidence That The Net Proceeds Of This Litigation Will Be Distributed To Trade Creditors And Former Shareholders.* ...................................... 9

V. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Carter v. Hewitt*, 617 F.2d 961 (3d Cir. 1980) .................................................................. 8

*In re Coram Healthcare Corp. and Coram, Inc.*, 271 B.R. 228 (Bankr. D. Del. 2001) .................. 4

*In re: Coram Healthcare Corp. and Coram, Inc.*, 315 B.R. 321 (Bankr. D. Del. 2004) ................. 4

*In re Granite Partners*, 194 B.R. 318 (Bankr. S.D.N.Y. 1996) .......................................... 5

*In re Norstan Apparel Shops, Inc.*, 367 B.R. 68 (Bankr. E.D.N.Y. 2007) ............................. 5

*Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408 (M.D. N.C. 1992) .................................. 9

*Rhone-Poulenc Rorer Inc. v. The Home Indem. Co.*, Civ. A. No. 88-9752, 1991 U.S. Dist. LEXIS 12959 (E.D. Pa. Sept. 16, 1991) ................................................ 9

*In re Scott Acquisition Corp.*, 344 B.R. 282 (Bankr. D. Del. 2006) ................................... 5

*Silbergleit v. First Interstate Bank, N.A.*, 37 F.3d 394 (8th Cir. 1994) ............................ 8

*Tessendorf v. First Colony Life Ins. Co.*, Civ. A. No. 91-7293, 1992 U.S. Dist. LEXIS 17681 (N.D. Ill. Nov. 13, 1992) .......................................................... 8

## STATE CASES

*Prod. Res. Group, L.L.C. v. NCT Group, Inc.*, 863 A.2d 772 (Del. Ch. Ct. 2004) ..................... 5

I.  **NATURE AND STAGE OF PROCEEDINGS**

Arlin M. Adams, the Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corp. and Coram, Inc. (collectively, "Coram"), filed this action on December 29, 2004, alleging that defendant Daniel D. Crowley, Coram's former CEO and President, breached his fiduciary duties to Coram. On April 17, 2007, the Trustee filed a motion for summary judgment on the ground that the Bankruptcy Court's findings following two contested confirmation hearings precluded Crowley from re-litigating whether he had breached his fiduciary duties, or in the alternative, required that certain facts be deemed established under Federal Rule of Civil Procedure 56(d). Crowley also filed a motion for summary judgment. The summary judgment motions have been fully briefed, with oral argument requested. (D.I. 122, 123, 128, 129, 133, 137, 143, 148, 150, 151.) Crowley also filed a motion to strike from the Trustee's summary judgment papers evidence of, and references to, the previous findings and conclusions of the Bankruptcy Court. That motion also is fully briefed and oral argument has been requested. (D.I. 146, 147, 152, 153, 154.)

A final pre-trial conference is scheduled for September 5, 2007, and trial is set to commence on September 17, 2007. This is the Trustee's motion in limine to exclude certain irrelevant evidence regarding Coram interest holders and distribution of damages.

II.  **SUMMARY OF ARGUMENT**

1.   The Trustee anticipates that Crowley will argue that Coram did not suffer damages by having remained in bankruptcy for as long as it did and will seek to introduce evidence that: (a) Coram's common shareholders and its trade creditors fared better under the Trustee's plan than they would have under either of Coram's proposed plans; (b) certain

1

individual members of the Equity Committee profited on their investments in Coram; and (c) the beneficiaries of any net proceeds of this lawsuit will be the same trade creditors and former common shareholders.

2.  The plaintiff in this case is the Trustee of Coram's Post-Confirmation Bankruptcy Estates. The former shareholders and the trade creditors are not plaintiffs. It is not appropriate to examine the impact of the bankruptcy on a particular constituency of the plaintiff-entity. That the shareholders collectively received more money under the Trustee's plan than they would have received under Coram's proposed plans does not mean that *Coram* was not damaged. If a corporation brings a lawsuit, the question of "what part of the corporation was harmed" is never asked because it is never relevant. This case is no different simply because the plaintiff happens to be the Trustee of a bankruptcy estate. Moreover, even if such evidence were relevant, its prejudicial effect substantially outweighs whatever probative value it may have and so it should be excluded under Rule 403.

3.  Coram was a publicly-traded company, with its shareholders changing every day. Some purchased stock both before and after the bankruptcy and made money. Others lost money. Members of the Equity Committee were in both categories. Evidence of how any particular shareholders made out has no possible relevance to any issue in this case. Moreover, such evidence serves no purpose other than to confuse and prejudice the jury and should be excluded under Rule 403 even if it were otherwise relevant.

4.  The Trustee will distribute any recovery in this case in accordance with the confirmed plan of reorganization. What a plaintiff intends to do with a recovery is irrelevant. This case is no different simply because this plaintiff is the Trustee of a bankruptcy estate.

## III. FACTUAL BACKGROUND

This litigation concerns the Trustee's claim that defendant Crowley breached his fiduciary duties to Coram by maintaining an employment relationship with Cerberus Partners, L.P. while serving as CEO and President of Coram. (D.I. 1.) That dual relationship caused the Bankruptcy Court to find that Crowley had a conflict of interest and so to reject Coram's proposed plans of reorganization on two occasions. The Trustee asserts that Coram incurred direct and indirect costs as a result of remaining in bankruptcy for an extended period of time.

The Trustee is the only plaintiff in this case. Yet Crowley apparently intends to show that the shareholders collectively and trade creditors fared better under the confirmed plan of reorganization than they would have under the two rejected proposed plans. Furthermore, Crowley appears to intend to introduce evidence related to individual shareholders and members of the Equity Committee, some of whom saw substantial returns on their investment in Coram stock. Finally, Crowley may attempt to inform the jury that any verdict the Trustee obtains will be distributed first to pay interest to the trade creditors and then to the shareholders. All of these arguments would serve only to confuse the jury as to the identity of the plaintiff, invite the jury to veer off into irrelevant tangents, and prejudice the Trustee.

Because the facts relevant to each of these three points differ slightly, the Trustee sets forth the specific facts relevant to each individual point below.

IV. **ARGUMENT**

    A. ***This Court Should Exclude Evidence That The Shareholders As A Group And Coram's Trade Creditors Benefited From The Denial Of Coram's Proposed Plans Of Reorganization.***

Coram's first proposed plan of reorganization (which the Bankruptcy Court denied) would have cancelled all shareholder interests, paid $2 million to the trade creditors, and issued all of the stock in the reorganized private company to the noteholders. *In re Coram Healthcare Corp. and Coram, Inc.*, 271 B.R. 228, 232 (Bankr. D. Del. 2001). Coram's second proposed plan of reorganization (which the Bankruptcy Court also denied) would have given the shareholders $10 million provided their class voted in favor of the plan, paid the trade creditors $3 million, and again given all the stock to the noteholders. *Id.* at 233. Under the Trustee's confirmed plan, the shareholders received approximately $40 million, the trade creditors received 100% of their allowed pre-petition claims, and the noteholders relinquished all of their claims and interests and contributed $56 million in cash and guarantees to Coram's estate in return for ownership of the company and a release of any claims that Coram may have against them. *In re: Coram Healthcare Corp. and Coram, Inc.*, 315 B.R. 321, 328 (Bankr. D. Del. 2004).

The fact that the Coram shareholders and trade creditors collectively received more money under the Trustee's confirmed plan of reorganization than they would have under the rejected plans is irrelevant. This is not a direct case by shareholders claiming that they were harmed in their capacity as shareholders. It is a case brought by the entity.

The Trustee represents Coram, which was harmed by having remained in bankruptcy. The Trustee stands in the shoes of Coram and may bring any lawsuit that Coram

4

could have brought. *See In re Norstan Apparel Shops, Inc.*, 367 B.R. 68, 82 (Bankr. E.D.N.Y. 2007) (noting that breach of fiduciary duty claims belong to corporation); *In re Granite Partners*, 194 B.R. 318, 323 (Bankr. S.D.N.Y. 1996) ("[The trustee] may bring any suit that the debtor could have brought before bankruptcy.").

In fact, if the cause of action belongs to the estate, *only* the Trustee may assert it. *See In re Scott Acquisition Corp.*, 344 B.R. 282, 290-91 (Bankr. D. Del. 2006) ("trustee may assert only the claims that belong to the bankruptcy estate . . . a trustee does not have standing to pursue the individual claims of creditors or even of creditors as a class."); *Prod. Res. Group, L.L.C. v. NCT Group, Inc.*, 863 A.2d 772, 793 n.65 (Del. Ch. Ct. 2004) ("The Trustee can bring any suit [the insolvent company] could have brought, including suits against directors and controlling shareholders for breach of fiduciary duty.").

The issue is whether Coram was damaged by having to spend $36 million in reorganization expenses between the time that the first plan was denied and the time that the Trustee's plan was confirmed, as well as having to incur additional indirect costs attributable to remaining in bankruptcy for that extended period of time. That the trade creditors and the common shareholders may have fared better under the Trustee's plan than they would have under Coram's plan is not at all probative of the question whether Coram was damaged. That Coram's bankruptcy estate spent $36 million cannot be disputed and the plaintiff is the Trustee of Coram's bankruptcy estate.

Even if evidence regarding how the shareholders collectively and the trade creditors fared under the various plans was probative, it should nevertheless be excluded under Rule 403. Evidence about the shareholders would confuse the jury into thinking that they are the

5

plaintiffs. The Trustee would then have to present testimony explaining the difference between a corporation and its shareholders in order to explain what could be a confusing and difficult economic concept that a corporation is owned not just by its shareholders, but by its debtholders as well. Evidence and argument about "which part of Coram" was damaged serves no purpose, is likely to create confusion about "who is the plaintiff," may well mislead the jury, and certainly will take up trial time unnecessarily.

Therefore, evidence relating to the treatment of the trade creditors and the shareholders collectively under the various proposed plans of reorganization should be excluded.

**B.     *This Court Should Exclude Evidence That Individual Shareholders Benefited From Coram's Bankruptcy.***

After Coram filed for bankruptcy, the United States Trustee appointed an Equity Committee to represent the interests of Coram Healthcare Corporation common stock. The Equity Committee was comprised of Donald Liebentritt, VP of Samstock, L.L.C., Mark Slezak, CEO and VP of the Ann & Robert Lurie Family Foundation, and Richard Haydon of RLH Management. There is no dispute that the members of the Equity Committee are wealthy investors.[1]

Throughout discovery and his papers in this case, Crowley makes repeated references to the "wealthy investors" who purchased Coram shares, both before and after Coram filed for bankruptcy. For example, in Crowley's summary judgment papers, he states that,

---

[1] Samstock is the personal investment vehicle for Sam Zell, a Chicago-based real estate entrepreneur who recently purchased the Tribune Company. The Lurie Foundation was formed by Mr. Zell's late partner, Robert Lurie, and principally makes its very substantial grants in the health care field. Richard Haydon is a New York based investor. Will Weinstein is Sam Zell's broker.

"[o]nce the possibility of a restructuring was disclosed in Coram's SEC public filing, a group of highly sophisticated Coram shareholders sought a way to profit from Coram's bankruptcy" and "[o]n the day following Coram's bankruptcy filing, Zell bought 450,000 shares of Coram common stock at six cents per share through his personal investment vehicle, Samstock, L.L.C." (D.I. 123 at 10); *see also* (D.I. 123 at 11) ("The investment would be worthless unless Levy [the lawyer for the Equity Committee] could defeat Coram's Plan for Reorganization."); (*id.*) ("Other members of Levy's [ ] group, including Weinstein and several of his clients, also increased their positions in Coram, buying large numbers of shares (more than 3.6 million) at rock-bottom prices.").

Crowley's expert, Joseph A. Dworetzky, picked up the theme, noting that some investors purchased shares "for as little as $.06 per share." (Ex. A [Dworetzky Expert Report] at 10.) Additionally, Dworetzky opined that the Equity Committee's "aggressive litigation . . . ultimately achieved a better bargain than originally proposed. [S]hareholders who purchased Coram's stock at $.06 per share at the time of bankruptcy have received 13 times their investment." (*Id.*)

The fortunes of individual shareholders and investment success of any particular shareholder investment is not probative of any issue in this case and, again, will only serve to create jury confusion regarding "who is the plaintiff." Coram was at all relevant times a publicly-traded company, with shareholders changing daily. As with all publicly-traded companies, some Coram shareholders made money and others lost money. It is irrelevant to this litigation to focus on any particular shareholder because none of them is a plaintiff in this action.

7

As discussed above, only the Trustee is the plaintiff and he has brought this lawsuit on behalf of the bankruptcy estate.

Even if evidence of Sam Zell's earnings on Coram stock was relevant (which is it not), it should be excluded under Rule 403 because it is unduly prejudicial. Evidence of a plaintiff's wealth is generally inadmissible, except in some unique circumstances where it is probative of some particular fact at issue. *See, e.g., Silbergleit v. First Interstate Bank, N.A.*, 37 F.3d 394, 397-98 (8th Cir. 1994); *Tessendorf v. First Colony Life Ins. Co.*, Civ. A. No. 91-7293, 1992 U.S. Dist. LEXIS 17681, at *22 (N.D. Ill. Nov. 13, 1992). Here, such evidence has no probative value and, if admitted, would be just a blatant appeal for the jury to reject the Trustee's claim for damages on the ground that some of Coram's shareholders happen to be wealthy and made substantial returns on their Coram investments. As such, the evidence could inflame the jury and invite it to assess damages not on the basis of the evidence presented, but on its own prejudices. *See Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (evidence that appeals to jury's sympathies or may cause jury to base decision on something other than established propositions in case is unduly prejudicial). Moreover, if this irrelevant and prejudicial evidence were admitted, the Trustee would be forced to defend by presenting evidence of his own about how other shareholders (including Coram employees) lost money on their investments. This would lead to a distracting, confusing, and misleading side show.

In short, evidence of the wealth of individual Coram shareholders and the returns earned by any individual shareholder should be excluded.

### C. This Court Should Exclude Evidence That The Net Proceeds Of This Litigation Will Be Distributed To Trade Creditors And Former Shareholders.

Under the Trustee's confirmed plan, the net proceeds from this case are to be distributed first to pay interest to the trade creditors and then to the former shareholders. The Trustee seeks to exclude any evidence about the distribution of the net proceeds because such evidence is not relevant.

How the proceeds will be distributed does not tend to make any material fact in issue more or less likely. Plaintiffs are not asked "what do you intend to do with the money if you win?" because the information is irrelevant. This case is no different. This is similar to the rule that a plaintiff's motivation in bringing a lawsuit is irrelevant. *See Rhone-Poulenc Rorer Inc. v. The Home Indem. Co.*, Civ. A. No. 88-9752, 1991 U.S. Dist. LEXIS 12959, at *7 (E.D. Pa. Sept. 16, 1991) ("the motive behind the institution of an action has been deemed not relevant to the subject matter involved pursuant to Fed. R. Civ. P. 26(b)."); *see also Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 414 (M.D. N.C. 1992) ("It is well-established that in ordinary litigation, not involving the clean hands defense, the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation and is not a matter of discovery.").

The Trustee is charged with protecting the post-confirmation Coram estate. What constituencies stand to gain from a verdict in favor of the Trustee does not shed any light on whether Crowley breached his fiduciary duties or whether Coram suffered damages. Therefore, such evidence should be excluded.

9

## V. CONCLUSION

For these reasons, the Trustee respectfully requests that the Court exclude evidence that would inform the jury: (1) that Coram's former shareholders collectively and its trade creditors received more money under the Trustee's confirmed plan of reorganization than they would have received under Coram's proposed plans that were not confirmed; (2) relating to the identity of individual shareholders and whether they earned a profit on their investments in Coram common stock; and (3) relating to how any damages awarded in this case will be distributed.

Dated: August 20, 2007

Respectfully submitted,

/s/ Michael J. Barrie
Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)
SCHNADER HARRISON SEGAL & LEWIS LLP
824 Market Street Mall, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (telecopier)
mbarrie@schnader.com

OF COUNSEL:

Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice*)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,
Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*