IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, *Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of* CORAM HEALTHCARE CORP. *and* CORAM, INC., <br><br>    Plaintiff,<br> v.<br><br>DANIEL D. CROWLEY, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 04-cv-1565(SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF
MOTION IN LIMINE UNDER RULE 408 TO
EXCLUDE EVIDENCE OF SETTLEMENT
NEGOTIATIONS BETWEEN THE PARTIES**

Dated:  August 20, 2007

        Richard A. Barkasy (#4683)
        Michael J. Barrie (#4684)

        SCHNADER HARRISON SEGAL & LEWIS LLP
        824 N. Market Street, Suite 1001
        Wilmington, DE  19801
        (302) 888-4554 (telephone)
        (302) 888-1696 (facsimile)

        OF COUNSEL:

        Barry E. Bressler (admitted *pro hac vice*)
        Wilbur L. Kipnes (admitted *pro hac vice*)
        Nancy Winkelman (admitted *pro hac vice*)

        SCHNADER HARRISON SEGAL & LEWIS LLP
        1600 Market Street, Suite 3600
        Philadelphia, PA 19103
        (215) 751-2400 (telephone)
        (215) 751-2205 (facsimile)

        *Counsel to Plaintiff,*

*Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*

# TABLE OF CONTENTS

                                                           **Page**

I. NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II. SUMMARY OF ARGUMENT ......................................................................................... 1

III. FACTUAL BACKGROUND ............................................................................................ 2

IV. ARGUMENT ..................................................................................................................... 4

V. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Affiliated Mfrs. v. Aluminum Co. of Am.*, 56 F.3d 521 (3d Cir. 1995)...................................5

*In re Coram Healthcare Corp. and Coram, Inc.*, 271 B.R. 228
  (Bankr. D. Del. 2001) ..........................................................................................3

*In re Coram Healthcare Corp. and Coram, Inc.*, 315 B.R. 321
  (Bankr. D. Del. 2004) .......................................................................................3, 4

*Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F. Supp. 2d 435
  (D. Del. 2007) ......................................................................................................5

*Massager v. Delmarva Power & Light Co.*, 723 F. Supp. 1019 (D. Del. 1989)..................5

## FEDERAL RULE

Fed. R. Evid. 408 ......................................................................................................5

## FEDERAL TREATISE

Federal Practice and Procedure § 5303 (1980)........................................................5

I.     **NATURE AND STAGE OF PROCEEDINGS**

Arlin M. Adams, the Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corp. and Coram, Inc. (collectively, "Coram"), filed this action on December 29, 2004, alleging that defendant Daniel D. Crowley, Coram's former CEO and President, breached his fiduciary duties to Coram.

Several motions are now pending before this Court. Both parties have filed summary judgment motions, which are fully briefed, with oral argument requested. (D.I. 122, 123, 128, 129, 133, 137, 143, 145, 148, 150, 151.) Crowley has filed a motion to strike from the Trustee's summary judgment papers evidence of, and references to, the previous findings and conclusions of the Bankruptcy Court. That motion is also fully briefed and oral argument has been requested. (D.I. 146, 147, 152, 153, 154.) The Trustee now moves in limine to exclude as inadmissible evidence of settlement negotiations between the Trustee and Crowley.

II.    **SUMMARY OF ARGUMENT**

1.     Rule 408 of the Federal Rules of Evidence seeks to encourage settlement by prohibiting parties from using at trial offers of compromise, or statement made in furtherance of such offers to prove the invalidity or the amount of a claim. After the Trustee was appointed by the Bankruptcy Court, Crowley sought to receive $17.3 million in bonus payments that he believed Coram owed him. The Trustee disputed this amount. The parties then attempted to negotiate a settlement. The Trustee offered to release Crowley from all claims that the Trustee had against him, and, in return, Crowley offered to reduce his bonus claim from $17.3 million to $2 million. The parties memorialized the terms of their proposed settlement in a letter of intent. The letter of intent made clear that the settlement was subject to Bankruptcy Court approval. But

1

because the Bankruptcy Court refused to extend his employment, Crowley resigned from Coram. The parties thus never presented their settlement to the Bankruptcy Court, the Bankruptcy Court never approved it, and the parties never settled. Evidence concerning the letter of intent, and the terms of the proposed settlement between the Trustee and Crowley, is inadmissible under Rule 408.

### III.  FACTUAL BACKGROUND

Because the parties have set forth the underlying facts in their filings to date, the Trustee focuses here only on those facts relevant to this motion in limine.

In November 1999, Crowley signed a three-year agreement to serve as Coram's CEO and President. (Ex. A [Employment Agreement].) The contract was amended in April 2000. (Ex. B [Amendment to Employment Agreement].) Coram paid Crowley a base salary of $650,000 per year. Crowley also was eligible to receive performance-based bonuses based upon Coram's EBITA. (*Id.*)

In August 2000, Coram filed a Chapter 11 bankruptcy petition along with a proposed plan of reorganization. Following a confirmation hearing conducted over five days, the Bankruptcy Court rejected the proposed plan because, while Crowley was serving as Coram's CEO and President, he also maintained an employment relationship with Cerberus Partners, L.P., one of Coram's three noteholders. (Ex. C [Dec. 21, 2000 Hrg. Tr.] at 87-89.) The Bankruptcy Court held that Crowley's dual relationships constituted an actual conflict of interest. (*Id.* at 89.)

After seeking the advice of an independent restructuring advisor, Coram proposed a second plan of reorganization. The Bankruptcy Court rejected that plan as well due to

Crowley's continued conflict of interest. *See In re Coram Healthcare Corp. and Coram, Inc.*, 271 B.R. 228 (Bankr. D. Del. 2001). The Bankruptcy Court then appointed Arlin M. Adams as Chapter 11 Trustee to oversee Coram's operations and assist the company through the reorganization process. *In re Coram Healthcare Corp. and Coram, Inc.*, 315 B.R. 321, 328 (Bankr. D. Del. 2004).

Crowley thereafter sent the Trustee a letter, in which Crowley sought to receive a $17.3 million bonus that he asserted was due him under his employment agreement. (Ex D [Sims Letter].) When he learned of Crowley's $17.3 million claim, the Trustee "almost hit the roof." (Ex. E [Feb. 25, 2003 Adams Dep.] at 216:4 – 217:11.) In fact, the Trustee refused even to consider anything that high. (*Id.* at 217:12-19.)

However, intent on settling with as many claimants as possible in order to maximize the possibility of plan approval, the Trustee thereafter entered into settlement negotiations with Crowley. The Trustee and Crowley eventually reached agreement on settlement terms that were memorialized in a letter of intent. The letter of intent provided that, in exchange for Crowley relinquishing his $17.3 million claim, the Trustee would pay him $2 million and would release all claims against him. The letter made clear that the settlement was "subject to a formal agreement being drawn and subject, of course, to approval of the Bankruptcy Court." (Ex. F [Letter of Intent].)

The Trustee later explained his reasons for agreeing to the settlement terms set forth in the letter of intent as that he "was willing to go along with it in order to get rid of the claim that [Crowley] had in the amount of $17 million." (Ex. G [Mar. 27, 2007 Adams Dep.] at 84:15-17.) However, the Trustee was displeased with the terms of the agreement, likening the

3

release that Crowley would have received to a tooth extraction: "I agree to the extraction, but it hurts." (*Id.* at 96:2-3.) But with the $17.3 million albatross hung around Coram's neck, the Trustee was concerned that he would have been unable to sell the company or remove it from bankruptcy unless he settled with Crowley. (*Id.* at 95:12-17.)

However, the settlement never was formalized or consummated and was never approved by the Bankruptcy Court.[1] The Trustee now seeks to exclude evidence of the settlement negotiations between the Trustee and Crowley.

## IV. ARGUMENT

Federal Rule of Evidence 408 provides:

Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made in compromise negotiations regarding the claim. . .

---

[1] The settlement actually became moot before it ever was presented to the Bankruptcy Court. After the Trustee and Crowley had reached the agreement that was memorialized in the letter of intent, the Equity Committee filed a motion with the Bankruptcy Court to terminate Crowley's employment. The Trustee, in turn, filed a motion that would have allowed Coram to continue to employ Crowley for a short transition period during the confirmation process. However, the Bankruptcy Court denied the Trustee's motion because it "[did] not believe [Crowley] is honest" and because it did not "want [the Trustee's] reputation or [the Court's reputation] sullied by approving continuing employment of an employee that [the Court did] not believe to be an honest person." (Ex. H [Mar. 3, 2003 Hrg. Tr.] at 195-97.) When the Bankruptcy Court refused to extend his employment with Coram, Crowley resigned and his settlement with the Trustee became a moot point.

The purpose of Rule 408 is to encourage open discussions regarding compromise. *See Affiliated Mfrs. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995); *see also Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F. Supp. 2d 435, 440 (D. Del. 2007) ("Introducing details of settlement negotiations into the court record has a chilling effect on the parties' willingness to enter into settlement negotiations.").

Rule 408 prohibits evidence of the settlement negotiations between the Trustee and Crowley, as memorialized in the letter of intent. *See Inline Connection*, 470 F. Supp. 2d at 444 (holding that memo offering valuable consideration to compromise disputed claim falls within Rule 408); *see also* 23 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5303 (1980) (statements of intent fall within meaning of Rule 408 because the word "offer" includes indications of desire to resolve dispute by agreement).

The only reason that the Trustee was amenable to the settlement was to put an end to the dispute with Crowley. This is precisely why Rule 408 disallows such evidence – because parties often settle for reasons that have nothing to do with fault, thereby rendering settlement agreements irrelevant to liability. FED. R. EVID. 408 advisory committee's note. *See Massager v. Delmarva Power & Light Co.*, 723 F. Supp. 1019, 1022 (D. Del. 1989) (settlement offers inadmissible under Rule 408 because they may be the result of a party seeking to end litigation peacefully, not due to a weakness of position). Such evidence would only have the impermissible effect of inviting the jury to draw a conclusion as to the validity of the Trustee's claim against Crowley and the amount of damages. This is just why Rule 408 prohibits it.

## V. CONCLUSION

For these reasons, the Trustee respectfully requests that the Court enter an Order prohibiting Crowley from introducing into evidence or mentioning to the jury the settlement negotiations between the parties, including the letter of intent expressing the terms of a settlement agreement between the Trustee and Crowley.

Respectfully submitted,

Dated: August 20, 2007

/s/ Michael J. Barrie
Richard A. Barkasy (#4683)
Michael J. Barrie (#4684)
SCHNADER HARRISON SEGAL & LEWIS LLP
824 Market Street Mall, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (telecopier)
mbarrie@schnader.com

OF COUNSEL:

Barry E. Bressler (admitted *pro hac vice*)
Wilbur L. Kipnes (admitted *pro hac vice*)
Nancy Winkelman (admitted *pro hac vice*)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2400 (telephone)
(215) 751-2205 (facsimile)

*Counsel to Plaintiff,
Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORP. and CORAM, INC.*