IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, AND SANDRA L. SMOLEY,<br><br>Defendants. | Case No. 04-1565 (SLR) |

**DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS OF THE BANKRUPTCY COURT**

August 20, 2007

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
Marc J. Phillips - #4445
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

*Attorneys for Defendant DANIEL D. CROWLEY*

I.  INTRODUCTION

By this motion, Defendant Daniel D. Crowley moves in limine to exclude all evidence of, and references to, the findings and conclusions of Chief Judge Mary F. Walrath of the United States Bankruptcy Court in *In re Coram Healthcare Corporation*. There are three reasons the Court should exclude this evidence.

- Judicial findings and conclusions are inadmissible hearsay. Every court that has considered the issue has held that judicial opinions and the findings, conclusions, and statements expressed therein are inadmissible hearsay when offered for their truth.

- Judicial opinions or findings of fact are impermissibly prejudicial—the risk is simply too great that a jury will give undue weight to a judge's statements. To admit such findings would be "flagrantly prejudicial." *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993).

- The Court should exclude evidence of the Bankruptcy Court's findings and conclusions to avert the possibility that Judge Walrath would be called to testify to explain her reasoning.

Accordingly, the Court should exclude the Bankruptcy Court's statements from the bench, all orders or opinions in *In re Coram Healthcare*, and all references to the Bankruptcy Court's factual findings, conclusions, and statements.[1]

II.  ARGUMENT

A.  **The Court Should Exclude Evidence of, and References to, Judge Walrath's Findings and Conclusions as Inadmissible Hearsay**

"It is black letter law that a court decision is inadmissible hearsay." *Thompson v. Glenmede Trust Co.*, No. CIV. A. 92-5233, 1996 WL 529693, at *2 (E.D. Pa. Sept. 17, 1996); *see also United States v. Sine*, --- F.3d ---, 2007 WL 2034041, at *12 (9th Cir. July 17, 2007); *Herrick v. Garvey*, 298 F.3d 1184, 1191-92 (10th Cir. 2002); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287-88 (11th Cir. 2001); *Nipper v. Snipes*, 7 F.3d 415, 417-18 (4th Cir. 1993); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992); *Zenith*

---

[1] Crowley previously moved to strike this evidence from the Trustee's summary judgment briefs. (D.I. 146) The arguments made in this motion in limine are largely identical to the arguments made in the motion to strike.

1

*Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 505 F. Supp. 1125, 1185-86 (E.D. Pa. 1980), *aff'd in part, rev'd in part*, 723 F.2d 238 (3d. Cir. 1983). "It is even more plain that the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay." *Sine*, 2007 WL 2034041, at *12. [2]

None of the exceptions to the bar on hearsay enumerated in the Federal Rules of Evidence apply to judicial opinions. *See Sine*, 2007 WL 2034041, at *13 ("The government does not argue that any such exceptions apply here, and we hold that none is available."); *Nipper*, 7 F.3d at 417 (holding that Federal Rule of Evidence 803(8)(C), which excepts public records and reports, "does not apply to judicial findings").

In *Nipper*, a breach of fiduciary duty and fraud case, the Fourth Circuit vacated the jury's verdict on the ground that the district court abused its discretion in admitting an order of a state court judge in a prior proceeding involving the same parties. *Nipper*, 7 F.3d at 418. The order admitted into evidence contained "factual findings of fraud on the part of [the defendant] as well as a finding that his conduct amounted to a breach of fiduciary duty." *Id.* The Fourth Circuit held that the state court order was inadmissible hearsay and "flagrantly prejudicial." *Id.*

It is also error to admit judicial findings and conclusions into evidence indirectly through direct- or cross-examination. *Sine*, 2007 WL 2034041, at *13 (holding that the government violated Rule 802 by "peppering the [defendant] during cross-examination with questions referring" to another court's findings). "[A] line of questioning that repeatedly incorporates inadmissible evidence can be just as improper as the direct admission of such evidence." *Id.* at *9. Accordingly, the Court should explicitly exclude the Trustee's counsel and witnesses from referencing the Bankruptcy Court's findings, conclusions, and statements in their questions and testimony.

---

[2] Neither may a district court take judicial notice of a decision of another court "for the truth of the matters asserted in the other litigation." *Liberty Mut. Ins. Co.*, 969 F.2d at 1388.

2

### B. The Court Should Exclude Evidence of, and References to, Judge Walrath's Findings and Conclusions as Unduly Prejudicial

The admission of a prior court's findings or conclusions is also so prejudicial as to make them inadmissible under Rule 403. *Zenith Radio*, 505 F. Supp. at 1185-86. "[S]uch findings ... present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Id.* at 1186. The risk of undue prejudice is heightened where "the judge's opinion decided the precise issue before the jury." *Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994).[3]

Here, the risk of prejudice is enormous because Judge Walrath's findings go straight to the factual questions that will be before the jury in this matter. To cite but one example, should the Court not grant summary judgment in Crowley's favor, the question whether Crowley adequately disclosed his relationship with Cerberus to Coram will be for the jury to consider. To introduce Judge Walrath's finding as evidence on this question would "creat[e] a serious danger of unfair prejudice" because the jury will almost certainly give undue weight to the opinion of a sitting federal judge. *Zenith Radio*, 505 F. Supp. at 1186. Accordingly, the Court should exclude the Trustee's evidence of Judge Walrath's statements and opinions.

### C. The Court Should Exclude Evidence of, and References to, Judge Walrath's Findings and Conclusions Because Crowley is Likely Foreclosed from Calling Her as a Witness

A final reason the Court should exclude evidence of Judge Walrath's statements and opinions is that, notwithstanding the extremely prejudicial effect of the evidence, Crowley likely will not be able to cross-examine Judge Walrath as to the bases for her findings and conclusions. There is a robust body of law that judges may not be called to testify about their opinions. Indeed, "[t]he overwhelming authority concludes that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties." *United States. v. Roebuck*, 271 F. Supp. 2d 712, 718 (D. Virgin Islands 2003). "[O]nly in the most extraordinary of cases ...

---

[3] While Crowley disputes that the Bankruptcy Court decided the precise issue in this case (D.I. 133 at 12-15), the Trustee has made clear his intent to argue that point to the jury.

3

may a judge be questioned as to matters within the scope of his adjudicative duties." *Id.* Thus, not only will Crowley face "flagrantly prejudicial" evidence, *Nipper*, 7 F.3d at 418, he will likely be unable to defend himself by cross-examining Judge Walrath on the grounds for her findings and conclusions and the process by which she reached them. Such an outcome is patently and obviously unfair.

Indeed, courts have recognized that the difficulty associated with calling a judge to testify regarding her opinions is an independent reason to exclude such opinions. *Zenith*, 505 F. Supp. at 1185 (excluding judicial findings because "the process of determining trustworthiness, either *in limine* or by way of a defense at trial ... cognizes the possibility of calling the author of the fact-finding, or his staff members, as witnesses so as to impeach their work"). The Court should thus rule that Judge Walrath's statements and opinions are inadmissible based on the significant policy reasons militating against the calling of a sitting federal judge to testify, and therefore exclude those statements and opinions from the trial.

Finally, Crowley respectfully submits that if the evidence of Judge Walrath's findings and conclusions is admitted against the weight of the above law, such an extraordinary outcome warrants permitting Crowley to call Judge Walrath to testify, notwithstanding the strong presumption against such testimony. Permitting Crowley to examine Judge Walrath on the bases of her findings is only fair and appropriate if the Trustee is permitted to offer those findings in evidence against Crowley.

### III.   CONCLUSION

For the foregoing reasons, the Court should exclude all evidence of, and references to, Judge Walrath's findings, conclusions, and statements, including the transcripts of her statements from the bench and her orders and opinions in *In re Coram Healthcare Corporation*.

Dated: August 20, 2007                    CONNOLLY BOVE LODGE & HUTZ LLP

*(signature)*

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
Marc J. Phillips - #4445
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

   -and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

Attorneys for Defendant
DANIEL D. CROWLEY

#559456v1