IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM INC., a Delaware Corporation,<br><br>                                        Plaintiffs,<br><br>     v.<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, and SANDRA L. SMOLEY,<br><br>                                        Defendants. | Case No. 04-1565 (SLR) |

## DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF THE FINDINGS AND CONCLUSIONS OF HARRISON GOLDIN

August 20, 2007

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
Marc J. Phillips - #4445
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

*Attorneys for Defendant DANIEL D. CROWLEY*

## I.   INTRODUCTION

Defendant Daniel Crowley hereby moves *in limine* for an order precluding the Trustee from introducing the report (or any drafts) issued by Coram's independent restructuring advisor, Harrison J. Goldin of Goldin Associates, L.L.C. in 2001 (the "Goldin Report") and from offering any testimony reflecting or containing the findings and conclusions Goldin reached in the report. The Goldin Report is based entirely on hearsay (indeed, often multiple levels of hearsay) to which no hearsay exception applies. Goldin has not been retained or designated as an expert witness and therefore he cannot testify about hearsay information and he cannot offer his conclusions and opinions on matters about which he has no personal knowledge. Accordingly, both the report and Goldin's conclusions and opinions are inadmissible and should be excluded.

## II.   BACKGROUND

Following the Bankruptcy Court's denial of Coram's First Bankruptcy Plan, on the advice of Coram's bankruptcy counsel, a Special Committee of Coram's Board of Directors (consisting of all Board members except Crowley) hired Goldin as an Independent Restructuring Advisor. Goldin's retention was approved by the Bankruptcy Court. He was charged with investigating whether Crowley's relationship with Cerberus had manifested itself in conduct that favored the noteholders to the detriment of Coram, with attempting to mediate a consensual resolution of the bankruptcy between the noteholders and equity holders, and, if that failed, with recommending a new plan of reorganization to the Special Committee. Goldin, with the help of his counsel from Kramer Levin Naftalis & Frankel LLP, then reviewed thousands of pages of documents, interviewed scores of witnesses, and prepared a lengthy report. Apart from sitting for an interview with Goldin and agreeing to a pay cut, Crowley did not participate in Goldin's investigation, the preparation of his report, or the presentation of Coram's Second Plan of Reorganization. Goldin issued a draft report on June 29, 2001, which became final in July 2001. In September 2001, Goldin issued an Updated Report.[1] (Ex. A, Updated Report of Independent Restructuring Advisor, Goldin Associates L.L.C.)

---

[1] Together, these reports are referred to herein as the "Goldin Report."

1

The Goldin Report includes lengthy descriptions of facts and circumstances of which Goldin has no personal knowledge, but rather he gathered from documents and interviews. The Goldin Report also includes numerous conclusions and opinions of Goldin concerning Crowley and Coram. The Report largely vindicated Crowley, finding (1) that "Crowley worked diligently and effectively to stabilize Coram's operations and improve its financial performance, a goal shared by the Noteholders and the stockholders"; (2) that there is no evidence that Crowley sought to "advance Cerberus' interests to the detriment of Coram and its shareholders"; and (3) that the $6.3 million interest payment prior to bankruptcy "did not cause the company any harm." (Ex. A at 10-11). It also includes, however, numerous unsubstantiated and foundationless conclusions and opinions, the most significant among them being that Crowley's actions "amounted to a breach of fiduciary duty". (Ex. A at 10). Goldin's "conclusion" in this regard is not supported by any analysis—legal or factual. Goldin conceded during his deposition that he was neither a practicing lawyer nor a finder of fact. (Ex. B, Goldin depo at 57:20-58:4, 130:23-131:7). He was neither retained as—nor is—an expert in Delaware common law and is not qualified to opine on such matters. Therefore, his Report and all references to its conclusions should be excluded as improper hearsay and improper expert testimony.

### III.   ARGUMENT

**A.   The Goldin Report is Inadmissible Hearsay Evidence.**

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is not admissible unless it falls within one of the exceptions mentioned in the Federal Rules of Evidence. *See* Fed. R. Evid. 802. The Goldin Report is classic hearsay evidence to which no hearsay exception applies. *See* Fed. R. Evid. 803, 804. The Report constitutes an out-of-court statement made by Goldin, a private consultant hired by a Special Committee of Coram's Board (excluding Crowley) to conduct an investigation and recommend a course of action for Coram in its bankruptcy proceedings. The findings and conclusions it reaches are not based on first-hand knowledge or observation. The Trustee seeks to offer the Report for the truth

of its contents. The Report and the investigation that led up to it were not part of Coram's normal business practices, so the business records exception to the rule of hearsay, Fed. R. Evid. 803(6), does not apply. Moreover, the Report itself is based entirely on hearsay information – it consists of Goldin's findings and conclusions based upon numerous interviews of other individuals and a review of various materials, most of which would not fall under any hearsay exception.

In similar circumstances, courts have found reports of consultants or internal investigators inadmissible as hearsay to which no exception applies. For example, in *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984), the Ninth Circuit affirmed the district court's exclusion of reports and summaries prepared by a special outside auditor hired to investigate whether an employer was withholding payments in violation of collective bargaining agreement. *Id.* at 1258. The Ninth Circuit held that because the documents were produced in a special audit ordered in response to suspicions of irregularities, they were not part of a "regular compliance audit procedure" and therefore did not fall under the business records exception and were inadmissible. Similarly, in *Fujisawa Pharm. Co. v. Kapoor*, No. 92 C 5508, 1999 WL 543166, *11 (N.D. Ill. July 21, 1999), the defendant requested exclusion of the reports and testimony of consultants who had been hired by the plaintiff to investigate its drug application after the FDA had inquired about certain discrepancies in the applications. The district court found that since these reports "were prepared in response to an abnormal circumstance and thus not in the normal course of Fujisawa's business…nor…the normal course of [the consultant's] business," the reports and testimony concerning them were inadmissible. *Id. See also United States v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) ("Documents produced in a full-fledged, one-time internal investigation into alleged corporate malfeasance do not fall under [the business record exception] rubric. And for good reason: they lack the hallmarks of reliability that justify the admission of run-of-the-mill business records.").[2] As in these cases, the Goldin Report is

---

[2] Furthermore, in *United States v. Reyes*, the court explained that summaries of interviews conducted during an internal investigation would be hearsay not falling under any exception, including those for present sense impressions (Fed. R. Evid. 803(1)) and past recollection recorded (Fed. R. Evid. 803(5)). 239 F.R.D. at 600. It held that a "witness's statement to an investigator about business activities conducted over the course of several years could not possibly qualify" as a present sense impression and that such statements could not come in as

inadmissible hearsay, not subject to any exception, and must be excluded.

B.  **Testimony About Goldin's Findings and Conclusions is Inadmissible Opinion Testimony.**

Just as the Goldin Report must be excluded, so too must any testimony about the conclusions Goldin reached in his report. Goldin was a consultant who was hired by Coram to conduct an investigation into the circumstances surrounding the denial of the company's first reorganization plan and to advise the company in advance of the second confirmation hearing in 2001. He is not an expert witness—his conclusions and opinions are not supported by a legal or factual analysis, and he acknowledged in his deposition that he was neither a practicing lawyer nor a finder of fact, and has not been retained as (nor is he) an expert in Delaware law. *See* Fed. R. Evid. 702. Indeed, even if he had been retained, it is inappropriate for a witness to testify on matters of law. *See Aguilar v. Int'l Longshoremen's Union Local 10*, 966 F.2d 443, 447 (9th Cir. 1996).

For these reasons, Goldin cannot testify to or offer conclusions and opinions on matters about which he has no personal knowledge. *See* Fed. R. Evid. 701; *Fujisawa*, at *12 (holding that consultants hired to do special audit could not testify about their audit reports because "[t]hey lack the requisite personal knowledge and thus cannot meet the requirements of Fed. R. Evid. 602 and 701."). Goldin may only offer testimony based upon his first-hand knowledge or observation. *See id.*; *Visser v. Packer Eng'g Associates, Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) ("[W]itnesses who are not expert witnesses ... are permitted to testify only from their personal knowledge.") For example, he may testify about the circumstances in which he was retained by Coram and what he did in conducting his investigation and advisory work on behalf of Coram. But he cannot testify about the findings and conclusions he reached in his Report or even what opinions he has about the facts of the case now. *See id.*

Goldin's testimony about his conclusions and opinions would be particularly improper since Goldin reached conclusions in his report about issues that are central to this case and which the jury must decide, and is competent to decide, without a lay witness telling them what

---

past recollections recorded unless the party offering the evidence could prove that the witnesses who were interviewed could no longer remember what they said. *Id.*

inferences to draw and conclusions to reach. *See Hester v. BIC Corp.*, 225 F.3d 178, 184 (2d Cir. 2000). The jury will have the opportunity to hear from many of the same witnesses Goldin interviewed and to review many of the same documents he reviewed and is equally competent to draw its own inferences from this evidence and reach its own conclusions. *Id.; cf. Reyes,* 239 F.R.D. at 600 ("[A]n attorney's formal opinion about whether any crimes were committed would not be relevant evidence–that determination is for a jury of Reyes' peers to make, not for [the attorneys].").

### C. Goldin's Report and Testimony Conclusions Must Also Be Excluded Under Rule 403

Even if the Goldin Report and testimony concerning it otherwise were admissible, this evidence should be excluded because it is far more prejudicial than probative and its admission would confuse and mislead the jury and usurp its function. "The purposes of the Federal Rules of Evidence include assuring that irrelevant evidence does not unfairly prejudice the trial." *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)). Further, the Court may exclude <u>any</u> evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. It would be confusing to the jury and highly prejudicial to Crowley to permit the Goldin Report and any testimony concerning Goldin's opinions and conclusions to inform the jury on the central legal issue of the case—i.e. whether Crowley breached his fiduciary duty to Coram. Goldin's Report and conclusions have very little, if any, probative value and any such value would be greatly outweighed by the prejudice caused to Crowley by their admission.

### IV. CONCLUSION

For the reasons set forth above, the Court should grant this motion *in limine* and exclude the Goldin Report (and any drafts) and preclude any testimony concerning or mention of Goldin's findings and conclusions.

Dated: August 20, 2007                             CONNOLLY BOVE LODGE & HUTZ LLP

_____
Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
Marc J. Phillips - #4445
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

        -and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

Attorneys for Defendant
DANIEL D. CROWLEY

#559480v1