IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, and SANDRA L. SMOLEY,<br><br>Defendants. | Case No. 04-1565 (SLR) |

---

**DEFENDANT'S MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE OF ARLIN ADAMS'S JUDICIAL BACKGROUND**

---

August 20, 2007

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
Marc J. Phillips - #4445
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

*Attorneys for Defendant DANIEL D. CROWLEY*

## I. INTRODUCTION

The Court should exclude evidence of the Plaintiff's judicial background, because it is irrelevant to the claims at issue in this trial and will only create a severe risk of unfair prejudice. The jury must determine if Crowley breached fiduciary duties owed to Coram. Evidence showing that Adams served as a judge will not shed light on this issue, and is therefore irrelevant under Rule 702 of the Federal Rules of Evidence. Furthermore, this evidence will likely cause the jury to give undue weight to Adams's testimony, and would create an improper basis for their decisions. The probative value of this evidence is minimal, and it poses the risk for substantial detrimental effects. Crowley therefore moves the Court to exclude any evidence of Adams's judicial background and prohibit the Plaintiff from making any mention thereof.[1]

## II. BACKGROUND

The central issue in this case is whether Crowley breached his fiduciary duty to Coram causing damages. In November 1999, Coram hired Crowley as Chief Executive Officer. The Plaintiff in this case is Coram's Chapter 11 bankruptcy trustee, Arlin M. Adams. Adams is a retired federal judge who served on the United States Court of Appeals for the Third Circuit for seventeen years. Adams alleges that Crowley breached his fiduciary duties to Coram. Crowley anticipates that Adams will seek to mention or introduce irrelevant, confusing, and prejudicial evidence of his extensive judicial background at trial.

## III. ARGUMENT

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Under Federal Rule of Evidence 401, proffered evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402. Moreover, the Court may exclude any evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

---

[1] Specifically, Adams should not be referred to as "Judge" or "Your Honor" in front of the jury, but rather as "Mr. Adams" or "Trustee" and counsel for Adams should not be permitted to elicit Adams's judicial background on examination of Adams or any other witness.

Adams's judicial background has no bearing on any fact of consequence in this case. It does not shed light on whether Crowley timely made the requisite disclosures to Coram's Board about his relationship with Cerberus, whether the Board adequately investigated Crowley's employment with Cerberus when he was hired, or whether any action by Crowley caused harm to Coram. It has nothing to do with causation or damages. Adams can lay a proper foundation for his testimony at trial without reference to his service on the Court of Appeals. Because evidence of Adams's judicial background does nothing to make the alleged breach of fiduciary duty any more or less probable, it should be excluded. *See* Fed. R. Evid. 401.

This evidence should also be barred because it creates a substantial risk of confusion and unfair prejudice. "[Federal Evidence Rule] 403 ensures that juries are not presented with evidence that is far less probative than it is prejudicial." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002). Unfair prejudice results when a jury "base[s] its decision on something other than the established propositions in the case." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1161 (D. Pa. 1980), *aff'd in part, rev'd in part*, 723 F.2d 238 (3d. Cir. 1983). *See also* 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence §403.04[1][b] at 403-37 (2d ed. 2006). If the jury is aware of Adams's judicial background, his statements will bear an indelible—and unfair—judicial imprimatur. Adams's testimony will take on an improper aura of authority and reliability, tempting the jury to rely on his judgment of the facts, rather than their own. Such undue reliance is an improper basis for decision, and creates a severe risk of unfair prejudice.

It is for this very reason that courts bar evidence from prior judgments and opinion testimony from judges. Courts have reasoned that judicial findings of fact admitted as evidence at trial can create a serious danger of unfair prejudice simply "by virtue of their having been made by a judge." *Zenith*, 505 F. Supp. at 1186; *see also Blue Cross and Blue Shield v. Philip Morris, Inc.*, 141 F.Supp.2d 320, 324 (E.D.N.Y. 2001) (holding that opinion testimony of a Canadian judge was "unfair" and "inadmissible," because there was "no practical way [for the witness] to defend against a judge's assessments of credibility.")

Moreover, the Trustee is not acting as a judge in this case. This Court will serve as the judge in this case, and there should be no room for confusion about who is the judge and who is simply the Trustee – a party with an interest in the outcome of the case.

The risk of unfair prejudice is especially great in a legally and factually complex breach of fiduciary duty case. Because juries in such cases, unlike in a classic tort case such as personal injury, typically cannot rely on personal experience and norms to guide their decisions, they are even more likely to improperly rely on a judge's interpretation of the facts. Because evidence of Adams's judicial background does not help the jury decide the relevant facts in this case, and "its probative value is not worth the problems that its admission may cause," this evidence should be excluded. *Coleman*, 306 F.3d at 1343.

## IV.   CONCLUSION

For the reasons set forth above, the Court should grant this motion *in limine* and exclude any evidence regarding Adams's judicial background and prohibit any mention thereof.

Dated:  August 20, 2007                    CONNOLLY BOVE LODGE & HUTZ LLP

                                           _____
                                           Jeffrey C. Wisler - #2795
                                           Christina M. Thompson - #3976
                                           Marc J. Phillips - #4445
                                           The Nemours Building
                                           1007 N. Orange Street
                                           Wilmington, DE  19801
                                           (302) 658-9141

                                                   -and-

                                           John W. Keker
                                           Elliot R. Peters
                                           R. James Slaughter
                                           KEKER & VAN NEST, LLP
                                           710 Sansome Street
                                           San Francisco, CA  94111
                                           (415) 391-5400

                                           Attorneys for Defendant
                                           DANIEL D. CROWLEY

#559461v1