IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM INC., a Delaware Corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, and SANDRA L. SMOLEY,<br><br>       Defendants. | Case No. 04-1565 (SLR) |

**DEFENDANT'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE OF CROWLEY'S WEALTH OR NET WORTH**

August 20, 2007

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
Marc J. Phillips - #4445
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

*Attorneys for Defendant DANIEL D. CROWLEY*

## I. INTRODUCTION

Defendant Daniel D. Crowley moves in limine to exclude the Trustee Arlin M. Adams from introducing or mentioning any evidence of Crowley's wealth or net worth, other than his compensation from Coram or Cerberus. Crowley is accused of breaching fiduciary duties to Coram, and his prior and subsequent earnings and overall wealth are wholly irrelevant to that issue and likely to cause Crowley unfair prejudice.

## II. LEGAL STANDARD

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "The purposes of the Federal Rules of Evidence include assuring that irrelevant evidence does not unfairly prejudice the trial." *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)). Under Federal Rule of Evidence 401, proffered evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "The particular facts of the case determine the relevancy of a piece of evidence." *United States v. Vallejo*, 237 F.3d 1008, 1015 (9th Cir. 2001). Moreover, the Court may exclude any evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

## III. ARGUMENT

The Court should exclude any evidence or argument pertaining to Crowley's wealth or net worth. The Trustee's accusations against Crowley, which consist solely of a breach of fiduciary duty claim, bears a relationship neither to Crowley's earnings prior or subsequent to his tenure at Coram and consultancy for Cerberus, nor to his overall net worth. Such evidence would in no way support the Trustee's claims, nor make any of the Trustee's factual allegations more probable than they would be without the evidence. Fed. R. Evid. 401. For this reason, courts have routinely excluded evidence of a party's independent wealth as immaterial and irrelevant. *Tesser v. Board of Educ. of City School Dist. of City of New York*, 370 F.3d 314, 318

1

(2d. Cir. 2004) ("Evidence of the wealth of a party is never admissible, directly or otherwise, unless in those exceptional cases, where position or wealth is necessarily involved in determining the damages sustained.") (citations omitted); *Capano v. State*, 781 A.2d 556, 639 (Del. Supr. 2001) ("[C]ourts generally forbid the admission of the defendant's net worth for consideration by the jury…"); *Wilmoth v. Limestone Products Co.*, 255 S.W.2d 532, 534 (Tex. Civ. App. 1953) ("As a general rule, the financial status of the parties to a tort action for damages is immaterial and irrelevant to the question of liability or to the amount of damages that may be recoverable and consequently any reference to the poverty or wealth of either party to such a suit, if made in the presence of the jury trying the case, is usually regarded as an improper appeal to the sympathy or prejudice of the jury.").

Even if evidence of Crowley's overall wealth or net worth was somehow relevant — which it is not—the slight probative value of such evidence would be outweighed by the high risk of prejudice to Crowley. Fed. R. Evid. 403. Given the high profile cases in recent years against CEOs, evidence of Crowley's wealth could bias jurors against him and lead them to take out their anger over perceived corporate greed against Crowley. Submitting evidence of Crowley's worth could only serve to inflame the fires of class prejudice, something the Supreme Court has instructed courts to avoid. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940) ("[A]ppeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them.").

## IV.    CONCLUSION

Accordingly, and for all the reasons discussed above, Crowley respectfully requests that the Court exclude all evidence regarding his wealth or net worth and prevent any mention thereof, other than as related to his compensation from Coram or Cerberus.

Dated: August 20, 2007                    CONNOLLY BOVE LODGE & HUTZ LLP

*[signature]*

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
Marc J. Phillips - #4445
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

Attorneys for Defendant
DANIEL D. CROWLEY

#559460v1