## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARLIN M. ADAMS, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of CORAM HEALTHCARE CORPORATION, a Delaware Corporation, and of CORAM INC., a Delaware Corporation,<br><br>                     Plaintiffs,<br><br>   v.<br><br>DANIEL D. CROWLEY, DONALD J. AMARAL, WILLIAM J. CASEY, L. PETER SMITH, and SANDRA L. SMOLEY,<br><br>                     Defendants. | Case No. 04-1565 (SLR) |

---

### DEFENDANT'S MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE CONCERNING CORAM'S PAYMENTS TO NOTEHOLDERS

---

August 20, 2007

Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
Marc J. Phillips - #4445
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

*Attorneys for Defendant DANIEL D. CROWLEY*

## I.    INTRODUCTION

Defendant Daniel Crowley ("Crowley") hereby moves *in limine* for an order precluding the Trustee from introducing evidence on or discussing the principal and interest payments Coram made to its noteholders shortly before Coram entered bankruptcy.  To the extent that the Trustee had an objection to these payments, his remedy was to seek to have the payments voided by order of the Bankruptcy Court.  Having chosen not to, he has waived his right to argue that Crowley breached a fiduciary duty by recommending them.  Moreover, evidence of these payments would be introduced only to unfairly prejudice the jury against Crowley and should be excluded under Rule 403 of the Federal Rules of Evidence.

## II.    BACKGROUND

During discovery and motions practice, the Trustee has characterized Coram's pre-bankruptcy interest and principal payments to its noteholders – in particular, Coram's $6.3 million interest payment to the noteholders and Coram's use of the  proceeds from the sale of Coram Prescription Services ("CPS") to pay down its principal – as "highly improper" acts that caused Coram harm and constituted a "serious breach" of fiduciary duty.  The Trustee makes these arguments despite the fact that (1) Coram was contractually obligated to make the payments[1]; (2) the payments were approved by Coram's Board[2]; (3) Coram's bankruptcy counsel was present at numerous meetings where the payments were discussed and raised no objection[3]; and (4) the Trustee does not claim that the payments caused Coram any harm[4].  There was good reason that neither the Board nor Coram's bankruptcy counsel objected to the payments:  Coram was not facing a liquidity crisis that often accompanies bankruptcy filings.  To the contrary,

---

[1] Coram was contractually obligated to make interest payments on its debt.  With regard to the $6.3 million interest payment, Coram had the option to make the payment in cash or make the payment in kind by adding the amount of the payment to the outstanding debt balance.  Since it had the liquidity to do so, Coram decided to make its 2000 interest payments in cash rather than by adding to its already crushing debt burden.

[2] *See* Ex. A (Coram year 2000 budget at CORE QTY 0003940) and Ex. B (Coram Dec. 21, 1999 Board minutes).

[3] *See* Ex. C (Coram June 9, 2000 board minutes) and Ex. D (Coram July 31, 2000 board minutes).

[4] *See* Ex. E (Trustee Interrogatory Responses at 13-14) and Ex. E (Report of Jeffrey Baliban, Trustee damages expert).

Coram had sufficient cash to fund its operations before and after filing for bankruptcy, which is shown most dramatically by the fact that Coram never drew down on its debtor in possession financing. Coram's bankruptcy was caused by the crushing size of its debt and the need to restructure its balance sheet in order to satisfy federal regulatory requirements to enable it to continue to receive Medicaid and Medicare referrals, not because it was short on cash.

During Coram's bankruptcy, the Trustee unquestionably had the power and opportunity to void the transfers and recover the funds from the noteholders. By choosing not to exercise this remedy, the Trustee knowingly waived his right to recover these funds for the company, and failed to mitigate damages he now claims Crowley caused to Coram. Moreover, even now the Trustee does not claim that the payments caused Coram any harm. Having decided to take no action on these payments when he had the opportunity to undo them, and since he concedes the payments caused Coram no harm, the Trustee should not be permitted to argue in this case that they were "highly improper," that Crowley breached a fiduciary duty by recommending them, and that they somehow caused Coram harm.

### III.    ARGUMENT

**A.    The Trustee Had the Power to Avoid and Recover the Debt Payments and Knowingly Waived It.**

The Bankruptcy Code grants a Chapter 11 trustee the power to avoid and recover any preferential or fraudulent transfers made by a debtor company prior to entering bankruptcy. 11 U.S.C. §§ 547(b), 550(a). Under Section 547, a trustee "may avoid any transfer of an interest of the debtor in property":

> (1)    to or for the benefit of a creditor;
> . . . .
> (3)    made while debtor was insolvent;
> (4)    made –
>    (A)    on or within 90 days before the date of the filing of the petition.
> . . . .

11 U.S.C § 547(a). Under Section 550, when a transfer is avoided under Section 547, a trustee "may recover for the benefit of the estate, the property transferred or . . . the value of such

property" from the transferee. 11 U.S.C. § 550(a). A trustee has one year from the date of his appointment to bring an action under Sections 547 and 550. 11 U.S.C. § 546(a)(1)(B).

Here, Arlin M. Adams was appointed Coram's Chapter 11 Trustee on March 7, 2002. In the week before March 7, 2003 – the end of the limitations period in which the Trustee could bring any avoidance and recovery action – the Trustee filed 194 complaints to avoid and recover preferential transfers pursuant to Sections 547 and 550 of the Bankruptcy Code. (Ex. G at ¶ 11) At the same time, aware of the debt payments that Coram had made to its noteholders prior to entering bankruptcy, the Trustee entered into tolling agreements with each of Coram's noteholders – Cerberus, Goldman Sachs, and Foothill Capital – extending the applicable limitations period under Section 546 to avoid and recover any preferential transfers made to the noteholders. Over the next two years, the Trustee entered into a series of subsequent agreements with the noteholders that extended the limitations period beyond the end of the bankruptcy to December 31, 2004. However, the Trustee ultimately allowed the limitations period to expire and never filed an avoidance and recovery action against any of the noteholders.

Waiver is the intentional or voluntary relinquishment of a known right or privilege. *See Florida House of Representatives v. U.S. Dep't of Commerce*, 961 F.2d 941, 946 (1992); *In re Hartley*, 52 B.R. 679, 685 (Bankr. Ohio 1985). Under the doctrine of waiver, a person, with full knowledge of the facts, shall not be permitted to act in a manner inconsistent with his former position or conduct to the injury of another. *Hall Labs., Inc. v. Millar Bros. & Co.*, 152 F. Supp. 797, 802 (D.C.Pa. 1957). Similarly, it is a fundamental principle of law that a plaintiff cannot recover damages for losses which he could have reasonably avoided or minimized. *See Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231-232 (citing McCormick, Law of Damages 127-158 (1935)); *see also* Restatement (Second) of Torts § 918 (1979) ("One injured by the tort of another is not entitled to recover damages for any harm that could have been avoided by the use of reasonable effort or expenditure.").

Here, the Trustee was fully aware of the debt payments to the noteholders; he had a remedy to recover the money for the company during the bankruptcy if he thought the payments were either preferential or fraudulent; he was aware of his power to avoid and recover the

3

transfers; and he knowingly waived his right to file a claim pursuant to Sections 547 and 550 of the Bankruptcy Code. Yet now, after opting to take no action to recover the transfers, the Trustee intends to brand the payments "highly improper" and highlight them as examples of Crowley's misdeeds as Chairman and CEO of Coram in an effort to recover money damages from Crowley. The Trustee should not be permitted to have it both ways. If the Trustee truly believed that the payments were improper, and so improper as to constitute a breach of fiduciary duty, he would have exercised his power to avoid them and recover the money for the company. But he did not. Accordingly, the Trustee should not now be permitted to point the finger at Mr. Crowley and argue that the payments amounted to a breach of fiduciary duty when the Trustee himself did not care enough about them to take any action to recover the money for the company.

**B.      Evidence on or Discussion About the Pre-Bankruptcy Payments to the Noteholders Should be Precluded as Prejudicial Under Rule 403.**

"The purposes of the Federal Rules of Evidence include assuring that irrelevant evidence does not unfairly prejudice the trial." *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)). Further, the Court may exclude any evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

Evidence of the payments Coram made to its noteholders is not probative of the Trustee's claim and would only be used to unfairly prejudice Crowley. First, the payments were contractually required. Coram was obligated to use the proceeds of the CPS sale to pay down its debt, and the company owed the $6.3 million in interest in July 2000. Second, Coram's board of directors approved both payments and approved making all debt payments in 2000 in cash rather than in kind. Third, the company had sufficient cash to make the payments while continuing to fund its operations – indeed, it never drew down on its debtor in possession financing while in bankruptcy. Lastly and most significantly, the Trustee does not contend in either his interrogatory responses or his expert damages report that the payments damaged Coram. Accordingly, there was nothing improper about the payments and they cannot form the basis of

4

any claim that Crowley breached his fiduciary duty. The Trustee's belated attempt to characterize these payments as somehow improper appears to be driven more by a lack of evidence that Crowley did anything as CEO that was not in Coram's best interests than by any probative value the payments might have on any issue in the case.

In contrast, evidence and comment on the payments would unfairly prejudice Crowley, confuse the issues, and require Crowley to engage in a lengthy and wasteful rebuttal to combat that confusion and prove that the payments were proper and that the Trustee himself was aware of the payments during the bankruptcy, had the power to recover the money for the company, and chose not to exercise it. As the Federal Circuit has noted, "if evidence of marginal probative worth necessitates lengthy rebuttal, it imparts disproportionate weight to the issue" and should be excluded. *Magnivision*, 115 F.3d at 961 (citing 22 Wright & Graham, Federal Practice and Procedure: Evidence, § 5217 (1978)).

## IV.    CONCLUSION

For the reasons set forth above, the Court should grant this motion *in limine* and exclude any evidence on or reference to the principal and interest payments Coram made to its noteholders before the company entered bankruptcy.

Dated: August 20, 2007                    CONNOLLY BOVE LODGE & HUTZ LLP


Jeffrey C. Wisler - #2795
Christina M. Thompson - #3976
Marc J. Phillips - #4445
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141

-and-

John W. Keker
Elliot R. Peters
R. James Slaughter
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

#559484v1                                 Attorneys for Defendant
                                          DANIEL D. CROWLEY

5